# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT G. KIEFER, individually and on Behalf of all others similarly situated, | : : : | CIVIL ACTION NO. 3:12-CV-00756-JCH |
| Plaintiff, | : : | |
| v. | : : | **JOINT RULE 26(F) REPORT** |
| MORAN FOODS, INC., d/b/a SAVE A LOT LTD.; | : : : | |
| Defendant. | : : | JULY 20, 2012 |

1. <u>General Information</u>

    a. Date Complaint Filed: May 18, 2012

    b. Date Complaint Served: June 6, 2012

    c. Date of Defendants Appearance: June 6, 2012

2. <u>Certification</u>

    a. Pursuant to Fed. R. Civ. P 16(b), 26(f) and D. Conn. L. Civ. R. 16, the parties began a telephonic conference on Friday, June 29, 2012 and concluded the conference on July 12, 2012. Richard E. Hayber, of the Hayber Law Firm LLC, appeared on behalf of Plaintiff Robert G. Kiefer ("Kiefer") and the other putative class members who, as of the date of the conference, had opted-in to the lawsuit. Eve I. Klein and Evangelos Michailidis of the firm Duane Morris LLP appeared on behalf of Defendant Moran Foods, Inc. d/b/a Save A Lot LTD ("Moran").

    b. Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any

possibilities for achieving a prompt settlement or other resolution of the case and, after consultation with their clients, have developed the following proposed case management plan. Counsel further certifies that they have forwarded a copy of this report to their respective clients.

3. <u>Jurisdiction</u>

    a. <u>Subject Matter Jurisdiction:</u>

        i. Plaintiff alleges that this Court has jurisdiction over the federal claims raised in the Complaint pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over the state law claims raised in the Complaint pursuant to 28 U.S.C. § 1332 (the Class Action Fairness Act) and 28 U.S.C. §1367 (Supplemental Jurisdiction).

        ii. Defendant agrees that the Court generally has subject matter jurisdiction over allegations involving the Fair Labor Standards Act (the "FLSA"). However, Defendant strongly avers, and will so move in its motion to dismiss to be filed on or before July 27, 2012, that this Court should abstain from exercising jurisdiction and dismiss or stay this action because of the existence of a prior action, *Roach v. Moran Foods, Inc.* (Index No. X04-HHD-CV-11-6023386-S), in Connecticut State Court ("State Action"), which was filed on or around March 9, 2011, and which encompasses all of Plaintiff Kiefer's claims. A short description of Defendant's motion to dismiss is described in Section 4(b) below.

    b. <u>Personal Jurisdiction:</u>

    Not contested.

4.   Brief Description of the Case

    a.   <u>Concise Summary of Plaintiff's claims/defenses</u>:

Plaintiff alleges that Defendant's overtime policy violated the FLSA because it paid ½ time rather than time and a half and because the elements of the strictly construed fluctuating work week method of overtime compensation (the "FWW") were not followed.  Plaintiff alleges that Defendant's overtime pay policy violates the Connecticut Minimum Wage Act because the FWW method is either unlawful in Connecticut or was not properly applied by Defendant.  The Complaint includes allegations of a nationwide putative collective class for violations of the FLSA (the "FLSA Class") and a putative Rule 23 class for violations of the Connecticut state law (the "Rule 23 Class").

    b.   <u>Concise Summary of Defendant's defenses:</u>

Defendant believes that it has a substantial basis to move this Court to dismiss or stay this action pursuant to the *Colorado River Doctrine* and the *Rooker-Feldman Doctrine*.  This case involves the same issues of Connecticut law and essentially the same putative Connecticut state law class as the State Action that was filed over 16 months ago.  The plaintiff in this case, Kiefer, is a member of the putative class in the State Action and is represented by the same attorneys representing the plaintiff in the State Action.  The only apparent difference between this case and the State Action is the allegation that Defendant violated the FLSA.  However, this is not a meaningful difference as the FLSA claim alleges that Defendant failed to correctly apply the FWW, which is one of the claims pending in the State Action.  In fact, the complaint in the State Action actually cites to the very same federal regulation relied upon in this action.

Pursuant to the FLSA's concurrent jurisdiction provision, Kiefer could have brought his FLSA claim in the State Action. Defendant believes the reason Kiefer and his attorneys commenced a second action in this Court was because the Connecticut state court already issued a determination that the FWW was lawful as a matter of Connecticut state law and Kiefer and his counsel are looking for another forum to assert the same set of claims and to bring up his pendent state law claims. The state court's determination is being appealed by the plaintiff in the State Action to the Connecticut Appellate and/or Supreme Court.

Ultimately, in defense to Kiefer's allegations on the merits, Defendant contends that the FWW was a permissible means of paying overtime to ASMs in Connecticut and that Defendant properly applied the FWW in all of its stores in Connecticut and nationwide.

5. Statement of Undisputed Facts

    a. Kiefer was employed by Defendant in Connecticut as an ASM between April 2011 and January 2012.

    b. Kiefer filed this action against Defendant on May 18, 2012 and served Defendant on or around June 6, 2012.

    c. The material facts are otherwise in dispute.

6. Case Management Plan

    a. Standing Order on Scheduling in Civil Cases:

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases.

As stated above, Defendant will move this Court to dismiss and/or stay this action given the pendency of the State Action and, in the interests of judicial economy and fairness, will also simultaneously move this Court to stay all discovery and proceedings in this action pursuant to FRCP Rule 26(c). However, mindful of Your Honor's requirement that Rule 26(f) Reports must include actual deadlines dates, the parties outline the following schedule, subject to Defendant's intention to seek a stay of proceedings herein during the pendency of its motion to dismiss.

    b.    <u>Scheduling Conference with the Court:</u>

As a result of the parties' different views on the impact that Defendant's motion to dismiss should have on discovery and other proceedings herein, the parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    c.    <u>Early Settlement Conference:</u>

        i.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

        ii.    Plaintiff requests an early settlement conference.

        iii.    Defendant does not request an early settlement conference because it believes that the parties' disparate views of the underlying facts and allegations make it difficult to achieve a fair resolution at this early stage of the litigation. However, if the Court deems the same to be appropriate, Defendant will participate in such conference.

        iv.    If a conference is held, the parties prefer a settlement conference before a magistrate judge.

       v.       The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    d.    <u>Joinder of Parties and Amendment of Pleadings:</u>

Plaintiff will have until October 19, 2012 to file a motion to certify the collective class action. If certification is not granted, October 19, 2012 will act as the final date for joinder of additional parties.

    e.    <u>Discovery:</u>

        i.    Plaintiff anticipates requesting discovery regarding all of the claims of the putative FLSA Class and Rule 23 Class including:

            a)    whether Defendant's payroll practices result in docking when ASMs work less than 40 hours in a week;

            b)    whether the putative class members had a clear mutual understanding that Defendant paid a fixed salary for all hours worked;

            c)    whether Defendant's paid time off practices violate the FLSA;

            d)    all of the affirmative allegations of Defendant's defenses; and

            e)    damages.

    ii.    Defendant anticipates that it will need discovery on each putative plaintiff's claims, including:

        a)    whether they had clear mutual understanding that Defendant paid a fixed salary for all hours worked;

        b)    how they chose to apply paid time off when taking sick, personal, or vacation time;

        c)    whether they were ever paid less than their fixed weekly salary in any workweek; and

        d)    damages.

    i.    The parties agree to make Rule 26(a)(1) initial disclosures of witnesses, documents, itemized damage computations and insurance, to the extent possible, by August 17, 2012.

    ii.    The parties agree that all discovery will conclude by March 22, 2013. Plaintiff believes discovery should commence immediately. As stated in paragraph 6(a) above, Defendant believes that this Court should stay all discovery pending determination of Defendant's motion to dismiss.

    iii.    The parties agree that expert disclosure, if any, including expert reports, should be made no later than February 22, 2013.

    iv.    Plaintiff indicated that he will take approximately five (5) depositions. The number of depositions Defendant will take will likely vary depending on how many putative class members join

        the FLSA action if the class is certified. As some of the critical issues in this case include (i) whether plaintiff and the other opt-ins were informed that they were being paid a fixed salary for all hours worked in a workweek, plus co-efficient pay for hours worked in excess of 40 in a workweek and (ii) how plaintiffs chose to utilize their paid time off banks, as well as other individualized issues, it is possible that Defendants will have to take the depositions of many or all the individuals who opt-in. Plaintiff objects to any effort by Defendant to depose the entire class in this representative action.

v. Plaintiff will be required to produce a detailed damage analysis to Defendant by January 30, 2013. However, Plaintiff reserves the right to request an extension of time if he believes that the information provided by Defendant is insufficient.

vi. Plaintiff does not request permission to serve more than 25 interrogatories on Defendant at this time. Defendant does not request permission to serve more than 25 interrogatories per plaintiff or on any opt-in party or class plaintiff at this time.

vii. Undersigned counsel have begun discussions regarding the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the

|      | retrieval and production of such information, the location and format of electronically stored information, and the allocation of costs of assembling and producing such information.  The parties anticipate that these conversations will continue throughout the course of discovery.  So far, the parties agree that they may produce imaged copies (such as pdf or tif format) of all electronically stored data, or produce documents in any other reasonable manner.  The producing party will select the format of the production.  Any inadvertently produced electronically stored data shall be returned to the party who inadvertently produced such information, and production of such information shall not constitute a waiver of any privilege.  Both sides agree to instruct the parties to preserve these records. |
|------|---|
| viii. | Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree that disclosure of information protected by the attorney-client, work product or other applicable privilege or protection (a "privilege") in this litigation shall not constitute a waiver of any otherwise valid claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the |

        privilege as to any other document or communication allegedly so protected, even involving the same subject matter.

    ix.    In accordance with Rule 26(b)(5)(B), a party that discovers that it has produced information subject to a claim of privilege or protection as trial-preparation material shall request its return with thirty (30) days of the discovery of such production.  Upon notification, the receiving party must promptly return, sequester or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  The receiving party may also promptly present the information to the Court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The producing party must preserve the information until the claim is resolved.

7. <u>Dispositive Motions</u>

The parties agree that dispositive motions shall be filed by May 28, 2013.  However, the parties agree to extend this date if discovery is not completed 60 days prior to the end date of discovery.

8. <u>Trial Readiness</u>

    a.    The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by July 16, 2013, or two weeks before the Court ordered trial date, whichever is later.

b. The case will be ready for trial by July 30, 2013.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: July 20, 2012

**THE DEFENDANT –
MORAN FOODS, d/b/a
SAVE A LOT LTD.**

By:  /s/ John M. Wolfson
John M. Wolfson, Esq.
Fed. Bar no. ct03538
FEINER WOLFSON LLC
One Constitution Plaza, Suite 900
Hartford, CT  06103
jwolfson@feinerwolfson.com

**THE PLAINTIFF-
ROBERT G. KIEFER**

By: /s/Richard E. Hayber
Richard E. Hayber
Fed. Bar. No.
THE HAYBER LAW FIRM LLC
221 Main Street  Hartford, CT 06106
rhayber@hayberlawfirm.com

**THE DEFENDANT –
MORAN FOODS, d/b/a
SAVE A LOT LTD.**

By:  /s/ Eve I. Klein
Eve I. Klein, Esq.
Fed. Bar No. EK6747
Evangelos Michailidis, Esq.
Fed. Bar No. EM3383
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
eiklein@duanemorris.com

11

## **CERTIFICATION**

I hereby certify that on this 20th day of July, 2012, a copy of this document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail on anyone unable to accept electronic filing.

_____/s/_____
**John M. Wolfson, Esq.**
