UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated, | : : | CIVIL ACTION NO. 3:12-CV-00756-JCH |
| Plaintiff, | : : | |
| v. | : : | |
| MORAN FOODS, INC., d/b/a SAVE A LOT LTD., | : : | |
| Defendant. | : | JULY 27, 2012 |

**MOTION TO STAY ALL DISCOVERY PENDING
DETERMINATION OF DEFENDANT'S DISPOSITIVE MOTION**

Defendant, Moran Foods, LLC, f/k/a as Moran Foods, Inc., d/b/a Save A Lot Ltd.,[1] by and through its counsel, Duane Morris LLP and Feiner Wolfson LLP, respectfully moves this Court, pursuant to Fed. R. Civ. P. 26(c), for a protective order to stay all discovery, including Defendant's Fed. R. Civ. P. 26(a) disclosures, pending this Court's determination of Defendant's contemporaneously filed motion, pursuant to Fed. R. Civ. P. 12(b)(1), seeking dismissal or a stay of this action on the grounds that, inter alia, a substantially similar prior filed action is currently pending in the Connecticut state court. As Defendant argues in its motion, this action is a blatant exercise, by Plaintiff Robert G. Kiefer ("Kiefer") and his attorneys, in forum shopping and duplicative litigation and the Court should dismiss or stay this action under the abstention principles set forth in the *Rooker-Feldman* and *Colorado River Doctrines*.

To permit discovery to proceed against Defendant during the pendency of its well-grounded motion would deprive Defendant of the very relief it seeks in its motion – to be protected from the burden and expense of litigating substantially similar issues in two different

---

[1] On June 15, 2012, Defendant Moran Foods, Inc. statutorily converted from a "C" corporation to a limited liability corporation and is now known as Moran Foods, LLC. The caption should be amended accordingly.

courts. Accordingly, Defendant's application for a stay of discovery during the pendency of this motion is of particular import here.

## BACKGROUND

As set forth in greater detail in Defendant's contemporaneously filed motion to dismiss, to which Defendant respectfully refers the Court, this action essentially duplicates a prior state action filed by Kiefer's attorneys in the Connecticut state court on behalf of a joint-client, Edward B. Roach. Kiefer is a member of the putative class alleged in the state action, and Roach is a member of the putative Rule 23 class and has opted-in to this action. Both the state action and the federal action allege that the fluctuating workweek (the "FWW") is unlawful under Connecticut law and that Defendant failed to comply with the federal guidelines setting forth how the FWW is to be correctly applied by an employer.

The only discernible difference between the state action and this action is that Kiefer alleges an FLSA overtime claim. However, because the FLSA grants concurrent jurisdiction to state courts over FLSA claims, Kiefer's FLSA claim could have been brought in state court and plaintiffs and their counsel have not, and cannot, offer any legitimate explanation for their failure to do so and that recourse remains available to plaintiffs. Not coincidentally, this action was filed shortly after the state court rendered an adverse decision in the state action holding that the FWW is legal under Connecticut state law (the "Decision"). This action is an improper attempt to collaterally attack this Decision. In short, as Defendant argues more fully in its Rule 12(b)(1) motion, Kiefer and his attorneys have improperly forum shopped and duplicated litigation by filing this action, and this Court should abstain from exercising jurisdiction here pursuant to the *Rooker-Feldman* and *Colorado River Doctrines*.

**ARGUMENT**

Rule 26(c)(1) provides, in relevant part:

The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; [and] (B) specifying terms, including time and place, for the disclosure of discovery.

Fed. R. Civ. P. 26(c)(1)(A).

Rule 26 "is often invoked to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims." *Dabney v. Maddock*, No. 9:10CV0519 (GTS/DEP), 2011 U.S. Dist. LEXIS 153935, 2011 WL 7479164, at *11 (N.D.N.Y. Nov. 29, 2011). "A request for a stay of discovery, pursuant to Rule 26(c), is committed to the sound discretion of the court based on a showing of good cause." *Davidson v. Goord*, 215 F.R.D. 73, 82 (W.D.N.Y. 2003). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case," *Alford v. City of New York*, No. CV 2011-0622 (ERK) (MDG), 2012 U.S. Dist. LEXIS 37876, 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012), and "should consider several factors, including the breadth of the discovery sought, the burden of responding to it, and the prejudice that would be suffered by the party opposing the stay." *Cuartero v. United States*, No. 3:05CV1161 (RNC) (DFM), 2006 U.S. Dist. LEXIS 79641, 2006 WL 3190521, at *1 (D. Conn. Nov. 1, 2006).

"[A] court should also consider the strength of the dispositive motion that is the basis of the discovery stay application." *Id.* Courts in this Circuit have held that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the pending dispositive

motion "appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *ITT Corp. v. Travelers Casualty and Surety Company*, No. 12-CV-38, *10-11 (RNC), 2012 U.S. Dist. LEXIS 100033 (D. Conn. July 18, 2012).[2]

This Court should stay discovery here because Defendant's abstention arguments are substantial and "not unfounded." *Id*.  As argued in Defendant's memorandum of law, several defendants have successfully invoked the *Rooker-Feldman* and *Colorado River Doctrines* on facts similar to those present here.  *See* Defendant's Mem. of Law, Points II and III.  In fact, this Court recently held in *ITT Corp., supra,* without "presum[ing] to predict the outcome of the motion to dismiss," that defendant's motion for a protective order seeking to stay discovery during the pendency of the motion was appropriate because the *Colorado River Doctrine* is a "substantial" and "not unfounded" basis of dismissal where, as is the case here, the federal action is "duplicative of the [s]tate suit." 2012 U.S. Dist. LEXIS 100033, at *9-10.

Moreover, there is no possible prejudice that Kiefer can allege here that would countervail the Defendant's strong interest to not be subjected to the burden and expense of litigating substantially similar actions in the state and federal courts.  In *ITT Corp.*, this Court stayed discovery because defendant's motion was "potentially dispositive and appears to have

---

[2]  Citing the following cases: *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09CV5874 (RPP), 2009 U.S. Dist. LEXIS 78476, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery where the defendant's motion "appears not to be unfounded in the law"); *Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839 (PKL), 2007 U.S. Dist. LEXIS 12776, 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007) (granting stay where defendants' motion "appears not to be unfounded in the law"); *Spencer Trask Software and Information Services, LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay of discovery where defendants presented "substantial arguments for dismissal of many, if not all, of the claims asserted in th[e] lawsuit"); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94Civ.2120(LMM) (AJP), 1996 U.S. Dist. LEXIS 2684, 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996) (granting stay where dispositive motion is "not unfounded in the law" and "appears to have substantial grounds"); *Gandler v. Nazarov,* No. 94 Civ. 2272 (CSH), 1994 U.S. Dist. LEXIS 17885, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (granting stay of discovery where defendant's motion to dismiss is "potentially dispositive and appears to be not unfounded in the law," "[p]laintiffs have not present[ed] any evidence to suggest that they will be unfairly prejudiced by a stay" and "the adjudication of the pending motion to dismiss might avoid the need for costly and time-consuming discovery.").

substantial grounds" and any discovery during the pendency of the motion would be "time-consuming, burdensome and expensive." *Id*. at *10.  Precisely the same reasoning applies here.

Additionally, in the event Defendant prevails on its motion, Kiefer will suffer no prejudice as he can pursue his federal claim in state court, where he is already a putative class member, represented by the same lawyers who represent him in this action.

It also bears noting that Kiefer's attorneys induced Defendant to enter into a stipulation on April 23, 2012, less than one month before this federal action was filed, which was intended to facilitate the interlocutory appeal of the state court's decision that the FWW is lawful in Connecticut.  Pursuant to that stipulation, a copy of which is attached as Exhibit 1 hereto, Defendant's agreed to consent to the appeal and to toll the statute of limitations for the entire putative class in Connecticut, of which Kiefer is a member, in exchange for an agreement to stay discovery and all proceedings in the state action pertaining to Count II – that Defendant incorrectly applied the FWW.  The parties entered the stipulation hoping to  "achiev[e] a final resolution of the issue addressed in the Court's ruling" and believing that it is in the "best interests of the parties and would best conserve the valuable judicial resources of the Court" if the claims in the state action were handled as set forth in the stipulation in the state court.

By filing and attempting to pursue this substantially similar action, Kiefer and his attorneys have effectively rendered the consideration Defendant received for entering into the stipulation – a stay of discovery pending the resolution of the appeal – meaningless as any discovery in this case, including initial disclosures, will surely benefit Kiefer, Roach and their joint-attorneys in the state action.  This type of conduct further underscores the need for this Court to stay discovery in this matter pending determination of Defendant's dispositive motion.

5

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that pursuant to Fed. R. Civ. P. 26(c) this Court enter and Order staying all discovery pending determination of Defendant's motion to dismiss and granting Defendant such other relief as this Court deems just and proper.

**THE DEFENDANT –
MORAN FOODS, LLC, f/k/a MORAN
FOODS, Inc., d/b/a
SAVE A LOT LTD.**

By:   /s/*Eve I. Klein*
Eve I. Klein, Esq.
Fed. Bar No. EK6747
Evangelos Michailidis, Esq.
Fed. Bar No. EM3383
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Tel. (212) 692-1000
Fax. (212) 214-0650
emichailidis@duanemorris.com
eiklein@duanemorris.com

and

By: /s/John M. Wolfson
John M. Wolfson, Esq.
Fed. Bar No. ct03538
Benjamin M. Wattenmaker, Esq.
Fed. Bar No. ct26923
FEINER WOLFSON LLC
One Constitution Plaza
Suite 900
Hartford, CT 06103
Tel. (860) 713-8900
Fax. (860) 713-8905
jwolfson@feinerwolfson.com
bwattenmaker@feinerwolfson.com

## CERTIFICATION

I hereby certify that on this **27th** day of **July, 2012**, a copy of this motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing.

/s/ John M. Wolfson  
John M. Wolfson, Esquire