Exhibit 1

| | |
|---|---|
| DOCKET NO.: X04-HHD-CV-11-6023386-S | SUPERIOR COURT |
| EDWARD B. ROACH, in his individual Capacity and on behalf of all similarly situated Employees | HARTFORD JUDICIAL DISTRICT AT HARTFORD |
| v. | X04 COMPLEX LITIGATION DOCKET (Judge Bright) |
| MORAN FOODS, INC. | April 23, 2012 |

## STIPULATION RE INTERLOCUTORY APPEAL

Whereas the plaintiff wishes to pursue an interlocutory appeal of the recent ruling of this Court (Doc. No.: 134, dated March 16, 2012) and the parties believe that achieving a final resolution of the issue addressed in the Court's ruling at this stage of this action is in the best interests of the parties and would best conserve the valuable judicial resources of the Court, the parties hereby stipulate and agree to the following procedures:

1. Plaintiff will amend his complaint so as to plead, in a new Count One, his argument that Defendant's use of the fluctuating work week ("FWW") method of calculating overtime pay for Defendant's assistant store managers is impermissible in Connecticut. He will also include, as a new Count Two, his argument that, to the extent that the FWW method is permissible in Connecticut, the Defendant has failed to comply with the requirements of the FWW method. Subject to Defendant's review of the final draft of Plaintiff's Amended Complaint, Defendant will advise Plaintiff whether it will consent to the amendment.

2. Defendant will file an Answer to the above-mentioned Amended Complaint within 30 days of the filing of Plaintiff's Amended Complaint.

3. Plaintiff will file a Reply to any Special Defenses which Defendant may file within two weeks of the filing of Defendant's Answer.

4. Defendant will file a motion for judgment as to Plaintiff's new Count One, consistent with the Court's recent ruling, within two weeks after issue has been joined. Plaintiff

will not oppose this motion but reserves all rights with respect to arguing that the Court's ruling is incorrect on appeal or otherwise.

5. Plaintiff will file a Motion for Determination pursuant to Section 61-4 of the Connecticut Practice Book within one week of the Court's entry of judgment based upon Defendant's motion for judgment. Defendant will not oppose Plaintiff's Motion for Determination, but reserves all rights with respect to arguing that the Court's ruling was correct and should be affirmed on appeal.

6. Upon the granting of Plaintiff's Motion for Determination, Plaintiff will file an appeal with the Connecticut Appellate Court. Defendant will not oppose the timing of the filing of the appeal, but will oppose the appeal on its merits.

7. Plaintiff and Defendant will jointly notify the clerk of the Connecticut Appellate Court that, because of his service as mediator in this action, the parties believe that it would be inappropriate for Judge Michael Sheldon to hear the interlocutory appeal.

8. The overtime claims of the putative class shall be tolled from the date Defendant files its motion for judgment on Plaintiff's new Count One through the date the appeal is decided, and the limitations period for claims of unpaid wages under Connecticut law shall not run until such time as that appeal is decided. Nothing herein waives or otherwise compromises Plaintiff's argument that his original complaint tolled the statute of limitations for the putative class and that it remains tolled notwithstanding the Court's recent order or the interlocutory appeal. Likewise, nothing herein waives Defendant's arguments relative to the tolling of the statute of limitations for the putative class, except as expressly provided in this stipulation.

9. Upon the filing of this stipulation with the Court, the case before this Court shall be stayed for all purposes and all deadlines, including those for pleadings, and discovery shall be suspended. If Plaintiff's application for an interlocutory appeal is denied, or upon final disposition of the merits of the interlocutory appeal, the stay shall continue until such time as the parties meet and confer and submit a revised scheduling order to the Court and the Court has approved that schedule.

10. Both parties reserve all rights to make any and all arguments regarding their claims and defenses and shall not be deemed to have waived any argument by their signing this stipulation, except as explicitly provided in this stipulation.

DM2\3496784.4

11. Both parties agree to cooperate fully and to take all additional action that may be necessary or appropriate to prepare, sign and file any and all documents necessary to execute the purposes of this stipulation.

| THE PLAINTIFF - <br> EDWARD B. ROACH | THE DEFENDANT - <br> MORAN FOODS, INC. |
|---|---|
| Dated: April __, 2012 <br><br> By: _____ <br> Richard E. Hayber <br> The Hayber Law Firm <br> Juris No.: 426871 <br> 221 Main Street, Suite 502 <br> Hartford CT 06106 <br> Phone: (860) 522-8888 <br> Fax: (860) 218-9555 <br> rhayber@hayberlawfirm.com <br><br> Justin M. Swartz (admitted *pro hac vice*) <br> OUTTEN & GOLDEN LLP <br> 3 Park Avenue, 29th Floor <br> New York, New York 10016 <br> Telephone: (212) 245-1000 <br> Facsimile (212) 977-4005 <br> jms@outtengolden.com | Dated: April 23, 2012 <br><br> By: _____ <br> Eve I. Klein (admitted *pro hac vice*) <br> eiklein@duanemorris.com <br> Keith D. Greenberg (admitted *pro hac vice*) <br> kdgreenberg@duanemorris.com <br> DUANE MORRIS LLP <br> 1540 Broadway <br> New York, New York 10036 <br> (212) 692 – 1000 (tel) <br> (212) 692 – 1020 (fax) <br><br> John M. Wolfson <br> jwolfson@feinerwolfson.com <br> Benjamin M. Wattenmaker <br> bwattenmaker@feinerwolfson.com <br> Feiner Wolfson LLC <br> One Constitution Plaza - Ste 900 <br> Hartford, CT 06103 <br> Tel. (860) 713-8900 <br> Fax (860) 713-8905 |

**SO ORDERED:**


_____
Bright, J., Connecticut Superior Court

Dated: _____