UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated, | : : | CIVIL ACTION NO. 3:12-CV-00756-JCH |
| Plaintiff, | : : | |
| v. | : : | |
| MORAN FOODS, INC., d/b/a SAVE A LOT LTD., | : : | |
| Defendant. | : | JULY 27, 2012 |

## MOTION TO DISMISS OR STAY PLAINTIFF'S COMPLAINT

Defendant, Moran Foods, LLC, f/k/a as Moran Foods, Inc., d/b/a Save A Lot Ltd.,[1] by and through its counsel, Duane Morris LLP and Feiner Wolfson LLP, respectfully moves this Court, pursuant to Fed. R. Civ. P. 12(b)(1) (c), to dismiss or stay this action on the grounds that, inter alia, a substantially similar prior filed action is currently pending in the Connecticut state court, and, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to allege a plausible FLSA overtime claim.

As set forth in greater detail in Defendant's supporting memorandum of law, this action essentially duplicates a prior state action filed by Plaintiff Robert G. Kiefer's attorneys in the Connecticut state court on behalf of a joint-client, Edward B. Roach. Kiefer is a member of the putative class alleged in the state action, and Roach is a member of the putative Rule 23 class and has opted-in to this action. Both the state action and the federal action allege that the fluctuating workweek (the "FWW") is unlawful under Connecticut law and that Defendant failed

---

[1] On June 15, 2012, Defendant Moran Foods, Inc. statutorily converted from a "C" corporation to a limited liability corporation and is now known as Moran Foods, LLC. The caption should be amended accordingly.

to comply with the federal guidelines setting forth how the FWW is to be correctly applied by an employer.

The only discernible difference between the state action and this action is that Kiefer alleges an FLSA overtime claim. However, because the FLSA grants concurrent jurisdiction to state courts over FLSA claims, Kiefer's FLSA claim could have been brought in state court and plaintiffs and their counsel have not, and cannot, offer any legitimate explanation for their failure to do so and that recourse remains available to plaintiffs. Not coincidentally, this action was filed shortly after the state court rendered an adverse decision in the state action holding that the FWW is legal under Connecticut state law (the "Decision"). This action is an improper attempt to collaterally attack this Decision. In short, as Defendant argues more fully in its Rule 12(b)(1) motion, Kiefer and his attorneys have improperly forum shopped and duplicated litigation by filing this action, and this Court should abstain from exercising jurisdiction here pursuant to the *Rooker-Feldman* and *Colorado River Doctrines* and dismiss or stay the action.

Additionally, Kiefer's Complaint should be dismissed for failing to allege a plausible FLSA overtime claim. Kiefer has alleged nothing more than conclusory assertions to support his FLSA claim. According to *Twombly*, these allegations are insufficient as a matter of law to sustain a claimed FLSA violation and require the complaint to be dismissed.

The reasons for this motion are set forth more fully in Defendant's memorandum of law in support of its motion to dismiss, to which Defendant respectfully refers this Court.

**THE DEFENDANT –**
**MORAN FOODS, LLC, f/k/a MORAN FOODS, Inc., d/b/a SAVE A LOT LTD.**

By: /s/*Eve I. Klein*
Eve I. Klein, Esq.
Fed. Bar No. EK6747
Evangelos Michailidis, Esq.
Fed. Bar No. EM3383
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Tel. (212) 692-1000
Fax. (212) 214-0650
emichailidis@duanemorris.com
eiklein@duanemorris.com

and

By: /s/John M. Wolfson
John M. Wolfson, Esq.
Fed. Bar No. ct03538
Benjamin M. Wattenmaker, Esq.
Fed. Bar No. ct26923
FEINER WOLFSON LLC
One Constitution Plaza
Suite 900
Hartford, CT 06103
Tel. (860) 713-8900
Fax. (860) 713-8905
jwolfson@feinerwolfson.com
bwattenmaker@feinerwolfson.com

## **CERTIFICATION**

I hereby certify that on this **27th** day of **July, 2012**, a copy of this motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing.


/s/ John M. Wolfson
John M. Wolfson, Esquire