IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORAN FOODS, INC., d/b/a SAVE A LOT LTD.;<br><br>Defendant. | ECF NO.:<br><br>3:12-CV-00756 (JCH)<br><br>ORAL AGUMENT REQUESTED |

**PLAINITFF'S MEMORANDUM OF LAW IN OPPOSITION TO
<u>DEFENDANT'S MOTION TO STAY DISCOVERY</u>**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

PROCEDURAL HISTORY........................................................................................................... 1

ARGUMENT .................................................................................................................................. 4

      A.      Defendant Has Not Made a "Strong Showing" in Support of Its Motion .............. 5

      B.      Plaintiff's Discovery Requests Are Not Burdensome ............................................ 7

      C.      A Discovery Stay Would Cause Unfair Prejudice to Plaintiff and the
Putative FLSA Collective ...................................................................................... 8

      D.      This Action Is Not Complex ................................................................................... 9

      E.      The Posture of this Case Weighs Against a Stay .................................................. 10

CONCLUSION............................................................................................................................. 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re Ames Dept. Stores, Inc. Debenture Litig.*,
   No. 90 Civ. A. 362, 1990 WL 260590 (D. Conn. Nov. 20, 1990) ............................................ 5

*Anti–Monopoly, Inc. v. Hasbro, Inc.*,
   No. 94 Civ. 2120, 1996 WL 101277 (S.D.N.Y. Mar. 7, 1996) ................................................ 8

*Computer Assocs. Int'l., Inc. v. Simple.com, Inc.*,
   247 F.R.D. 63 (E.D.N.Y. 2007) ........................................................................................ 5, 6

*Dittmer v. Cnty. of Suffolk*,
   146 F.3d 113 (2d Cir. 1998) ................................................................................................... 6

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
   544 U.S. 280 (2005) ............................................................................................................... 6

*In re First Constitution S'holders Litig.*,
   145 F.R.D. 291 (D. Conn. 1991) ............................................................................................ 5

*Gandler v. Nazarov*,
   No. 94 Civ. 2272, 1994 WL 702004 (S.D.N.Y. Dec. 14, 1994) ............................................. 8

*Hachette Distribution, Inc. v. Hudson Cty. News Co.*,
   136 F.R.D. 356 (E.D.N.Y. 1991) ....................................................................................... 4, 9

*ITT Corp. v. Travelers Cas. & Sur. Co.*,
   No. 12 Civ. 38, 2012 WL 2944357 (D. Conn. July 18, 2012) ...................................... 6, 7, 8, 9

*Lance v. Dennis*,
   546 U.S. 459 (2006) ............................................................................................................... 6

*Lynch v. United Servs. Auto. Ass'n*,
   491 F. Supp. 2d 357 (S.D.N.Y. 2007) .................................................................................... 8

*Moran v. Flaherty*,
   No. 92 Civ. 3200, 1992 WL 276913 (S.D.N.Y. Sept. 25, 1992) ............................................ 5

*Niv v. Hilton Hotels Corp.*,
   No. 06 Civ. 7839, 2007 WL 510113 (S.D.N.Y. Feb. 15, 2007) ............................................. 8

*Roach v. Moran Foods, Inc.*,
   No. X04-HHD-CV-11-6023386-S (Conn. Super. March 9, 2011) ......................................... 3

*Smith v. Bayer Corp.*,
   131 S. Ct. 2368 (2011) ........................................................................................................... 9

*Spencer Trask Software & Info. Servs., LLC v. RPost Int'l. Ltd.*,
    206 F.R.D. 367 (S.D.N.Y. 2002) ................................................................................8

*Weizel v. Main Street Connect, LLC*,
    No. 12 Civ. 831 (D. Conn. Aug. 28, 2012) (Ex. B) ...........................................1, 7, 8

**RULES**

29 C.F.R. 778.114 ...............................................................................................................2

Fed. R. Civ. P. 23 ...............................................................................................................2

Fed. R. Civ. P. 26 ...............................................................................................................2

Fed. R. Civ. P. 12 ............................................................................................................2, 3

**PRELIMINARY STATEMENT**

The Court should not stay discovery while it decides Defendant's motion to dismiss. A discovery stay would prejudice Plaintiff and the members of the putative Fair Labor Standards Act ("FLSA") collective whose FLSA claims are being diminished by the day because they have not yet found out about this case or their ability to join it and protect their rights. A stay would further delay Plaintiff's ability to file a motion for collective action notice under 29 U.S.C. § 216(b) ("216(b) Motion"). Although Plaintiff intends to file his 216(b) Motion as soon as possible, he would prefer to do so with the benefit of some basic discovery about Defendant's compensation policies and practices. *See* Plaintiff's First Interrogatories and Requests for Production of Documents (Ex. A).[1] As this Court recently recognized, the prejudice to potential plaintiffs of a discovery stay before conditional certification can outweigh the minimal burden of pre-conditional certification discovery on an employer. *See Weizel v. Main Street Connect, LLC*, No. 3:12 Civ. 831, at *1 (D. Conn. Aug. 28, 2012) (Hall, J.) (Ex. B).

This is especially so here, where Defendant's motion to dismiss has little chance to succeed and would not eliminate the need for the discovery Plaintiff seeks even if it does. Even if Plaintiff is forced to bring his FLSA claims in state court, he will still need the same discovery to support his motion there. The only effect of a stay will be to delay the process at least several more months, and maybe much more.

**PROCEDURAL HISTORY**

Plaintiff Robert Kiefer ("Plaintiff") filed his original Complaint on May 18, 2012, ECF No. 1, and a First Amended Complaint ("FAC") on July 31, 2012, ECF No. 51, 53. The FAC asserts claims on behalf of a nationwide collective of similarly situated Assistant Store Managers

---

[1] All exhibits referenced herein are attached to the Declaration of Elizabeth Wagoner in Opposition to Defendant's Motion to Dismiss and Defendant's Motion to Stay Discovery ("Wagoner Decl.").

("ASMs") that Defendant failed to pay them proper overtime compensation. Specifically, Plaintiff alleges that, by failing to pay ASMs their full weekly wage each week, Defendant violated the strict prerequisites an employer must follow in order to pay half-time-for-overtime under the Fluctuating Work Week ("FWW") method of computing overtime pay. FAC ¶¶ 40-43; *see also* 29 C.F.R. 778.114. In addition to his FLSA claims, Plaintiff brings similar state-law claims on behalf of ASMs from Connecticut under the Connecticut Minimum Wage Act ("CMWA") as a Fed. R. Civ. P. 23 ("Rule 23") class action. He also argues that Defendant violated the CMWA because the FWW method is not authorized by the CMWA at all. FAC ¶ 30, 79.

Between May 25, 2012 and the present, nine individuals from Florida, three from Georgia, and one from Pennsylvania have joined this action as opt-in plaintiffs. Wagoner Decl. ¶ 3. On June 29, 2012 and July 12, 2012, the parties conferred pursuant to Fed. R. Civ. P. 26(f) and filed a Joint Rule 26(f) Report on July 20, 2012, ECF No. 46, pursuant to the Standing Order on Pretrial Deadlines, ECF No. 2. On July 30, 2012, the Court issued a Scheduling Order Regarding Case Management Plan based on the parties' Joint Rule 26(f) Report. ECF No. 49. In response to Defendant's assertion that it would "move this Court to stay all discovery and proceedings in this action pursuant to FRCP Rule 26(c)," ECF No. 46 at *5, the Court noted that "[a]ll discovery will be completed by (not propounded) by March 22, 2013. (No Stay)," ECF No. 49 at *1.

On July 27, 2012, Defendant moved to dismiss Plaintiff's original Complaint, arguing that it should be dismissed under Rule 12(b)(6) for failure to state a claim, or alternatively under Rule 12(b)(1) for lack of subject matter jurisdiction under the *Rooker-Feldman* or *Colorado River* abstention doctrines. ECF Nos. 47, 52. It also filed a motion stay discovery pending the

2

Court's ruling on the Motion to Dismiss. ECF No. 48. On July 31, 2012, Plaintiff filed a First Amended Complaint, which mooted Defendant's first motions. ECF No. 66 (Order terminating as moot). In response, Defendant filed another motion to dismiss, dropping its Rule 12(b)(6) arguments but renewing its abstention arguments, ECF No. 62, along with the instant motion to stay discovery, ECF No. 63.[2]

Another overtime case against Defendant, *Roach v. Moran Foods, Inc.*, Docket No.: X04-HHD-CV-11-6023386-S, ("the State Court Case"), was filed on March 9, 2011, alleging overtime claims only under the CMWA. Wagoner Decl. ¶ 4. Although the state court plaintiff brought his Connecticut overtime claims as a class action, discovery in the State Court Case has been limited to the state court plaintiff's individual claim (at Defendant's insistence), and there has been no discovery concerning class certification and no certification motion filed. *Id*. at ¶ 5.[3]

On September 28, 2011, Defendant filed a motion for summary judgment in the State Court Case, and the state court plaintiff cross-moved for summary judgment on November 11, 2011. *Id*. at ¶ 6. This summary judgment briefing focused only on the narrow legal question of whether the FWW methodology is authorized under Connecticut law under any circumstances. *Id*. It did not address whether Defendant's failure to pay ASMs their full weekly wage each week violated the FWW. *Id*.

On March 16, 2012, the state court ruled that Connecticut law does not categorically

---

[2] The Memorandum of Law in Support of Defendant's Motion to Stay All Discovery Pending Determination of Defendant's Dispositive Motion, ECF No. 63-1, is referred to herein as "Def.'s Br."

[3] Specifically, Defendant's counsel: (1) insisted that discovery be limited to the state court plaintiff at the initial management conference with the court; (2) limited Defendant's discovery responses to information concerning the state court plaintiff; and (3) refused to let Defendant's corporate witness answer questions at a deposition concerning the time records of employees other than the state court plaintiff. *Id*. at ¶ 5; Ex. C (Draper Tr.) 164:9-167:16; Ex. D (Jan. 24, 2012 Correspondence from E. Klein).

3

prohibit the use of the FWW methodology and denied the state court plaintiff's motion for summary judgment. *Id*. at ¶ 7. It also denied Defendant's motion for summary judgment without prejudice, because the motions did not address whether Defendant's policies actually comply with the FWW. *Id*.

On April 24, 2012, the parties entered into a stipulation to facilitate an interlocutory appeal of the state court summary judgment order and stayed discovery until the appeal is decided. *Id*. at ¶ 8; Ex. E ¶ 9.[4]

## ARGUMENT

The Court should not stay discovery because Plaintiff will be prejudiced by a stay and because none of the relevant factors favors Defendant. A court should stay discovery pending the outcome of a dispositive motion "only when there are no factual issues in need of further immediate exploration." *Hachette Distribution, Inc. v. Hudson Cty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991). Here, there is a need for immediate fact development so that Plaintiff may obtain support for his forthcoming 216(b) Motion.

Courts consider the following factors in determining whether a discovery stay pending resolution of a motion to dismiss is warranted: 1) whether there has been a "strong showing" that the [plaintiff's] claim is not meritorious; 2) the breadth of discovery and the burden of responding to it; 3) the risk of unfair prejudice to the party opposing the stay; 4) the nature and

---

[4] As contemplated by the stipulation, Plaintiff subsequently filed an amended two-count class action complaint in the State Court Case. Wagoner Decl. ¶ 9. The First Count of the State Court Case reiterates the allegations from the original state court complaint: that the FWW methodology is not authorized under Connecticut law. *Id*. The new Second Count alleges that even if Connecticut law permits the FWW, Defendant did not follow the FWW's prerequisites. *Id*. The state court entered judgment on the First Count on August 29, 2012. *Id*. On September 4, 2012, Plaintiff also filed a Motion for Written determination in the state court, requesting that the trial court formally recommend an interlocutory appeal of its ruling on the First Count. *Id*. at ¶ 10. The trial court has not yet issued its recommendation, but has indicated to the parties during a status conference that it intends to do so. *Id*.

complexity of the action, and 5) the posture of the litigation. *Computer Assocs. Int'l., Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 69 (E.D.N.Y. 2007). No one factor is dispositive. *Id*. None of them weighs in favor of a discovery stay here.

### A.  Defendant Has Not Made a "Strong Showing" in Support of Its Motion.

Defendant has not made a "strong showing" that its motion to dismiss will be successful. *Computer Assocs. Int'l.*, 247 F.R.D. at 69. The mere existence of a motion to dismiss does not support a stay. *Moran v. Flaherty*, No. 92 Civ. 3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992). Unless the complaint is obviously inadequate, this factor is neutral. *See In re Ames Dept. Stores, Inc. Debenture Litig.*, No. 90 Civ. A. 362, 1990 WL 260590, at *1 (D. Conn. Nov. 20, 1990) (internal quotations marks omitted) (denying motion to stay "without passing judgment on the merits of the motions to dismiss" because defendants' argument about their success was "speculat[ive]" and there were no "glaring deficiencies" in the complaint). Because it is often difficult for a court to predict the outcome of a motion to dismiss before fully analyzing it and making a ruling, this factor is not frequently the reason for a discovery stay. *See In re First Constitution S'holders Litig.*, 145 F.R.D. 291, 294 (D. Conn. 1991) (focusing on other factors).

Here, this factor does not weigh in Defendant's favor for several reasons. First, Defendant dropped its challenge to the sufficiency of the FAC. *Compare* Memorandum of Law in Support of Defendant's Motion to Dismiss, ECF No. 62-1, *with* Memorandum of Law in Support of Defendant's Motion to Dismiss, ECF No. 47. It therefore concedes that the FAC states a claim. It also does not deny Plaintiff's right to move for collective action notice under 29 U.S.C. § 216(b).

Second, Defendant does not even claim that its abstention arguments constitute a "strong

5

showing." *Computer Assocs. Int'l.*, 247 F.R.D. at 69. It merely argues that they "are substantial and not unfounded." Def.'s Br. at 4 (internal citation and quotation marks omitted). There is a good reason that Defendant does not express much confidence in its abstention arguments – they are without any merit. Defendant's *Rooker-Feldman* argument relies almost entirely on abrogated authority. Absent from Defendant's papers is any reference to the controlling Supreme Court decisions in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) and *Lance v. Dennis*, 546 U.S. 459 (2006), which are fatal to Defendant's motion. The *Rooker-Feldman* doctrine is much narrower than Defendant represents to the Court and does not apply here. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Opp. to Def.'s Mot. to Dismiss") at Section I.

Defendant's *Colorado River* argument is similarly unsupported. Defendant has not even demonstrated that the federal and state actions are "parallel," the most basic "prerequisite" to the application of the doctrine. *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998). Even if the actions were parallel, the six-part *Colorado River* test weighs heavily in favor of retaining jurisdiction. *See* Opp. to Def.'s Mot. to Dismiss at Section II.

Third, as discussed *infra* at Section E, even if SAL's motion is ultimately successful, which it should not be, discovery should still proceed so that Plaintiff can support and file his motion for collective action notice, which he needs to file as quickly as possible, whether in federal court or state court.

Defendant relies almost exclusively on *ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 3:12 Civ. 38, 2012 WL 2944357 (D. Conn. July 18, 2012), where the court granted the defendant's motion for a discovery stay pending the outcome of its *Colorado River* motion to dismiss. However, the court in that case did "not presume to predict the outcome of the motion to

dismiss," and based its ruling primarily on the burdensome discovery the plaintiffs sought and the lack of prejudice a stay would cause the plaintiffs. *Id*. at *3-4. As explained in Section B, *infra*, the discovery Plaintiff seeks here is not burdensome. In fact, it is narrower than the discovery the plaintiffs served in *Weizel*, No. 3:12 Civ. 831, at *1, which this Court found not to be unreasonable. As explained in Section C, *infra*, Plaintiff will be prejudiced by a discovery stay because it will hinder his ability to support a 216(b) motion and potential opt-in plaintiffs will lose all or part of their claims.

      **B.**      **Plaintiff's Discovery Requests Are Not Burdensome.**

The discovery Plaintiff seeks in order to support his 216(b) motion ("Plaintiff's Discovery") (Ex. A), is limited and reasonable. It includes 18 document requests and 12 interrogatories, all of which are narrowly tailored to reveal information about Defendant's compensation policies and practices, and all of which are relevant to demonstrating that other workers are similarly situated to Plaintiff with respect to Defendant's violations of the requirements of the FWW method.[5]

Plaintiff's Discovery is even more limited than the discovery the plaintiff served in *Weizel*, No. 3:12 Civ. 831 (the "*Weizel* Discovery"), which the Court found not to be particularly burdensome. *Id*. at *1. The *Weizel* Discovery sought information on the duties of potential opt-in plaintiffs and other information relevant to the defendant's exemption affirmative defense as well as evidence of compensation policies and practices. *See* Ex. F (Request Nos. 2, 3, 6, 7, 11, 12); Ex. G at (Interrogatory Nos. 4, 6, 8). In contrast, Plaintiff's Discovery is focused almost exclusively on evidence of compensation policies and practices. *See* Ex. A.

---

[5] Plaintiff's Discovery was served yesterday. Wagoner Decl. ¶ 12. Defendant's decision to file its motion before it even saw Plaintiff's Discovery highlights its extreme position that *any* discovery would be too much.

*ITT Corp.* does not help Defendant with this factor either. There, the parties opposing the discovery stay sought "extraordinarily broad" discovery: "virtually all" documents related to a particular type of insurance claim "for a period of more than forty years," as well as the identities of all people who sold and purchased insurance policies during that time period. *ITT Corp.*, 2012 WL 2944357 at *3. Plaintiff's Discovery, in contrast, is time-limited and tailored to the narrow claims in this case.

    **C.**    **A Discovery Stay Would Cause Unfair Prejudice to Plaintiff and the Putative FLSA Collective.**

The prejudice to potential opt-in Plaintiffs is the most compelling reason for the Court to deny Defendant's request for a stay because the "statute of limitations runs on each employee's claim until his individual Consent Form is filed with the court." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 367 (S.D.N.Y. 2007). As a result, "each day that passes before plaintiffs can seek conditional certification, and send notice to putative opt-in plaintiffs, is a day the plaintiffs lose off of their claims." *Weizel*, No. 3:12 Civ. 831, at *1. Plaintiff's discovery requests will help support his forthcoming 216(b) motion and allow him to get it on file quickly.

Defendant entirely ignores the prejudice to potential opt-ins (and the benefit to Defendant of their claims diminishing). The cases it cites in a footnote are also unhelpful.[6] Def.'s Br. at 4, n2. In those cases, unlike here, there was no risk that claims would expire, and evidence of other prejudice was minimal. *Id*.

---

[6]     *See ITT Corp.* 2012 WL 2944357 at *4, citing *Integrated Sys. & Power, Inc. v. Honeywell Int'l., Inc.,* No. 09 Civ. 5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (prejudice to plaintiffs from time delay minimal); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (same); *Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839, 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007) (plaintiffs did not identify any prejudice); *Anti–Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120, 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996) (finding any minimal cost prejudice could be mitigated); *Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (plaintiffs presented no evidence of prejudice).

Defendant also incorrectly claims that Plaintiff "will suffer no prejudice as he can pursue his federal claim in state court, where he is already a putative class member." Def.'s Br. at 5. There is no mechanism for Plaintiff to do so. First, the State Court Case does not include FLSA claims so Plaintiff cannot simply join it as an opt-in plaintiff. Second, because he is not a party to the State Court Action, *see Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2379-81 (2011) (a putative class member is not a party to an uncertified class action), Plaintiff cannot simply "pursue his federal claim" there. Def.'s Br. at 5. His status as a putative class member does not allow him to amend the complaint or to assert FLSA claims.

Finally, the State Court Case is currently stayed pending a request for permission to file an interlocutory appeal of an issue of state law. Wagoner Decl. ¶ 8. If Plaintiff added his FLSA claims to that case, he would have no ability to gather evidence to support his 216(b) Motion until the appellate process concluded. By then, the claims of many potential opt-in plaintiffs would be further diminished or lost altogether.

**D.     This Action Is Not Complex.**

Plaintiff's FLSA claim is not complex. It turns on a straightforward analysis of whether Defendant's compensation policies complied with U.S. Department of Labor regulations. *ITT Corp.*, the case on which SAL relies, was significantly more complex than this one in terms of the legal theory, the declaratory and punitive relief sought, and the vast time period involved. *ITT Corp.*, 2012 WL 2944357 at *1-3.

**E.     The Posture of this Case Weighs Against a Stay.**

A stay is inappropriate given the "posture or stage" of the case. *Hachette*, 136 F.R.D. 358. As discussed *supra*, Section C, the current posture of the case – before Plaintiff has filed his 216(b) Motion – weighs in favor of quick discovery, not delayed discovery. In addition, as

9

far as Plaintiff's counsel are aware, there are no similar FLSA claims pending against Defendant in any other court. Wagoner Decl. ¶ 11. As a result, this Court is uniquely situated to order notice to potential opt-in plaintiffs and allow them to protect their rights.

Defendant is wrong that permitting discovery in this case would "deprive Defendant of the very relief it seeks in its motion – to be protected from the burden and expense of litigating substantially similar issues in two different courts." Def.'s Br. at 1-2. On the contrary, denying a discovery stay will not cost Defendant a penny more on discovery than it would have to spend if its motion to dismiss is successful and Plaintiff is forced to litigate his FLSA claims in state court. The only thing that Defendant would save is wages it owes its current and former workers whose claims are being diminished by the day.

In claiming this phantom burden, Defendant fails to inform the Court that the issue that requires discovery in this case – whether Defendant violated the requirements of the FWW method – is *not* currently being litigated in state court, because it is stayed indefinitely. Wagoner Decl. ¶ 8. As a result, discovery into the issue of Defendant's compliance with FWW has not yet taken place in any court, so discovery into that issue here will not be duplicative. Moreover, even if discovery in the State Court Case was underway, it would only include Connecticut ASMs, not ASMs nationwide.

There is also no danger of any already-accomplished discovery being repeated here. First, the only issue currently proceeding in the State Court Case is a purely legal issue that did not require any discovery at all. *Id*. Second, the only discovery the parties undertook in the State Court Case relates only to Plaintiff Roach himself, because Defendant would not allow plaintiff Roach to take any classwide discovery. *See* footnote 2, *supra*.

The stipulation in the State Court Case action underscores why discovery should proceed

here. A stay in state court made sense because that court will never have to address whether Defendant complied with the FWW method in Connecticut if the Connecticut Appellate Court rules that the FWW is not lawful in Connecticut under any circumstances. By contrast, a ruling that FWW is not permissible in Connecticut has no bearing on whether Defendant followed the FWW requirements under the FLSA, which is at issue here. No matter how the Connecticut Appellate Court rules, discovery will have to proceed on the FLSA claims.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion for a Stay of Discovery.


Dated:          New York, New York
                September 12, 2012

                                        Respectfully submitted,

                                        **OUTTEN & GOLDEN LLP**
                                        By:

                                        /s/ *Justin M. Swartz*
                                        Justin M. Swartz (*pro hac vice*)
                                        Cyrus E. Dugger (*pro hac vice* motion filed)
                                        Elizabeth Wagoner (*pro hac vice*)
                                        3 Park Avenue, 29th Floor
                                        New York, New York 10016
                                        Telephone: (212) 245-1000
                                        Facsimile: (212) 977-4005
                                        jms@outtengolden.com
                                        cdugger@outtengolden.com
                                        ewagoner@outtengolden.com

                                        **THE HAYBER LAW FIRM, LLC**
                                        Richard Hayber
                                        Erick I. Díaz Vázquez
                                        221 Main Street, Suite 502
                                        Hartford, CT 06106
                                        Telephone: (203) 522-8888

        Facsimile:  (203) 915-9555
        rhayber@hayberlawfirm.com
        ediaz@hayberlawfirm.com

## CERTIFICATION OF SERVICE

Pursuant to Local Rule 5(c), I hereby certify that on **September 12, 2012** a copy of the **Plaintiff's Opposition to Defendant's Motion to Stay Discovery** was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Courts Electronic filing system. Parties may access this filing through ECF.

 */s/Elizabeth Wagoner*
 Elizabeth Wagoner