UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated, | : | CIVIL ACTION NO. 3:12-CV-00756-JCH |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MORAN FOODS, INC., d/b/a SAVE A LOT LTD., | : | |
| Defendant. | : | October 19, 2012 |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS OR STAY THE FEDERAL ACTION**

Moran Foods, LLC, by and through its counsel, Duane Morris LLP and Feiner Wolfson LLC, respectfully submits this reply memorandum of law in further support of its motion to dismiss the Amended Complaint in its entirety or to stay this action, pursuant to Rule 12(b)(1) of the Fed. R. Civ. P., pending the resolution of a prior filed substantially similar action in the Connecticut state court.[1]

**PRELIMINARY STATEMENT**

In the very last section of Plaintiff's opposition brief, Plaintiff and his counsel state that whether this duplicative Federal Action is "reactive" to the loss suffered in the State Action is not relevant to whether this Court should dismiss or stay this action under *Rooker-Feldman* or the *Colorado River Doctrines*. *See* Plaintiff's Opp. Mem. of Law, p. 25. Plaintiff and his counsel believe there is nothing improper about collaterally

---

[1] All defined terms in Defendant's initial moving papers have the same meaning here.

1

DM2\3848980.1

attacking the Judgment,[2] duplicating proceedings and shopping for what they hope will be a more favorable forum. However, the *Rooker Feldman* and *Colorado River Doctrines* were created to prevent the very type of wasteful and burdensome duplication of proceedings and forum shopping present here.

## ARGUMENT

**I.     ABSTENTION IS APPROPRIATE HERE PURSUANT TO THE *COLORADO RIVER DOCTRINE***

*Colorado River* should be applied in the instant case because the State Action and Federal Action are unquestionably parallel and the balance of the paramount *Colorado River* factors weigh in favor of abstention.[3] Contrary to Plaintiff's mechanical-checklist approach, *Colorado River* requires this Court to use its discretion to balance the relevant factors as determined by the facts of this particular case to arrive at the proper determination. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1982). Significantly, Plaintiff's opposition does not cite a single case with facts remotely similar to those present here. As stated in Defendant's initial motion, the case that is most factually similar to this case is *Ross v. U.S. Bank National Association*, 542 F. Supp. 2d 1014, 1022 (N.D. Cal. 2008), where the court stayed the federal plaintiff's FLSA claims under *Colorado River* on the basis that they could have been brought in a pending state court proceeding being handled by the same attorneys

---

[2] On August 29, 2012, the Decision was entered as a judgment and will be referred to hereinafter as the "Judgment."

[3] Partial abstention is also permissible under *Colorado River* and is sought in the alternative by Defendant as to Plaintiff's purely state law claims assuming, *arguendo*, that the Court believes abstention in its entirety to be improper. *See In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1171 (C.D. Cal. 2008); *Giles v. ICG, Inc.*, 789 F. Supp. 2d 706, 713 (S.D. W. Va. 2011); *Big O Tires, LLC v. Felix Bros.*, No. 10-cv-00362, 2011 U.S. Dist. LEXIS 143087 at *15-17 (D. Co. Dec. 13, 2011).

involving virtually identical state law wage and hour claims. *See* Defendant's Mem. of Law., p. 14-15. The facts here are even more egregious than those in *Ross* because this action was commenced only after and in response to the adverse Judgment which was rendered in the State Action.

    A.    **The State Action and the Federal Action Are Parallel**

To determine whether the State Action and the Federal Action are parallel, this Court should consider, among other things, the identity of the parties, the nature of the claims being alleged and the relief being sought. The following table demonstrates that this action is literally the mirror image of the State Action:

|  | State Action | Federal Action |
|---|---|---|
| Parties | Roach (on behalf of all ASMs in Connecticut, including Kiefer) | Kiefer (on behalf of all ASMs in Connecticut and nationwide, including Roach, who has opted-in) (both Kiefer and Roach are Connecticut workers) |
| Claims | Count I – *FWW unlawful in Connecticut*<br><br>Count II – **Misapplication of the FWW in Connecticut according to 29 C.F.R. 778.114** | Count I – **Misapplication of the FWW nationwide according to 29 C.F.R. 778.114**<br><br>Count II – *FWW unlawful in Connecticut* and **misapplication of the FWW in Connecticut according to 29 C.F.R. 778.114** |
| Relief Sought | Actual Damages + Liquidated Damages (Double Damages) | Actual Damages + Liquidated Damages (Double Damages) |
| Date Filed | March 9, 2011 | May 18, 2012 |
| Covered Period Commences | March 9, 2009 | May 18, 2010 or<br>May 18, 2009 (if Plaintiff proves willfulness) |
| Attorneys | Hayber and Outten & Golden Law Firms | Hayber and Outten & Golden Law Firms |

3

DM2\3848980.1

> 1. The parties in the State and Federal Actions do not need to be identical to be parallel.

For an action to be parallel, the parties need not be identical, just substantially similar. *Waterbury v. Safeway Inc.*, No. C 06-02072, 2006 U.S. Dist. LEXIS 100896 at*5 (N.D. Cal. Oct. 31, 2006). The decision to apply *Colorado River* in *Waterbury* was based in large part on the fact that the lead litigant in the state action was also a litigant in the federal action -- exactly the fact pattern here. Roach is the lead plaintiff in the State Action and an opt-in plaintiff in the Federal Action. Additionally, Kiefer and Roach, who are represented by the same counsel, purport to represent the same putative class of Connecticut ASMs.

Plaintiff erroneously argues that *Smith v. Bayer Corp.*, 131 S. Ct. 2368 (2011) has overturned *Waterbury* and is instructive here. In *Smith*, the Supreme Court held that a member of a putative class who brought a class action in federal court could not be prevented from pursuing a class action in state court where *the federal court denied class certification and the issues presented in the state and federal actions were different.* The *Smith* decision deals with the "relitigation exception" of the Anti-Injunction Act and has nothing to do with *Colorado River*. No court analyzing whether state and federal actions are parallel for purposes of *Colorado River* has ever relied upon *Smith*. *Smith* is also inapplicable here for the additional reasons that class certification has not been denied in the State Action and the issues before the state and the federal court are identical.

In fact, counsel for Kiefer and Roach have made it clear from their pleadings and statements that they fully intend to move for certification of the Connecticut class in both the State Action and the Federal Action. If certification is granted in both actions, this

court and the state court will be litigating the same claims for the same classes of Connecticut workers.  It is hard to imagine a more blatant duplication of proceedings on behalf of the very same individuals.

        2.      <u>Parallel relief is being sought in the State and Federal Actions.</u>

Plaintiff argues that the actions are not parallel because the liquidated damages available in the Federal Action are different in purpose than those available in the State Action and, therefore, cumulative.  However, the most recent case in the Connecticut District Court, which Plaintiff ignores, held that plaintiffs may not obtain cumulative damages under the FLSA and the CMWA.  *Andrade v. Kwon,* No. 3:08cv479, 2012 U.S. Dist. LEXIS 106571 (D. Conn. Mar. 26, 2012) ("Since the FLSA and CMWA's liquidated damages do not serve fundamentally different purposes, plaintiff may only recover an award under one of the statutes.").  Other courts in this circuit have similarly held that plaintiffs cannot recover liquidated damages under both state wage and hour law and the FLSA.  *See Pineda-Herrera v. Da-Ar-Da, Inc.*, No. 09-CV-5140, 2011 U.S. Dist. LEXIS 57121 at *15-16 (E.D.N.Y. May 26, 2011) (holding FLSA and New York Labor Law's liquidated damages provision remedy the same harm and serve the same purpose); *see also Jin v. Pac. Buffet House, Inc.*, No. CV-06-579, 2009 U.S. Dist. LEXIS 74901 at *24 (E.D.N.Y. Aug. 24, 2009); *Chue Jie Yin v. Kim*, No. CV 07-1236, 2008 U.S. Dist. LEXIS 118533 at *23 (E.D.N.Y. Mar. 7, 2008).  As such, potential damages are clearly parallel.

Plaintiff also argues that the relief sought in the Federal Action is different because the FLSA has a longer statute of limitations.  However, as the table above demonstrates, even if, assuming *arguendo*, a three-year statute of limitations for willful

5

violations were to be applied, Kiefer's FLSA claim would be fully encompassed in the State Action because the commencement date for the limitations period of the State Action (March 9, 2009) is still earlier than the earliest possible start date for the limitations period of this action (May 18, 2009) due to the State Action having been filed 14-months earlier.  Thus the limitations periods are likewise parallel.

        3.      <u>The claims in the State and Federal Actions are identical.</u>

Plaintiff also argues that the Federal Action and the State Action are not parallel because the Federal Action includes an FLSA claim whereas the State Action does not. However, Plaintiff's FLSA claim is identical to Count II of the State Action as both allege that Defendant misapplied the FWW pursuant to federal guideline, 29 C.F.R. 778.114, based on the same set of purported facts.  Therefore, both courts will have to analyze federal law and/or interpret the federal guideline to determine the viability of Kiefer's and Roach's identical Connecticut class claims.  *See* Pl's Mem. of Law, p. 23 (Plaintiff expressly acknowledges that the misapplication of the FWW under Connecticut law claim "will likely be grounded in federal law" and that since "there are no CMWA decisions applying the FWW method, Defendant will have to rely on federal law to argue that it applied the FWW properly.").  The claims are parallel.

        4.      <u>The State Action has not been stayed.</u>

Plaintiff argues that the parallel nature of the proceedings is mitigated here because the State Action is stayed pursuant to the Stipulation entered into between the parties on April 23, 2012.  To be clear, there is no court order staying discovery in the

6

State Action[4] and, as already discussed in Defendant's moving brief, the Stipulation was voided by Plaintiff's counsel and has not been relied upon by the State Court for any purpose. *See* Defendant's Mem. of Law, p. 5.

### B. The *Colorado River* Factors Weigh In Favor Of Abstention

No single *Colorado River* factor is dispositive and the "weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *See Moses H. Cone*, *supra*, 460 U.S. at 16. This action was filed 14 months after the State Action was commenced by essentially the same litigants being represented by the same attorneys and only immediately after an adverse judgment was rendered in the State Action. In the context of this action, the avoidance of piecemeal litigation, the order of the actions' filings and the adequacy of the state court to protect Kiefer's interests substantially outweigh the other *Colorado River* factors – the absence of a res and the equally convenient federal and state venues for the parties – which Plaintiff argues should control.

#### 1. The importance of piecemeal litigation.

This action clearly promotes piecemeal litigation, which weighs strongly in favor of this Court applying *Colorado River*. Kiefer argues that piecemeal litigation is no longer a paramount factor in light of the *Niagara Mohawk Power Corp. v. Hudson River-Black Regulating District*, 673 F.3d 84 (2d Cir. 2012) decision. However, that is not *Niagara's* holding. Rather, in *Niagara*, the Second Circuit held that the district court incorrectly applied *Colorado River* because the particular facts of that case did not

---

[4] As discussed *infra* at page 10, Judge Bright endorsed Plaintiff Roach's motion for determination so that an appeal could be taken on an interlocutory basis, the resolution of which he recognized could moot the need for some or all discovery.

7

<u>promote</u> piecemeal litigation (in that case, there were <u>already</u> twenty separate suits pending in three different New York counties) and presented no real risk of inconsistent outcomes as the state courts had not yet decided any of the issues in that case and did not appear likely to do so anytime soon.  *Id.*

Therefore, *Niagara* in no way diminishes the continuing significance of piecemeal litigation as a paramount *Colorado River* factor in cases like this one, where the facts demonstrate that there is a clear risk of inconsistent outcomes.  Unlike *Niagara*, where the state courts had not rendered any decision on the claims in question, the state court here has already rendered a Judgment (that the FWW is lawful in Connecticut), which Plaintiff is now both appealing on an interlocutory basis in the State Action and is collaterally attacking in Count II of this action.  A ruling by this Court that the FWW is impermissible in Connecticut would contradict the state court's holding in the State Action.  As to Plaintiff's additional claim that Defendant misapplied the FWW, Kiefer, Roach and their joint counsel have duplicated proceedings by inviting both the state and federal courts to interpret the same federal guideline.  This certainly creates a risk of inconsistent outcomes.

In further support of his argument that the avoidance of piecemeal litigation is not a paramount factor, Plaintiff cites *Hong v. Everbeauty, Inc.*, No. 2:11-cv-3286, 2012 U.S. Dist. LEXIS 42713 (D.N.J. Mar. 28, 2012).  As a preliminary matter, while declining to abstain under facts that are readily distinguishable from the facts present here, the *Hong* court expressly recognized that the risk of piecemeal litigation is a "predominant factor" in deciding whether to apply *Colorado River*, *id*. at *8, which is directly contrary to Plaintiff's argument that this factor is no longer paramount.

8

Abstention was not appropriate in *Hong* because the state and federal actions were *substantially different*.  In that case, the employer had actually commenced the prior filed state action, where it alleged 10 different state common law claims, and sought a declaratory judgment regarding the employee's federal wage claims.  By contrast, the federal action there, *which was filed by plaintiff employees within one month of the state action and prior to the rendering of any state court decisions*, involved plaintiff's FLSA and state labor law claims in which monetary relief was sought.

> 2. The order of the filing of the actions is not neutral and is significant.

The Federal Action was filed only after a ruling was rendered in the State Action in favor of Defendant against substantially similar Plaintiffs represented by the same attorneys.  The opposing litigants filed this action because they are shopping for what they hope will be a more favorable forum.  In *DLJ Mortgage Capital, Inc. v. Kontogiannis*, No. 10 Civ. 9092, 2011 U.S. Dist. LEXIS 15898 (S.D.N.Y. Feb. 17, 2011), the court recognized that *Colorado River* may be appropriate to deter forum shopping.[5] *Id.* at *12.

Additionally, there has been considerable progress in the State Action which has been pending now for 19 months.  Specifically, the parties have engaged in extensive document production regarding the putative Connecticut class, responded to interrogatories, conducted numerous depositions, participated in a failed attempt at

---

[5] Courts in other circuits have also found forum shopping to be a relevant factor in applying the *Colorado River* doctrine.  *See Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002); *Preston v. Eriksen*, No. 95-3751, 1997 U.S. App. LEXIS 784, fn. 3 (6th Cir. Jan. 14, 1997); *Burroughs v. Walgreen*, No. CIV-11-102-D, 2011 U.S. Dist. LEXIS 48420 at *10-11 (W.D. Ok. May 5, 2011); *Pitt v. Cohn*, No. PJM 10-1781, 2011 U.S. Dist. LEXIS 7515 at *5 (D.M.D. Jan. 26, 2011).

9

mediation and engaged in dispositive motion practice, which resulted in the state court expending considerable resources researching and composing a thorough and comprehensive 21-page decision that the FWW is legal in Connecticut.  Additionally, pursuant to Practice Book § 61-4, Roach moved for a written determination seeking permission to file an interlocutory appeal of the Judgment on the principal ground that a resolution of the FWW legality issue in its favor would moot all further proceedings other than those related to damages.  On October 4, 2012, Judge Bright granted Plaintiff Roach's motion, on consent, recommending an interlocutory appeal of the Judgment for judicial economy and efficiency.  A copy of the state court's Written Determination is attached hereto as Exhibit A.  Clearly, the State Action has progressed substantially.

### 3. The FLSA provides the state court with concurrent jurisdiction.

Plaintiff argues that federal law supplies the rule of the decision over his FLSA claim.  However, the FLSA specifically provides state courts with concurrent jurisdiction over FLSA claims.  29 U.S.C. 216(b).  Plaintiff has not cited any case standing for the proposition that where a plaintiff files an FLSA claim identical to a claim pending in a state court proceeding, *Colorado River* is inapplicable. Furthermore, the fact the FLSA claim is grounded in federal law is "not entitled to much weight" because the claim is "virtually identical to the state claims asserted…and [will be] determined…on precisely the same factual question…."  *Garcia v. Tamir*, No. 99 Civ. 0298, 1999 U.S. Dist. LEXIS 11940 at *24 (S.D.N.Y. Aug. 4, 1999).

## II. ABSTENTION IS APPROPRIATE HERE PURSUANT TO THE *ROOKER- FELDMAN DOCTRINE*

The *Rooker-Feldman Doctrine* is intended to prevent exactly the kind of collateral attack on a state court decision that Kiefer, Roach and their joint attorneys are attempting

here. The court in *Sabertooth LLC v. Simons*, 443 B.R. 671, 679-80 (Bankr. E.D. Pa. 2011), which Plaintiff cites in support of its opposition, explains the policy considerations behind *Rooker-Feldman*:

> Simply put, the *Rooker-Feldman* doctrine divests a lower federal court of subject matter jurisdiction of an action <u>if the relief requested would effectively reverse a state court decision or void its ruling</u>… <u>For a federal court to disregard the existence of the judgment entered before the initiation of the federal suit, simply because procedural avenues remain open in state court for modification of the judgment, would be the quintessential, forbidden act under Rooker-Feldman — exercising appellate review of a valid state court judgment</u>…

*Id.* at 671, 684-85 (citations omitted*)* (emphasis added). While *Rooker-Feldman* "does not bar concurrent proceedings in both state and federal court, even where the state court renders judgment before the federal suit is resolved", it does bar a litigant from <u>commencing</u> a federal action that constitutes an appeal of a state judgment. *Robins v. Ritchie*, 631 F.3d 919, 927 (8th Cir. 2011). Count II of the Federal Action, which alleges that the FWW is impermissible in Connecticut, is effectively an appeal as it directly attacks the state Court's Judgment that the FWW is permissible in Connecticut.

Plaintiff argues, *inter alia*, that *Rooker-Feldman* is inapplicable here because the Judgment did not directly injure Plaintiff as Defendant's pay practices were in effect long before the Judgment was rendered. However, the Judgment itself does not pertain to Defendant's pay practices; it is a decision regarding the legality of the FWW in Connecticut. The state court's decision that the FWW is legal in Connecticut is, unquestionably, what injured Kiefer, causing Kiefer, Roach and their joint counsel to file this action.

Plaintiff's remaining arguments do not undermine Defendant's *Rooker-Feldman* argument either.

### A. The *Exxon Mobil* Decision Does Not Vitiate Defendant's Argument[6]

In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), the federal action was filed only two weeks after the state action and before the state court rendered any determinations or rulings. The Court reasoned that *Rooker-Feldman* was inapplicable because the actions were contemporaneous lawsuits and the federal action was filed "well before any judgment in state court." *Id*. at 293-94 (emphasis added).

Here, the Federal and State Actions are not contemporaneous. The Federal Action was filed only after the state court rendered an adverse ruling in the State Action. *See also Sabertooth, supra*, 443 B.R. at 685 ("if an adverse judgment is in place when a party initiates a federal action, the federal plaintiff is a state court 'loser' and the federal action is not 'parallel [or contemporaneous] litigation.'").

### B. Plaintiff Mischaracterizes the Holding in *Lance*

According to Plaintiff, the *Lance v. Dennis*, 546 U.S. 459 (2006) decision bars the application of *Rooker-Feldman* if the parties in the state and federal action are different, even if there is privity between the parties. This was not what the Supreme Court held. In fact, the Supreme Court expressly recognized that there may be circumstances where *Rooker-Feldman* would be appropriate to apply against a party not named in an earlier state proceeding. *Id.* at fn. 2.

After *Lance* was decided, courts in this circuit have noted that complete identity between parties is not a requirement for *Rooker-Feldman  See Lomnicki v. Cardinal McCloskey Servs.*, No. 04 Civ. 4548, 2007 U.S. Dist. LEXIS 54828 at *13 n. 7 (S.D.N.Y.

---

[6] On page 5 of its brief, Plaintiff argues that Defendant ignored the *Rooker-Feldman* factors enumerated in *Exxon Mobil,* yet those factors were exactly what Defendant addressed in its moving brief. *See* Defendant's Mem. of Law, p. 9.

12

Jul. 26, 2007) (noting that "[c]omplete identity of all parties does not appear necessary"); *Bush v. Danziger*, No. 06 Civ. 5529, 2006 U.S. Dist. LEXIS 77035 at *10 n. 3 (S.D.N.Y. Oct. 24, 2006) (noting that the Supreme Court "has not held that there must be complete identity of plaintiffs or parties in the two proceedings"); *Bernstein v. State of New York*, No. 06 Civ. 5681, 2007 U.S. Dist. LEXIS 11322 at *21 (S.D.N.Y. Feb. 9, 2007) (complete identity of the parties is not always required).

One court in this circuit has even noted that requiring complete identity would provide crafty litigants, like Kiefer, Roach and their joint counsel, an easy way to circumvent *Rooker-Feldman*. *Glatzer v. Barone*, 614 F. Supp. 2d 450, 468 (S.D.N.Y. 2009) ("A rule requiring exact identity of parties … would enable the losing state court litigant to avoid the application of Rooker-Feldman in the subsequent federal proceedings simply by means of 'clever pleading,' such as adding or subtracting a plaintiff or a defendant, purposely for tactical reasons"). Here, requiring exact identity would permit Kiefer, Roach and their joint counsel to easily avoid *Rooker-Feldman*.

### C. The Date of the State Court's Decision, not Entry of Judgment, Should Control

Plaintiff argues that the Federal Action was commenced before the state court judgment was technically entered. However, the formal entry of judgment is not controlling where a litigant uses the time between the rendering of a state court decision and the entry of a judgment to evade *Rooker-Feldman*. As the circuit court in *Robins v. Ritchie*, 631 F.3d at 927-28, held:

> To use the formal judgment date would create a window of time between the state court's final decision and the administrative entry of judgment in which an aggrieved party could thwart the Supreme Court's exclusive jurisdiction by filing suit in federal district court

13

> appealing a state-court decision...This would undermine the purpose of the Rooker-Feldman doctrine.

The court's concern in *Robins* is on full display here. The state court's Decision was rendered on March 16, 2012, weeks before the filing of this action. The delay in the ministerial entry of the judgment was the result of Plaintiff's counsel insistence that the parties enter into the Stipulation setting forth a multi-step procedure for the parties to follow in connection with Plaintiff Roach's desire to pursue an interlocutory appeal in the State Action. This procedure required Defendant to wait to move to enter judgment until Roach amended his complaint into two separate counts, which he filed on May 10, 2012, just days before filing this action. As such, the date of the state court's Decision, not the entry of judgment, is relevant for *Rooker-Feldman* purposes. Any other outcome would permit Kiefer, Roach and their joint counsel to easily avoid *Rooker-Feldman*.

## **CONCLUSION**

For the reasons set forth above and in Defendant's initial moving papers, Defendant respectfully requests that this Court dismiss the Complaint or stay the entire proceeding, or, in the alternative, a portion of the proceedings, pursuant to Fed. R. Civ. P. 12(b)(1) pending resolution of the State Action on the grounds of the *Rooker-Feldman* and *Colorado River Doctrines* and grant Defendant such other relief as this Court may deem just and proper.

**THE DEFENDANT –
MORAN FOODS, LLC, f/k/a
MORAN FOODS, INC.,
d/b/a SAVE A LOT LTD.**

| | |
|---|---|
| By */s/ Eve I. Klein* | By /s/John M. Wolfson |
| Eve I. Klein, Esq. | John M. Wolfson, Esq. |
| Fed. Bar No. EK6747 | Fed. Bar No. ct03538 |
| Evangelos Michailidis, Esq. | Benjamin M. Wattenmaker, Esq. |
| Fed. Bar No. EM3383 | Fed. Bar. No. ct26923 |
| DUANE MORRIS LLP | FEINER WOLFSON LLC |
| 1540 Broadway | One Constitution Plaza |
| New York, NY 10036 | Suite 900 |
| Tel. (212) 692-1000 | Hartford, CT 06103 |
| Fax. (212) 214-0650 | Tel. (860) 713-8900 |
| emichailidis@duanemorris.com | Fax. (860) 713-8905 |
| eiklein@duanemorris.com | jwolfson@feinerwolfson.com |
| | bwattenmaker@feinerwolfson.com |

**CERTIFICATION**

I hereby certify that on this **19th** day of **October, 2012**, a copy of this motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing.

    /s/ John M. Wolfson
    John M. Wolfson, Esquire