UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MORAN FOODS, INC., d/b/a SAVE A LOT LTD.;<br>　　　　　　　　　Defendant. | ECF NO.:<br><br>3:12-CV-00756 (JCH)<br><br>December 6, 2012 |

### PLAINTIFF'S MOTION FOR TELEPHONIC DISCOVERY CONFERENCE

Plaintiff, by and through his undersigned counsel, respectfully requests that the Court schedule a telephonic discovery conference to resolve several discovery disputes. After several meet and confer sessions, the parties have reached an impasse on several of Plaintiff's discovery requests, the substance of which Plaintiff will set forth in his forthcoming motion to compel. The parties are available on the following dates and respectfully request that the Court schedule a telephone conference on one of them, if one is convenient for the Court: December 14, 17, 18 or 19, 2012.

Defendant does not object to Plaintiff's request for a telephonic discovery conference but did not join this motion because it believes that the Court should also address Defendant's pending motions to dismiss and stay discovery on the teleconference. Plaintiff disagrees.

Plaintiff does not believe that the instant discovery issues are at all related to Defendant's pending motions. With respect to Defendant's pending motion to stay discovery, Defendant has abandoned its position by responding to document requests, producing documents, participating in several discovery meet and confer teleconferences, and otherwise participating in discovery,

1

notwithstanding the motion.  Now, Defendant simply seeks to avoid producing particular documents responsive to Plaintiff's requests, all of which will be necessary whether the Court grants or denies Defendant's pending motions.  This type of selective withholding is not the purpose of a motion to stay, and was not the stated purpose of Defendant's motion to stay.  Plaintiff respectfully requests that, if the Court wishes to hear argument on Defendant's motions, it schedule an in-person argument, separate from hearing this discovery dispute.

Dated:     New York, New York
           December 6, 2012

                Respectfully submitted,

                /s/ *Justin M. Swartz*
                **OUTTEN & GOLDEN LLP**
                Justin M. Swartz (*pro hac vice*)
                Cyrus E. Dugger (*pro hac vice*)
                Elizabeth Wagoner (*pro hac vice*)
                3 Park Avenue, 29th Floor
                New York, New York 10016
                Telephone:  (212) 245-1000
                Facsimile: (212) 977-4005
                jms@outtengolden.com
                cdugger@outtengolden.com
                ewagoner@outtengolden.com

                **THE HAYBER LAW FIRM, LLC**
                Richard Hayber
                Erick I. Díaz Vázquez
                221 Main Street, Suite 502
                Hartford, CT  06106
                Telephone:  (203) 522-8888
                Facsimile:  (203) 915-9555
                rhayber@hayberlawfirm.com
                ediaz@hayberlawfirm.com

## **CERTIFICATION OF SERVICE**

I hereby certify that on December 6, 2012, a copy of Plaintiffs' **Motion for Telephonic Discovery Conference** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Justin M. Swartz*