## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

ROBERT G. KIEFER, individually and on behalf of all others similarly situated,

                 Plaintiff,

     v.

MORAN FOODS, INC., d/b/a SAVE A LOT LTD.;

                Defendant.

ECF NO.:

3:12-CV-00756 (JCH)

December 6, 2012

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

## **TABLE OF CONTENTS**

PROCEDURAL HISTORY ................................................................................................ 1

STATUS OF DISCOVERY ............................................................................................... 3

DISPUTED DISCOVERY ISSUES ................................................................................. 4

A.      Payroll and Time Records ................................................................................... 5

        1.      Payroll Data Is Essential To Class Certification and the Merits ........... 5

        2.      SAL's Undue Burden Objection is Meritless ........................................ 7

B.      Abandonment of FWW Policy Documents ........................................................ 9

C.      Discovery of Email ............................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

CASES

*Caridad v. Metro-N. Commuter R.R.*,
  191 F.3d 283 (2d Cir. 1999)......................................................................................6

*Chen-Oster v Goldman, Sachs & Co.*,
  No. 10 Civ. 6950, 2012 WL 3964742 (S.D.N.Y. Sept. 10, 2012)...........................8

*Easterling v. Conn. Dep't. of Corr.*,
  278 F.R.D. 41 (D. Conn. 2011)................................................................................6

*EEOC v. Carrols Corp.*,
  215 F.R.D. 46 (N.D.N.Y 2003).................................................................................6

*Fei v. WestLB AG*,
  No. 07 Civ. 8785, 2008 WL 7863592 (S.D.N.Y. Apr. 23, 2008)...........................7

*Flanagan v. Travelers Ins. Co.*,
  111 F.R.D. 42 (W.D.N.Y. 1986)..............................................................................6

*Glatt v. Fox Searchlight Pictures, Inc.*,
  No. 11 Civ. 6784, (S.D.N.Y. Nov. 21, 2012) .........................................................6

*In re Initial Pub. Offering Sec. Litig.*,
  471 F.3d 24 (2d Cir. 2006).................................................................................5, 6

*Moore v. Publicis Groupe*,
  No. 11 Civ. 1279, 2012 WL 607412 (S.D.N.Y. Feb. 24, 2012) ...........................10

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978).................................................................................................4

*Rowe Enter., Inc. v. William Morris Agency, Inc.*,
  205 F.R.D. 421 (S.D.N.Y. 2002) .............................................................................8

*Starbucks Corp. v. ADT Sec. Servs., Inc.*,
  No. 08 Civ. 900, 2009 WL 4730798 (W.D. Wash. Apr. 30, 2009)........................8

*Thermal Design, Inc. v. Guardian Bldg. Prods., Inc.*,
  No. 08 Civ. 828, 2011 WL 1527025 (E.D. Wis. Apr. 20, 2011).............................7

*Zubulake v. UBS Warburg LLC*,
  217 F.R.D. 309 (S.D.N.Y. 2003) .............................................................................9

**STATUTES**

29 C.F.R. 778.114 ...........................................................................................................1

Fed. R. Civ. P. 26 .................................................................................... *passim*

**OTHER AUTHORITIES**

The Sedona Conference Database Principles: *Addressing the Preservation and
    Production of Databases and Database Information in Civil Litigation,*
    Public Comment Version (Mar. 2011) .......................................................................8

Plaintiff Robert Kiefer, by and through his undersigned counsel, hereby moves to compel Defendant Moran Foods, Inc. d/b/a/ Save A Lot ("SAL") to produce payroll records and policy documents responsive to Plaintiffs' discovery requests.  SAL's position is that Plaintiff must file his forthcoming motion for certification of the FLSA collective and class certification motions *before* SAL will produce the discovery that supports class certification and is at the heart of the merits of this case.

## PROCEDURAL HISTORY

Plaintiff Robert Kiefer ("Plaintiff") filed his original Complaint on May 18, 2012, ECF No. 1, and a First Amended Complaint ("FAC") on July 31, 2012, ECF No. 51, 53.  The FAC asserts unpaid overtime claims on behalf of a nationwide collective of similarly situated Assistant Store Managers ("ASMs") ("the putative FLSA Collective").  Specifically, Plaintiff alleges that, SAL violated the FLSA by paying him and similarly situated workers half-time for overtime instead of time and a half, and that Defendant did not follow the strict prerequisites of the Fluctuating Work Week ("FWW") method of computing overtime pay.  FAC ¶¶ 40-43; *see also* 29 C.F.R. 778.114.  Plaintiff alleges that SAL paid ASMs on an hourly basis rather than a true salary basis and failed to pay them a fixed weekly amount when they work fewer than 40 hours.  FAC ¶¶ 42-43.  In addition to his FLSA claims, Plaintiff brings similar state-law claims on behalf of ASMs from Connecticut under the Connecticut Minimum Wage Act ("CMWA") as a Fed. R. Civ. P. 23 ("Rule 23") class action ("the Rule 23 Class," and together with the putative FLSA Collective, "the Classes").  He alleges that SAL violated the CMWA because the FWW method is not authorized under Connecticut law, and that even if it is, SAL did not meet its requirements.  FAC ¶ 30, 79.

On August 14, 2012, SAL filed a Motion to Dismiss or Stay Plaintiff's Amended

Complaint, ECF No. 62, and a Motion to Stay Discovery, ECF No. 63, which are fully briefed.[1]

*See* ECF No. 73 (Pl.'s Mem. of Law. in Opp. to Def.'s Mot. to Stay Discovery); ECF No. 76

(Pl.'s Mem. of Law. in Opp. to Def.'s Mot. to Dismiss); ECF No. 91 (Def.'s Reply Mem. of

Law. in Supp. of Mot. to Stay Discovery); ECF No. 92 (Def.'s Reply Mem. of Law. in Supp. of

Mot. to Dismiss or Stay).

Plaintiff's motions for Rule 23 class certification and collective action notice under 29

U.S.C. § 216(b) are due on December 15, 2012. ECF No. 87.  Discovery is not bifurcated, either

between class discovery and merits discovery or merits discovery and damages discovery.  There

is one single discovery period during which all discovery must be completed.  This discovery

period ends on March 22, 2013.  Scheduling Order Regarding Case Management Plan, ECF No.

49.  In issuing the discovery order, the Court specifically noted that "[a]ll discovery will be

completed by (not propounded) by March 22, 2013. ***(No Stay)***," ECF No. 49, *1 (emphasis

added).

Even before notice has issued to the collective, many other ASMs have shown strong

support for Plaintiff's claims.  To date, 39 ASMs from 10 states (Connecticut, Florida, Georgia,

---

[1]     On July 27, 2012, Defendant moved to dismiss Plaintiff's original Complaint, arguing
that it should be dismissed under Rule 12(b)(6) for failure to state a claim, or alternatively under
Rule 12(b)(1) for lack of subject matter jurisdiction under the *Rooker-Feldman* or *Colorado
River* abstention doctrines.  ECF Nos. 47, 52.  It also filed a motion stay discovery pending the
Court's ruling on the Motion to Dismiss.  ECF No. 48.  On July 31, 2012, Plaintiff filed a First
Amended Complaint, which mooted Defendant's first motions.  ECF No. 66 (Order terminating
as moot).  In response, Defendant filed another motion to dismiss, dropping its Rule 12(b)(6)
arguments but renewing its abstention arguments, ECF No. 62, along with a new motion to stay
discovery, ECF No. 63.

Illinois, Indiana, North Carolina, North Jersey, Ohio, Pennsylvania, and Tennessee) have joined this action as opt-in plaintiffs under 29 U.S.C. § 216(b).[2]

## STATUS OF DISCOVERY

Discovery is in its very early stages because of a lack of urgency on SAL's part. Although Plaintiff propounded written discovery on September 12, 2012,[3] he has received only a very small portion of the responsive documents. Declaration of Elizabeth Wagoner in Support of Plaintiff's Motion to Compel ("Wagoner Decl.") ¶ 3. SAL's responses and production of documents were originally due on October 15, 2012. *Id.* ¶ 4. After a meet and confer telephone conference on October 5, 2012, Plaintiff agreed to SAL's request to extend the time for SAL to serve responses and objections to October 25, 2012 and to produce documents to November 11, 2012. *Id.* SAL served its responses and objections to Plaintiff's document requests on October 25, 2012. *Id.* The parties met and conferred to discuss SAL's objections a second time on November 9, 2012, and Plaintiff made several proposals to narrow certain discovery requests. *Id.*; Ex. A (Pl.'s Nov. 13, 2012 letter).[4]

SAL did not produce any documents on November 11, 2012. Wagoner Decl. ¶ 5. It did not produce its employee handbook, its benefits manual, or the named Plaintiff's personnel file until November 17, 2012. *Id.* Without asking for an extension, SAL did not produce a single policy document regarding the overtime policies and practices Plaintiff challenges until December 3, 2012, when it produced eleven (11) pages of documents regarding its "Coefficient

---

[2]     *See* ECF Nos. 9-21, 30-31, 33, 36-37, 41, 43-45, 56-59, 69, 71, 79-80, 82-84, 89, 93-96, 98, and 101.

[3]     Plaintiff's First Set of Document Requests is attached to the Wagoner Declaration as Exhibit E.

[4]     All exhibits referenced herein are attached to the Declaration of Elizabeth Wagoner in Support of Plaintiff's Motion to Compel.

Pay" system, along with other materials unrelated to the pay practices Plaintiff challenges.  *Id.*

These documents did not contain any information about how SAL's payroll system actually

calculates wages when ASMs work fewer than 40 hours or take paid time off, a central issue in

this case.  *Id.*  During a meet and confer call on December 5, 2012, SAL's counsel said it

believed no other policy documents existed, but could not confirm whether it had exhausted its

search.  *Id.*

        In addition, despite Plaintiff's specific requests, SAL has produced no emails or other

electronically stored information ("ESI").  *Id.* ¶ 6.  Plaintiff sent SAL a draft ESI protocol on

October 15, 2012, to which SAL never proposed changes or executed.  *Id.*; Ex. B.

        SAL has not raised any discovery deficiencies on Plaintiff's part.  *Id.* ¶ 7.

## DISPUTED DISCOVERY ISSUES

        SAL's objections are without merit and should be overruled.  SAL objects to producing

classwide payroll and time records a solely on the ground that the Court has not yet certified a

class action or authorized collective action notice, and has not articulated why it would be

burdensome to produce these materials.  Its objections producing documents related to its recent

abandonment of its FWW policy are also without merit.  Finally, it has unreasonably failed to

produce ESI without articulating a reason at all.

        Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain

discovery "regarding any non-privileged matter that is relevant to any party's claim or defense."

Rule 26(b)(1) should be read broadly, and "has been construed broadly to encompass any matter

that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or

may be in the case."  *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).  "Relevant

information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

> ### A.      Payroll and Time Records.

SAL has refused to produce payroll records and paystubs responsive to Document Request No. 2 for the putative FLSA collective.[5]  SAL has even refused to produce responsive documents for ASMs who have actually opted into the case.  In fact, during a meet and confer conference on December 5, 2012, SAL's counsel told Plaintiff's counsel that SAL's representative "has sent us almost all the opt-in information" and described receiving payroll spreadsheets for each of the 39 opt-in Plaintiffs by email earlier this week, but refused to produce them unless Plaintiff agreed not to move to compel the rest of the responsive documents. Wagoner Decl. ¶ 8. SAL has not articulated any undue burden except that its corporate office staff prefers not to "go away from the business to gather this information" and will not comply with its discovery obligations "absent a court order." *Id*.

> #### 1.      Payroll Data Is Essential To Class Certification and the Merits.

SAL's objections to producing payroll and time records are without merit.  Plaintiff is entitled to discovery to support his class claims.  In 2006, the Second Circuit held that in deciding a motion for class certification, the court must make such factual findings as necessary to determine whether each of the requirements for class certification under Rule 23 are met.  *In re Initial Pub. Offering Sec. Litig.* ("*In re IPO*"), 471 F.3d 24, 41 (2d Cir. 2006).  Plaintiffs are entitled to discovery to support such a motion.  *See id.* at 41 ("even with some limits on discovery and the extent of the hearing, the district judge must receive enough evidence, by

---

[5]      Document Request No. 2: Any and all payroll, time and attendance records for each member of the putative classes.  Ex. E.

affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met"); *see also* Fed. R. Civ. P. 26(c) Advisory Committee note to the 2003 Amendments ("discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial.  In this sense it is appropriate to conduct controlled discovery into the 'merits,' limited to those aspects relevant to making a certification decision on an informed basis"); *In re IPO* at 39 n.10 (citing the Advisory Committee Note).  *See also Caridad v. Metro-N. Commuter R.R.*, 191 F.3d 283, 292 (2d Cir. 1999) (ordering production of information for nationwide class where liability was established via classwide statistical proof) (*abrogated on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011)); *Easterling v. Conn. Dep't. of Corr.*, 278 F.R.D. 41, 46 (D. Conn. 2011) (ordering defendant to produce classwide data where liability "is established via class-wide, statistical proof") (citing *United States v. City of N.Y.,* 276 F.R.D. 22, 35 (E.D.N.Y. 2011)); *EEOC v. Carrols Corp*., 215 F.R.D. 46, 54-55 (N.D.N.Y 2003) (ordering defendant to produce "the complete data" sought by plaintiffs); *see also Flanagan v. Travelers Ins. Co.,* 111 F.R.D. 42, 45-47 (W.D.N.Y. 1986) (rejecting defendant's attempt to limit the scope of discovery to the plaintiff's work unit and job classification).

Plaintiff also needs the discovery he seeks to prove his claims on the merits.  Wage and hour class actions challenging the FWW calculation method rise and fall on an analysis of how the challenged payroll practices were applied to the class – here, the failure to pay a fixed weekly salary during weeks in which an ASM works fewer than 40 hours.  An analysis of the payroll data is not only relevant, but critical, to proving Plaintiff's claims on the merits.  Liability will be established through class-wide, statistical analysis of Defendant's pay records and the extent to which they show that Defendant failed to pay ASMs their weekly salary when their hours fell

below 40 in a week.  Because Defendant admittedly did not maintain written or electronic

policies or procedures on these issues, Wagoner Decl. ¶ 5, payroll data is the only source of this

information.  From the limited number of opt-in paystubs to which Plaintiff currently has access,

he has learned that Defendant paid ASMs on an hourly basis when they worked fewer than 40

hours per week.  Wagoner Decl. ¶ 9.  Defendant denies that this policy existed, but refuses to

produce the class-wide payroll information Plaintiff needs to prove it.

2.    <u>SAL's Undue Burden Objection is Meritless.</u>

SAL has failed to meet the high burden imposed on a party resisting electronic discovery

under Federal Rule of Civil Procedure 26.  To withhold relevant electronic discovery, SAL needs

to demonstrate that the data is "not reasonably accessible because of undue burden or cost."  Fed.

R. Civ. P. 26(b)(2)(B) ("[T]he party from whom discovery is sought must show that the

information is not reasonably accessible because of undue burden or cost.").  SAL cannot make

this showing.  Advisory Committee Notes, 2006 Amendment, Subdivision (b)(2) ("The

responding party has the burden as to . . . whether the identified sources are not reasonably

accessible . . . .");  *Thermal Design, Inc. v. Guardian Bldg. Prods.*, *Inc.*, No. 08 Civ. 828, 2011

WL 1527025, *1 (E.D. Wis. Apr. 20, 2011).  SAL has not offered any cost or time estimates,

other than conclusory unsworn attorney representations.  SAL cannot seriously contend that

running time and payroll reports for a single job title would impose an undue burden sufficient to

satisfy Rule 26.  *See Fei v. WestLB AG*, No. 07 Civ. 8785, 2008 WL 7863592, *2 (S.D.N.Y. Apr.

23, 2008) (overruling defendant employer's undue burden objection to classwide discovery

where personnel records were electronically stored).

In addition, SAL has not set forth any facts to show that the discovery Plaintiffs seek is

"unreasonably cumulative or duplicative, or can be obtained from some other source that is more

7

convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26; *see Chen-Oster v Goldman, Sachs & Co.*, No. 10 Civ. 6950, 2012 WL 3964742, *8-15 (S.D.N.Y. Sept. 10, 2012) (discussing a party's burden under Rule 26 for resisting production of ESI and class-wide payroll records).

SAL may argue that it should only be required to produce a portion of the payroll records.  The Court should not allow it to hide relevant information based on this argument without a showing that it is considerably easier to select individual ASM's records than to produce all of them.  It is well established that producing an entire dataset can be much easier than selecting individual records and producing them. *See* The Sedona Conference Database Principles: *Addressing the Preservation and Production of Databases and Database Information in Civil Litigation*, Public Comment Version, at 26 (Mar. 2011) ("[I]n some circumstances it may be easier, less expensive, and less burdensome to produce a larger slice of the database content or even the entire database.").

SAL does not suggest that electronic payroll records are not on active database systems. It simply does not want to take the time to download them.  Wagoner Decl. ¶ 8.  It admits that its current ASMs can access their own payroll records at the push of a few buttons.  The fact that Defendants continue to use the databases in question belies any claim that the ESI data Plaintiffs seek is not reasonably accessible.  *See Starbucks Corp. v. ADT Sec. Servs., Inc.*, No. 08 Civ. 900, 2009 WL 4730798, *6 (W.D. Wash. Apr. 30, 2009) ("it is difficult to conclude that the ESI sought in this case is 'not reasonably accessible' in light of the fact that the [database at issue] continues to be used by [Defendant]."); *see also Rowe Enter., Inc. v. William Morris Agency, Inc.*, 205 F.R.D. 421, 430 (S.D.N.Y. 2002) (Francis, J.) (noting "if a party maintains electronic data for the purpose of utilizing it in connection with current activities, it may be expected to respond to discovery requests at its own expense . . . the guiding principle is that information

8

which is stored, used, or transmitted in new forms should be available through discovery with the same openness as traditional forms.") (internal quotations omitted); *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 322 (S.D.N.Y. 2003) (citing *Rowe* and holding that "a good deal of accessible data may be retained, though not in the ordinary course of business" and that even where data was "inadvertently retained . . . [a]s long as the data is accessible, it must be produced").

**B.      Abandonment of FWW Policy Documents.**

SAL also refuses to produce documents responsive to Document Request No. 12,[6] which seeks, *inter alia*, documents about Defendant's July 2012 decision to abandon its FWW policy. *See* Ex. A (Pl.'s Nov. 13, 2012 letter); Ex. C (Correspondence between E. Wagoner and E. Michailidis, Dec. 3, 2012).  Defendant's claim that the documents are irrelevant is meritless. Documents discussing why ASMs should be paid time-and-a-half for overtime are at the heart of this case.  *See Glatt v. Fox Searchlight Pictures, Inc.*, No. 11 Civ. 6784, Transcript of Oral Argument, ECF No. 73 (S.D.N.Y. Nov. 21, 2012) (Peck, M.J.) (Ex. D) at 17:2-5 (ordering production of documents going to an employer's decision to start paying proper wages to employees, because they are "relevant [] if there's a smoking gun . . . that says now that we realize we've violated the law for the last ten years in not paying them [and] we're going to start paying them[.]"

**C.      Discovery of Email.**

SAL has failed to provide even the most basic information about potentially responsive ESI, which has delayed production of this material.  During the parties' first meet and confer

---

[6]      Document Request No. 12: All documents and/or communications that refer or relate to any policies and/or procedures instituted or followed by Defendant to pay overtime wages to ASMs during the relevant period.  Ex. E.

conference on October 5, 2012, SAL's counsel told Plaintiffs that there would be "no e-discovery" and that her client did not intend to perform searches for responsive electronically-stored information ("ESI"), including email searches.  Wagoner Decl. ¶ 10.   During the parties' next meet and confer conference on October 25, 2012, SAL's counsel changed course and agreed to search for responsive ESI, but said she needed more time to obtain information about the identities of custodians and the volume of ESI to be searched.  *Id*. ¶ 11.   When the parties next spoke about ESI searches November 16, 2012, SAL told Plaintiff that it had identified some ESI custodians and had collected several gigabytes of data, and that most of this was attributable to store-level custodians.[7]  *Id*. ¶ 12.   However, SAL's counsel still had no information during that conference about the number corporate-level custodians, who are most likely to have the policy-level information plaintiffs seek, or the volume of ESI attributable to them.  *Id*.  On meet and confer conferences on November 29, 2012 and December 3, 2012, SAL told Plaintiff that it still had not obtained the information.  *Id*. ¶ 14.   Defendants' failure to disclose information to Plaintiffs about the identities of ESI custodians or the volume of ESI is contrary to well-accepted ESI discovery practices.  *See Moore v. Publicis Groupe*, No. 11 Civ. 1279, 2012 WL 607412, *11 (S.D.N.Y. Feb. 24, 2012) (Peck, M.J.) ("the best solution in the entire area of electronic discovery is cooperation among counsel" and "[a]n important aspect of cooperation is transparency in the discovery process.").

Dated: December 6, 2012
       New York, New York

---

[7]     The parties have agreed that SAL will produce responsive ESI from the store in which Plaintiff Kiefer worked on an expedited basis, to determine whether further store-level ESI searches are necessary.  Wagoner Decl. ¶ 13.   SAL has not yet produced this ESI and will not say when it intends to do so.  *Id*.

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

/s/ *Justin M. Swartz*
**OUTTEN & GOLDEN LLP**
Justin M. Swartz (*pro hac vice*)
Cyrus E. Dugger (*pro hac vice*)
Elizabeth Wagoner (*pro hac vice*)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile: (212) 977-4005
jms@outtengolden.com
cdugger@outtengolden.com
ewagoner@outtengolden.com

**THE HAYBER LAW FIRM, LLC**
Richard Hayber
Erick I. Díaz Vázquez
221 Main Street, Suite 502
Hartford, CT  06106
Telephone:  (203) 522-8888
Facsimile:  (203) 915-9555
rhayber@hayberlawfirm.com
ediaz@hayberlawfirm.com

*Attorneys for Plaintiffs, the Collective, and Class*

11

## CERTIFICATION OF SERVICE

I hereby certify that on December 6, 2012, a copy of Plaintiffs' **Memorandum of Law in Support of Motion to Compel Discovery** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

_/s/ Justin M. Swartz_____