UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORAN FOODS, INC., d/b/a SAVE A LOT LTD.;<br><br>Defendant. | ECF NO.:<br><br>3:12-CV-00756 (JCH)<br><br>December 7, 2012 |

### DECLARATION OF ELIZABETH WAGONER IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY

I, Elizabeth Wagoner, pursuant to 29 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am an attorney at Outten & Golden LLP, Plaintiffs' counsel herein. I am an attorney in good standing admitted to practice in the State of New York and *pro hac vice* before this Court.

2. I have been one of the attorneys responsible for the prosecution of this case. I make the statements in this Declaration based on my personal knowledge and would so testify if called as a witness at trial.

**Discovery**

3. Although Plaintiff propounded written discovery on September 12, 2012, he has received only a very small portion of the responsive documents.

4. SAL's responses and production of documents were originally due on October 15, 2012. After a meet and confer telephone conference on October 5, 2012, Plaintiff agreed to SAL's request to extend the time for SAL to serve responses and objections to October 25, 2012

1

and to produce documents to November 11, 2012.  SAL served its responses and objections to Plaintiff's document requests on October 25, 2012.  The parties met and conferred to discuss SAL's objections a second time on November 9, 2012, and Plaintiff made several proposals to narrow certain discovery requests.

5. SAL did not produce any documents on November 11, 2012.  It did not produce its employee handbook, its benefits manual, or the named Plaintiff's personnel file until November 17, 2012.  Without asking for an extension, SAL did not produce a single policy document regarding the overtime policies and practices Plaintiff challenges until December 3, 2012, when it produced eleven (11) pages of documents regarding its "Coefficient Pay" system, along with other materials unrelated to the pay practices Plaintiff challenges.  These documents did not contain any information about how SAL's payroll system actually calculates wages when ASMs work fewer than 40 hours or take paid time off, a central issue in this case. During a meet and confer call on December 5, 2012, SAL's counsel said it believed no other policy documents existed, but could not confirm whether it had exhausted its search.

6. In addition, despite Plaintiff's specific requests, SAL has produced no emails or other electronically stored information ("ESI").  Plaintiff sent SAL a draft ESI protocol on October 15, 2012, to which SAL never proposed changes or executed.

7. SAL has not raised any discovery deficiencies on Plaintiff's part.

8. During a meet and confer conference on November 29, 2012, SAL's counsel told Plaintiff's counsel that SAL's representative "has sent us almost all the opt-in information" and described receiving payroll spreadsheets for each of the 39 opt-in Plaintiffs by email earlier this week, but refused to produce them unless Plaintiff agreed not to move to compel the rest of the responsive documents.  SAL has not articulated any undue burden except that its corporate office

staff prefers not to "go away from the business to gather this information" and will not comply with its discovery obligations "absent a court order."

9. From the limited number of opt-in paystubs to which Plaintiff currently has access, he has learned that Defendant paid ASMs on an hourly basis when they worked fewer than 40 hours per week.

10. During the parties' first meet and confer conference on October 5, 2012, SAL's counsel told Plaintiffs that there would be "no e-discovery" and that her client did not intend to perform searches for responsive electronically-stored information ("ESI"), including email searches.

11. During the parties' next meet and confer conference on October 25, 2012, SAL's counsel changed course and agreed to search for responsive ESI, but said she needed more time to obtain information about the identities of custodians and the volume of ESI to be searched.

12. When the parties next spoke about ESI searches November 16, 2012, SAL told Plaintiff that it had identified some ESI custodians and had collected several gigabytes of data, and that most of this was attributable to store-level custodians. However, SAL's counsel still had no information during that conference about the number corporate-level custodians, who are most likely to have the policy-level information plaintiffs seek, or the volume of ESI attributable to them.

13. The parties have agreed that SAL will produce responsive ESI from the store in which Plaintiff Kiefer worked on an expedited basis, to determine whether further store-level ESI searches are necessary. SAL has not yet produced this ESI and will not say when it intends to do so.

14. On meet and confer conferences on November 29, 2012 and December 3, 2012, SAL told Plaintiff that it still had not obtained the information.

**Exhibits**

15. Attached as **Exhibit A** is a true and correct copy of a letter from Elizabeth Wagoner to Eve Klein dated November 13, 2012.

16. Attached as **Exhibit B** is a true and correct copy of email correspondence from Elizabeth Wagoner to Eve Klein dated October 15, 2012.

17. Attached as **Exhibit C** is a true and correct copy of email correspondence between Elizabeth Wagoner and Evan Michailidis on December 3, 2012.

18. Attached as **Exhibit D** is a true and correct copy of the November 21, 2012 Transcript of Oral Argument in the action *Glatt v. Fox Searchlight Pictures, Inc.*, No. 11 Civ. 6784 (S.D.N.Y.).

19. Attached as **Exhibit E** is a true and correct copy of Plaintiff's First Interrogatories and Requests for Production of Documents, dated September 11, 2012.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 7, 2012
New York, New York

/s/ *Elizabeth Wagoner*
Elizabeth Wagoner
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile: (212) 977-4005
ewagoner@outtengolden.com

**CERTIFICATION OF SERVICE**

I hereby certify that on December 7, 2012, a copy of the **Declaration of Elizabeth Wagoner in Support of Plaintiffs' Motion to Compel Discovery** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                      */s/ Elizabeth Wagoner*
                                                      Elizabeth Wagoner