# Exhibit C

**Wagoner, Elizabeth**

| | |
|---|---|
| **From:** | Michailidis, Evangelos <EMichailidis@duanemorris.com> |
| **Sent:** | Monday, December 03, 2012 11:44 PM |
| **To:** | Wagoner, Elizabeth; Klein, Eve I.; Swartz, Justin |
| **Cc:** | John M. Wolfson; Rick Hayber; ediaz@hayberlawfirm.com; Dugger, Cyrus |
| **Subject:** | RE: Kiefer v. Moran Foods |

Elizabeth:

As we informed you last week, Eve is out of the office and I am currently on trial so we are unable to provide you with dates for a conference with the Court.  Also, we will not be able to get you the additional information/responses you seek by tomorrow (again, because I am on trial and Eve is not in the office).  I suggest that you hold off calling the Court until after you and I have spoken on Wed.

Regards,
Evan

---

**From:** Wagoner, Elizabeth [mailto:ewagoner@outtengolden.com]
**Sent:** Monday, December 03, 2012 12:30 PM
**To:** Klein, Eve I.; Michailidis, Evangelos; Swartz, Justin
**Cc:** John M. Wolfson; Rick Hayber; ediaz@hayberlawfirm.com; Dugger, Cyrus
**Subject:** Kiefer v. Moran Foods

Eve, Evan:

I'm writing to summarize the points we discussed during our call last Thursday, November 29, and to address some scheduling issues.

 We believe that we will likely need the Court's assistance to resolve several of the issues outlined below.  Pursuant to Judge Hall's individual rules, we plan to call chambers tomorrow to request a telephone conference the week of December 10 to address the letter we will submit on December 6.   Please let us know dates you are available that week.

We also plan to seek an extension of Plaintiff's deadline to move for class certification under Rule 23 to February 11, 2013 or eight weeks from the date the Court orders Defendant to produce the class-wide discovery we are moving to compel.  Please confirm whether Defendant will consent.

During the call last week, you said that you would produce policy documents responsive to several of our requests by Friday, November 30, but it does not appear that you did so.  Please confirm when you intend to produce these materials, which are now almost two months overdue.

**November 13 letter**:

Request No. 1: You confirmed that Defendant has completed its search for responsive documents and is not withholding anything.  You confirmed that the employee handbook produced in *Roach* applied to ASMs nationwide.  You said there may be earlier and later versions of the handbook that Defendant has not yet produced, and agreed to confirm whether this is the case and produce any other versions.  Please do so by December 4.

Request Nos. 2 and 3: These requests seek payroll, time, and attendance records and personnel files for opt-ins and class members.  Defendant's proposal to produce only opt-in records in response to this request is unacceptable, as is its refusal to produce paystubs even for opt-in Plaintiffs.  Plaintiffs will move to compel production of all payroll records and paystubs responsive to this request.

Request No. 4: This request seeks information about Defendant's efforts to comply with overtime laws.  Defendant intends to produce some responsive documents related to a 2007 payroll system policy change tomorrow.  Defendant also agrees that if it locates other documents related to implementation of its overtime payment system during the relevant time period, it will produce them or list them on a privilege log.  Although Defendant also said it reserves the right to withhold a certain category of documents responsive to this request, it was not clear which types of documents it intends to withhold or when it will produce them under the current discovery schedule.  Please clarify Defendant's position in writing before December 4.

Request No. 8: This request seeks documents related to Defendant's use of Shared Services.  Defendant has located and will produce documents responsive to this request.

Request No. 12: This request seeks documents that refer to any policies or procedures instituted or followed by Defendant to pay overtime wages to ASMs.  Defendant will produce responsive documents but objects to this request to the extent it seeks information related to the overtime policy change in 2012.  Unless Defendant agrees to produce responsive documents, Plaintiffs will raise this dispute with the Court.

Request No. 15: Defendant will produce responsive attendance policies.

Request No. 16: Defendant's counsel will describe Defendant's electronic recordkeeping policy in an email to Plaintiff's counsel.

Request No. 17: Defendant will produce a MIO screenshot that describes the documents available on MIO.

Request No. 18: Plaintiffs do not agree with Defendant's proposal to limit production to notes related to opt-ins only.   Unless Defendant agrees to produce all responsive documents, Plaintiffs will raise this dispute with the Court.

**Plaintiff Kiefer's paystubs**: Defendant will produce them.

**ESI searches**: We urgently need to decide on an ESI search methodology for corporate custodians so that the discovery schedule is not jeopardized, but you still have not provided the information I requested in my November 19 email about the identities of corporate ESI custodians and the volume of email to be searched.  It is impossible to make an informed decision about the appropriate ESI search methodology without this. We agreed to meet and confer again about corporate-level ESI searches on Wednesday, December 5 at 3:00 p.m., and you agreed to provide the information I requested before that call so that we can move this process forward.

You also confirmed that Defendant will review and produce the store-level ESI from Plaintiff Kiefer's store to help the parties determine whether other store-level emails are likely to contain responsive documents.  You were not able to provide a timeframe for that production.  Please be prepared to do so when we speak next week.

**Tolling**: Defendant will not consent to toll the statute of limitations for the nationwide FLSA collective.

**30(b)(6) depositions**: Defendant will provide the names of the witnesses it will produce for each noticed topic.  Please do so by December 7.  We also discussed the location for the depositions.  Because the attorneys for both parties are in New York, we believe they should take place in New York.

 Sincerely,

Elizabeth Wagoner
Outten & Golden LLP
Advocates for Workplace Fairness
3 Park Avenue, 29th Floor
New York, NY 10016
Tel: (212) 245-1000 x4360
Fax: (646) 509-2087
www.outtengolden.com

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.