UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORAN FOODS, INC., d/b/a SAVE A LOT LTD.;<br><br>Defendant. | ECF NO.:<br><br>3:12-CV-00756 (JCH)<br><br>December 12, 2012 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR AN EXTENSION OF TIME TO MOVE FOR CLASS CERTIFICATION UNDER
FEDERAL RULE OF CIVIL PROCEDURE 23**

Defendant supports Plaintiff Kiefer's request for an extension of time from December 15, 2012 through February 15, 2013 to move for class certification of the putative Rule 23 class of Connecticut assistant store managers (ASMs).  However, Defendant supports this request solely to afford this Court the opportunity to fully consider Defendant's motion to dismiss (the "Motion to Dismiss") this action and obviate needless litigation and motion practice in this Court of a matter that is already being litigated in the state court of Connecticut.

As Defendant argues in its Motion to Dismiss, Edward Roach, who is an opt-in plaintiff here, is currently the plaintiff in a substantially similar pending action in the Connecticut state court (the "State Action"), where Roach purports to represent essentially the same putative class of Connecticut ASMs that Kiefer has alleged to represent here.  Kiefer is a putative member of the Rule 23 class alleged in the State Action and the very same attorneys represent Kiefer and Roach in both actions.  Kiefer, Roach and their joint counsel are alleging in both actions that the fluctuating workweek (the "FWW") is an unlawful means of paying overtime in Connecticut and

that, even if the FWW is lawful, it was misapplied by Defendant.  Significantly, this federal action was filed only <u>after</u> the state court decided that the fluctuating workweek is a lawful means of paying overtime in Connecticut.  That decision is currently being appealed.  The litigation tactics Kiefer, Roach and their joint counsel are employing here violate the *Rooker-Feldman* and *Colorado River Doctrines.*

We further wish to advise the Court that Plaintiff Kiefer's alleged justification for the extension – "SAL's belated and deficient document production" – is demonstrably false.  In reality, Defendant has already produced more than "sufficient discovery" regarding the putative Connecticut class.

In the State Action, Defendant produced payroll and time records regarding the <u>entire</u> putative Connecticut class to Roach and his counsel for the purposes of mediation.  In addition, Defendant produced in discovery the same policy information that Plaintiff Kiefer seeks here.  Defendant also produced the personnel files of numerous Connecticut employees to Roach.  Accordingly, to avoid unnecessary duplication of effort, Defendant advised Plaintiff on October 18, 2012, through counsel, that Defendant was producing in this action all of the payroll and time records produced in the State Action provided that Plaintiff's counsel agree to maintain the confidentiality of the documents and limit their use to litigation only.  See October 18, 2012 Email, Exhibit 1.  In responding to Plaintiff Kiefer's document demands, Defendant also produced all of the policy information that was previously produced in the State Action.  See Defendant's Responses to Plaintiff's Document Demands, Exhibit 2.   A detailed index of the State Action documents that Defendant authorized to be produced in this matter is attached.  See Index, Exhibit 3.

Hence, it is simply false for Plaintiff's counsel to claim that Defendant has not produced sufficient information regarding the putative Connecticut class. It also bears noting that Defendant produced all of the above referenced payroll and time records to opposing counsel approximately 18 months ago in the State Action and authorized its use in this matter approximately 2 months ago. It is certainly not Defendant's fault, as Plaintiff suggests, that he has yet to "hire an expert or consultant to analyze [the] payroll and time records" that Defendant has produced here.

Dated:     New York, New York
           December 12, 2012

Respectfully submitted,

/s/ *Eve I. Klein*

| **DUANE MORRIS LLP** | **FEINER WOLFSON LLC** |
|---|---|
| Eve I. Klein | John M. Wolfson, Esq. |
| Evangelos Michailidis | One Constitution Plaza, Suite 900 |
| 1540 Broadway | Hartford, CT 06103 |
| New York, NY 10036 | Telephone: (860) 713-8900 |
| Telephone: (212) 692-1065 | Facsimile: (860) 713-8905 |
| Facsimile: (212) 202-7559 | jwolfson@feinerwolfson.com |
| eiklein@duanemorris.com | |
| emichailidis@duanemorris.com | |

## CERTIFICATION OF SERVICE

I hereby certify that on December 12, 2012, a copy of **Defendant's Response to Plaintiff's Motion for an Extension of Time to Move for Class Certification Under Federal Rule of Civil Procedure 23** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

　　　　　　　　　　　　　　　　　　　　　　　　 _/s/ Evangelos Michailidis_