# **Exhibit 2**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT G. KIEFER, individually and on | : | CIVIL ACTION NO. |
| behalf of all others similarly situated, | : | 3:12-CV-00756-JCH |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MORAN FOODS, INC., d/b/a | : | |
| SAVE A LOT LTD., | : | |
| Defendant. | : | October 25, 2012 |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Moran Foods, LLC, by and through its counsel, Duane Morris LLP and Feiner

Wolfson LLC, respond to Plaintiff's First Request for Production of Documents, dated

September 11, 2012 ("Plaintiff's First Document Request"), as follows:

**GENERAL OBJECTIONS**

The following General Objections apply to and are incorporated into each

individual response, whether expressly incorporated by reference in the response or not.

1.      Defendant objects to Plaintiff's First Document Request on the grounds

that Defendant has filed a motion seeking to stay all discovery pending the determination

of Defendant's motion to dismiss or stay this action.  Conducting discovery while

Defendant's motion is *sub judice* would undermine the very purpose of Defendant's stay

motion and would unreasonably burden and harass Defendant with the prospect of

discovery in two jurisdictions adjudicating substantially similar actions.

2.      Defendant objects to each discovery request that calls for the production of

documents concerning putative members of the FLSA collective class (the "FLSA

1

Class") and the Rule 23 class (the "Rule 23 Class") as neither class has been certified yet.

3.       Defendant objects to the scope of Plaintiff's First Document Request as it far exceeds questions of certification that are generally permitted prior to certification. *See Charles v. Nationwide Mut. Ins. Co.*, 2010 U.S. Dist. LEXIS 143487 (E.D.N.Y. May 27, 2010) ("During the pre-certification stage of a collective action under the FLSA, discovery is limited to issues of certification"); *see also NOW, Farmington Valley Chapter v. Sperry Rand Corp.*, 88 F.R.D. 272, 277 (D. Conn. 1980) ("[t]he recognized need for pre-certification discovery [of a Rule 23 class] is subject to limitations imposed by the Court").

4.       Defendant objects to each discovery request that calls for the production of documents that have already been produced by Defendant in the substantially similar prior state action, *Roach v. Moran Foods, Inc.* (Docket No. X04-HHD-CV-11-6023386-S) (the "State Action").

5.       Defendant objects to Plaintiff's First Document Request, including the "Definitions" and "Instructions" contained therein, to the extent it seeks discovery of information and/or documents that are beyond the scope of discovery permissible under the Federal Rules of Civil Procedure, or otherwise purports to impose upon Defendant any obligations that differ from or exceed the scope of its obligation under the Federal Rules of Civil Procedure.

6.       Defendant objects to each discovery request which seeks discovery of information and/or documents protected from disclosure by the attorney-client privilege doctrine or any other privilege or immunity under the Connecticut Rules of Evidence, the common law, and/or applicable statutes.

2

7.      Defendant objects to each document request which seeks discovery of information obtained or prepared in anticipation of litigation or for trial by or for Defendant or its representatives in this litigation.

8.      Defendant objects to each document request which seeks discovery of attorney work product or any information containing or reflecting the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of Defendant concerning this litigation.

9.      Defendant objects to each document request which seeks information protected from disclosure as confidential, trade secrets, proprietary or commercially sensitive information or that is subject to a confidentiality agreement between Defendant and any person or entity other than those involved in this Litigation.  Defendant will produce responsive information and/or documents, if any, containing such information subject to the terms of a confidentiality agreement and/or protective order that may be approved by the Court.

10.     Defendant objects to each document request which inquires about matters the disclosure of which is prohibited by statute, regulation or other applicable laws.

11.     Defendant objects to each document request which requires Defendant to disclose information that is not within its possession, custody or control.

12.     Defendant objects to each document request which requires Defendant to disclose information that is more readily in the possession of, or more readily disclosed by, another party to this litigation.

13.     Defendant objects to disclosure of any information falling within any of the foregoing General Objections or the specific objections set forth below, and in the

3

event any information falling within one or more of such Objections is disclosed in any

of the Responses to the Requests, such disclosure is inadvertent and shall not constitute a

waiver of the Objections and/or any applicable privilege.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Any and all policies and procedures which applied to Assistant Store Managers at
Moran Foods, Inc. during the relevant period concerning or relating to hours worked,
compensation, payroll, time and attendance, time off, sick time, vacation time, personal
time, paying ASMs a salary when they worked less than 40 hours in a week, or other
similar policies.

**RESPONSE:**

Without waving any of the foregoing General Objections, Defendant has already

produced the materials sought by Plaintiff here in the State Action. *See* documents Bates

Numbered MOR-ROA-000001-MOR-ROA-000030 and MOR-ROA-000034-MOR-

ROA-000046. At this time, Defendant is unaware of any other documentation that would

be responsive to this request. If additional documentation is found within Defendant's

custody, possession or control, it will be produced.

2.      Any and all payroll, time and attendance records for each member of the putative
classes.

**RESPONSE:**

Defendant objects to this request on the grounds that Plaintiff is improperly

seeking discovery regarding putative members of the FLSA Class and the Rule 23 Class

prior to either class being certified. Notwithstanding this objection, and without waiving

this objection or any of the foregoing General Objections, Defendant refers Plaintiff to

the payroll and time records of the Connecticut putative class which Defendant produced

in the State Action and which provide a representative sample of payroll and time records

for the putative classes alleged here. *See* documents Bates Numbered MOR-ROA-

4

000082-MOR-ROA-000090; MOR-ROA-000918-MOR-ROA-001435; and ROACH

000001-ROACH000053. Defendant will also produce the payroll and time records for

Plaintiff Kiefer as well.

3.      Any and all personnel files for each member of the putative classes.

**RESPONSE:**

        Defendant objects to this request on the grounds that Plaintiff is improperly

seeking discovery regarding putative members of the FLSA Class and the Rule 23 Class

prior to either class being certified. Notwithstanding this objection, and without waiving

this objection or any of the foregoing General Objections, Defendant refers Plaintiff to

the personnel files Defendant has already produced in the State Action for the following

putative class members: Edward Roach, Peter Zaniewski, Thomas Vizzo, Brian Haythe,

Susanna Viveiros, Veronica Viveiros, Justin Sturwold, Brian Andrikis, Jonathan Peralta,

Arthur Hatje, Jr. and Stephen Olexa. *See* documents Bates Numbered MOR-ROA-

000065-MOR-ROA-000081;  MOR-ROA-000491-MOR-ROA-000917; and MOR-ROA-

001418-MOR-ROA-001635. Defendant will also produce the personnel files of Plaintiff

Kiefer.


4.      Any and all documentation regarding any attempt or effort made by Defendant to
learn and comply with federal and Connecticut's statutes and regulations regarding the
payment of overtime pay.

**RESPONSE:**

        Defendant objects to this request on the grounds that it is overly broad,

ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence. Also, this request exceeds the limited scope of discovery that is

generally permitted prior to certification.

5

5.      Any and all documentation regarding the creation and implementation of Defendant's overtime pay policy applied to Plaintiff and other similar employees.

**RESPONSE:**

Defendant objects to this document request on the grounds that it is overly broad, ambiguous, duplicative, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Also, this request exceeds the limited scope of discovery that is generally permitted prior to certification. Notwithstanding these objections, and without waiving any of these objections or any of the foregoing General Objections, Defendant refers Plaintiff to the policies and procedures Defendant has already produced in the State Action. *See* documents Bates Numbered MOR-ROA-000001-MOR-ROA-000030 and MOR-ROA-000034-MOR-ROA-000046.

6.      Any and all complaints by any employee about Defendant's overtime pay policy.

**RESPONSE:**

Defendant objects to this document request on the grounds that it is overly broad, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Also, this request exceeds the limited scope of discovery that is generally permitted prior to certification.

7.      All documents and communications regarding Defendant's use of the "fluctuating workweek" overtime calculation method with respect to ASMs.

**RESPONSE:**

Defendant objects to this document request on the grounds that it is overly broad, ambiguous, duplicative, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Also, this request exceeds the limited scope of discovery that is generally permitted prior to certification. Notwithstanding these

6

objections, and without waiving any of these objections or any of the foregoing General

Objections, Defendant refers Plaintiff to the documents Defendant has already produced

in the State Action. *See* documents Bates Numbered MOR-ROA-000001-MOR-ROA-

000036; MOR-ROA-000039-MOR-ROA-000090; MOR-ROA-000918-MOR-ROA-

001635; and ROACH000001-ROACH000053.

8.     All documents that refer or relate to Defendant's use of any Payroll Service
Provider or Payroll System to track or maintain information related to the employment,
hours, compensation, and/or terms and conditions of employment of ASMs during the
relevant period, such as manuals, handbooks or other documents that explain how data is
received by the Payroll Service Provider or entered into the Payroll system and how any
software or system(s) used process, track, store and maintain said ASM information.

**RESPONSE:**

Defendant objects to this document request on the grounds that it is overly broad,

ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence. Also, this request exceeds the limited scope of discovery that is

generally permitted prior to certification.

9.     All documents and/or communications that refer or relate to Defendant's policies
and/or procedures regarding tracking the hours ASMs worked during the relevant period,
including, but not limited to, emails or other correspondence between Defendant and any
ASM.

**RESPONSE:**

Defendant objects to this document request on the grounds that it is overly broad,

ambiguous, duplicative, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence. Also, this request exceeds the limited scope of

discovery that is generally permitted prior to certification. Notwithstanding these

objections, and without waiving these objections or any of the foregoing General

Objections, Defendant refers Plaintiff to the documents Defendant has already produced

7

in the State Action. *See* documents Bates Numbered MOR-ROA-000001-MOR-ROA-000036; MOR-ROA-000039-MOR-ROA-000090; MOR-ROA-000491-MOR-ROA-001635; and ROACH000001-ROACH000053.

10.     All documents and/or communications that refer or relate to Defendant's policies and/or procedures regarding tracking or recording in Defendant's Payroll System paid time off for ASMs, including, but not limited to, vacation, sick, holiday, or personal time.

**RESPONSE:**

Defendant objects to this document request on the grounds that it is overly broad, ambiguous, duplicative, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Also, this request exceeds the limited scope of discovery that is generally permitted prior to certification. Notwithstanding these objections, and without waiving any of these objections or any of foregoing General Objections, Defendant refers Plaintiff to the documents Defendant has already produced in the State Action. *See* documents Bates Numbered MOR-ROA-000001-MOR-ROA-000036; MOR-ROA-000039-MOR-ROA-000090; MOR-ROA-000491-MOR-ROA-001635; and ROACH000001-ROACH000053.

11.     All documents and/or communications that refer or relate to any policies and/or procedures instituted or followed by Defendant to ensure that ASMs were paid a fixed weekly salary during the relevant period.

**RESPONSE:**

Defendant objects to this document request on the grounds that it is overly broad, ambiguous, duplicative, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Also, this request exceeds the limited scope of discovery that is generally permitted prior to certification. Notwithstanding these objections, and without waiving any of these objection or any of foregoing General Objections, Defendant refers Plaintiff to the documents Defendant has already produced

8

in the State Action. *See* documents Bates Numbered MOR-ROA-000001-MOR-ROA-000030; MOR-ROA-000039-MOR-ROA-000090; MOR-ROA-000491-MOR-ROA-001635; and ROACH000001-ROACH000053.

12.     All documents and/or communications that refer or relate to any policies and/or procedures instituted or followed by Defendant to pay overtime wages to ASMs during the relevant period.

**RESPONSE:**

Defendant objects to this document request on the grounds that it is overly broad, ambiguous, duplicative, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Also, this request exceeds the limited scope of discovery that is generally permitted prior to certification. Notwithstanding these objections, and without waiving any of these objections or any of the foregoing General Objections, Defendant refers Plaintiff to the documents Defendant has already produced in the State Action. *See* documents Bates Numbered MOR-ROA-000001-MOR-ROA-000036; MOR-ROA-000039-MOR-ROA-000090; MOR-ROA-000491-MOR-ROA-001635; and ROACH000001-ROACH000053.

13.     All documents and/or communications that refer or relate to any policies and/or procedures instituted or followed by Defendant in the event an ASM worked fewer than 40 hours during the relevant period.

**RESPONSE:**

Defendant objects to this document request on the grounds that it is overly broad, ambiguous, duplicative, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Also, this request exceeds the limited scope of discovery that is generally permitted prior to certification. Notwithstanding these objections, and without waiving any of these objection or any of the foregoing General Objections, Defendant refers Plaintiff to the documents Defendant has already produced

9

in the State Action. *See* documents Bates Numbered MOR-ROA-000001-MOR-ROA-000030; MOR-ROA-000034-MOR-ROA-000090; MOR-ROA-000491-MOR-ROA-001635; and ROACH000001-ROACH000053.

14.    All documents provided to ASMs which relate to hours worked, attendance, tardiness, and Defendant's policies and/or procedures related to sick, personal, and vacation time.

**RESPONSE:**

Defendant objects to this document request on the ground that it is overly broad, ambiguous, duplicative, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Also, the documents sought herein are more readily in the possession of, or more readily disclosed by the Plaintiff and the opt-in litigants than the Defendant. Additionally, this request exceeds the limited scope of discovery that is generally permitted prior to certification. Notwithstanding these objections, and without waiving any of these objections or any of the foregoing General Objections, Defendant refers Plaintiff to the documents Defendant has already produced in the State Action. *See* documents Bates Numbered MOR-ROA-000001-MOR-ROA-000036; MOR-ROA-000039-MOR-ROA-000090; MOR-ROA-000491-MOR-ROA-001635; and ROACH000001-ROACH000053.

15.    Defendant's "New England Attendance Policy," and related attendance policies for other geographic regions.

**RESPONSE:**

Without waiving any of the foregoing General Objections, Defendant has already produced the materials sought by Plaintiff here in the State Action. *See* document Bates Numbered MOR-ROA-001448.

10

16.     Defendant's document retention policy and/or electronic record-keeping policy.

**RESPONSE:**

The Defendant objects to this document request as it exceeds the limited scope of discovery that is generally permitted prior to certification and is not reasonably calculated to lead to the discovery of admissible evidence.

17.     All documents which have been available to ASMs on the "My Information Online" computer system during the relevant period.

**RESPONSE:**

The Defendant objects to this Production Request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The documents sought herein are more readily in the possession of, or more readily disclosed by the Plaintiff and the opt-in litigants than the Defendant. Also, this request exceeds the limited scope of discovery that is generally permitted prior to certification.

18.     All documents retained by Michael Draper that refer or relate to interviews and/or orientations conducted with any ASM or putative class members.

**RESPONSE:**

The Defendant objects to this request on the grounds that Plaintiff is improperly seeking discovery regarding putative members of the FLSA Class and the Rule 23 Class prior to either class being certified.  Defendant also objects to this document request on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Lastly, this request exceeds the limited scope of discovery that is generally permitted prior to certification.  Notwithstanding these objections, and without waiving any of these objections or any of the foregoing General Objections, Defendant refers Plaintiff to the documents Defendant has already

11

produced in the State Action.  *See* documents Bates Numbered MOR-ROA-001561-

MOR-ROA-001570.

>  **THE DEFENDANT –**
>  **MORAN FOODS, LLC, f/k/a MORAN FOODS, INC.,**
>  **d/b/a SAVE A LOT LTD.**

By ___*/s/ Eve I. Klein*___
Eve I. Klein, Esq.
Fed. Bar No. EK6747
Evangelos Michailidis, Esq.
Fed. Bar No. EM3383
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Tel. (212) 692-1000
Fax. (212) 214-0650
emichailidis@duanemorris.com
eiklein@duanemorris.com

By  /s/John M. Wolfson _____
John M. Wolfson, Esq.
Fed. Bar No. ct03538
Benjamin M. Wattenmaker, Esq.
Fed. Bar. No. ct26923
FEINER WOLFSON LLC
One Constitution Plaza
Suite 900
Hartford, CT 06103
Tel. (860) 713-8900
Fax. (860) 713-8905
jwolfson@feinerwolfson.com
bwattenmaker@feinerwolfson.com

12