# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated, | ECF NO.: |
| Plaintiff, | 3:12-CV-00756 (JCH) |
| v. | December 27, 2012 |
| MORAN FOODS, INC., d/b/a SAVE A LOT LTD.; | |
| Defendant. | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

DUANE MORRIS LLP
Eve I. Klein, Esq
Evangelos Michailidis, Esq.
1540 Broadway
New York, NY 10036
Tel. (212) 692-1000

FEINER WOLFSON LLC
John F. Wolfson, Esq.
One Constitution Plaza, Suite 900
Hartford, CT 06103
Tel. (860) 713-8900

*ATTORNEYS FOR THE DEFENDANT*
*MORAN FOODS, LLC, d/b/a SAVE A LOT LTD.*

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES……………………………………………………………………ii

BACKGROUND……………………………………………………...……………………….1

ARGUMENT……………………………………………………………………………………4

  I.    DEFENDANT HAS ALREADY PROVIDED PLAINTIFF WITH MORE DISCOVERY THAN HE IS ENTITLED TO PRIOR TO CERTIFICATION OF AN FLSA COLLECTIVE CLASS ………………………………………………………………4

  II.    DEFENDANT HAS ALREADY PRODUCED TO PLAINTIFF SUBSTANTIAL DISCOVERY REGARDING THE ENTIRE PUTATIVE RULE 23 CLASS …………5

  III.    DEFENDANT'S RESPONSE TO THE SPECIFIC DISCOVERY DISPUTES SET FORTH IN PLAINTIFF'S MOTION ………………………………………………… 7

      A.    Payroll and Time Records……………………………………………………… 7

      B.    E-Discovery……………………………………………………………………9

      C.    Abandonment of FWW Policy Documents…………………………………… 10

CONCLUSION............................................................................................................................11

TABLE OF AUTHORITIES

CASES

*Barton v. The Pantry, Inc.*,
  2006 U.S. Dist. LEXIS 62989 (M.D.N.C. Aug. 31, 2006) ...................................................... 4

*Burch v. Qwest Commc'ns Int'l, Inc.*,
  677 F. Supp. 2d 1101 (D. Minn. 2009) ...................................................................................... 8

*Charles v. Nationwide Mut. Ins. Co.*,
  2010 U.S. Dist. LEXIS 143487 (E.D.N.Y. May 27, 2010) ................................................... 4, 5

*Cranney v. Carriage Servs., Inc.*,
  2008 U.S. Dist. LEXIS 113606 (D. Nev. June 16, 2008) ........................................................ 8

*Helmert v. Butterball, LLC*,
  2010 U.S. Dist. Lexis 143134 (E.D. Ark. Nov. 5, 2010) ...................................................... 7-8

*In re Initial Pub. Offering Sec. Litig. ("In re IPO")*,
  471 F.3d 24 (2d Cir. 2006) .................................................................................................... 5-6

*Neary v. Metro. Prop. & Cas. Ins. Co.*,
  517 F. Supp. 2d 606 (D. Conn. 2007) ....................................................................................... 4

*Schaefer-LaRose v. Eli Lilly & Co.*,
  663 F. Supp. 2d 674 (S.D. Ind. 2009), *aff'd*, 679 F.3d 560 (7th Cir. 2012) ............................ 8

*Scott v. Aetna Servs.*,
  210 F.R.D. 261 (D. Conn. 2002) .............................................................................................. 4

**RULES**

Rule 23 ........................................................................................................................... Passim

Rule 30(b)(6) ................................................................................................................................ 9

Defendant Moran Foods, LLC, d/b/a Save-A-Lot Ltd., by and through its undersigned counsel, hereby opposes Plaintiff Robert G. Kiefer's motion to compel discovery, dated December 6, 2012.  Defendant has already produced more discovery to Plaintiff than the law requires prior to the certification of Plaintiff's alleged nationwide FLSA collective action (the "FLSA Class") and has already provided substantial discovery regarding Plaintiff's alleged Rule 23 Connecticut class (the "Rule 23 Class").  Plaintiff's motion, which is riddled with misstatements and outright falsehoods, is entirely without merit and should be dismissed.

## BACKGROUND

This action, which alleges that the fluctuating workweek (the "FWW") is unlawful in Connecticut and was improperly applied nationwide by Defendant, is almost entirely duplicative of a prior pending state action in Connecticut (the "State Action") being litigated by the very same attorneys who represent Plaintiff Kiefer.  The FLSA claims alleged here by Plaintiff Kiefer, which constitute the only difference between the two actions, could have been alleged in the State Action by the lead plaintiff Edward Roach, who is an opt-in here.  However, Kiefer, Roach and their joint counsel brought this action only after the state court rendered an adverse ruling for them that the FWW is lawful in Connecticut.  Defendant moved to dismiss or stay this action on the grounds that Plaintiff Kiefer's litigation tactics violate the *Rooker-Feldman* and *Colorado River Doctrines*.  Seeking to avoid the burden of litigating substantially similar actions in two venues, Defendant also moved to stay discovery in this matter pending resolution of its motion to dismiss.  Both motions are *sub judice*.

Nevertheless, given the Court's statement of "No Stay" in the scheduling order pending resolution of Defendant's motions, Defendant has proceeded in good faith with all appropriate discovery in this action as if no motion were pending, while expressly preserving its right to

cease discovery upon a favorable ruling from the Court on its motion to stay. Defendant has produced or committed to produce all appropriate information regarding Plaintiff Kiefer and the entire putative Rule 23 Class and all information regarding the policies and procedures relating to Defendant's use of the FWW, payroll and overtime. Significantly, most of this information was produced to Plaintiff Kiefer's lawyers in the State Action <u>over 18 months ago</u> and Defendant expressly authorized Plaintiff Kiefer to use all of that discovery in this action.

Plaintiff Kiefer states that Defendant "did not produce any documents on November 11, 2012" and, further, that Defendant "did not produce its employee handbook" or "its benefits manual" until November 17, 2012. Pl's Mem. of Law, p. 3. These statements are not true. In fact, Defendant had produced thousands of pages of payroll and time records, personnel files and policy documentation to Plaintiff Kiefer on <u>October 18, 2012</u>. *See* Exhibit 1, October 18, 2012 Email, and Exhibit 2, Defendant's Response to Plaintiff's First Request for the Production of Documents.

To set the record straight, the table below shows what has been produced to Plaintiff Kiefer thus far and when it was produced:

| Documents Produced By Defendant | Date of Actual Production |
|---|---|
| Defendant's Employee Handbook | 10/18/2012 |
| Assistant Store Manager job description and physical requirements | 10/18/2012 |
| US Department of Labor Coefficient Table and Defendant's Coefficient Calculator | 10/18/2012 |
| Management trainee performance assessment | 10/18/2012 |
| Defendant's Benefits Reference Guide | 10/18/2012 |
| Defendant's New England Attendance Policy | 10/18/2012 |

| Documents Produced By Defendant | Date of Actual Production |
|---|---|
| Personnel Files for various Connecticut employees, including the following opt-ins to this action: Edward Roach, Peter Zaniewski, Thomas Vizzo, Brian Haythe, Susanna Viveiros, Veronica Viveiros, Justin Sturwold, Brian Andrikis, Jonathan Peralta, Arthur Hatje, Jr. and Stephen Olexa | 10/18/2012 |
| Payroll records for the entire putative Connecticut class for the relevant period in the State Action, which overlaps almost entirely with this action | 10/18/2012 |
| Time cards for the putative Connecticut class for the relevant period in the State Action, which overlaps almost entirely with this action | 10/18/2012 |
| Kiefer Payroll Records | 11/17/2012 |
| Kiefer Time Cards | 11/17/2012 |
| Kiefer Personnel File | 11/17/2012 |
| Materials pertaining to the transition of payroll systems | 12/3/2012 |
| Materials pertaining to Defendant's computation of overtime coefficient | 12/3/2012 |
| Information regarding employee on-line accounts ("MIO") | 12/3/2012 |
| Kiefer Pay Stubs | 12/14/2012 |
| Kiefer Recruitment Material | 12/14/2012 |

Furthermore, Plaintiff Kiefer's counsel has had possession of most of this information since 2010, when it was produced in the State Action. Nevertheless, despite the thousands of pages of discovery Plaintiff Kiefer has received thus far, he insists that Defendant is unreasonably withholding documentation and has not proceeded in discovery with a sense of "urgency." Pl's Mem. of Law, p. 3. Plaintiff Kiefer and his counsel believe that they are entitled to class-wide discovery of the entire putative FLSA and Rule 23 Classes prior to certification of either. This position is indefensible. It is well established that pre-certification discovery of an

3

FLSA collective class is extremely limited. As for Plaintiff Kiefer's Rule 23 Class allegation, Defendant has already provided substantial discovery in the State Action and has authorized the use of that discovery, including class-wide payroll records that had originally been provided solely for use in a failed mediation, in this action.

## ARGUMENT

1. **DEFENDANT HAS ALREADY PROVIDED PLAINTIFF WITH MORE DISCOVERY THAN HE IS ENTITLED TO PRIOR TO CERTIFICATION OF AN FLSA COLLECTIVE CLASS**

Pre-certification discovery of an FLSA class is extremely limited. A court's determination regarding 216(b) conditional certification is based on "pleadings and affidavits." *See Neary v. Metro. Prop. & Cas. Ins. Co.*, 517 F. Supp. 2d 606, 618 (D. Conn. 2007) ("As a first step the court examines pleadings and affidavits, and if the court finds that proposed class members are similarly situated, the class is conditionally certified; potential class members are then notified and given an opportunity to opt-in to the action."); *see also Scott v. Aetna Servs.*, 210 F.R.D. 261, 264 (D. Conn. 2002) ("In the first phase of an FLSA collective action inquiry, a court examines the pleadings and affidavits of the proposed class action and determines whether the proposed class members are 'similarly situated.' If a court finds that the proposed class members are 'similarly situated,' the court 'conditionally certifies' the class…and the action proceeds as a representative action throughout discovery."). Accordingly, more extensive discovery prior to certification is generally not permitted. *See Charles v. Nationwide Mut. Ins. Co.,* 2010 U.S. Dist. LEXIS 143487, at *9 (E.D.N.Y. May 27, 2010) ("During the pre-certification stage of a collective action under the FLSA, discovery is limited to issues of certification"); *Barton v. The Pantry, Inc.*, 2006 U.S. Dist. LEXIS 62989, at *4-6 (M.D.N.C. Aug. 31, 2006) (discovery is premature prior to a decision on whether notice should be

4

approved). Despite these well-established limitations on pre-certification discovery, Defendant has produced to Plaintiff Kiefer and his counsel, payroll and time records for Kiefer and all other Connecticut ASMs, personnel files for Kiefer and several Connecticut ASMs and all documentation regarding Defendant's policies and implementation of those policies.

Since conditional certification is based on the "pleadings and affidavits," Plaintiff could have (and should have) filed his certification motion any time after May 18, 2012, the commencement date of this action. Yet, even with the benefit of substantial discovery, Kiefer sought from this Court a several month adjournment of his time to move for conditional certification and then waited until December 17, 2012, the last day of the Court ordered extension, (Dkt # 87), to file it. Nothing prevented Plaintiff Kiefer from filing his conditional certification motion other than his and his counsel's own lack of urgency and, perhaps, their recognition that Plaintiff Kiefer's class allegations are without merit -- which issue will be addressed in detail in Defendant's opposition to Plaintiff's motion for conditional certification. In any event, the law certainly does not permit Plaintiff Kiefer and his counsel to engage in a class-wide fishing expedition in the hope of finding some claim to pursue prior to this Court certifying that a collective class even exists. *See Charles v. Nationwide Mut. Ins. Co., supra*, 2010 U.S. Dist. LEXIS 143487 at *17-18 (noting that courts have 'repeatedly refused' to permit full discovery at the pre-certification stage 'out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification.') (citation omitted).

## II. DEFENDANT HAS ALREADY PRODUCED TO PLAINTIFF SUBSTANTIAL DISCOVERY REGARDING THE ENTIRE PUTATIVE RULE 23 CLASS

Unlike the FLSA, plaintiffs are entitled to somewhat more discovery to support a motion for Rule 23 certification. *In re Initial Pub. Offering Sec. Litig. ("In re IPO")*, 471 F.3d 24, 41

(2d Cir. 2006)("even with some limits on discovery and the extent of the hearing, the district judge must receive enough evidence, by affidavits, documents, or testimony to be satisfied that each Rule 23 requirement has been met").

In this case, Defendant has provided ample documentation to Plaintiff regarding the putative Connecticut class. In the State Action, which is being litigated by the same attorneys representing Kiefer in this action, Defendant produced payroll and time records regarding the entire putative Connecticut class for the purposes of mediation. In addition, Defendant produced in the State Action much of the same policy information that Plaintiff Kiefer seeks here. Defendant also produced the personnel files of numerous Connecticut employees to Roach.

Accordingly, to avoid unnecessary duplication of effort, Defendant advised Plaintiff on October 18, 2012, through counsel, that Defendant was producing in this action all of the payroll and time records produced in the State Action and already in the possession of Plaintiff's counsel, provided that Plaintiff's counsel agree to maintain the confidentiality of the documents and limit their use to litigation only. *See* Exhibit 1, October 18, 2012 Email. In responding to Plaintiff Kiefer's document demands, Defendant also produced all of the relevant policy information that was previously produced in the State Action.[1] *See* Exhibit 2, Defendant's Responses to Plaintiff's First Request for the Production of Documents. A detailed index of the State Action documents that Defendant authorized to be produced in this matter is attached. *See* Exhibit 3.

Hence, it is simply false for Plaintiff's counsel to claim that Defendant has not cooperated in discovery. Plaintiff has produced more discovery regarding the FLSA Class than

---

[1] Plaintiff asked Defendant to identify the Bates Stamp numbers of previously produced documents relevant to his requests. Defendant fully complied with this request.

it was required to provide prior to certification and has already produced substantial discovery regarding the Rule 23 Class.

### III. DEFENDANT'S RESPONSE TO THE SPECIFIC DISCOVERY DISPUTES SET FORTH IN PLAINTIFF'S MOTION

A.  <u>Payroll and Time Records</u>

Defendant has already produced in this action the payroll and time records of Plaintiff Kiefer and the entire putative Connecticut Rule 23 Class (which consists of approximately one hundred ASM employees). This discovery exceeds what Plaintiff Kiefer is entitled to receive prior to certification of an FLSA class and consists of the payroll and time documentation that Plaintiff Kiefer seeks for the entire putative Rule 23 Class.

All of the cases Plaintiff Kiefer cites in support of his argument that the payroll data is essential to class certification and the merits relate to Rule 23 certification and not pre-certification discovery of an FLSA class, which is extremely limited. Moreover, as noted above, Defendant has already produced to Plaintiff Kiefer the payroll and time records of the entire putative Connecticut Rule 23 Class.

Without citing to any authority whatsoever, Plaintiff Kiefer regards class-wide discovery of the payroll and time records for the entire putative FLSA Class, which consists of well over one thousand employees, as a foregone conclusion. This is not the case. First, Plaintiff Kiefer must establish that he is similarly situated to the rest of the putative class he purports to represent. He filed his certification motion on December 17, 2012, which Defendant has strong and substantial grounds to oppose. Second, even if certification is granted, courts have embraced the view that a representative sample of opt-ins, as opposed to class-wide discovery, is preferable as it saves time and resources. *See e.g., Helmert v. Butterball, LLC*, 2010 U.S. Dist. Lexis 143134, *4-5 (E.D. Ark. Nov. 5, 2010) (representative sampling of an opt-in class is appropriate

because "individualized discovery" of a class "with hundreds or even thousands of class members" is "onerous"); *see also Burch v. Qwest Commc'ns Int'l, Inc.*, 677 F. Supp. 2d 1101, 1113 (D. Minn. 2009) (noting that the court had ordered discovery on a representative basis of 150 randomly selected class members from a class of approximately 1500); *Schaefer-LaRose v. Eli Lilly & Co.*, 663 F. Supp. 2d 674, 699-700 (S.D. Ind. 2009), *aff'd*, 679 F.3d 560 (7th Cir. 2012) (upholding a magistrate's determination that representative discovery would be appropriate); *Cranney v. Carriage Servs., Inc.*, 2008 U.S. Dist. LEXIS 113606, at *16 (D. Nev. June 16, 2008) (limiting individualized discovery to ten percent of the opt-in plaintiffs).

Plaintiff Kiefer argues that Defendant "has even refused to produce responsive documents for ASMs who have actually opted-in to this case." Pl's Mem. of Law, p. 5. This statement is inaccurate. In one of the parties' meet and confer calls, Plaintiff Kiefer proposed a compromise that Defendant produce time and personnel documentation for each of the individuals who have opted-in to the lawsuit in lieu of his demand for more voluminous putative FLSA class-wide discovery, an offer that Plaintiff's counsel confirmed in a letter dated November 13, 2012. *See* Exhibit 4, November 13, 2012 Letter from Elizabeth Wagoner, Request Nos. 2 and 3. Despite Plaintiff's lack of entitlement to these records, Defendant conditionally agreed to Plaintiff's proposal in an effort to avoid unnecessary and time-consuming motion practice, but Plaintiff reneged on its offer and, in the process, then attempted to re-characterize the offer as Defendant's proposal. *See* Exhibit 5, December 3, 2012 Email from Elizabeth Wagoner, sixth paragraph down referencing Request Nos. 2 and 3 ("Defendant's proposal to produce only opt-in records in response to this request is unacceptable"). Plaintiff Kiefer continues to demand class-wide discovery for the entire putative FLSA Class of well over one thousand employees.

8

B.  E-Discovery

The ESI issues set forth in Plaintiff's motion are a red-herring both because email is not likely to have much if any impact on the issues in this case and Defendant has fully cooperated with Plaintiff's requests.

Plaintiff Kiefer's claims regard the purported failure of Defendant to pay overtime to ASMs in accordance with federal and Connecticut state law. Accordingly, what is most relevant here are Defendant's policies, practices and procedures, which are contained in manuals, handbooks and power-point presentations, which have all been produced, and not emails. In this regard, Defendant has also offered to produce three Rule 30(b)(6) witnesses, all with knowledge of Defendant's payroll practices, for deposition on December 27 and 28, 2012. *See* Exhibit 6, December 12, 2012 Email from Evan Michailidis. However, Plaintiff Kiefer declined to promptly proceed on the purported ground that it wanted further ESI discovery before proceeding with depositions. *See* Exhibit 7, December 17, 2012 Email from Elizabeth Wagoner. In the next paragraph of the same email, Plaintiff claimed to be unavailable on these dates. *Id*. Finally, also of relevance here are Kiefer's time and payroll records, which Defendant produced, along with such records for the entire putative Rule 23 Class.

Given the issues here, and the fact that the FWW was utilized by Defendant for decades, email is likely to be of little, if any, significance. Nevertheless, Defendant has been working diligently to cooperate with Plaintiff Kiefer's ESI discovery requests. Specifically, Defendant has done the following:

- Defendant's counsel has designated an ESI liason to assist with ESI matters.

- Defendant has agreed to Plaintiff's proposed ESI protocol and has made productions of documents pursuant to the parameters set forth therein.

9

- At Plaintiff Kiefer's request, Defendant produced on December 14, 2012 a list of 144 corporate ESI custodians with approximately 70 to 80 gigabytes of electronic information, which has been retained pursuant to Defendant's litigation hold issued in connection with this matter and the State Action.  This information will be used by the parties to craft an appropriate search protocol of corporate level ESI.  Plaintiff has yet to propose such a protocol.

- As agreed to between the parties, Defendant is in the process of setting up a review of a store-level ESI for one of Defendant's retail locations for the purpose of determining whether store-level ESI could possibly have any relevance at all to the issues in this case.

The lack of email production to date (which has not been denied and is in the process of being retrieved by Defendant) has not caused Plaintiff Kiefer any prejudice.  It is undisputed that SAL's fluctuating workweek policy had been in place for decades and, therefore, there is not expected to be much, if any, email traffic regarding the same.

C.  Abandonment of FWW Policy Documents

On July 1, 2012, Defendant changed its method of paying overtime from the FWW to the more traditional time-and-a-half system.  Plaintiff argues that "[d]ocuments discussing why ASMs should be paid time-and-a-half are at the heart of this case."  Pl's Mem. of Law, p. 9.  However, this case is not about Defendant's application of its new overtime pay practice.  This case is about (1) whether the FWW is permissible under Connecticut state law, which the state court has already decided it is, and (2) whether Defendant correctly applied the FWW nationwide.  Defendant's business reason for changing its pay practice from the FWW to time-and-a-half is irrelevant to this lawsuit.  Plaintiff is on a fishing expedition here and, further, seeks to harass and burden Defendant with unnecessary discovery demands about current pay practices not in issue in this litigation.

## **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that this Court deny Plaintiff's motion to compel discovery from Defendant, together with any other relief this Court deems just and proper.

Dated:   New York, New York
         December 27, 2012

Respectfully submitted,

/s/ *Eve I. Klein*

| **DUANE MORRIS LLP** | **FEINER WOLFSON LLC** |
|---|---|
| Eve I. Klein | John M. Wolfson, Esq. |
| Evangelos Michailidis | One Constitution Plaza, Suite 900 |
| 1540 Broadway | Hartford, CT 06103 |
| New York, NY 10036 | Telephone: (860) 713-8900 |
| Telephone: (212) 692-1065 | Facsimile: (860) 713-8905 |
| Facsimile: (212) 202-7559 | jwolfson@feinerwolfson.com |
| eiklein@duanemorris.com | |
| emichailidis@duanemorris.com | |

## CERTIFICATION OF SERVICE

I hereby certify that on December 27, 2012, a copy of **Defendant's Opposition to Plaintiff's Motion to Compel** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

        */s/ Evangelos Michailidis*