UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>    v.<br><br>MORAN FOODS, INC., d/b/a SAVE A LOT LTD.;<br><br>                  Defendant. | ECF NO.:<br><br>3:12-CV-00756 (JCH)<br><br>January 8, 2013 |

### PLAINTIFF'S MOTION FOR SETTLEMENT CONFERENCE

Plaintiff respectfully requests that the Court Order the parties to attend a settlement conference with Magistrate Judge Fitzsimmons pursuant to Federal Rule of Civil Procedure 16(a)(5) and Connecticut Local Rule 16(c)(1).[1] The time is ripe for a settlement conference because the parties are about to embark on expensive and time consuming discovery and motion practice. Plaintiff is concerned that, given the motion practice that has already occurred and what more is on the horizon, the cost (to both sides) of litigating this case will soon exceed the damages at issue in the case.[2]

Specifically, the following confluence of circumstances recommends a settlement conference now:

---

[1] Plaintiff does not request a discovery stay. Plaintiff requests that a discovery conference be scheduled and held while the litigation proceeds on a parallel track.

[2] This is especially relevant given that Defendant is not defending a currently enforced policy – it stopped paying class members based on the policy Plaintiff challenges soon after this lawsuit was filed. *See* Memorandum of Law in Support of Plaintiff's Motion to Compel Discovery at 9, ECF No. 104; Defendant's Opposition to Plaintiff's Motion to Compel at 10, ECF No. 123.

(1) The parties are about to engage in significant discovery including Plaintiff gathering documents responsive to Defendant's document requests to 42 opt-in plaintiffs, Plaintiff responding to interrogatories, both parties taking and defending dozens of depositions, many of which will require out of town travel, and Defendant producing class-wide data, if the Court orders it;

(2) Plaintiff's motion for FLSA conditional certification under 29 U.S.C. § 216(b) ("216(b) Motion") is filed but only partially briefed;

(3) If Plaintiff's 216(b) Motion is granted, Plaintiff will send notice to more than one thousand potential collective action members, including hundreds of current employees;

(4) Briefing on Plaintiff's forthcoming Rule 23 class certification motion will commence on or before February 15, 2013; and

(5) Briefing on summary judgment will commence on or before April 30, 2013.

Defendant opposes Plaintiff's request for a settlement conference. During a January 4, 2013 telephone conference Defendant's counsel indicated that Defendant does not wish to attend a settlement conference because Plaintiff has not made a settlement demand. In order to calculate damages, however, Plaintiff needs some simple class-wide data, including the total number of overtime hours worked during the relevant period and average salaries.

Defendant has refused to provide this information because, in its view, Plaintiff "is not entitled to this data prior to certification as a matter of law." A settlement conference would give Magistrate Judge Fitzsimmons an opportunity to work with the parties in advance of a conference to assist them with an expedited information exchange that would give the settlement conference a chance to succeed.

Dated: New York, New York
January 8, 2013

Respectfully submitted,

/s/ *Justin M. Swartz*
**OUTTEN & GOLDEN LLP**
Justin M. Swartz (*pro hac vice*)
Cyrus E. Dugger (*pro hac vice*)
Elizabeth Wagoner (*pro hac vice*)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile: (212) 977-4005
jms@outtengolden.com
cdugger@outtengolden.com
ewagoner@outtengolden.com

**THE HAYBER LAW FIRM, LLC**
Richard Hayber
Erick I. Díaz Vázquez
221 Main Street, Suite 502
Hartford, CT  06106
Telephone:  (203) 522-8888
Facsimile:  (203) 915-9555
rhayber@hayberlawfirm.com
ediaz@hayberlawfirm.com

**CERTIFICATION OF SERVICE**

I hereby certify that on January 8, 2013, a copy of **Plaintiff's Motion for Settlement Conference** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                             */s/ Justin M. Swartz*