UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MORAN FOODS, INC., d/b/a SAVE A LOT LTD.;<br>　　　　　　　　　Defendant. | ECF NO.:<br><br>3:12-CV-00756 (WGY)<br><br>January 30, 2013 |

**PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME
TO SERVE A DAMAGES ANALYSIS**

Plaintiff, through his undersigned counsel, hereby moves, pursuant to Local Rule 7(b), for an extension of time to file a damages analysis for the members of the putative nationwide Fair Labor Standards Act Collective ("FLSA") and the putative Connecticut class ("Class Members"). Pursuant to the Scheduling Order in this case, ECF No. 49, Plaintiff Kiefer served an analysis of his own damages today. However, Plaintiff is unable to analyze Class Members' damages because Defendant has refused to produce payroll information that would allow him to do so.

Plaintiff and Class Members, Assistant Store Managers ("ASMs") who worked for Defendant in its grocery stores, are owed back wages, liquidated damages under the FLSA, and liquidated damages and interest under the Connecticut Minimum Wage Act ("CMWA"). Their damages are based on Defendant's policy of paying them half-time for overtime instead of the time and a half overtime rate that the FLSA and CMWA require, because Defendant failed to follow the strict prerequisites of the Fluctuating Work Week ("FWW") method of computing overtime pay. *See* First Amended Complaint ("FAC") ECF No. 51, 53, ¶¶ 40-43; *see also* 29

1

C.F.R. 778.114.  Plaintiff alleges that Defendant paid ASMs on an hourly basis rather than a true salary basis and failed to pay them a fixed weekly amount when they worked fewer than 40 hours.  FAC ¶¶ 42-43.  Plaintiff also alleges that Defendant violated the CMWA because the FWW method is not authorized under Connecticut law, and that even if it is, Defendant did not meet its requirements.  FAC ¶ 30, 79.

In order to perform a damages analysis for the Class Members, Plaintiff needs payroll spreadsheets reflecting each Class Member's hourly rate of pay, hours worked, and amounts paid.  These spreadsheets can be easily downloaded from Defendant's Kronos payroll system, and Defendant has already produced one for Plaintiff Kiefer.  Defendant has refused to produce payroll records and paystubs responsive to Plaintiff's discovery requests, and Plaintiff filed a motion to compel them on December 7, 2012.  *See* ECF Nos. 103-105 ("Plaintiff's Motion to Compel").  This motion is fully briefed, and the Court has not yet ruled on it.  *See* ECF No. 123 (Def.'s Opp. to Pl.'s Mot. to Compel.); ECF No. 130 (Pl.'s Reply. in Support of Mot. to Compel).

Defendant claims that Plaintiff is not entitled to Class Member payroll records, and that its limited data production about some Connecticut Class Members in another state court action should be sufficient.  *See* Def.'s Opp. to Pl.'s Mot. to Compel at 3.  However, these data are not sufficient for Plaintiff to calculate damages in this case.  First, the data Defendant produced in the state court action do not contain any information after August 6, 2011.  *See* Def.'s Opp. Br. Ex. 3 at 4-5.  This excludes almost a year and a half of the class period in this case.  Second, the data Defendant produced in the state court action are limited to Connecticut.  *Id.*  Plaintiff in this case brings claims on behalf of a nationwide collective, and needs a complete data set, or at least a statistically representative, geographically diverse sample from which to extrapolate a likely

damages estimate for Class Members.  Plaintiffs have no information to suggest that Defendant's prior data production is statistically representative of the nationwide FLSA collective.

Finally, Defendant redacted names from the state court data, preventing Plaintiff from determining what part of it belongs to any particular Class Member.  Adding to the confusion, Defendant's counsel advised Plaintiff for the first time during a meet and confer conference yesterday that its production in the state court action contained data for individuals who were not working as ASMs or paid pursuant to the half-time method Plaintiff challenges.  During that conversation, Defendant admitted that there would be no way to identify whether records for any particular week represent time worked as an ASM or not.

Accordingly, Plaintiff respectfully requests that the Court extend the deadline to provide a class-wide damages analysis until two weeks after the Court orders Defendant to produce payroll information that Plaintiff seeks in his Motion to Compel, if the Court requires Defendant to produce it.  This is Plaintiff's first request for an extension of this deadline.  Defendant consents to Plaintiff's request.

Dated:      New York, New York
            January 30, 2013

/s/ *Justin M. Swartz*
**OUTTEN & GOLDEN LLP**
Justin M. Swartz (*pro hac vice*)
Cyrus E. Dugger (*pro hac vice*)
Elizabeth Wagoner (*pro hac vice*)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile: (212) 977-4005
jms@outtengolden.com
cdugger@outtengolden.com
ewagoner@outtengolden.com

**THE HAYBER LAW FIRM, LLC**
Richard Hayber

3

                Erick I. Díaz Vázquez
                221 Main Street, Suite 502
                Hartford, CT  06106
                Telephone:  (203) 522-8888
                Facsimile:  (203) 915-9555
                rhayber@hayberlawfirm.com
                ediaz@hayberlawfirm.com

                ***Attorneys for Plaintiffs, the Collective, and Class***

## CERTIFICATION OF SERVICE

I hereby certify that on January 30, 2013, a copy of **Plaintiff's Motion for an Extension of Time to Serve a Damages Analysis** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. A complete, duplicate copy of this document has been forwarded directly to Judge Young in Boston, MA.

                                                                     */s/ Justin M. Swartz*
                                                                     Justin M. Swartz