UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT G. KIEFER, individually and on Behalf of all others similarly situated, | : : | CIVIL ACTION NO. 3:12-CV-00756 (WGY) |
| Plaintiff, | : : | |
| v. | : : | |
| MORAN FOODS, INC., d/b/a SAVE A LOT LTD.; | : : : | |
| Defendant. | : | January 31, 2013 |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO SERVE A DAMAGE ANALYSIS

Defendant, through its undersigned counsel, hereby consents to Plaintiff's Motion for an Extension of Time to Serve a Damages Analysis. Extending Plaintiff's time to provide his analysis makes sense because there are several motions pending before this Court, including Defendant's Motion to Dismiss or Stay (Dkt. # 62) and Defendant's recently filed Cross-Motion for Summary Judgment (Dkt. # 138), which Defendant respectfully believes will result in the Court dismissing this action and mooting this motion all together.

In addition, Plaintiff filed a Motion to Compel Discovery (Dkt. # 103) raising many of the issues set forth in this motion, which Defendant opposed and is currently *sub judice*. To the extent this action survives Defendant's dispositive motions, Defendant believes that resolution of Plaintiff's discovery motion will substantially limit the scope of the nationwide class discovery Plaintiff seeks, particularly the discovery he seeks pre-certification. For the reasons stated above and not those set forth in Plaintiff's motion, an extension of time is warranted.

Plaintiff argues that he needs more time because Defendant has not provided him with enough information to conduct his analysis. This argument is meritless. As set forth in

Defendant's Opposition to Plaintiff's Motion to Compel (Dkt # 130), Defendant has provided more pre-certification discovery than is generally required by law.  For example, Defendant has provided all of the payroll documentation and the personnel file of the single-named plaintiff, Robert G. Kiefer.  In addition, Defendant has produced all of the policy information within its possession regarding its implementation of the fluctuating workweek, again surpassing what is generally required of a defendant prior to conditional collective certification.  Also, since Defendant provided all of its employees with weekly paystubs, Plaintiff should be able to analyze the paystubs of the 43 employees who have opted-in to this suit to arrive at an estimate of damages per employee, which Plaintiff can then use to extrapolate across the entire alleged class.

As for Plaintiff's Rule 23 action, Defendant has already provided Plaintiff with pay and time records for all ASMs who worked in Connecticut between March 2009 and August 2011.  Although Defendant advised Plaintiff that the data previously produced includes some non-ASM data for certain pay periods, this in no way diminishes the value of these records in providing an initial damage analysis for both the FLSA and the Rule 23 class.  As this is an initial damage analysis, absolute precision is not expected or required.

Dated: New York, New York
       January 31, 2013

                                        **DUANE MORRIS LLP**

                                        By:   _/s/Eve I. Klein_
                                              Eve I. Klein (EK6747)
                                              Evangelos Michailidis (EM3383)
                                        1540 Broadway
                                        New York, New York 10036
                                        (212) 692-1000

                                          **FEINER WOLFSON LLC**
John M. Wolfson
Benjamin M. Wattenmaker
One Constitution Plaza, Ste. 900
Hartford, CT 06013
(860) 713-8900

# CERTIFICATION

I hereby certify that on this **31st** day of **January, 2013**, a copy of Defendant's Response to Plaintiff's Motion for an Extension of Time to Serve a Damages Analysis was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing. A complete, duplicate copy of this document has been forwarded directly to Judge Young in Boston, MA.

/s/ *Evangelos Michailidis*
Evangelos Michailidis, Esquire