## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>MORAN FOODS, INC., d/b/a SAVE A LOT LTD.;<br>        Defendant. | ECF NO.:<br><br>3:12-CV-00756 (WGY)<br><br>February 4, 2013 |

### JOINT STATUS REPORT OF COUNSEL

Plaintiff Robert Kiefer and Defendant Moran Foods, Inc. d/b/a Save-A-Lot Ltd.

("Defendant" or "SAL")  hereby submit their 90-day Joint Status Report of Counsel per the

Court's July 30, 2012 Scheduling Order, ECF No. 49, and the deadline set by this Court.

*See* ECF No. 145.

### I.    Procedural History

Plaintiff Robert Kiefer ("Plaintiff" or "Kiefer") filed his original Complaint on

May 18, 2012, ECF No. 1, and a First Amended Complaint ("FAC") on July 31, 2012, ECF

Nos. 51, 53.  The FAC asserts claims on behalf of a nationwide collective of Assistant

Store Managers ("ASMs") and alleges that SAL failed to pay them proper overtime

compensation under the Fair Labor Standards Act ("FLSA").  Specifically, Plaintiff alleges

that SAL violated the prerequisites an employer must follow in order to pay

half-time-for-overtime under the Fluctuating Work Week ("FWW") method of computing

overtime pay.  FAC ¶¶ 40-43; *see also* 29 C.F.R. 778.114.  In addition to his FLSA claim,

Plaintiff brings similar state-law claims on behalf of ASMs from Connecticut under the

Connecticut Minimum Wage Act ("CMWA") as a Fed. R. Civ. P. 23 ("Rule 23") class

action.  In addition, Kiefer alleges that Defendant violated the CMWA because the FWW

method is not authorized by the CMWA.  FAC ¶ 30, 79.  Between May 25, 2012 and the

present, 43 individuals have filed opt-in forms.

On July 27, 2012, SAL moved to dismiss Plaintiff's original Complaint, arguing

that it should be dismissed under Rule 12(b)(6) for failure to state a claim, or alternatively

under Rule 12(b)(1) for lack of subject matter jurisdiction.  ECF Nos. 47, 52.  It also filed a

motion to stay discovery pending the Court's ruling on the Motion to Dismiss.  ECF No.

48.  On July 31, 2012, Plaintiff filed a First Amended Complaint, which mooted SAL's

12(b)(6) argument.  *See* Order at ECF No. 66.  In response, SAL filed another motion to

dismiss, eliminating its Rule 12(b)(6) arguments but renewing its abstention arguments,

ECF No. 62, along with another motion to stay discovery, ECF No. 63.

Specifically, Defendant alleges in its motion to dismiss the Complaint that the

Court should abstain from proceeding with this case, pursuant to the *Colorodo River* and/or

*Rooker-Feldman* abstention doctrines, on the grounds that Plaintiff is a putative class

member in a prior filed and still pending case against SAL in Connecticut state court (the

"State Action"), which SAL alleges is substantially similar, and in which there was a ruling

that the FWW is lawful under the CMWA, which the State Action plaintiff is appealing.

Plaintiff Kiefer filed briefs in opposition to SAL's motions on September 12, 2012.  SAL

filed its Reply briefs on October 19, 2012.  These motions are now fully briefed.  *See* ECF

No. 73 (Pl.'s Mem. of Law. in Opp. to Def.'s Mot. to Stay Discovery); ECF No. 76 (Pl.'s

Mem. of Law. in Opp. to Def.'s Mot. to Dismiss); ECF No. 91 (Def.'s Reply Mem. of Law.

in Supp. of Mot. to Stay Discovery); ECF No. 92 (Def.'s Reply Mem. of Law. in Supp. of

Mot. to Dismiss or Stay).  On January 29, 2013, SAL filed a Request for Oral Argument on

its motion to dismiss and motion to stay discovery pursuant to Your Honor's rules.  ECF

No. 143.  SAL has not filed an Answer.

## II.    Discovery

On June 29, 2012 and July 12, 2012, the parties conferred pursuant to Fed. R. Civ.

P. 26(f) and filed a Joint Rule 26(f) Report on July 20, 2012, ECF No. 46, pursuant to the

Standing Order on Pretrial Deadlines, ECF No. 2.  On July 30, 2012, the Court issued a

Scheduling Order Regarding Case Management Plan based on the parties' Joint Rule 26(f)

Report.  ECF No. 49.  Pursuant to the Scheduling Order, discovery is to be completed, not

propounded, by March 22, 2013.  ECF No. 49 at *1.  Based on the Court's Scheduling

Order, SAL has proceeded with discovery, without prejudice to its pending motion to stay

discovery, which is *sub judice*.

The parties have exchanged Rule 26 disclosures.  Plaintiff propounded written

discovery on September 12, 2012.  Defendant produced documents responsive to many of

Plaintiff's requests and has represented that it will continue to collect and produce

responsive documents as they are located.  The parties met and conferred several times

regarding Defendant's objections to certain of Plaintiff's discovery requests.  On

December 7, 2012, Plaintiff filed a Motion to Compel Discovery ("Plaintiff's Motion to

Compel"), seeking class-wide payroll information regarding the putative nationwide FLSA

collective and the Connecticut class, emails from SAL's corporate custodians, and

documents about why SAL discontinued the overtime pay policy Plaintiff challenges in

this case in approximately July 2012.  *See* ECF Nos. 103-105.  Defendant opposed this

motion on the grounds that Plaintiff is not entitled to the class-wide payroll and time

records he seeks, SAL already produced payroll records for the Connecticut Class in connection with with a failed mediation in the State Action and it then produced these records to Plaintiff this action by authorizing their use, SAL has never refused to produce emails from corporate custodians, and the reasons SAL discontinued its FWW overtime policy are beyond the scope of this action.  This motion is *sub judice*.  *See* ECF No. 123 (Def.'s Opp. to Pl.'s Mot. to Compel.); ECF No. 130 (Pl.'s Reply. in Support of Mot. to Compel).

Plaintiff has noticed a Fed. R. Civ. P. 30(b)(6) deposition.  In December 2012, Defendant offered to make three witnesses available to testify about the noticed topics. Plaintiff is waiting to take this deposition until SAL produces the documents and emails Plaintiff seeks in his Motion to Compel.

SAL served document requests and interrogatories on Plaintiff and the opt-in plaintiffs on December 27, 2012.  Plaintiff served responses and objections on January 9, 2013, and made an initial document production on January 15, 2013.  Plaintiff will continue to collect and produce responsive documents from opt-in Plaintiffs on a rolling basis.

## III.    Other Pending Motions

On December 17, 2012, Plaintiff filed a Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA.  ECF Nos. 113-115. Pursuant to the schedule agreed to by the parties and ordered by the Court, ECF No. 118, SAL filed its Opposition to Plaintiff's Motion for Conditional Certification on January 28, 2013, and therein cross-moved for summary judgment alleging that there is no genuine issue as to any material fact that Defendant properly paid Kiefer pursuant to the FWW and

Kiefer cannot be similarly situated to any other ASM who was purportedly improperly paid. ECF Nos. 138-141.  Plaintiff's Reply in support of his Motion for Conditional Certification is due on February 11, 2013.  Plaintiff's Opposition to SAL's Motion for Summary Judgment is due on February 18, 2013.  SAL's Reply in support of its Motion for Summary Judgment is due on March 4, 2013.  On January 29, 2013, SAL filed a Request for Oral Argument on its Cross Motion for Summary Judgment and its Opposition to Plaintiff's FLSA 216(b) motion. ECF No. 143.

On January 8, 2013, Plaintiff filed a Motion for Settlement Conference pursuant to Federal Rule of Civil Procedure 16(a)(5) and Connecticut Local Rule 16(c)(1).  ECF No. 126.  The Court initially granted this motion.  ECF No. 127.  After Defendant filed its opposition to Plaintiff's Motion for a Settlement Conference, the Court rescinded its order. *See* ECF Nos. 129, 133.  Plaintiff plans to file a Renewed Motion for Settlement Conference in the upcoming days.  SAL will oppose a motion for a settlement conference at this time.

## IV.    Upcoming Deadlines

The parties respectfully request that the Court schedule an in-person status conference to discuss all outstanding motions. The parties also wish to discuss revisions to the discovery schedule in light of the pending motions outlined above, which may impact some or all of the upcoming deadlines.  An in-court status conference was scheduled for January 11, 2013, ECF No. 116, but was cancelled on January 10, 2013, the day before the action was transferred to this Court.  ECF Nos. 134, 135.

The upcoming deadlines are as follows.  First, Plaintiff's provided an analysis of his own back wages and damages on January 30, 2013.  Plaintiff sought an extension to

provide a class-wide damages analysis until the Court orders SAL to produce payroll

information that Plaintiff seeks in his Motion to Compel, if the Court requires SAL to

produce it.  ECF No. 148.  Defendant consented to the extension, but on the ground that the

pending motions to dismiss and/or for summary judgment may dispose of this action

thereby mooting this motion.  ECF No. 149

Second, Plaintiff's motion for Fed. R. Civ. P. 23 class certification is due on

February 15, 2013.  *See* ECF No. 111.  Plaintiff will seek an extension of time in which to

move for class certification until two weeks after SAL produces information subject to

Plaintiff's Motion to Compel, if the Court requires SAL to produce it, or two weeks after

the Court issues an order denying Plaintiff's Motion to Compel.  SAL will consent to

Plaintiff's request for an extension of this deadline on the ground that the pending motions

to dismiss and/or for summary judgment may dispose of this action thereby mooting this

motion.

The remaining upcoming deadlines are as follows: expert witness reports are due

on February 22, 2013; discovery closes on March 22, 2013; motions to preclude expert

reports are due on April 30, 2013; and the parties' joint trial memorandum must be filed on

or before April 30, 2013.  The parties believe that all of these dates must be extended

pending the Court's decision on all pending motions.

Dated:          New York, New York
                February 4, 2013


Respectfully submitted,


/s/ *Justin M. Swartz*                          /s/ *Eve I. Klein*
**OUTTEN & GOLDEN LLP**                  **DUANE MORRIS LLP**
Justin M. Swartz (*pro hac vice*)               Eve I. Klein

Cyrus E. Dugger (*pro hac vice*)
Elizabeth Wagoner (*pro hac vice*)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile: (212) 977-4005
jms@outtengolden.com
cdugger@outtengolden.com
ewagoner@outtengolden.com

**THE HAYBER LAW FIRM, LLC**
Richard Hayber
Erick I. Díaz Vázquez
221 Main Street, Suite 502
Hartford, CT  06106
Telephone:  (203) 522-8888
Facsimile:  (203) 915-9555
rhayber@hayberlawfirm.com
ediaz@hayberlawfirm.com

Evangelos Michailidis
1540 Broadway
New York, NY 10036
Telephone: (212) 692-1065
Facsimile: (212) 202-7559
eiklein@duanemorris.com
emichailidis@duanemorris.com

**FEINER WOLFSON LLC**
John M. Wolfson, Esq.
One Constitution Plaza, Suite 900
Hartford, CT 06103
Telephone: (860) 713-8900
Facsimile: (860) 713-8905
jwolfson@feinerwolfson.com

## CERTIFICATION OF SERVICE

Pursuant to Local Rule 5(c), I hereby certify that on **February 4, 2013** a copy of the

**Joint Status Report of Counsel** was filed electronically.  Notice of this filing will be sent

by email to all parties by operation of the Courts Electronic filing system.  Parties may

access this filing through ECF.  A complete, duplicate copy of this document has been

forwarded to Judge Young in Boston, MA.


                                                      */s/ Justin Swartz*
                                                      Justin Swartz