UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>MORAN FOODS, INC., d/b/a SAVE A LOT LTD.;<br>        Defendant. | ECF NO.:<br><br>3:12-CV-00756 (WGY)<br><br>February 7, 2013 |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
AND TO MOVE FOR FED. R. CIV. P. 23 CLASS CERTIFICATION**

Plaintiff hereby moves, pursuant to Local Rule 7(b), for an extension of time to file his opposition to Defendant's Motion for Summary Judgment, ECF No. 138 ("Summary Judgment Motion"), until March 11, 2013. Plaintiff's response is currently due on February 18, 2012. This is Plaintiff's first request for an extension of this deadline. Defendant does not consent to this extension.[1]

Plaintiff also moves, pursuant to Local Rule 7(b), for an extension of time to file his motion for class certification under Fed. R. Civ. P. 23 ("Rule 23"). Plaintiff's motion is currently due on February 15, 2013. ECF No. 111. Plaintiff respectfully requests that this deadline be extended through a date two weeks after Defendant produces information that is the subject of Plaintiff's fully-briefed Motion to Compel Discovery ("Motion to Compel"), ECF No.

---

[1] Plaintiff has consented to each of the four extensions Defendant has requested in this litigation. *See* ECF Nos. 34, 85, 104, 117. This includes Defendant's most recent request, for a three-week extension to its deadline to respond to Plaintiff's Motion for Conditional Certification and Court Authorized Notice. ECF No. 117. Instead of responding to Plaintiff's motion, Defendant used the time the Court granted it to file a premature Summary Judgment Motion.

1

103,[2] if the Court requires Defendant to produce it, or two weeks after the Court issues an order denying Plaintiff's Motion to Compel. The Court previously extended this deadline on December 13, 2012, because of the same discovery dispute. *See* ECF No. 106 (Pl.'s Mot. for Ext. of Time to Move for Class Cert. Under Fed. R. Civ. P. 23); ECF No. 111 (Order granting motion). Defendant consents to this extension. *See* ECF No. 150 (Joint Status Report) at 6.

### I.     Summary Judgment Opposition.

Defendant filed the Summary Judgment Motion right in the middle of discovery, as a preemptive strike in an effort to prevent the members of the FLSA collective from receiving notice of this case and to run the clock on the Fair Labor Standards Act ("FLSA") claims of hundreds of collective action members who have lost wages due to the compensation policy Plaintiff challenges.[3] After requesting and receiving a three-week extension to respond to Plaintiff's December 17, 2012 Motion for Conditional Certification and Court Authorized Notice ("Notice Motion"), Defendant chose not to oppose Plaintiff's Notice Motion on its merits, but to use the extra time to prepare its Summary Judgment Motion (without notifying Plaintiff or the Court that it intended to use the extra time for this purpose).[4]

---

[2]     Plaintiff expressly incorporates his Motion to Compel Discovery, ECF No. 103, and the supporting Memorandum of Law by reference herein.

[3]     Collective action members' FLSA claims diminish and expire each day that passes before they file a consent to join this action. *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 161 n.12 (N.D.N.Y. 2008) ("the FLSA statute of limitations is not tolled unless a potential plaintiff opts in, making time of the essence").

[4]     Defendant did not oppose Plaintiff's Notice Motion on its merits, thereby conceding that Plaintiff has met his burden to demonstrate that he and other members of the FLSA collective are likely "similarly situated" and that notice of this case should issue. Defendant's only response to Plaintiff's Notice Motion was to quibble with the language of Plaintiff's proposed notice and with aspects the notice process Plaintiff proposed. When Plaintiff files his reply brief in support of his Notice Motion on February 11, 2013, he will respond to the notice-related issues Defendant raises, and respectfully ask the Court to rule on his Notice Motion promptly, given

Defendant's thirty-seven page Summary Judgment Motion brief is supported by five new declarations totaling eleven pages, and overall, includes more than two hundred pages of exhibits. Given this voluminous submission, Plaintiff's lead counsel needs extra time to respond due to the press of other work in this case and in several others, including a Second Circuit brief which is due on February 28, 2013, a summary judgment brief due on February 15, 2013, a series of depositions in a case in which discovery is set to close on March 29, 2013, and ongoing discovery in several other matters.

Plaintiff plans to respond to Defendant's Summary Judgment Motion not only on its merits, but also with a cross-motion for further discovery under Fed. R. Civ. P. 56(d) ("Rule 56(d)") and a request that the Court hold Defendant's motion in abeyance pending completion of discovery or deny it without prejudice. A Rule 56(d) order is appropriate here because discovery has just begun. *See Commercial Cleaning Servs., LLC v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 386 (2d Cir. 2001) ("when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion"). Plaintiff has not deposed any of Defendant's new declarants, all of whom Defendant failed to disclose in its Fed. R. Civ. P. 26(a) initial disclosures. Defendant has not even deposed Plaintiff about the claims it seeks to dismiss. In addition, Plaintiff's Motion to Compel, ECF Nos. 103-105, which is fully briefed, seeks documents relevant to the claims on which Defendant seeks summary judgment. The parties are also engaged in a collaborative process for production of electronically-stored information, including emails, which will likely bear on these claims as well.

---

that it is not opposed on its merits, so that notice can issue to the members of the FLSA collective and they can make an informed decision about to whether to protect their rights.

Defendant has informed Plaintiff that it does not consent to this motion because it would prefer that the Court wait to rule on Plaintiff's Notice Motion until after the Court hears argument on Defendant's Summary Judgment Motion, even though Defendant did not oppose Plaintiff's Notice Motion on its merits, and it conceded that the compensation policy Plaintiff challenges as unlawful applies to Plaintiff and all other collective action members nationwide. Plaintiff's Notice Motion will be fully briefed on February 11, 2013.

The sequencing Defendant proposes, however, would cause the members of the FLSA collective severe prejudice. Even without this extension, briefing on Defendant's Summary Judgment Motion and Plaintiff's Rule 56(d) cross motion[5] will likely stretch into April 2013, almost four months after Plaintiff filed his Notice Motion. By that time, hundreds more members of the FLSA collective will have lost part or all of their claims. Defendant will benefit from this delay because it would absolve Defendant of liability for much of the conduct Plaintiff challenges, especially given that Defendant discontinued the compensation practice at issue in July 2012.[6]

There is no reason that the members of the FLSA collective should have to wait that long to find out about this case and have a chance to join it. The delay that Defendant seeks is contrary to the remedial purpose of the FLSA. *Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978)) (timely notice is particularly important to further the FLSA's "broad remedial purpose").

---

[5]    Defendant has indicated that it will request an additional two-week extension to file its reply in support of its Summary Judgment Motion.

[6]    Plaintiff will request equitable tolling due to the delays caused by discovery failures and other procedural wrangling. In November 2012, Plaintiff asked Defendant to agree to toll the statute of limitations for members of the FLSA collective, but Defendant refused to do so. *See* Declaration of Justin Swartz in Support of Plaintiff's Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA, ECF No. 115, ¶ 3.

## II. Class Certification Motion.

The Court should extend Plaintiff's time to move for class certification for the same reason it did on December 13, 2012 – Plaintiff's motion to compel discovery related to class certification is pending before the Court. *See* ECF No. 111 (Order granting motion to extend class certification deadline).

Due to Defendant's failure to produce documents relevant to the class certification determination, as detailed in Plaintiff's Motion to Compel, ECF Nos. 103-105, Plaintiff is not yet in a position to depose a SAL corporate witness, much less move for class certification. It is well settled that a class certification ruling should be made on a well-developed record and that a plaintiff is entitled to sufficient discovery to present such a record. *In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006).

An extension will allow Plaintiff to review any documents that the Court orders Defendant to produce, hire an expert or consultant to analyze SAL's payroll and time records, if necessary, and use these documents to depose SAL's witnesses.

Dated:   New York, New York
         February 7, 2013

/s/ Justin M. Swartz
**OUTTEN & GOLDEN LLP**
Justin M. Swartz (*pro hac vice*)
Cyrus E. Dugger (*pro hac vice*)
Elizabeth Wagoner (*pro hac vice*)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile: (212) 977-4005
jms@outtengolden.com
cdugger@outtengolden.com
ewagoner@outtengolden.com

**THE HAYBER LAW FIRM, LLC**
Richard Hayber
Erick I. Díaz Vázquez
221 Main Street, Suite 502
Hartford, CT  06106
Telephone:  (203) 522-8888
Facsimile:  (203) 915-9555
rhayber@hayberlawfirm.com
ediaz@hayberlawfirm.com

*Attorneys for Plaintiffs, the Collective, and Class*

6

**CERTIFICATION OF SERVICE**

I hereby certify that on February 7, 2013, the above document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.  A complete, duplicate copy of this document has been forwarded directly to Judge Young in Boston, MA.

       /s/ Justin M. Swartz
      Justin M. Swartz