UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>MORAN FOODS, INC., d/b/a SAVE A LOT LTD.;<br><br>     Defendant. | ECF NO.:<br><br>3:12-CV-00756 (JCH)<br><br>February 11, 2013 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE PURSUANT TO SECTION 216(b) OF THE FLSA**

## I. CONDITIONAL CERTIFICATION SHOULD BE GRANTED BECAUSE DEFENDANT DOES NOT OPPOSE IT ON ITS MERITS.

The Court should grant Plaintiff's Motion for Conditional Certification because Defendant concedes that Plaintiff meets the standard for Court-authorized notice under 29 U.S.C. § 216(b). Courts routinely grant notice motions where defendants do not oppose them, and where plaintiffs make a sufficient showing that they are similarly situated to potential opt-ins, as Plaintiff has done here.  *See, e.g.*, *Soto v. Recycle Techs. Int'l, Inc.*, No. 10 Civ. 688, 2011 WL 2910498, at *3 (M.D. Fla. July 19, 2011); *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 336 (S.D.N.Y. 2010); *Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 5 n.1, 7 (D.D.C. 2010); *Altenbach v. Lube Ctr., Inc.*, No. 08 Civ. 2178, 2009 WL 3818750, at *1 (M.D. Pa. Nov. 13, 2009).[1]

Defendant's "opposition" brief does not argue that Plaintiff has failed to meet his low burden.  *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (conditional certification standard is "a low standard of proof").  Defendant does not deny that its corporate documents, payroll records, and corporate employee testimony, and the declarations of Plaintiff and other Assistant Store Managers ("ASMs") from around the country, demonstrate that it applies the same compensation policy to all ASMs, that it uses the same formula to calculate their overtime premiums, that it uniformly pays them on the same basis when they work fewer than 40 hours in a week, or that its written communications with all ASMs about pay issues are uniform.

Defendant also concedes that Plaintiff has met his low burden in its recent Motion for an In-Person Court Conference and Response to Plaintiff's Motion for an Extension of Time, where it states only one basis on which this motion should be denied – that "Kiefer has no viable claim

---

[1] After requesting and receiving a three-week extension to respond to Plaintiff's December 17, 2012 Motion for Conditional Certification and Court Authorized Notice ("Notice Motion"), Defendant chose not to oppose Plaintiff's Notice Motion on its merits, but to use the extra time to prepare its Summary Judgment Motion (without notifying Plaintiff or the Court that it intended to use the extra time for this purpose).  *See* ECF No. 138.

1

against Defendant." ECF No. 152, p. 3. Accordingly, Plaintiff's motion should be granted without delay because hundreds of workers do not yet know about this case or their right to join it, and their claims are being diminished or extinguished every day. *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) (potential opt-ins' claims "die daily" while statutes of limitations run).

The Court should not wait to decide this motion until it decides Defendant's premature summary judgment motion, ECF No. 138, filed in the middle of discovery[2] and designed to run the clock on the claims of hundreds of workers. Briefing on Defendant's summary judgment motion[3] and Plaintiff's cross-motion pursuant to Rule 56(d) will stretch at least into April 2013. By the time Defendant's summary judgment motion is argued and decided, likely in May or June 2013, hundreds more members of the FLSA collective will have lost part or all of their claims. This delay will benefit Defendant by absolving Defendant of liability for much of the conduct Plaintiff challenges, especially given that Defendant discontinued the compensation practice at issue in July 2012.[4]

---

[2]     Plaintiff plans to respond to Defendant's motion with a cross-motion for further discovery under Federal Rule of Civil Procedure 56(d) ("Rule 56(d)") and a request that the Court hold Defendant's motion in abeyance pending completion of discovery. A Rule 56(d) order is appropriate here because discovery has just begun. *See Commercial Cleaning Servs., LLC v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 386 (2d Cir. 2001) ("[W]hen a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion."). Plaintiff has not deposed any of Defendant's declarants, all of whom Defendant failed to disclose in its initial disclosures. Defendant has not even deposed Plaintiff about the claims it seeks to dismiss. In addition, Plaintiff's Motion to Compel, ECF No. 103, which is fully briefed, seeks documents relevant to the claims on which Defendant seeks summary judgment.
[3]     Defendant has indicated that it will request an additional two-week extension to file its reply in support of its Summary Judgment Motion.
[4]     Plaintiff will request equitable tolling due to the delays caused by discovery failures and other procedural wrangling. In November 2012, Plaintiff asked Defendant to agree to toll the statute of limitations for members of the FLSA collective, but Defendant never agreed to do so.

Defendant's view that Plaintiff's claims have no merit is not a reason to deny this motion. Courts in this Circuit emphasize that the merits are not relevant to the conditional certification determination. *See Alli v. Boston Market Co.*, No. 10 Civ. 4, 2011 WL 4006691, at *2 (D. Conn. Sept. 8, 2011) ("The merits of plaintiffs' FLSA claim are not directly relevant to the decision whether to certify a collective action.") (citing *Aros v. United Rentals, Inc.*, 269 F.R.D. 176, 179 (D. Conn. 2010)). "Weighing of the merits is absolutely inappropriate." *Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385, 2010 WL 2218095, at *1 (S.D.N.Y. Jun. 2, 2010).

Courts reject employers' attempts to derail notice by filing premature summary judgment motions. *See Spicer*, 269 F.R.D. at 336; *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 634 (S.D.N.Y. 2007) (merits issues should not be addressed on 216(b) motion, but are "properly . . . addressed in a motion for summary judgment at the conclusion of discovery"); *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 160, n.11 (N.D.N.Y. 2008) (summary judgment is "premature in the first stage of [the FLSA's] two-tiered approach); *Hoffmann*, 982 F. Supp. at 255 (Sotomayor, J.) (where discovery was not yet complete, declining to decide motion for judgment on the pleadings and granting plaintiffs' motion for conditional certification).

Defendant's cases are inapposite because they all involved summary judgment well after significant discovery had taken place, or after the first stage of the two-step process. *See Romero v. H.B. Auto. Grp., Inc.*, No. 11 Civ. 386, 2012 WL 1514810, at *1 (S.D.N.Y. May 1, 2012) (parties had completed significant discovery); *Grace v. Family Dollar Stores, Inc.*, No. 06 Civ. 306, 2009 WL 2474067, at *1 (W.D.N.C. Aug. 12, 2009) (court had previously denied conditional certification), *White v. Baptist Mem'l Health Care Corp.*, No. 08 Civ. 2478, 2011 WL 1883959, at *2 (W.D. Tenn. May 17, 2011) (after motion to decertify the collective). These

---

*See* Nov. 19, 2012 Email from Justin M. Swartz to Eve Klein (attached to the Declaration of Justin M. Swartz ("Swartz Decl.") as Exhibit A); Swartz Decl. ¶ 3(a).

decisions do not support delaying a decision on first-stage certification, where defendants have filed for summary judgment when discovery is still underway and neither party has even taken a deposition.

In addition, authorizing notice without delay will promote judicial economy. If the Court grants summary judgment on Plaintiff's claim, only he will be bound by the Court's ruling. The 43 current opt-in plaintiffs and hundreds of other members of the FLSA collective would be free to file their own individual lawsuits, or another collective action. This would be much less efficient than determining who wins one time, in a single case. *See Perkins v. S. New England Tel. Co.*, 669 F. Supp. 2d 212, 221 (D. Conn. 2009) ("[A] FLSA collective action . . . allows the judicial system to benefit by 'efficient resolution in one proceeding . . . '") (quoting *Hoffmann-LaRoche v. Sperling*, 493 U.S. 165, 170 (1989)); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007) ("The Notice provisions of 216(b) were intended to achieve judicial efficiency by settling the claims of similarly situated employees at the same time.")[5]

## II.     PLAINTIFF'S PROPOSED FORM OF NOTICE IS APPROPRIATE.

Defendant's objections to Plaintiff's Proposed Notice should be rejected because they are largely baseless and would dissuade potential opt-ins from participating in the action.

### A.     Plaintiff's Proposed Form of Notice Is Neutral and Accurate.

#### 1.     Notice Issued By Plaintiff's Counsel Is Standard, and Appropriate.

It is standard practice for notice to be issued by plaintiff's counsel and to include plaintiff's counsel's contact information. *Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ.

---

[5] In addition, Plaintiff has asked Defendant to consent to his motion to amend his complaint to add two additional named plaintiffs, both of whom have already joined the case as opt-in plaintiffs, and who now wish to represent the collective along with Plaintiff. *See* Feb. 8, 2013 email from Justin M. Swartz to Eve Klein, attached to the Swartz Decl. as Exhibit B; Swartz Decl. ¶ 3(b). If Defendant moves for summary judgment on their claims, the briefing will stretch at least into May 2013, with a decision unlikely before June or July 2013. It is not fair for notice to wait nearly that long.

8472, 2012 WL 1193836, at *7 (S.D.N.Y. Apr. 6, 2012) (approving notice issued by plaintiffs and finding footer with plaintiffs' counsel's contact information "particularly helpful to individuals seeking simple answers to questions about the notice itself"); *Pippins v. KPMG LLP*, No. 11 Civ. 377, 2012 WL 19379, at *13-14 (S.D.N.Y. Jan. 3, 2012) (approving notice issued by plaintiffs); *In re Penthouse Exec. Club Comp. Litig.*, No. 10 Civ. 1145, 2010 WL 4340255, at *5 (S.D.N.Y. Oct. 27, 2010) ("[I]t is appropriate for plaintiffs to distribute an opt-in consent form to members of the proposed class.").[6] This Court approved a substantially similar notice issued by plaintiff's counsel in another case, *Aros v. United Rentals, Inc.*, which also listed plaintiff's counsel's contact information in the footer of each page.  See No. 10 Civ. 73, ECF No. 54 (D. Conn. Nov. 10, 2010), attached to the Swartz Decl. as Exhibit C ("*Aros* Notice"). The only case Defendant cites, *Gayle v. U.S.*, 85 Fed. Cl. 72, 81 (Fed. Cl. 2008), does not hold that notice may not come from plaintiff's counsel.

### 2. The Proposed Notice Already Informs Potential Opt-Ins Of Their Right To Retain Other Counsel.

Defendant's request to add language informing potential opt-ins that they may retain their own counsel ignores that the Proposed Notice already does so—in two places.  See Swartz Decl., Ex. D (Proposed Notice) ¶ 10 ("You also will be free to independently retain your own counsel and file your own individual lawsuit . . . .  If you proceed separately, you may also have to pay your own lawyer."); ¶ 14 ("You also have the right to have your own lawyer or to represent yourself in this case.").  This exact language, and nothing more, was approved by the Court in *Aros*.  See Swartz Decl., Ex. C (*Aros* Notice) ¶ 10, ¶ 14.  No further disclosures are necessary.

---

[6]   See also *Jacob v. Duane Reade, Inc.*, No. 11 Civ. 160, 2012 WL 260230, at *9 (S.D.N.Y. Jan. 27, 2012); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011); *Alli*, 2011 WL 4006691, at *6; *Schwerdtfeger v. Demarchelier Mgmt., Inc.*, No. 10 Civ. 7557, 2011 WL 2207517, at *6 (S.D.N.Y. Jun. 6, 2011); *Shajan*, 2010 WL 2218095, at *1-2; *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 59 (S.D.N.Y. 2009); *Sexton v. Franklin First Fin., Ltd.*, No. 08 Civ. 4950, 2009 WL 1706535, at *12 (E.D.N.Y. Jun. 16, 2009).

### 3. The Proposed Notice Should Not Include Defendant's Description of Its Litigation Position.

The Proposed Notice should not include Defendant's aggressive description of its litigation position. Courts in this Circuit have rejected similar requests. *See, e.g.*, *Whitehorn*, 767 F. Supp. 2d at 451 ("Nor may Defendants include a position statement beyond that included in Plaintiffs' proposed notice."); *Schwerdtfeger*, 2011 WL 2207517, at *6 (refusing to require language describing defendant's position where plaintiff's proposed notice already indicated that defendants denied wrongdoing); *Shajan*, 2010 WL 2218095, at *2 ("Defendants will not be permitted to include any statement of position in the notice . . . ."); *Delaney*, 261 F.R.D. at 59 (single sentence that defendant denied that violations is sufficient). Here, Plaintiff's Proposed Notice already states, "Save-A-Lot's position is that it paid ASMs properly." This statement of Defendant's position is fair and accurate, and balances Defendant's interest in denying the allegations with the danger of suppressing participation.

### 4. Notice Should Not Include Contact Information For Defense Counsel.

Courts routinely reject defendants' requests to have their counsel's information included in the notice because defense counsel "does not play a role in managing the distribution of the notice or the gathering of consent forms," and including additional lawyers would only "create[] the potential for confusion of those who receive the notice." *Cryer v. Intersolutions, Inc.,* No. 06 Civ. 2032, 2007 WL 1053214, at *3 (D.D.C. Apr. 7, 2007).[7]

---

[7] *See also Enriquez v. Cherry Hill Market Corp.*, No. 10 Civ. 5616, 2012 WL 440691, at *4 (E.D.N.Y. Feb. 10, 2012) ("The Court is not aware of any reason potential plaintiffs would need to communicate with the defendants' counsel, or vice versa."); *Iriarte v. Redwood Deli & Catering, Inc.*, No. 07 Civ. 5062, 2008 WL 2622929, at *4 (E.D.N.Y. Jun. 30, 2008) ("[T]hose deciding to opt in are likely to be represented by plaintiff's counsel, and in any event certainly will not be represented by counsel for the defendant."); *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 541 (N.D. Cal. 2007) ("declin[ing] to require that the notice include the contact information of defendant's counsel"); *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 632 (W.D. Wis. 2009) (defense counsel's information "is both unnecessary and inappropriate"); *Perry v. Nat'l*

### 5. Language Threatening That Potential Class Members May Be Held Liable For Costs If Defendant Prevails Would Chill Participation.

The overwhelming majority of courts in this Circuit have rejected language threatening potential opt-ins that they may be held liable for a defendant's costs. *See, e.g., Diaz v. S&H Bondi's Dep't Store*, No. 10 Civ. 7676, 2012 WL 137460, at *7 (S.D.N.Y. Jan. 18, 2012); *Schwerdtfeger*, 2011 WL 2207517, at *6; *Whitehorn*, 767 F. Supp. 2d at 451; *Lujan v. Cabana Mgmt., Inc.*, No. 10 Civ. 755, 2011 WL 317984, at *11 (E.D.N.Y. Feb. 1, 2011); *Sexton*, 2009 WL 1706535, at *12; *Guzman v. VLMP, Inc.*, No. 07 Civ. 1126, 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007); *Delaney*, 261 F.R.D. at 59. Such language is inappropriate because while there is a "remote possibility" that opt-ins will be held liable for costs, such language risks having an "*in terrorem* effect that is disproportionate to the actual likelihood of significant costs." *Guzman*, 2007 WL 2994278, at *8.

### 6. Plaintiff Does Not Object To Language Explaining That The Validity Of Their Claims Has Not Been Decided.

Defendant's request that the notice include an "affirmative statement" that putative opt-ins may not have a valid claim and may not be entitled to a monetary recovery is unnecessary, because the Proposed Notice already states that the Court has not yet decided the case and that a monetary recovery is not assured. *See* Swartz Decl., Ex. D (Proposed Notice), p. 1 (referring to "the *possibility* of participating in a recovery that *may* come from a trial or a settlement in this lawsuit") (emphasis added); p. 2 (describing what will happen "[*i*]*f* money or benefits are obtained from Save-A-Lot . . . .) (emphasis added); ¶ 6 ("The Court has not decided whether Save-A-Lot or the Plaintiffs are correct. By establishing the Collective and issuing the Notice,

---

*City Mortg., Inc.*, No. 05 Civ. 891, 2007 WL 1810472, at *4 (S.D. Ill. June 21, 2007) ("It would not make sense for a potential putative class member to seek information from Defendant's counsel."); *Gambo v. Lucent Techs., Inc.*, No. 05 Civ. 3701, 2005 WL 3542485, at *7 (N.D. Ill. Dec. 22, 2005) (noting "there is no basis in law or logic for" defendant's counsel's contact information to be included in the notice).

the Court is not suggesting that the Plaintiffs will win or lose the case."); ¶ 16 (explaining how attorneys' fees will be paid "*in the event* there is a recovery") (emphasis added). The *Aros* Notice, which was approved by this Court, includes nearly the same language verbatim. *See* Swartz Decl., Ex. C (*Aros* Notice), p. 1, 2, ¶ 6, ¶ 16.

However, to facilitate compromise, Plaintiff does not object to (1) editing the second sentence of Paragraph 10 to read: "[If you do not join the lawsuit,] [y]ou will not be entitled to share any amounts *that may be* recovered by Plaintiffs as part of this lawsuit;" (additional text shown in italics); and (2) editing the last sentence of Paragraph 13 to read: "If your signed Consent to Join form is not postmarked by [ . . . ], you will not be allowed to . . . share in *any* monetary recovery *that may be obtained in this case* . . . .") (additional text shown in italics).

### B. Notice Should Be Sent To ASMs Who Worked During The Three-Year, Not The Two-Year, Statute of Limitations.

It is well-settled that notice under 216(b) should be sent to potential opt-ins who worked during the three-year statute of limitations. *In re Penthouse Exec. Club Comp. Litig.*, 2010 WL 4340255, at *5 n.4 ("[C]ourts traditionally permit a three-year notice period."); s*ee also Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012); *Diaz*, 2012 WL 137460, at *9 n.7; *Pippins*, 2012 WL 19379, at *14; *Whitehorn*, 767 F. Supp. 2d at 451; Swartz Decl., Ex. C (*Aros* Notice), p. 1; *Delaney*, 261 F.R.D. at 57, 60.

Moreover, where, as here, plaintiffs have asserted equitable tolling arguments, the proper starting date for the notice period is three years prior to the date the complaint was filed. *Winfield*, 843 F. Supp. 2d at 410 (in case involving equitable tolling allegations, approving notice period starting three years prior to the date the complaint was filed); *Whitehorn*, 767 F. Supp. 2d at 451 (same). Plaintiff does not have to prove equitable tolling at the notice stage.

8

### C. Production Of Telephone Numbers, Email Addresses, Work Locations, and Dates of Employment Are Routine And Necessary For Plaintiff To Issue Effective Notice, As Are Social Security Numbers For Those Potential Opt-Ins Whose Notices Are Returned Undeliverable.

The production of potential opt-ins' telephone numbers, email addresses, work locations, and dates of employment is appropriate and important.[8]  *See, e.g.*, *Jacob*, 2012 WL 260230, at *9-10 (granting production of telephone numbers, email addresses, work locations, and dates of employment, and observing that "courts often grant this kind of request in connection with a conditional certification of an FLSA collective action") (citations omitted); *Pippins*, 2012 WL 19379, at *14-15 (granting production of telephone numbers, email addresses, work locations, and dates of employment and noting that "such information is routinely turned over to plaintiff's counsel for purposes of notifying potential class members").  This is consistent with the remedial purpose of the FLSA because it increases the likelihood that workers will receive notice and have a chance to protect their rights.  *See Guan Ming Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165, 178 (S.D.N.Y. 2012) (courts order production of potential opt-ins' contact information to facilitate notice and better serve the FLSA's "broad remedial purpose").

### D. Posting On Defendant's Premises Is Warranted, Even Where Potential Opt-Ins Will Also Be Notified Through Other Means.

"Courts routinely approve requests to post notice on employee bulletin boards . . . even where potential members will also be notified by mail."  *Whitehorn*, 767 F. Supp. 2d at 449.[9]  Defendant objects to this request solely on the ground that Plaintiff has not established that U.S.

---

[8] Plaintiff limits his request for social security numbers to those whose notices are returned undeliverable.  Courts routinely order production of social security numbers for this purpose. *See e.g., Pippins*, 2012 WL 19379, at *14-15.

[9]  *See also Moung Su Kim v. Kap Sang Kim*, No. 10 Civ. 2515, 2010 WL 2854463, at *1 (E.D.N.Y. July 19, 2010); *Malloy v. Richard Fleischman & Assocs., Inc.*, No. 09 Civ. 322, 2009 WL 1585979, at *4 (S.D.N.Y. Jun. 3, 2009); *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010); *Garcia v. Salamanca Grp., Ltd.*, No. 07 Civ. 4665, 2008 WL 818532, at *5 (N.D. Ill. Mar. 24, 2008); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 493 (E.D. Cal. 2006).

Mail will provide inadequate notice. However, it is typical for notices to be returned undeliverable for a non-negligible number of recipients, even performing skip tracing. *See* Andrew C. Brunsden, *Hybrid Class Actions, Dual Certification, and Wage Law Enforcement in the Federal Courts*, 29 Berkeley J. Emp. & Lab. L. 269, 295 (2008) ("[C]lass notice may not reach their intended recipients due to a number of contingencies . . . .") Nor has Defendant explained how posting would be burdensome. *See Whitehorn*, 767 F. Supp. 2d at 449 (granting posting where defendants did not explain how posting would be burdensome).

### E. Plaintiff Does Not Object To A 75-Day Opt-In Period.

Although courts have approved of opt-in periods of 90 days or even longer, *see, e.g.*, *Pippins*, 2012 WL 19379, *13-14 (approving plaintiffs' proposed notice, including 90-day notice period), to facilitate compromise, Plaintiff does not object to a 75-day opt-in period.

### F. Plaintiff Should Be Allowed An Additional Mailing To Potential Opt-Ins Who Have Not Responded To Ensure That They Receive Effective Notice, And Where Plaintiff's Counsel Will Bear The Entire Cost Of Remailing.

Additional mailings to potential opt-ins who have not responded to an initial mailing are common and cause defendants no prejudice. *See, e.g.*, *Ravenell v. Avis Budget Grp., Inc.*, No. 08 Civ. 2113 (E.D.N.Y. Sept. 29, 2010) (allowing second notice) (attached to the Swartz Decl. as Exhibit E); *Stillman v. Staples, Inc.*, No. 07 Civ. 849 (D.N.J. July 3, 2008) (attached to the Swartz Decl. as Exhibit F) (approving of notice remailing where plaintiffs' counsel agreed to bear the cost of remailing); *Adams v. Inter-Con Sec. Sys.*, No. 06 Civ. 5428, 2007 WL 3225466, at *5 (N.D. Cal. Oct. 30, 2007) (approving reminder card to class members who had not submitted claims); *Prentice v. Fund for Pub. Interest Research, Inc.*, No. 06 Civ. 7776, 2007 WL 2729187, at *4 (N.D. Cal. Sept. 18, 2007) (observing that "multiple mailings may be necessary to reach all potential plaintiffs").

Dated: New York, New York
February 11, 2013

        Respectfully submitted,

        **OUTTEN & GOLDEN LLP**
        By:

        */s/ Justin M. Swartz*
        Justin M. Swartz (PHV03853)
        Cyrus E. Dugger (PHV05016)
        Elizabeth Wagoner (PHV05548)
        3 Park Avenue, 29th Floor
        New York, New York 10016
        Telephone:  (212) 245-1000
        Facsimile: (212) 977-4005
        jms@outtengolden.com
        cdugger@outtengolden.com
        ewagoner@outtengolden.com

        **THE HAYBER LAW FIRM, LLC**
        Richard Hayber (CT11629)
        Erick I. Díaz Vázquez (CT27023)
        221 Main Street, Suite 502
        Hartford, CT  06106
        Telephone:  (203) 522-8888
        Facsimile:  (203) 915-9555
        rhayber@hayberlawfirm.com
        ediaz@hayberlawfirm.com

## CERTIFICATION OF SERVICE

Pursuant to Local Rule 5(c), I hereby certify that on **February 11, 2013** a copy of **Plaintiff's Reply Memorandum of Law in Support of Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA** was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Courts Electronic filing system. Parties may access this filing through ECF. A complete, duplicate copy of this document has been forwarded directly to Judge Young in Boston, MA.

                                                         */s/Justin M. Swartz*
                                                         Justin M. Swartz