# Exhibit D

# COURT-AUTHORIZED NOTICE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**If you were an Assistant Store Manager employed by Save-A-Lot between May 18, 2009 and the present, please read this notice.**

## A collective action lawsuit may affect your legal rights.

*This is a court-authorized notice. This is not a solicitation from a lawyer.*

A former Assistant Store Manager, Robert Kiefer ("Plaintiff"), has filed this action against Moran Foods d/b/a Save A Lot Ltd. ("Save-A-Lot") on behalf of Assistant Store Managers ("ASMs") who worked for Save-A-Lot at any time between May 18, 2009 and the present.

The Plaintiff claims that Save-A-Lot paid ASMs half-time for overtime instead of time-and-a-half, as Plaintiff claims federal law, the Fair Labor Standards Act ("FLSA"), required of Save-A-Lot. Save-A-Lot's position is that it paid ASMs properly. The court has not ruled on whether Plaintiff or Save-A-Lot is correct.

The court has conditionally certified this case as a collective action, which allows other ASMs to receive notice and participate in this case. The Court may ultimately rule that certain collective action members are not similarly situated to Plaintiff.

**Your legal rights may be affected, and you have a choice to make now:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT ||
|---|---|
| **ASK TO BE INCLUDED** | If you choose to be included in this collective action, you keep the possibility of participating in a recovery that may come from a trial or a settlement in this lawsuit, but you give up any rights to separately sue Save-A-Lot about the same legal claims in this lawsuit.<br><br>**If you wish to be included, you must complete the form at the end of this Notice.** |
| **DO NOTHING** | If you do nothing, you will not be included in this collective action. This means that you give up the possibility of participating in a recovery that may come from a trial or settlement in this lawsuit if those bringing the lawsuit are successful. You keep any rights to sue Save-A-Lot separately about the same legal claims in this lawsuit, but the limitations period on your claim continues to run. Each day you do not take action to protect your claims, they diminish. |

- Your options are explained in this notice. To ask to be included in the lawsuit, you must act before _____ (insert 90 days from date notice is sent out) _____.

Questions? Contact Elizabeth Wagoner at Outten & Golden LLP at 212-245-1000 or SALOvertimeCase@outtengolden.com.

- If money or benefits are obtained from Save-A-Lot, and you choose to be included in the case, you will be notified about how to ask for a share.

**This notice contains information that affects your rights.  Please read it carefully.**

**1. Why did I get this notice?**

You are getting this notice because Save-A-Lot's records show that you work or worked for Save-A-Lot as an Assistant Store Manager.  A lawsuit has been brought against Save-A-Lot claiming that Assistant Store Managers were not paid all overtime wages required by law.  The purpose of this notice is to notify you of your right to join this case.  Defendants deny the allegations.  The Honorable Janet C. Hall, United States District Court Judge in the District of Connecticut, is overseeing this collective action.  The lawsuit is known as *Kiefer v. Moran Foods, Inc. d/b/a Save-A-Lot Ltd.*, No. 3:12 Civ. 00756 (D. Conn.).

**2. What is this lawsuit about?**

This lawsuit is about whether Save-A-Lot should have paid Assistant Store Managers time-and-a-half overtime compensation instead of half-time for hours they worked in excess of 40 in a workweek.

**3. What is a collective action and who is involved?**

In a collective action lawsuit, one or more persons who have similar claims can bring a lawsuit that includes others who have similar claims.  All Assistant Store Managers who decide to participate in the case are "Collective Action Members" or part of a "Collective."  The employee who brought this lawsuit – and all of the Collective Action Members – are called the Plaintiffs.  The company that they have sued – Moran Foods, Inc. d/b/a Save-A-Lot Ltd., – is called the Defendant.  One court resolves the issues for everyone who decides to join the case.

**4. Why is this lawsuit a Collective Action?**

The court has conditionally authorized this case to proceed as a collective action under § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Specifically, the Court preliminarily found that the Plaintiff who filed this lawsuit is "similarly situated" to other Assistant Store Managers employed by Save-A-Lot.

**5. What is Save-A-Lot's position?**

Save-A-Lot's position is that it properly paid overtime wages to ASMs.

**6. Has the Court decided who is right?**

The Court has not decided whether Save-A-Lot or the Plaintiffs are correct.  By establishing the Collective and issuing the Notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

2

**7. What are the Plaintiffs asking for?**

Plaintiffs are seeking to recover overtime wages they believe are due to them. Plaintiffs also are seeking recovery of double liquidated damages, attorneys' fees, and costs.

**8. Can I join this lawsuit?**

To be eligible to join this lawsuit, you must have been employed by Save-A-Lot as an Assistant Store Manager at any time since May 18, 2009.

**9. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get free help by calling or writing the lawyers in this case, at Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, NY 10016, (212) 245-1000, SALOvertimeCase@outtengolden.com. If you call or write, you should refer to the Save-A-Lot Overtime Case.

**10. What happens if I do nothing at all?**

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment, or settlement rendered in this case, whether favorable or unfavorable. You will <u>not</u> be entitled to share any amounts recovered by Plaintiffs as part of this lawsuit. You also will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted. You should be aware that your federal wage and hour claims are limited by a two or three-year statute of limitations. Delay in joining this action, or proceeding separately, may result in some or all of your claims expiring as a matter of law. If you proceed separately, you may also have to pay your own lawyer.

**11. What happens if I join the lawsuit?**

If you choose to join this lawsuit, you will be bound by any ruling, settlement, or judgment, whether favorable or unfavorable. You will also share in any proceeds from a settlement or judgment favorable to the Collective. By joining this lawsuit, you designate the named Plaintiff as your representative, and to the fullest extent possible, you designate the named Plaintiff to make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiff's counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. Decisions made and agreements entered into by the named Plaintiff will be binding on you if you join the lawsuit. While this suit is pending, you may be asked to provide documents or information relating to your employment, to appear for depositions, or to testify at trial.

**12. Can Save-A-Lot and/or my current employer retaliate against me if I join the lawsuit?**

<u>It is a violation of federal law for Save-A-Lot or any of its related entities to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case.</u> If you believe that you have been penalized, discriminated against, or disciplined in any way as a result of your

**Questions? Contact Elizabeth Wagoner at Outten & Golden LLP at 212-245-1000 or SALOvertimeCase@outtengolden.com.**

receiving this notification, considering whether to join this lawsuit, or actually joining this lawsuit, you may contact Plaintiff's lawyers or any other lawyer of your choosing.

### 13. How do I ask the Court to include me in the case?

Enclosed is a form called "Consent to Join." **If you choose to join this lawsuit, it is very important that you read, sign, and promptly return the Consent to Join form**. An addressed and postage-paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

> **Save-A-Lot Overtime Case**
> **Outten & Golden LLP**
> **3 Park Avenue, 29th Floor**
> **New York, NY 10016**

You can also fax the Consent to Join form to (212) 977-4005, or scan and email it to SALOvertimeCase@outtengolden.com. The signed Consent to Join form must be postmarked by [90 days from mailing of this Notice]. **If your signed Consent to Join form is not postmarked by [90 days from mailing of the Notice], you will not be allowed to participate in this lawsuit, or share in a monetary recovery, and you will not be bound by any settlement or judgment.**

### 14. Do I have a lawyer in this case?

If you choose to join this lawsuit, you will be represented by Plaintiff's Counsel: Justin M. Swartz, Cyrus Dugger, Elizabeth Wagoner, and other lawyers at Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, NY 10016, (212) 245-1000, www.outtengolden.com, as well as Richard Hayber, Erick Díaz Vázquez, and other lawyers from The Hayber Law Firm, 221 Main Street, Suite 502, Hartford, CT 06106, (203) 522-8888, www.hayberlawfirm.com. You also have the right to have your own lawyer or to represent yourself in this case.

### 15. Should I get my own lawyer?

You do not need to hire a lawyer because Plaintiff's Counsel will be working on your behalf.

### 16. How will the lawyers be paid?

The named Plaintiff has entered into a contingency fee agreement with Plaintiff's Counsel, which means that if you join the lawsuit and Plaintiffs do not win, there will be no attorneys' fees or costs chargeable to you. Under the fee agreement, in the event there is a recovery, the Firms will petition the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. The fees may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or may be ordered by the court to be separately paid by Save-A-Lot, or may be a combination of the two. A copy of the contingency fee agreement executed by the named Plaintiff may be obtained upon request from Plaintiff's counsel identified above.

**Questions? Contact Elizabeth Wagoner at Outten & Golden LLP at 212-245-1000 or SALOvertimeCase@outtengolden.com.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br> v.<br><br>MORAN FOODS, INC., d/b/a SAVE A LOT LTD.;<br><br>         Defendant. | ECF NO.: 3:12-CV-00756 (JCH)<br><br>**CONSENT TO JOIN** |

**IF YOU WISH TO PARTICIPATE IN THE LAWSUIT, YOU MUST COMPLETE AND RETURN THIS FORM BY 5:00 P.M. (E.D.T.) ON [date 90 days from mailing date]**

  1.  I consent to be a party plaintiff in a lawsuit against Moran Foods, Inc. d/b/a Save A Lot, Ltd. ("Save-A-Lot") and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). If this case or a similar case is transferred to or re-filed in another court, I agree to be a party plaintiff in the new court and that this consent form may be filed in the new court.

  2.  By signing and returning this consent form, I designate Outten & Golden LLP and Hayber Law Firm, LLC ("the Firms") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firms will petition the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

Full Legal Name (print) _____

*Address _____

*City, State, and Zip _____

*Telephone Number _____ *E-mail Address _____

Signature: _____ Date _____

* You do not have to provide this information in order to participate. If you do provide it, it is only for your attorneys. It will be covered over when filed in court.