UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT G. KIEFER, individually and on Behalf of all others similarly situated, Plaintiff, | : : : : | CIVIL ACTION NO. 3:12-CV-00756-WGY |
| v. | : : | |
| MORAN FOODS, INC., d/b/a SAVE A LOT LTD.; Defendant. | : : : | March 4, 2013 |

**DEFENDANT'S MOTION FOR LEAVE TO EXCEED
THE PAGE LIMIT IMPOSED BY LOCAL CIVIL RULE 7(d)**

Defendant Moran Foods, Inc., by and through its attorneys, respectfully moves for leave to exceed the page limit imposed by Local Rule 7(d) and states the following in support of its motion:

1.  Plaintiff filed the present lawsuit on May 18, 2012, alleging violations of the Fair Labor Standard Act (the "FLSA") and the Connecticut Minimum Wage Act (the "CMWA") for utilizing the fluctuating work week (the "FWW") to pay assistant store managers (ASMs) overtime in Connecticut and nationwide.

2.  The Court has stayed all claims raised under the CMWA. (ECF # 162)

3.  Plaintiff's FLSA claim, as alleged in his Amended Complaint (ECF # 51) and further crystalized in his Motion for Conditional Certification (ECF # 113-115), alleges that Defendant improperly applied the FWW for the following reasons: 1) Defendant paid ASMs an hourly rate instead of a fixed salary, which Plaintiff alleges is evident when ASMs work fewer than 40 hours in a week; 2) ASM weekly hours did not fluctuate below 40 hours; 3) Defendant

did not cap ASM overtime hours; and 4) Defendant did not explain to ASMs that they would be paid a fixed salary for all hours worked.

4. On January 28, 2013, Defendant filed a Motion for Summary Judgment on the grounds that Plaintiff's records contradict each and every claim alleged by Kiefer in his Amended Complaint and his Conditional Certification Motion. (ECF # 138-141). Defendant's brief in support of its motion is 36 pages.

5. On February 28, 2013, Plaintiff filed his Opposition to Defendant's Motion for Summary Judgment. (ECF # 168-174). Plaintiff's brief in support of its opposition is 36 pages.

6. In Plaintiff's Opposition, he alleged two new claims. He alleged that Defendant had both annual and holiday bonus policies that violated the FWW because ASMs can receive *more* than their fixed weekly salaries. These claims were not part of Plaintiff's motion for conditional certification, nor were they alleged in Plaintiff's Amended Complaint.

7. Plaintiff also modified his hourly rate argument to allege that Defendant had a policy of making deductions from an ASM's salary when he did not have accrued PTO; this was not alleged in his Amended Complaint and was not argued as a basis for conditional class certification.

8. In addition to opposing Defendant's motion with these new claims and arguments, Plaintiff also raises an alternative argument pursuant to Rule 56(d), that if the Court does not deny Defendant's Motion for Summary Judgment on the merits, that it should defer deciding the motion until Plaintiff has had the opportunity to conduct additional discovery. Arguments under Rule 56(d) are frequently brought by cross-motion. Plaintiff spent seven pages in his brief on this issue alone.

9. Defendant requires more than the 10 pages to respond to Plaintiff's opposition on the merits, Plaintiff's efforts to effectively amend his Amended Complaint by adding new claims which are outside the scope of his certification motion and the pleadings and to respond to his Rule 56(d) argument.

10. Defendant's reply brief will not exceed 20 pages, exclusive of the certification of service, table of contents and table of authorities.

11. Plaintiff's counsel advised that they do not consent to this motion.

12. Because this Court directed Defendant to file its reply brief "as soon as possible as the Court will begin working on the motion once a response if filed," (ECF # 160), Defendant is filing this motion contemporaneously with its reply.

13. Based upon the foregoing, Defendant respectfully requests that the Court grant Defendant's motion to exceed the page limit imposed by Local Rule 7(d) so that it may address all issues raised by Plaintiff in his opposition before the Court.

Dated:  New York, New York
        March 4, 2013

Respectfully submitted,

/s/ *Eve I. Klein*
**DUANE MORRIS LLP**
Eve I. Klein
Evangelos Michailidis
1540 Broadway
New York, NY 10036
Telephone: (212) 692-1065
Facsimile: (212) 202-7559
eiklein@duanemorris.com
emichailidis@duanemorris.com

and

**FEINER WOLFSON LLC**
John M. Wolfson, Esq.
One Constitution Plaza, Suite 900
Hartford, CT 06103
Telephone: (860) 713-8900
Facsimile: (860) 713-8905
jwolfson@feinerwolfson.com

*Attorneys for Defendant*

## **CERTIFICATION**

I hereby certify that on this **5th** day of **March, 2013**, a copy of this Motion Seeking Leave To Exceed the Page Limit was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing. A complete, duplicate copy of this document has been forwarded directly to Judge Young in Boston, MA.

/s/  *Evangelos Michailidis*
Evangelos Michailidis, Esq.