UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>   v.<br><br>MORAN FOODS, INC., d/b/a SAVE A LOT LTD.;<br>                    Defendant. | ECF NO.:<br><br>3:12-CV-00756 (WGY)<br><br>March 6, 2013 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO EXCEED THE PAGE LIMIT IMPOSED BY LOCAL CIVIL RULE 7(d)**

Plaintiff respectfully submits that the Court should deny Defendant's Motion For Leave to Exceed the Page Limit Imposed by Local Civil Rule 7(d), ECF No. 175.

Defendant's argument that it needs 10 additional pages for its summary judgment reply brief ("Reply Brief") because, in his opposition to Defendant's Motion for Summary Judgment, Plaintiff "alleged two new claims" that are "outside the scope of his certification motion and the pleadings" is without merit. First, by filing a summary judgment motion in the very early stages of discovery, before document production was complete, while a motion to compel was pending, and before either party took a single deposition, Defendant ran the risk that it would not have a full understanding of Plaintiff's case when it framed its summary judgment argument.

In fact, when Defendant moved for summary judgment, it had never actually pled the Fluctuating Workweek ("FWW") affirmative defense on which it asked the Court to rule because it had never answered Plaintiff's original complaint or Plaintiff's Amended Class and Collective

1

Action Complaint ("Amended Complaint").[1]  *See Dingwall v. Friedman Fisher Assocs., P.C.*, 3 F. Supp. 2d 215, 221 (N.D.N.Y. 1998) (because the FWW is "an exception to the normal rights of the employee," Defendant must prove "that all the requirements for applying the method are present.").

Second, even if Defendant had served a responsive pleading that contained its FWW affirmative defense, Plaintiff had no obligation to plead facts anticipating or rebutting it.  *In re Alstom SA*, 406 F. Supp. 2d 402, 420 (S.D.N.Y. 2005) ("[I]t is not the plaintiff's burden to anticipate and plead in his complaint a rebuttal to the defendant's potential defense") (citing *Ross v. A.H. Robins Co., Inc.*, 607 F.2d 545, 555-56 (2d Cir. 1979)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (citing 5 Wright & Miller § 1276)) (holding that plaintiff has no obligation to anticipate a defense).  Plaintiff certainly had no obligation to include every fact rebutting Defendant's FWW affirmative defense in its motion for FLSA conditional certification, which it filed before almost any discovery at all.

Also, a plaintiff's facts and theory of liability may evolve as the case progresses and he learns new information.  *See, e.g., Bradford Audio Corp. v. Pious*, 392 F.2d 67, 73-74 (2d Cir. 1968) ("the District Court was bound to consider the issues raised by the evidence" even though not in the pleadings).  Defendant cites no authority for its claim that a party is not allowed to rely on facts "outside the scope" of a class certification motion or a complaint in opposing summary judgment.

In any event, Plaintiff raises no new "claims" in its opposition to summary judgment. Plaintiff's Amended Complaint clearly alleges Defendant "does not pay ASMs a fixed weekly salary," Amended Complaint ¶ 43, ECF No. 51; that Defendant pays them for less than forty

---

[1]  Defendant still has not filed an answer, although it was due on March 5, 2013.  Fed. R. Civ. P. 12(a)(4)(A).

hours :when they work less than forty hours," *id*.; that "Defendant pays ASMs on an hourly basis when they work fewer than forty hours," *id*. ¶ 46; that Defendant pays ASMs on an hourly basis in holiday weeks, sick day weeks, and vacation day weeks when they actually work less than forty hours. *Id*. ¶¶ 47-49. All of the facts about which Defendant complains support the theory of liability that Plaintiff pled in his Amended Complaint. Defendant also had all of this information prior to moving for summary judgment.

Defendant is also wrong that Plaintiff's Fed. R. Civ. P. 56(d) argument entitles Defendant to additional pages. At the February 13, 2013 teleconference, the Court specifically instructed Plaintiff to include this argument in his summary judgment opposition. Plaintiff did so without using any additional pages. Furthermore, Defendant should have anticipated that Plaintiff would ask permission to complete discovery when it moved for summary judgment before almost any discovery had been accomplished by either side.

In addition, the Court should not allow Defendant extra pages because it uses almost three pages unnecessarily opposing a motion to amend that Plaintiff has not even filed yet. Reply Brief at 11-13.

Finally, Plaintiff's brief in opposition to Defendant's Motion for Summary Judgment, ECF No. 171, was only 36 pages, 4 pages less than the 40 pages allowed by Local Rule 7(a)(2). The length of Plaintiff's filing is not grounds for a page extension for Defendant's reply.

\*      \*      \*

For the reasons stated above, the Court should deny Defendant's request to exceed the page limit and order Defendant to re-file a reply brief that complies with Local Rule 7(d).

Dated:      New York, New York
            March 6, 2013

                                            /s/ *Justin M. Swartz*

3

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (*pro hac vice*)
Cyrus E. Dugger (*pro hac vice*)
Elizabeth Wagoner (*pro hac vice*)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile: (212) 977-4005
jms@outtengolden.com
cdugger@outtengolden.com
ewagoner@outtengolden.com

**THE HAYBER LAW FIRM, LLC**
Richard Hayber
Erick I. Díaz Vázquez
221 Main Street, Suite 502
Hartford, CT  06106
Telephone:  (203) 522-8888
Facsimile:  (203) 915-9555
rhayber@hayberlawfirm.com
ediaz@hayberlawfirm.com

*Attorneys for Plaintiff, the Collective, and Class*

## CERTIFICATION OF SERVICE

I hereby certify that on March 6, 2013, a copy of **Plaintiff's Response to Defendant's Motion for Leave to Exceed the Page Limit Imposed by Local Civil Rule 7(d)** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. A complete, duplicate copy of this document has been forwarded directly to Judge Young in Boston, MA.

                                           */s/ Justin M. Swartz*
                                           Justin M. Swartz