UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT G. KIEFER, individually and on Behalf of all others similarly situated, | : : | CIVIL ACTION NO. 3:12-CV-00756-WGY |
| Plaintiff, | : : | |
| v. | : : | |
| MORAN FOODS, INC., d/b/a SAVE A LOT LTD.; | : : | |
| Defendant. | : | March 6, 2013 |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO EXCEED THE PAGE LIMIT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant, by and through its attorneys, respectfully submits this reply in further support of its motion to exceed the page limit and in opposition to Plaintiff's motion to file a surreply in opposition to Defendant's cross-motion for summary judgment. Dkt. Nos. 178-179.

Defendant's motion to exceed the page limit should be granted because Plaintiff alleged new claims against Defendant for the first time in his opposition to Defendant's motion for summary judgment. These claims are that Defendant had both annual and holiday bonus policies that violated the FWW because ASMs could receive *more* than their fixed weekly salaries and that Defendant had a policy of making deductions from an ASM's salary when he did not have accrued PTO. Kiefer has not alleged these claims in his Amended Complaint or his conditional class certification motion.

Plaintiff responds to this in three ways. First, he argues that Plaintiff raises no new claims but fails to identify where in the Amended Complaint he makes any allegations about these purported policies. Rather, Plaintiff cites to his hourly pay practice claim and references

specific paragraphs of the Amended Complaint where that claim is alleged, yet he makes no reference at all to the alleged bonus plan, holiday bonus and deduction for lack of PTO claims, nor could he, as those claims appear nowhere in his pleadings.  Second, and in the alternative, he argues that he is allowed to assert new claims that are "outside the scope" of the pleadings when responding to a motion for summary judgment. ECF No. 179, p. 2.  However, it is well established that such tactics are improper. *See Thomas v. Egan*, 1 Fed. Appx. 52, 54 (2d Cir. 2001) (because "[a] claim must be set forth in the pleadings, in order to give defendants fair notice of the nature of the plaintiff's claim…it is inappropriate to raise new claims for the first time in submissions in opposition to a summary judgment motion"); *see also Wilson v. City of New York*, 480 Fed. Appx. 592, 594 (2d Cir. 2012) (same); *Martinez v. Conn. Library*, 817 F. Supp. 2d 28, 40 (D. Conn. 2011) (same); *Clarke v. JPMorgan Chase Bank, N.A.*, 2010 U.S. Dist. LEXIS 33264 (S.D.N.Y. Mar. 26, 2010)[1] ("[b]ecause a failure to assert a claim until the last minute will inevitably prejudice the defendant, courts…have consistently ruled that it is inappropriate to raise new claims for the first time in submissions in opposition to summary judgment").  Defendant should be permitted to address the impropriety of Plaintiff's efforts to add these new claims, as well as Plaintiff's opposition to Defendant's summary judgment motion on the merits and his alternative Rule 56(d) argument, and the 10 page limitation imposed by Local Rule 7(d) is not sufficient to do so.[2]

---

[1] A copy of all unreported decisions is attached as Exhibit 1.

[2] Defendant responded to Plaintiff's conditional certification motion by opposing it on the basis that Kiefer does not have a viable FLSA claim and therein cross-moving for summary judgment.  Plaintiff opted to bifurcate his response and submitted an 11 page reply in addition to his 36 page opposition to Defendant's summary judgment motion.  These two responses to the same filing, together with plaintiff's surreply and opposition to defendant's motion to exceed the page limit, wherein he attempts to further address the merits of defendant's motion, amounts to a total of 55 (not 36) pages of substantive argument that he has filed in response to Defendant's opposition and cross-motion for summary judgment.

Finally, Plaintiff also argues that the FWW is Defendant's affirmative defense in this case and, as such, he has "no obligation to include every fact rebutting Defendant's FWW affirmative defense." ECF No. 179, p. 2. Plaintiff is wrong on the law here. *See Hopkins v. Tex. Mast Climbers, L.L.C.*, 2005 U.S. Dist. LEXIS 38721, at *19 (S.D. Tex. Dec. 14, 2005) ("Because the fluctuating workweek is neither a defense nor an exemption to the FLSA, the employee has the burden of proving that the method does not apply to his case"); *see also Scott v. OTS Inc.*, 2006 U.S. Dist. LEXIS 15014, at fn. 7 (N.D. Ga. Mar. 31, 2006) (same); *Givens v. Will Do, Inc.*, 2012 U.S. Dist. LEXIS 63537 (S.D. Tex. May 4, 2012) (same). In fact, just today, the Court of Appeals for the Eleventh Circuit in *Lamonica v. Safe Hurricane Shutters, Inc.*, No. 11-15743 (11th Cir. Mar. 6, 2013) held that "[t]he fluctuating workweek method is merely one method of complying with the overtime payment requirements…not an exemption to it. Consequently, the fluctuating method is <u>not</u> an affirmative defense." *Id.* at 16 . (citations omitted)(emphasis added). By definition, the FWW cannot be an affirmative defense in this case because *Plaintiff's* Amended Complaint challenges certain aspects of Defendants application of the FWW, namely its purported compensation of Kiefer on an hourly basis and its alleged failure to takes steps to provide Kiefer with a clear mutual understanding of the FWW.[3] *See Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir.) (quoting Black's Law Dictionary 430 (7th ed. 1999) (2d Cir. 2003) ("An affirmative defense is defined as a defendant's assertion raising new

---

[3] Since Plaintiff is alleging that Defendant misapplied the FWW in these respects, he bears the burden of proof. *See Lamonica,* No. 11-15743, p. 16 (11th Cir. Mar. 6, 2013) (the employee bears the burden of proving that the employer failed to properly administer the FWW); *see also Cash v. Conn Appliances*, 2 F. Supp. 2d 884, 896  (E.D. Tex. 1997) (an "employee alleging an improper application of the fluctuating workweek method bears the burden of proof"); *Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 636 (5th Cir. 2001); *Scott v. OTS Inc.*, 2006 U.S. Dist. LEXIS 15014, at fn. 7 (N.D. Ga. 2006).

.

facts and arguments that, if true, will defeat the plaintiff's…claim, even if all allegations in the complaint are true.").

Plaintiff's motion to file a surreply should be denied because the argument he seeks to address was raised by Defendant in its initial moving papers and Plaintiff's failure to respond to it in his opposition does not constitute grounds for a belated response now.  In Plaintiff's conditional certification motion and again in his opposition to Defendant's summary judgment motion, he quotes a section from the Handbook that reads, "[a]ssociates in all positions will be paid weekly at an established hourly rate based on the documented work."  In its initial moving papers, Defendant argued that Kiefer's reading of the Handbook ignores the section of the Handbook that actually applies to ASMs, which states that all full-time salaried-non-exempt employees, namely the ASMs, are "paid on a salaried basis and earn coefficient pay for hours worked in excess of 40 in a workweek."  Defendant's Mem. of Law in Support of Cross-Motion for Summary Judgment, p. 26, fn. 11.  Hence, Plaintiff is incorrect that Defendant is making this argument for the first time in its reply brief and his motion should be denied.

Based upon the foregoing, Defendant respectfully requests that the Court grant Defendant's motion to exceed the page limit imposed by Local Rule 7(d) so that it may address all issues raised by Plaintiff in his opposition before the Court and deny Plaintiff's request to file a surreply.

Dated:   New York, New York
         March 6, 2013

Respectfully submitted,

|  |  |
|---|---|
| /s/ *Eve I. Klein* | and |
| **DUANE MORRIS LLP** | **FEINER WOLFSON LLC** |
| Eve I. Klein | John M. Wolfson, Esq. |
| Evangelos Michailidis | One Constitution Plaza, Suite 900 |
| 1540 Broadway | Hartford, CT 06103 |
| New York, NY 10036 | Telephone: (860) 713-8900 |
| Telephone: (212) 692-1000 | Facsimile: (860) 713-8905 |
| Facsimile: (212) 214-0650 | jwolfson@feinerwolfson.com |
| eiklein@duanemorris.com |  |
| emichailidis@duanemorris.com | *Attorneys for Defendant* |

**CERTIFICATION**

    I hereby certify that on this **6th** day of **March, 2013**, a copy of the above was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing. A complete, duplicate copy of this document has been forwarded directly to Judge Young in Boston, MA.

                                        /s/ *Evangelos Michailidis*
                                        Evangelos Michailidis, Esq.