UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT G. KIEFER, individually and on Behalf of all others similarly situated, Plaintiff, | : : : : | CIVIL ACTION NO. 3:12-CV-00756-WGY |
| v. | : : | |
| MORAN FOODS, INC., d/b/a SAVE A LOT LTD.; Defendant. | : : : | March 12, 2013 |

## ANSWER TO AMENDED COMPLAINT

Defendant Moran Foods, LLC, d/b/a Save A Lot Ltd. ("Defendant"), by and through its attorney, Duane Morris LLP and Feiner Wolfson LLC, answer the Amended Complaint of Robert G. Kiefer ("Plaintiff"), dated July 31, 2012, as follows:

## NATURE OF THE ACTION

1. Paragraph 1 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant admits that Assistant Store Managers ("ASMs") are non-exempt employees entitled to overtime compensation for hours worked in excess of 40 in a workweek; and denies the remaining allegations in Paragraph 1 of the Amended Complaint.

2. Defendant admits that it paid ASMs overtime for the hours they work in excess of 40 hours in a workweek in accordance with the fluctuating workweek ("FWW") overtime requirements until July 1, 2012; and denies the remaining allegations in Paragraph 2 of the Amended Complaint.

3. Defendant admits that over 15 years ago, ASMs were classified as "exempt," that the Connecticut Department of Labor investigated Defendant in or around 1998; and denies the remaining allegations in Paragraph 3 of the Amended Complaint.

4. Paragraph 4 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 4 of the Amended Complaint.

5. Paragraph 5 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 5 of the Amended Complaint.

6. Paragraph 6 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 6 of the Amended Complaint.

## JURISDICTION AND VENUE

7. Paragraph 7 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 7 of the Amended Complaint.

8. Paragraph 8 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 8 of the Amended Complaint.

9. Paragraph 9 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 9 of the Amended Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Amended Complaint.

11. Paragraph 11 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 11 of the Amended Complaint.

12. Defendant denies knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 12 of the Amended Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Amended Complaint.

15. Paragraph 15 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 15 of the Amended Complaint.

16. Defendant admits the allegations in Paragraph 16 of the Amended Complaint.

17. Defendant denies knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 17 of the Amended Complaint.

18. Paragraph 18 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 18 of the Amended Complaint.

19. Paragraph 19 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 19 of the Amended Complaint.

20. Paragraph 20 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 20 of the Amended Complaint.

## THE PARTIES

*Plaintiff Robert G. Kiefer*

21. Defendant denies knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 21 of the Amended Complaint.

22. Defendant admits the allegations in Paragraph 22 of the Amended Complaint, subject to the clarification that Kiefer was employed by Defendant through January 19, 2012, not January 2, 2012 as Plaintiff alleges.

23. Paragraph 23 of the Amended Complaint asserts a legal conclusion for which no response is necessary.  To the extent any response is required, Defendant denies the allegations in Paragraph 23 of the Amended Complaint.

24. Defendant denies that Plaintiff Kiefer's written consent form is attached to his initial Complaint or Amended Complaint.  Kiefer's written consent form was filed on June 5, 2012, more than two weeks after Kiefer filed his initial Complaint.

*Defendant Save-A-Lot*

25. Defendant admits the allegations in Paragraph 25 of the Amended Complaint, subject to the clarification that on June 15, 2012, Moran Foods, Inc. statutorily converted from a "C" corporation to a limited liability corporation and is now known as Moran Foods, LLC.

26. Paragraph 26 of the Amended Complaint asserts a legal conclusion for which no response is necessary.  To the extent any response is required, Defendant denies the allegations in Paragraph 26 of the Amended Complaint.

27. Defendant admits the allegations in Paragraph 27 of the Amended Complaint.

## COLLECTIVE ACTION ALLEGATIONS

28. Paragraph 28 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Amended Complaint.

## CLASS ACTION ALLEGATIONS

30. Paragraph 30 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 30 of the Amended Complaint..

31. Paragraph 31 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 31 of the Amended Complaint.

32. Defendant denies the existence of a Connecticut Class; and admits that Plaintiff has alleged the existence of a class that consists of at least 40 ASMs.

33. Paragraph 33 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 33 of the Amended Complaint.

34. Paragraph 34 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 34 of the Amended Complaint.

35. Defendant admits Plaintiff and other ASMs were paid overtime for the hours they work in excess of 40 hours in a workweek in accordance with the FWW but deny the remaining allegations in Paragraph 35 of the Amended Complaint.

36. Defendant denies knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 36 of the Amended Complaint.

37. Paragraph 37 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 37 of the Amended Complaint.

## CLASS-WIDE FACTUAL ALLEGATIONS

38. Defendant denies knowledge or information sufficient to form a belief regarding the allegations set forth in in Paragraph 38 of the Amended Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Amended Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Amended Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Amended Complaint.

42. Defendant admits it provides each ASM with an Employee Handbook at the time of hire but denies the remaining allegations in Paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Amended Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Amended Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Amended Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Amended Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Amended Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Amended Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Amended Complaint.

53. Paragraph 53 of the Amended Complaint asserts a legal conclusion for which no response is necessary.  To the extent any response is required, Defendant denies the allegations in Paragraph 53 of the Amended Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Amended Complaint.

55. Defendant denies that state and federal laws required Defendant to pay class members time and a half for hours worked in excess of 40 per week.  The FWW is a lawful alternative means of paying overtime under the Fair Labor Standards Act and the Connecticut Minimum Wage Act.

56. Defendant denies the allegations in Paragraph 56 of the Amended Complaint.

57. Paragraph 57 of the Amended Complaint asserts a legal conclusion for which no response is necessary.  To the extent any response is required, Defendant denies the allegations in Paragraph 57 of the Amended Complaint.

58. Paragraph 58 of the Amended Complaint asserts a legal conclusion for which no response is necessary.  To the extent any response is required, Defendant denies the allegations in Paragraph 58 of the Amended Complaint.

### PLAINTIFF'S FACTUAL ALLEGATIONS

59. Defendant admits that ASMs usually worked between 45 and 55 hours per week and were not paid one and one half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek because ASMs were paid overtime in accordance with the FWW overtime requirements.  Defendant admits that Kiefer worked overtime during the week ending April 23, 2011, April 30, 2011, and May 7, 2011.  Defendant denies the remaining allegations in Paragraph 59 of the Amended Complaint.

60. Paragraph 60 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 60 of the Amended Complaint.

## FIRST CAUSE OF ACTION

61. Defendant realleges and incorporates by reference its answers to Paragraphs 1 through 60 above as fully set forth herein.

62. Defendant denies the allegations in Paragraph 62 of the Amended Complaint.

63. Paragraph 63 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 63 of the Amended Complaint.

64. Paragraph 64 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 64 of the Amended Complaint.

65. Paragraph 65 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 65 of the Amended Complaint.

66. Paragraph 66 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 66 of the Amended Complaint.

67. Paragraph 67 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 67 of the Amended Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Amended Complaint.

69. Paragraph 69 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 69 of the Amended Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Amended Complaint.

71. Paragraph 71 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 71 of the Amended Complaint.

72. Paragraph 72 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 72 of the Amended Complaint.

## SECOND CAUSE OF ACTION [1]

73. Defendants realleges and incorporates by reference its answers to Paragraphs 1 through 72 above as fully set forth herein.

74. Defendant denies the allegations in Paragraph 74 of the Amended Complaint.

75. Paragraph 75 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 75 of the Amended Complaint.

76. Paragraph 76 of the Amended Complaint asserts a legal conclusion for which no response is necessary. To the extent any response is required, Defendant denies the allegations in Paragraph 76 of the Amended Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Amended Complaint.

---

[1] The Court stayed all claims regarding this cause of action on February 15, 2012. Dkt. #162. Notwithstanding the Court's order, Defendant answers Plaintiff's allegations herein.

78.     Defendant admits Plaintiff and other ASMs were paid overtime for the hours they work in excess of 40 hours in a workweek in accordance with the FWW; and denies the remaining allegations.

79.     Paragraph 79 of the Amended Complaint asserts a legal conclusion for which no response is necessary.  To the extent any response is required, Defendant denies the allegations in Paragraph 79 of the Amended Complaint.[2]

80.     Paragraph 80 of the Amended Complaint asserts a legal conclusion for which no response is necessary.  To the extent any response is required, Defendant denies the allegations in Paragraph 80 of the Amended Complaint.

81.     Paragraph 81 of the Amended Complaint asserts a legal conclusion for which no response is necessary.  To the extent any response is required, Defendant denies the allegations in Paragraph 81 of the Amended Complaint.

82.     Paragraph 82 of the Amended Complaint asserts a legal conclusion for which no response is necessary.  To the extent any response is required, Defendant denies the allegations in Paragraph 82 of the Amended Complaint.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief requested in his Prayer for Relief, including but not limited to any damages, injunctive relief, remedies, fees, or costs.

---

[2] In a related State Action, *Roach v. Moran Foods, Inc.* (Index No. XO4-HHD-CV11-6023386-S) ("State Action"), where Plaintiff is a member of the putative class, the plaintiff in that case raised the same allegation that the FWW is impermissible under Connecticut law.  In a March 16, 2012 decision, the Court held "the only reasonable conclusion…is that the FWW methodology is authorized under Connecticut law, as it relates to salaried ASMs like the plaintiff." *Roach v. Moran Foods, Inc.*, 2012 Conn. Super. LEXIS 668, at *39 (Conn. Super. Ct. Mar. 16, 2012) (attached as Exhibit 1).

## AS AND FOR A FIRST DEFENSE

The Amended Complaint fails in whole or in part, to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

Defendant properly paid Plaintiff and putative class members in compliance with the fluctuating workweek rules of the Fair Labor Standards Act.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred because Defendant at all times acted in good faith towards the Plaintiff and putative class members with reasonable belief that its actions complied with state and federal laws, and at no time willfully violated any of the laws pursuant to which the Plaintiff brings the instant action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred as they have been fully compensated for all wages due and owing from Defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendant properly paid Plaintiff and Connecticut putative class members in compliance with the Connecticut Minimum Wage Act.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not an adequate representative for the proposed collective action because he is not similarly situated to all members of the proposed putative class.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot satisfy the requirements for a proposed class action under Connecticut law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrine of estoppel.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims may be barred to the extent that they did not complain of the alleged Fair Labor Standards Act violations to Defendant and give Defendant the opportunity to correct the alleged violations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' claims are duplicative of the claims asserted in the State Action in violation of the *Colorado River* doctrine.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's and Connecticut putative class members' Connecticut claims are barred, to the extent they seek to challenge the court's March 16, 2012 decision in the State Action in violation of the *Rooker-Feldman* doctrine.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint with prejudice, together with costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         March 12, 2013

**THE DEFENDANT –
MORAN FOODS, d/b/a
SAVE A LOT LTD.**
By   /s/ *Eve I. Klein*

| | |
|---|---|
| Eve I. Klein, Esq. | John M. Wolfson |
| Evangelos Michailidis, Esq. | Benjamin M. Wattenmaker |
| DUANE MORRIS LLP | FEINER WOLFSON LLC |
| 1540 Broadway | One Constitution Plaza, Ste. 900 |
| New York, NY 10036 | Hartford, CT 06103 |
| Tel. (212) 692-1000 | Tel: (860) 713-8900 |
| Fax. (212) 214-0650 | Fax: (860) 713-8905 |
| eiklein@duanemorris.com | jwolfson@feinerwolfson.com |
| emichailidis@duanemorris.com | |

## CERTIFICATION

I hereby certify that on this **12th** day of **March, 2013**, a copy of this Answer to Plaintiff's Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing.  A complete, duplicate copy of this document has been forwarded directly to Judge Young in Boston, MA.

*/s/  Evangelos Michailidis*
Evangelos Michailidis, Esquire