# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT G. KIEFER, individually and on Behalf of all others similarly situated, Plaintiff, | : : : : | CIVIL ACTION NO. 3:12-CV-00756-WGY |
| v. | : : | |
| MORAN FOODS, INC., d/b/a SAVE A LOT LTD., Defendant. | : : : | April 16, 2013 |

## DEFENDANT'S REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

DUANE MORRIS LLP
Eve I. Klein, Esq.
Evangelos Michailidis, Esq.
1540 Broadway
New York, NY 10036-4086
Tel. (212) 692-1000

FEINER WOLFSON LLC
John F. Wolfson, Esq.
One Constitution Plaza, Ste. 900
Hartford, CT 06103
Tel. (860) 713-8900

*Attorneys for Moran Foods, LLC d/b/a Save A Lot Ltd*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................ ii

ARGUMENT .......................................................................................................2

I.    KIEFER'S MERITS OPPOSITION IS INSUFFICIENT TO
DEFEAT SUMMARY JUDGMENT ........................................................2

        A.    Kiefer Concedes That His Hours Fluctuated Sufficiently ...............2

        B.    Kiefer Concedes That A Cap On Overtime Is Not
            Necessary ...........................................................................................2

        C.    Kiefer Does Not Recall Whether He Was Told That He
            Would Be Paid A Fixed Salary Regardless Of The Number
            Of Hours He Worked ........................................................................3

        D.    There Is No Material Issue Of Fact That Kiefer Was Paid
            On A Salary Basis And Received At Least His Fixed
            Weekly Salary Every Week He Worked ........................................4

            1.    Kiefer Concedes That The Use Of An Hourly Rate On Pay
                  Records Is Insufficient To Prove That Kiefer Was Paid On
                  an Hourly Basis ...............................................................................4

            2.    The April 15, 2011 Paystub ............................................... 4

            3.    December 2, 2011 and January 6, 2012 Paystubs............... 5

II.    KIEFER IMPROPERLY ASSERTS NEW CLAIMS IN
OPPOSITION .............................................................................................8

III.   KIEFER'S DOES NOT NEED ADDITIONAL DISCOVERY ..................9

CONCLUSION ....................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Aiken v. County of Hampton,*
   977 F. Supp. 390 (D. S.C. 1997), a*ff'd*,  172 F.3d 43 (4th Cir. 1998) ......................................8

*Cash v. Conn Appliances*,
   2 F. Supp. 2d 884 (E.D. Tex. 1997) ...............................................................................7

*Clarke v. JPMorgan Chase Bank, N.A.,*
   2010 U.S. Dist. LEXIS 33264 (S.D.N.Y. Mar. 26, 2010) ..........................................9

*Daniels v. Michiana Metronet, Inc.,*
   2010 U.S. Dist. LEXIS 43686 (N.D. Ind. May 3, 2010) ............................................8

*Delaney v. LaHood*,
   2009 U.S. Dist. LEXIS 91293 (E.D.N.Y. Sept. 30, 2009)..........................................3

*Ellis v. J.R.'s Country Stores, Inc.,*
   2012 U.S. Dist. LEXIS 175257 *(*D. Col. Dec. 11, 2012) ............................................8

*Gray v. Town of Darien,*
   927 F.2d 69 (2d Cir. 1991)........................................................................................10

*Hoffman v. Sbarro, Inc.*,
   982 F.Supp. 249 (S.D.N.Y. 1997)...........................................................................6, 8

*Mitchell v. Abercrombie & Fitch Co.,*
   428 F. Supp. 2d 725 (S.D. Ohio 2006) ......................................................................8

*Mitchell v. Firstrust Mortg., Inc*.,
   2013 U.S. Dist. LEXIS 16563 (D. Kan. Feb. 7, 2013) ...............................................8

*Nat'l Union Fire Ins.Co. v. The Stroh Cos.,*
   265 F.3d 97 (2d Cir. 2001)........................................................................................10

*Seneca Beverage Corp. v. HealthNow N.Y., Inc.*,
   200 Fed. Appx. 25 (2d Cir. 2006)............................................................................10

*Thomas v. Egan*,
   1 Fed. Appx. 52 (2d Cir. 2001) .................................................................................9

**Other Authorities**

Rule 56(d) (f/k/a Rule 56(f))................................................................................................1, 10

Plaintiff's opposition to Defendant's summary judgment motion lays bare the objective of the Kiefer litigation team, i.e., to fish for evidence of some viable claim against Defendant to assert in this action, or in one of the several other actions the Kiefer litigation team has brought against Defendant. This strategy began following the Connecticut state court's determination in the State Action that the FWW is a lawful method of paying overtime in Connecticut. *See* ECF #139, Michailidis Dec., Ex. N.

Frustrated by the outcome in the State Action, this lawsuit was commenced with a conclusory complaint, which Kiefer amended in response to SAL's motion. The Amended Complaint, read together with Kiefer's Class Certification Motion, alleges that SAL improperly applied the FWW by: 1) not permitting his weekly work hours to fluctuate below 40 hours; 2) not capping his overtime hours; 3) not explaining he would receive a fixed weekly salary; and 4) paying him on an hourly rather than salary basis.

These are the *only* claims Kiefer alleged. Defendant moved for summary judgment with respect to all of these claims because the evidence clearly demonstrates Kiefer was paid properly and has no viable legal claim against Defendant. Kiefer's response to SAL's motion was to concede most of the points SAL made, and to instead raise brand new equally unfounded claims against SAL regarding bonus payments, which Kiefer, *himself*, never received. Plaintiff further demanded additional discovery regarding *other* employees pursuant to Rule 56(d), even though he has every shred of paper that pertains to *his* employment. Finally, the Kiefer litigation team, through opt

in/affiant David Pagano, filed a third action against "Supervalu Inc." claiming the FWW is unlawful in Pennsylvania and that it was misapplied – the same claim he makes here.[1]

In short, there is simply no valid basis for Kiefer's lawsuit and summary judgment should be granted.

## ARGUMENT

### I. KIEFER'S MERITS OPPOSITION IS INSUFFICIENT TO DEFEAT SUMMARY JUDGMENT

#### A. <u>Kiefer Concedes That His Hours Fluctuated Sufficiently</u>

Kiefer alleges that Defendant misapplied the FWW because weekly work hours did not fluctuate below 40 hours. The case law is clear that that there is no requirement for weekly hours to fluctuate below 40 hours to satisfy the FWW. Kiefer does not oppose any of the authorities Defendant cites in its moving memorandum of law ("MMOL") in support of this point or Defendant's argument that Kiefer's hours fluctuated sufficiently for the FWW. *See* ECF #141 at pp. 21-22. Summary judgment must be granted on this point.

#### B. <u>Kiefer Concedes That A Cap On Overtime Is Not Necessary</u>

Kiefer alleges that Defendant misapplied the FWW by not capping overtime hours. The case law is clear that overtime does not require a cap where, as here, an employee's regular rate of pay is not at risk of dipping below the minimum wage. Kiefer does not oppose Defendant's argument in its MMOL. *See* ECF *#141* at p. 22. Summary judgment must be granted on this point.

---

[1] In a further demonstration of bad faith and intention to harass, Pagano actually filed his action against Defendant's parent company, *Pagano v. Supervalu Inc.*, Case ID No. 130303542 (Pa. Court Common Pleas March 25, 2013), rather than SAL, even though he was at all times employed only by SAL and has sworn to this fact in his declaration in this action. *See* ECF #115, Swartz Dec., Ex. 7, Pagano Dec., ¶2.

2

### C. Kiefer Does Not Recall Whether He Was Told That He Would Be Paid A Fixed Salary Regardless Of The Number Of Hours He Worked

Kiefer claimed in his certification motion that Defendant misapplied the FWW by allegedly not explaining that he would be paid a fixed weekly salary even if he worked fewer than 40 hours. *See* ECF #115, Swartz Dec., Ex. 2, Kiefer Dec., ¶9. In response, Defendant provided the Affidavit of Michael Draper, who interviewed Kiefer before his employment started and was previously deposed by Kiefer's counsel in the State Action. Draper testified that his practice was to explain to ASMs that Defendant paid a fixed weekly salary no matter how many hours the ASM worked in a week. *See* ECF #139, Michailidis Dec., Ex. G, Draper Aff., ¶¶10-11. Draper also provided all ASMs with a copy of the Handbook, a hire letter, a Coefficient Calculator and a Coefficient Table, all of which further informed ASMs that Defendant was paying them a fixed weekly salary. *See id.* at ¶¶ 10-11.

In Kiefer's response to Defendant's offer of proof, he does not deny that he was told of the fixed wage. Rather, he concedes that he actually "[does] not *recall* any employee of Defendant ever telling [him] that [he] would be paid the same fixed wage if [he] did not work at least 40 hours." ECF #171, Plaintiff's Brief in Opp. to Defendant's MMOL ("Opposition Brief"), p. 8 (emphasis added). Kiefer cannot possibly hope to sustain this claim on his failed recollection of oral communications in light of the record evidence.[2] *See Delaney v. LaHood*, 2009 U.S. Dist. LEXIS 91293, 90-91 (E.D.N.Y. Sept. 30, 2009) (summary judgment granted where plaintiff could not recall facts alleged in his

---

[2] Kiefer also concedes that he never complained or expressed concern about not receiving a fixed weekly salary. *See* ECF #168, Plaintiff's Response to Defendant's Statement of Materials Facts and Plaintiff's Additional Statement of Material Fact ("PSF"), ¶19. Rather, Kiefer claims he expressed concern over the way overtime pay was calculated, *id.* at ¶19, which is irrelevant to the clear mutual understanding issue. *See* ECF #141, MMOL, p. 24.

3

complaint because conclusory allegations are insufficient to make a prima facie case on a summary judgment motion).

  D. <u>There Is No Material Issue Of Fact Kiefer Was Paid On A Salary Basis And Received At Least His Fixed Weekly Salary Every Week He Worked</u>

Against the overwhelming weight of evidence presented in Defendant's motion that Kiefer was paid a weekly salary, Kiefer maintains that he was paid on an hourly basis because Defendant's internal payroll records reference an hourly rate and he was allegedly paid less than $865.38 on three occasions - April 15, 2011, December 2, 2011 and January 6, 2012. Kiefer's arguments are demonstrably false and insufficient to defeat motion for summary judgment.

  1. *Kiefer Concedes That The Use Of An Hourly Rate On Pay Records Is Insufficient To Prove That Kiefer Was Paid On An Hourly Basis*

According to the Department of Labor, an employer's use of the FWW is not disqualified where an employer's payroll software converts an employee's weekly salary into an hourly rate, as was the case here. *See* ECF #141, MMOL, p. 20. Additionally, the use of an hourly value to track employee use of PTO does not invalidate the FWW. *See id*. at p. 18. Kiefer does not rebut any of the authorities Defendant cites to in its motion or offer any legal authority to the contrary. Hence, Kiefer's continued reliance on payroll record nomenclature is insufficient to present a genuine issue of fact to defeat summary judgment.

  2. *The April 15, 2011 Paystub*

This paystub, which allegedly demonstrates that Defendant paid Kiefer on an hourly basis when he worked fewer than 40 hours, reflects Kiefer's first week of employment. Kiefer began his employment on a Monday and the stores are open 7 days

a week. *See* ECF #138-1, Defendant's Statement of Materials Facts ("DSF"), ¶1. As shown on each and every pay stub, Defendant's pay period began on Sunday. *See id*, ¶12. An employer is not obligated to pay an employee his full weekly salary during his first week of employment where the employee is not in payroll status for the entire week. *See* ECF #141, MMOL, pp. 19-20.

In response, Kiefer claims that Defendant confuses the "salary basis test" with the FWW "fixed amount requirement." Defendant's position is consistent with the U.S. Department of Labor Field Operations Handbook's guidance *under the FWW* on the initial week of employment and case law. *See id.* at pp. 19-20. Kiefer's response is completely off point.

### 3. *December 2, 2011 and January 6, 2012 Paystubs*

Kiefer completely ignores the PTO benefit he received in the weeks reflected in these paystubs. *See* MMOL at 17-19. Defendant provides ample authority that an employer's use of PTO is not incompatible with the FWW, which Kiefer has not challenged in his opposition. When PTO is accounted for, as it must be, it is clear that Defendant paid Kiefer at least his fixed weekly salary. There is simply no evidence that Kiefer was paid improperly.

Kiefer attempts to defeat summary judgment by alleging, without any factual basis, that Defendant had a policy of making deductions from ASM salaries when they worked less than 40 hours and had no accrued PTO time. However, Kiefer admits that no such deductions were made from his pay. Kiefer did not allege this purported unlawful pay deduction policy in his Amended Complaint and references it in only a single sentence in his 35-page certification motion. Notably, neither his declaration in support

5

of his conditional certification motion, nor his supplemental declaration to his opposition to Defendant's MMOL attest to personal knowledge about this alleged deduction policy. Not even the declarations of Pagano and Everhart allege the existence of such a policy or that either was ever injured by such a policy. *See* ECF #115, Swartz Dec., Exs. 6-7, Decs. of Everhart and Pagano. Kiefer's allegation that Defendant had an unlawful deduction policy in violation of the FWW is based on nothing more than speculation.

Kiefer cites to *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) in support of his argument that despite the absence of any evidence whatsoever in his pay records of Defendant having such a policy, summary judgment should be denied because there may be evidence of such a policy in the records of *other* opt-ins and potential class members. *Hoffman* stands for no such proposition. To begin with, *Hoffman* concerns the salary basis test for FLSA exemptions. Kiefer and his counsel themselves argue that "the salary basis test for exemption purposes *does not apply to the FWW analysis*." ECF #171, Opposition Brief, p. 19. Moreover, in *Hoffman*, the employer had an admitted published policy of making deductions. There is no such admission here because no such policy existed. In fact, a corporate document dated July 30, 2007, which Kiefer attaches to his certification motion and only selectively cites to on this point,[3] plainly states that the payroll processing for ASMs "will be set up as <u>salaried</u> non-exempt" and that a "new query" would be established to "<u>ensure that [Defendant] pay[s] 40 hrs</u>" to all ASMs. ECF #115, Swartz Dec., Ex. 10 (emphasis added).

---

[3] Kiefer only cites the portion of the document which states that when ASMs work less than 40 hours, Defendant's payroll department should call the store to inquire about the circumstances. *See* ECF #114, Plaintiff's Brief In Support of Conditional Certification, pp. 6, 10.

6

In further support of his argument, Kiefer disingenuously cites to 38 instances of alleged underpayment in the pay records of *other* employees. *See* ECF #171, Opposition Brief, p. 18. Of the 38 instances referenced, 15 occurred *after* July 1, 2012, when, as Kiefer clearly knows, Defendant changed its pay system from the FWW to an hourly one wherein the employee is paid only for hours worked. *See* ECF #168, PSF, ¶¶39, 48-50, 69-70, 76-84, 99. These instances must obviously be disregarded as they fall outside of the relevant period. In another 16 of the cited instances, the ASM was paid at least his fixed salary when his PTO bank payment is accounted for, as it must be. *See id.*, ¶¶60-61, 63, 66-68, 71-75, 85-86, 88-90. Another of the cited instances is Plaintiff's initial employment week when, as previously discussed, a pro-rated payment was proper. It is believed that the remaining referenced instances are likely initial weeks, termination weeks or will have other bona fide explanations when time and personnel records are examined.[4]

As the above 32 explained instances establish, Plaintiff's reference to the records, without more, as being evidence of some untoward policy is entirely speculative and unfounded.[5] It is precisely this type of sheer speculation that the *Hoffman* court rejected:

---

[4] For example, in the case of Everhart, careful review of the payroll records Plaintiff attaches strongly suggest that the second of the two separate payroll checks Everhart received on March 5, 2010 for 20.5 hours was intended to correct an apparent payroll deficiency that resulted in Everhart getting paid for only 19.5 hours of work on December 31, 2009. *Cf.* ECF #168, PSF, ¶¶30, 62 to Michailidis Dec., April 16, 2013 ("Michailidis Reply Dec."), ¶2, Ex. Y. In other words, a one-time payroll deficiency that appears to have been corrected over three years ago is being used by Plaintiff as evidence of two alleged instances of Defendant's purported policy to pay less than an ASM's fixed weekly salary when PTO was not available.

[5] Even if occasional deductions did occur, summary judgment should still be granted because they are not evidence of a broad policy. *See Cash v. Conn Appliances*, 2 F. Supp. 2d 884, 906 (E.D. Tex. 1997) (granting defendant summary judgment where plaintiff speculated occasional deductions of other employees paid pursuant to the FWW method was part of a broad policy).

7

> To find a "significant likelihood" of deductions, [the Supreme Court's decision in *Auer v. Robbins*, cite] further provides that there must be evidence of "a clear and particularized policy" -- one which 'effectively communicates that deductions will be made in specified circumstances.

*Hoffman, supra,* 982 F. Supp. at 254. Kiefer's *post hoc* conclusory claim that Defendant had an unlawful PTO policy is entirely speculative and is not supported by any evidence whatsoever. Summary judgment cannot be defeated on such speculative claims. *See Ellis v. J.R.'s Country Stores, Inc.*, 2012 U.S. Dist. LEXIS 175257, *10-11 (D. Col. Dec. 11, 2012) (rejecting named FLSA plaintiff's speculative argument that the pay records and potential claims of other potential class members could defeat summary judgment).

## II. KIEFER IMPROPERLY ASSERTS NEW CLAIMS IN OPPOSITION

Kiefer's Opposition alleges new claims regarding Defendant's bonus plan and purported deduction policy (discussed above). These claims are not in the Amended Complaint[6] and were not relied upon by Kiefer in his motion for certification. Kiefer also did not make any allegations regarding these purported unlawful policies in his declaration in support of his conditional certification motion or his supplemental declaration in support of his opposition to Defendant's MMOL. *See* ECF #115, Ex. 2, ECF #169, Ex. 41.

The reason Kiefer did not previously make these allegations is because these are *not* his claims. Kiefer never received a bonus or suffered a deduction in salary based on a

---

[6] Plaintiff also now alleges for the first time that Defendant's "Holiday Pay Plan" is inconsistent with the FWW because holiday pay is a payment in addition to the fixed salary. This new claim is meritless as holiday pay is a fringe benefit that is no different than the sick or vacation time included in ASMs PTO banks. *See Aiken v. County of Hampton,* 977 F. Supp. 390, 397 (D.S.C. 1997), *aff'd* 172 F.3d 43 (4th Cir. 1998) (holiday pay is a fringe benefit consistent with the FWW); *see also Mitchell v. Firstrust Mortg., Inc.*, 2013 U.S. Dist. LEXIS 16563, at *2 (D. Kan. Feb. 7, 2013); *Daniels v. Michiana Metronet, Inc.,* 2010 U.S. Dist. LEXIS 43686, at *15 (N.D. Ind. May 3, 2010); *Mitchell v. Abercrombie & Fitch Co.,* 428 F. Supp. 2d 725, 730 (S.D. Ohio 2006).

8

lack of PTO. Therefore, he could not allege that he was similarly situated to any of the other ASMs, such as Pagano or Everhart, who are not plaintiffs in this action and who he now argues *may* have these claims. In any event, it is too late in the day for Kiefer to assert new claims in an effort to avoid summary judgment. *See Thomas v. Egan*, 1 Fed. Appx. 52, 54 (2d Cir. 2001) (because "[a] claim must be set forth in the pleadings, in order to give defendants fair notice of the nature of the plaintiff's claim…it is inappropriate to raise new claims for the first time in submissions in opposition to a summary judgment motion"); *Clarke v. JPMorgan Chase Bank, N.A.*, 2010 U.S. Dist. LEXIS 33264 (S.D.N.Y. Mar. 26, 2010) ("[b]ecause a failure to assert a claim until the last minute will inevitably prejudice the defendant, courts…have consistently ruled that it is inappropriate to raise new claims for the first time in submissions in opposition to summary judgment").

### III.   KIEFER DOES NOT NEED ADDITIONAL DISCOVERY

Kiefer alternatively argues that the Court should defer considering SAL's motion or deny it so he may obtain additional discovery. However, several months prior to moving for summary judgment, Defendant had produced *all* of Kiefer's pay, time and personnel records, along with written records relating to SAL's pay practices. *See* Michailidis Reply Dec., ¶3, Ex. Z (index of documents produced as of date of Defendant's motion for summary judgment). Kiefer's counsel also took the deposition of Michael Draper, who told Kiefer how he would be compensated at the time of hire. Sufficient discovery has been provided to assess the viability of Kiefer's claim against Defendant.

9

Kiefer would like to utilize Rule 56(d) to engage in a fishing expedition of the records of *other* potential class members to see if he can find any claim that will stick against Defendant. This is an improper use of Rule 56(d). *See Nat'l Union Fire Ins. Co. v. The Stroh Cos., Inc.,* 265 F.3d 97, 117 (2d Cir. 2001) ("a district court may refuse to allow additional discovery if it deems the request to be based on speculation as to what potentially could be discovered"); *see also Seneca Beverage Corp. v. HealthNow N.Y., Inc.*, 200 Fed. Appx. 25, 27 (2d Cir. 2006); *Gray v. Town of Darien,* 927 F.2d 69, 74 (2d Cir. 1991) ("opposing party's mere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify the denial of a summary judgment motion.").

## **CONCLUSION**

Defendant respectfully requests the Court grant Defendant's motion.

**THE DEFENDANT –MORAN FOODS, d/b/a SAVE A LOT LTD.**
By ___/s/ *Eve I. Klein*___

| | |
|---|---|
| Eve I. Klein, Esq. | John M. Wolfson |
| Fed. Bar No. EK6747 | Benjamin M. Wattenmaker |
| Evangelos Michailidis, Esq. | FEINER WOLFSON LLC |
| Fed. Bar No. EM3383 | One Constitution Plaza, Ste. 900 |
| DUANE MORRIS LLP | Hartford, CT 06103 |
| 1540 Broadway | Juris No. 415049 |
| New York, NY 10036 | Tel: (860) 713-8900 |
| Tel. (212) 692-1000 | Fax: (860) 713-8905 |
| Fax. (212) 214-0650 | |

## CERTIFICATION

I hereby certify that on this **16th** day of April**, 2013**, a copy of the above document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing. A complete, duplicate copy of this document has been forwarded directly to Judge Young in Boston, MA.

                                             /s/ *Evangelos Michailidis*
                                             Evangelos Michailidis, Esq.