UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MORAN FOODS, INC., d/b/a SAVE A LOT LTD.;<br>　　　　　Defendant. | ECF NO.:<br><br>3:12-CV-00756 (WGY)<br><br>April 16, 2013 |

**<u>MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL CLASS INFORMATION
AND TO EXTEND THE DEADLINE FOR DISPOSITIVE MOTIONS</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

I. Defendant Has Unilaterally Refused to Produce Class Member Email Addresses ............ 3

II. Defendant Has Unilaterally (And Belatedly) Excluded Thousands of ASMs from
    the Class ............................................................................................................................. 6

III. The Court Should Order Defendant to Produce Payroll Records and Time Records
     For Opt-In Plaintiffs Within 5 Days After They Opt In ..................................................... 9

IV. Defendant Should Produce Payroll Information for Opt-In Plaintiffs Through
    the Present ........................................................................................................................ 10

V. The Court Should Grant Plaintiff's Scheduling Requests for the Sake of Efficiency
   and Judicial Economy ...................................................................................................... 10

    A. The Dispositive Motion Deadline Should Be Extended Until After
       Discovery Ends ..................................................................................................... 10

    B. The May 2, 2013 Argument On Defendant's Early Summary Judgment Motion
       Should Be Adjourned Until After Discovery Ends and Plaintiff Has a Chance
       to File a Cross-Motion ......................................................................................... 11

CONCLUSION ............................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allard v. Post Road Entm't*,
   No. 11 Civ. 901, 2012 WL 951917 (D. Conn. Mar. 20, 2012) ............................................. 4, 6

*Ayers v. SGS Control Sers., Inc.*,
   No. 03 Civ. 9078, 2004 WL 2978296 (S.D.N.Y. Dec. 21, 2004) ............................................. 9

*Barfield v. N.Y. City Health & Hosps. Corp.*,
   537 F.3d 132 (2d Cir. 2008) ............................................................................................. 7

*Barton v. Pantry, Inc.*,
   No. 04 Civ. 748, 2006 WL 2568462 (D.N.C. Aug. 31, 2006) ............................................. 5

*Cunningham v. Elec. Data Sys. Corp.*,
   754 F. Supp. 2d 638 (S.D.N.Y. 2010) ............................................................................. 8

*Fei v. WestLB AG*,
   No. 07 Civ. 8795, 2008 WL 7863592 (S.D.N.Y. Apr. 23, 2008) ............................................. 5

*Glatt v. Fox Searchlight Pictures Inc.*,
   No. 11 Civ. 6784, 2012 WL 2108220 (S.D.N.Y. June 11, 2012) ............................................. 4

*Gortat v. Capala Bros., Inc.*,
   No. 07 Civ. 3629, 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) ............................................. 7

*Hammond v. Lowe's Home Ctrs., Inc.*,
   216 F.R.D. 666 (D. Kan. 2003) ............................................................................................. 5

*Herman v. RSR Sec. Servs. Ltd.*,
   172 F.3d 132 (2d Cir. 1999) ............................................................................................. 8

*Hoffmann v. Sbarro, Inc.*,
   982 F. Supp. 249 (S.D.N.Y. 1997) ............................................................................. 9

*Jacob v. Duane Reade, Inc.*,
   No. 11 Civ. 0160, 2012 WL 260230 (S.D.N.Y. Jan. 27, 2012) ............................................. 4

*Johnson v. VCG Holding Corp.*,
   802 F. Supp. 2d 227 (D. Me. July 25, 2011) ............................................................................. 8

*Kane v. Gage Merch. Servs., Inc.*,
   138 F. Supp. 2d 212 (D. Mass. 2001) ............................................................................. 5

*Koo v. Rubiois Rests., Inc.*,
 109 Cal. App. 4th 719 (Cal. Ct. App. 2003) ...............................................................................5

*Martinez v. Hilton Hotels Corp.*,
 No. 10 Civ. 7688, 2013 WL 1087211 (S.D.N.Y. Mar. 15, 2013) ............................................11

*Morales v. Cancun Charlie's Rest.*,
 No. 07 Civ. 1836, 2010 WL 7865081 (D. Conn. Nov. 23, 2010)..............................................7

*Morden v. T-Mobile USA, Inc.*,
 No. C05-2112, 2006 WL 1727987 (W.D. Wash. June 22, 2006)..............................................5

*Reece v. United Home Care of N. Atlanta, Inc.*,
 No. 12 Civ. 2070, 2013 WL 895088 (N.D. Ga. Mar. 8, 2013) ..................................................8

*Ruffin v. Avis Budget Car Rental, LLC*,
 No. 11–01069, 2012 WL 2514841 (D.N.J. June 28, 2012) .......................................................8

*Ruggles v. WellPoint, Inc.*,
 591 F. Supp. 2d 150 (N.D.N.Y. 2008) .......................................................................................9

*Stillman v. Staples, Inc.*,
 No. 07-849, 2008 WL 1843998 (D.N.J. April 22, 2008)...........................................................5

*Tucker v. Labor Leasing, Inc.*,
 155 F.R.D. 687 (M.D. Fla. 1994)...............................................................................................5

*Wiegele v. Fed Ex Ground Pkg. Sys.*,
 No. 06 Civ. 01330, 2007 WL 628041 (S.D. Cal. Feb. 8, 2007) ................................................5

*Zheng v. Liberty Apparel Co. Inc.*,
 355 F.3d 61 (2d Cir. 2003).........................................................................................................8

**Other Authorities**

29 C.F.R. § 778.114................................................................................................................11

Fed. R. Civ. P. 56(d) .................................................................................................................2

**PRELIMINARY STATEMENT**

Defendant has unilaterally refused to comply with several of the Court's orders. On March 12, 2013, the Court granted Plaintiff's Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA ("Conditional Certification Motion"), ECF No. 113, and ordered Defendant to produce a list of all ASMs who worked during the relevant period, along with certain information with respect to each ASM. Order on Motion for Conditional Certification ("Conditional Certification Order"), ECF No. 183. On the same day, the Court also ordered Defendants to produce "[p]ayroll records and time records for all named and opt-in plaintiffs . . . as such plaintiffs opt-in." Order on Plaintiff's Motion to Compel Discovery ("Discovery Order"), ECF No. 182.

Defendant has violated these Orders in four respects. First, Defendant has refused to produce email addresses for ASMs even though the Court granted Plaintiff's request for email addresses. Second, Defendant has refused to produce *any information* for ASMs who worked at certain Save-A-Lot stores that Defendant claims were not "corporate-owned." Defendant simply claimed, "[a]s far as we are concerned, they are not part of the class." *See* April 16, 2013 Declaration of Cyrus E. Dugger ("Dugger Decl."), Ex. A (March 27, 2013 Email from Eve I. Klein to Justin M. Swartz ("Klein Mar. 27 Email")). Third, Defendant has failed to produce "payroll records and time records" for Opt-In Plaintiffs as they opt-in, and has refused to provide Plaintiff with a firm time frame for completion of all such data productions. Discovery Order, ECF No. 182; Dugger Decl., Ex. C. (April 12, 2013 Email from Eve I. Klein to Justin M. Swartz ("Klein Apr. 12 Email")). Fourth, Defendant has refused to produce payroll information for Opt-In Plaintiffs through the present, claiming that it cut-off its liability in June 2012 when it abandoned its fluctuating workweek overtime compensation method. Dugger Decl., Ex. B

(March 25, 2013 Email from Eve I. Klein to Justin M. Swartz ("Klein Mar. 25 Email")) ("We will not produce any payroll records after 6/30/12.").

In addition to the relief necessary because of Defendant's discovery violations, Plaintiff seeks two forms of relief with respect to scheduling that would increase efficiency and preserve judicial resources. First, Plaintiff respectfully requests that the deadline for filing dispositive motions be moved from April 30, 2013, three weeks before the close of discovery, to June 21, 2013, four weeks after the close of discovery. Defendant consents to this request. Dugger Decl. ¶ 6.

Second, Plaintiff respectfully requests that the Court adjourn the May 2, 2013 oral argument on Defendant's summary judgment motion so that Plaintiff can update their summary judgment opposition papers with information they have received from Defendant since submitting their original opposition on February 28, 2013, including but not limited to: (1) an expert analysis of the time and payroll data that Defendant began to produce on March 22, 2013, and which is still ongoing (as plaintiffs opt-in); (2) testimony from several Fed. R. Civ. P. 30(b)(6) witnesses; and (3) testimony of other witnesses, including witnesses from whom Defendant obtained declarations supporting its summary judgment motion.[1] If the Court grants this adjournment, it can hear argument on Plaintiff's likely summary judgment motion and Defendant's pending motion simultaneously. Although Defendant is under the misapprehension that its summary judgment motion should be heard immediately because it might end the case,

---

[1] As part of its summary judgment opposition, Plaintiff made an application for more discovery under Fed. R. Civ. P. 56(d), which remains *sub judice*. By the currently-scheduled date of the summary judgment argument, Plaintiff will have obtained some, but not all of the discovery it sought, and will now have an opportunity to use it to supplement its summary judgment opposition.

this is incorrect because it ignores the 330 current (and ever-increasing number of) Opt-In Plaintiffs who have live claims in this case, as Plaintiff explains below. Dugger Decl. ¶ 4.

## ARGUMENT

I. **Defendant Has Unilaterally Refused to Produce Class Member Email Addresses.**

Defendant has refused to produce class member email addresses, despite the Court's clear order that it do so. On March 12, 2013, the Court granted the portion of Plaintiff's motion that requested "a computer readable data file containing all Potential Opt-In Plaintiffs' names, last-known mailing addresses, last-known telephone numbers, *email addresses*, work locations, and dates of employment." Conditional Certification Order, ECF No. 183 (emphasis added).

Defendant's excuse for refusing to produce email addresses is simply that it does not believe the Court meant what it said. Defendant claims that because the Court did not order notice to be sent to class members' email addresses, that the Court did not "intend[] for [Plaintiff] to have them." Dugger Decl., Ex. A (Klein Mar. 27 Email). Plaintiff believes that the Court carefully reviewed Plaintiff's motion and would have struck Plaintiff's request for email addresses, like it struck other parts of Plaintiff's request, had it intended to do so. Instead of moving for clarification or reconsideration, Defendant simply disobeyed the Order.

In Plaintiff's Conditional Certification Motion, Plaintiff requested email addresses, along with other discoverable contact information. *See* Conditional Certification Motion, ECF No. 113. Defendant's only response in opposition was that "Plaintiff has demonstrated absolutely no need for the social security numbers or other inherently private information (telephone numbers, email addresses and dates of employment)," without providing any explanation or case law. Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Collective Class Certification and in Support of its Cross-Motion for Summary Judgment ("Defendant's Brief") at

34, ECF No. 141. However, as a court in this district recently held in rejecting a similar privacy argument, "discovery of names, addresses and e-mail is not extraordinarily invasive of the employees' privacy and any such burden does not outweigh the likely benefit." *Allard v. Post Road Entm't*, No. 11 Civ. 901, 2012 WL 951917, at *2 (D. Conn. Mar. 20, 2012).

Plaintiff needs email addresses because they will allow Plaintiff's counsel to quickly and efficiently communicate with class members, interview them, and obtain additional information from them. *Cf. Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784, 2012 WL 2108220, at *2 (S.D.N.Y. June 11, 2012) (internal quotation marks omitted) ("[D]isclosure of putative class members' telephone numbers and e-mail addresses is appropriate to facilitate the speedy collection of data . . . ."). Plaintiff's counsel may have difficulty contacting some of the Opt-In Plaintiffs if their telephone numbers are disconnected. Already, some of the filed consent forms do not include email addresses, or they are illegible or incomplete. Dugger Decl. ¶ 4. Email addresses will allow Plaintiff's counsel to contact members of the collective with little effort (or cost) and to communicate with many of them at once.

Courts "often grant this kind of request in connection with a conditional certification of an FLSA collective action." *Jacob v. Duane Reade, Inc.*, No. 11 Civ. 0160, 2012 WL 260230, at *9-10 (S.D.N.Y. Jan. 27, 2012) (quoting *Sexton v. Franklin First Fin., Ltd.*, No. 08 Civ. 4950, 2009 WL 1706535, at *13 (E.D.N.Y. June 16, 2009)). In fact, courts regularly order defendants to produce contact information for class members even without conditional or class certification because class members, even those who do not join the case, are witnesses and witness contact

information is discoverable under Fed. R. Civ. P. 26. *Stillman v. Staples, Inc.*, No. 07-849, 2008 WL 1843998, at *6 (D.N.J. Apr. 22, 2008).[2]

Finally, full contact information for class members is especially important here because it will help Plaintiff's counsel define the class. Until they found out about Defendant's unilateral decision that certain "non-corporate" Save-A-Lot ASMs are not part of the case, Plaintiff did not know that the class definition was an issue. Now, however, as explained in Section II, *infra*, it would not be fair to allow Defendant to exclude several thousand ASMs from the case, and eliminate their opportunity to protect their rights, while denying Plaintiff's counsel full access to them, and an opportunity to establish that Defendant is a statutory "employer" that subjected them to the same unlawful policies as Plaintiff.

Email addresses will allow Plaintiff's counsel to easily contact purported "non-corporate" ASMs and obtain information necessary to determine their class membership. Interviewing putative class members can be "of considerable help to [a plaintiff] in his efforts to define the class . . . ." *Fei v. WestLB AG*, No. 07 Civ. 8785, 2008 WL 7863592, at *2 (S.D.N.Y. Apr. 23,

---

[2] *Wiegele v. Fed Ex Ground Pkg. Sys.*, No. 06 Civ. 01330, 2007 WL 628041, at *3-4 (S.D. Cal. Feb. 8, 2007) (approving plaintiffs' motion to compel list of employees prior to certification and requiring production of emails); *Barton v. Pantry, Inc.*, No. 04 Civ. 748, 2006 WL 2568462, at *2 (D.N.C. Aug. 31, 2006) ("The Court recognizes that the named Plaintiffs (including opt-ins to this date) have a present discovery need for the names of potential witnesses who may have information relevant to their individual claims."); *Morden v. T-Mobile USA, Inc.*, No. C05-2112, 2006 WL 1727987, at *2 (W.D. Wash. June 22, 2006) (granting plaintiffs' motion to compel list of employees without a motion for conditional certification pending); *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 672-73 (D. Kan. 2003) (ordering production of list of co-workers prior to certification); *Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp. 2d 212, 215 (D. Mass. 2001) (granting plaintiff's motion seeking an order directing defendant to provide names and addresses of its employees); *Tucker v. Labor Leasing, Inc.*, 155 F.R.D. 687, 690 (M.D. Fla. 1994) (same); *Koo v. Rubiois Rests., Inc.*, 109 Cal. App. 4th 719, 736 (Cal. Ct. App. 2003) (quoting *Atari, Inc. v. Superior Court*, 166 Cal. App. 3d at 867, 869 (Cal. Ct. App. 1985)) ("[A]s a general rule, before class certification has taken place, all parties are entitled to 'equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties.'").

2008); *see also Allard*, 2012 WL 951917, at *2 ("In this case, the plaintiff has a good faith need for the putative class list to enable her to define the class and identify similarly situated employees . . . .").

## II.  Defendant Has Unilaterally (And Belatedly) Excluded Thousands of ASMs from the Class.

The Court should order Defendant to produce contact information for thousands of purported "non-corporate" ASMs that Defendant unilaterally excluded from the class list it produced on March 26, 2013.  Dugger Decl. ¶ 3.  Defendant did not disclose its pronouncement that certain ASMs were not part of the case until Plaintiff's counsel looked at the class list and explored why it included only approximately 2,186 class members when there are 1,332 SAL stores nationwide.  *Id.*  Only after Plaintiff's counsel asked Defendant whether the list included all ASMs, in corporate stores and non-corporate stores, did Defendant come clean and admit that it excluded all ASMs from non-corporate stores.  *Id.*, Ex. A (Klein Mar. 27 Email).

Defendant should have told Plaintiff and the Court that it planned to exclude non-corporate ASMs from the class list instead of waiting for Plaintiff to catch it.  Plaintiff's complaint made no distinction between corporate ASMs and non-corporate ASMs.  *See* Plaintiff's Amended Class Action Complaint ("Amended Complaint") ¶ 5, ECF No. 53 ("Plaintiff brings this action on behalf of himself and similarly situated current and former Save-a-Lot ASMs who elect to opt-in to this action . . . .").  Defendant did not move to dismiss any part of the Amended Complaint.

Likewise, Plaintiff's Conditional Certification Motion made no distinction between corporate ASMs and non-corporate ASMs.  Conditional Certification Motion at 1, ECF 113.  Defendant did not oppose Plaintiff's Conditional Certification Motion on the grounds that some ASMs should be excluded because they worked in "non-corporate" Save-A-Lot stores.  The

6

Court consequently ordered production of ASM contact information without distinguishing between corporate and non-corporate stores. Plaintiff's December 17, 2012 Memorandum of Law in Support of its Certification Motion ("Conditional Certification Brief") at 19, ECF No. 114; Conditional Certification Order, ECF No. 183.

On March 27, 2013, more than three months after Plaintiff filed its Conditional Certification Motion, and more than two weeks after the Court granted it, Defendant finally admitted, when pressed by Plaintiff, that it had unilaterally excluded some ASMs from the class. Dugger Decl. ¶ 3. For the first time, Defendant claimed that it is not obligated to produce contact information for ASMs who worked at "licensed" stores. *See* Dugger Decl., Ex. A (Klein Mar. 27 Email) ("The [produced class] list does not include licensed stores. . . . As far as we are concerned, they are not part of the class and have nothing to do with this lawsuit.").

As an initial matter, Defendant should not be allowed to raise this argument now after having failed to make it throughout this case. An argument not timely raised is waived. *See Gortat v. Capala Bros., Inc.*, No. 07 Civ. 3629, 2010 WL 1423018, at *11 (E.D.N.Y. Apr. 9, 2010) ("As an initial matter, defendant[] failed to make this argument in [its] brief opposing certification of the collective action . . . and thus the argument is waived.").

If the Court is willing to hear Defendant's objection, Defendant will likely argue that it is not the FLSA "employer" of the non-corporate ASMs. Plaintiff will argue that the non-corporate ASMs were "employed" by Defendant just like all of the other ASMs because Defendant set the policies that Plaintiff is challenging in this lawsuit. *See Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (internal quotation marks omitted) ("[A]ll joint employers are responsible, both individually and jointly, for compliance with all the applicable provisions of the [FLSA] . . . .") (quoting 29 C.F.R. § 791.2(a)); *Morales v. Cancun Charlie's*

*Rest.*, No. 07 Civ. 1836, 2010 WL 7865081, at *3 (D. Conn. Nov. 23, 2010) (noting that "[t]he Supreme Court has recognized that the FLSA's definition of 'employer' is expansive"). Congress purposefully defined "employer" broadly to enable employees to sue any individual or entity with "the power to control" the terms and conditions of their employment and not just their direct employer. *See Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 69-72 (2d Cir. 2003); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). In any event, this is a merits question that the Court should not resolve on a conditional certification motion. *See Reece v. United Home Care of N. Atlanta, Inc.*, No. 12 Civ. 2070, 2013 WL 895088, at *5 (N.D. Ga. Mar. 8, 2013) ("[D]etermining whether a defendant is a joint employer for purposes of FLSA liability is not appropriate at the notice stage for conditional certification."); *Johnson v. VCG Holding Corp.*, 802 F. Supp. 2d 227, 239 (D. Me. July 25, 2011) (issues relating to liability as a joint employer "are properly reserved for dispositive motions or for the second stage of the class certification process"); *Ruffin v. Avis Budget Car Rental, LLC*, No. 11–01069, 2012 WL 2514841, at *5 (D.N.J. June 28, 2012) (internal quotation marks omitted) ("[I]n instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination."); *see also Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (in exercising its discretion at the conditional certification stage, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations").

What is important now is that all Save-A-Lot ASMs – whether "corporate" or not – receive notice of this case and their right to join it. If the Court ultimately determines that some Save-A-Lot ASMs should not be part of this case, it can dismiss their claims after discovery and

8

a proper motion by Defendant. Time is of the essence because ASMs' claims are diminished or extinguished every day, *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997), and notice will halt their continued erosion. *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 161 n.12 (N.D.N.Y. 2008).

Providing notice to the Save-A-Lot ASMs Defendant excluded will ensure they can preserve their FLSA claims, but presents no actual prejudice to Defendant who will later have an opportunity to seek to decertify all or portions of the certified collective, or move for summary judgment on the non-corporate opt-ins' claims. The court "need not actually hold that [the disputed Save-A-Lot ASMs] . . . are, in fact, similarly situated to plaintiff[]" in order to grant conditional certification. *See Ayers v. SGS Control Sers., Inc.*, No. 03 Civ. 9078, 2004 WL 2978296, at *6 (S.D.N.Y. Dec. 21, 2004). If discovery demonstrates otherwise, the Court may subdivide the class or dismiss part of it. *Id.*

Because potential Opt-In Plaintiffs' claims diminish and expire every day, however, the real harm arises from *the failure* to provide notice, not from providing notice to opt-ins who may or may not later be subject to decertification or summary judgment.

### III. The Court Should Order Defendant to Produce Payroll Records and Time Records For Opt-In Plaintiffs Within 5 Days After They Opt In.

In violation of the Court's March 12, 2013 Order, ECF No. 183, Defendant has not produced time or payroll information for 298 Opt-In Plaintiffs, most of whom have joined the case in response to the Court-authorized notice (issued on April 5, 2013). Dugger Decl. ¶ 5. It has not even produced time or payroll information for some Opt-In Plaintiffs *that filed consent forms in 2012*. *Id.* Defendant has refused to provide Plaintiff's counsel with a specific time-frame in which it will produce all available data for Opt-In Plaintiffs as they join the case. Dugger Decl., Ex. C (Klein Apr. 12 Email). Defendant, a large corporate entity with access to

9

information on live electronic databases, offered that "it will produce the information as quickly as it can." *Id.*

## IV. Defendant Should Produce Payroll Information for Opt-In Plaintiffs Through the Present.

Defendant has refused to produce any payroll information for Opt-In Plaintiffs after June 30, 2012, when it claims to have abandoned its fluctuating workweek method of calculating overtime. Dugger Decl., Ex. B (Klein Mar. 25 Email) ("We will not produce any payroll records after 6/30/12."). Plaintiff's Motion to Compel Discovery and Memorandum in Support, ECF Nos. 103, 104, did not contain this cut-off, nor did the Court's Order granting it in part. Discovery Order, ECF No. 182. Again, Defendant simply refuses to produce discovery without seeking reconsideration or clarification. Plaintiff should not be required to simply accept Defendant's promise that it began paying its ASMs properly – he should be allowed to confirm it by looking at the data. Defendant cites no authority for the proposition that a plaintiff in an overtime lawsuit is only entitled to see some of his or her own time and payroll records.[3]

## V. The Court Should Grant Plaintiff's Scheduling Requests for the Sake of Efficiency and Judicial Economy.

### A. The Dispositive Motion Deadline Should Be Extended Until After Discovery Ends.

Plaintiff respectfully requests that the deadline for filing dispositive motions be moved from April 30, 2013, which is three weeks before the end of discovery, to June 21, 2013, which

---

[3] What's worse, Defendant refused to produce *any* of the class contact information that the court ordered unless plaintiff agreed to accept the data without ASMs who worked beyond June 30, 2012, holding all other class members' contact information hostage. Dugger Decl., Ex. B (Klein Mar. 25 Email). Given the need to get notice out quickly, Plaintiff agreed to Defendant's demands in order to get the information and send notice as quickly as possible. Dugger Decl. ¶ 8.

10

is four weeks after the end of discovery.[4] This will allow Plaintiff to complete discovery on May 22, 2013, and take several weeks to digest what he has obtained and prepare his likely class-wide motion for summary judgment. Defendant does not oppose this request (subject to the caveat that it maintains this extension would also apply to a motion for decertification). Dugger Decl. ¶ 6.

### B. The May 2, 2013 Argument On Defendant's Early Summary Judgment Motion Should Be Adjourned Until After Discovery Ends and Plaintiff Has a Chance to File a Cross-Motion.

Plaintiff respectfully requests that the Court adjourn the May 2, 2013 oral argument on Defendant's summary judgment motion so that Plaintiff can update his summary judgment opposition papers with information they have received from Defendant since submitting their original opposition on February 28, 2013. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Opposition"), ECF No. 171. This will include an expert analysis of Defendant's time and payroll data, which is currently in progress, and will have to be updated as Defendant produces time and payroll information for new Opt-In Plaintiffs, as per the Court's March 12, 2013 Order. Discovery Order, ECF No. 182. Based on preliminary results, Plaintiff expects this analysis to demonstrate that Defendant cannot prove its fluctuating workweek ("FWW") affirmative defense because its nationwide policy, that applied to Plaintiff and all other ASMs, was not to pay ASMs a "fixed amount as straight time pay for whatever hours [they were] called upon to work in a workweek, whether few or many," as required under the FWW. 29 C.F.R. § 778.114. Specifically, it will likely show that Defendant paid ASMs on an hourly basis when they worked fewer than 40 hours in a workweek. It will

---

[4] The Court should also extend the deadline to file the Joint Trial Memorandum from June 21, 2013 to July 8, 2013. Defendant consents to this request. Dugger Decl. ¶ 7.

11

also likely show that Defendant's policy was to pay ASMs bonuses, but not to include them when it calculated the regular rates for overtime purposes, *see Martinez v. Hilton Hotels Corp.*, No. 10 Civ. 7688, 2013 WL 1087211, at *14-16 (S.D.N.Y. Mar. 15, 2013), among other FWW violations. This analysis will be based on payroll data that Defendant began to produce on March 22, 2013. Dugger Decl. ¶ 5.

Plaintiff is also scheduled to take Fed. R. Civ. P. 30(b)(6) depositions on April 25, and 30, 2013 in St. Louis, MO, as well as obtain the testimony of other witnesses, including witnesses from whom Defendant obtained declarations supporting its summary judgment motion.

If the Court were to grant this adjournment, it could hear argument on Plaintiff's likely summary judgment motion and Defendant's pending motion simultaneously. Although Defendant is under the misapprehension that its summary judgment motion should be heard immediately because it might end the case, this is incorrect because it ignores the 330 current (and ever-increasing number of) Opt-In Plaintiffs who have live claims in this case that they would continue to pursue.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court: (1) order that Defendant comply with the Court's Conditional Certification Order, ECF No. 183, and produce email addresses for ASMs; (2) order that Defendant comply with the Court's Conditional Certification Order, ECF No. 183, and provide contact information for all ASMs for all Save-A-Lot stores (whether or not Defendant describes them as "licensed stores"); (3) order production of Opt-In Plaintiffs' payroll and time data within five calendar days of the filing of a consent form; (4) order that Defendant comply with the Court's Discovery Order, ECF No. 182, and produce

payroll information for Opt-In Plaintiffs through the present; (5) extend the deadline for dispositive motions from April 30, 2013 until June 21, 2013; (6) extend the deadline for submission of the Joint Trial Memorandum from June 21, 2013 to July 8, 2013; and (7) adjourn the May 2, 2013 oral argument until after the close of discovery.

Dated: April 16, 2013
      New York, New York

    Respectfully submitted,

    **OUTTEN & GOLDEN LLP**

    /s/ *Justin M. Swartz*
    **OUTTEN & GOLDEN LLP**
    Justin M. Swartz (*pro hac vice*)
    Cyrus E. Dugger (*pro hac vice*)
    Elizabeth Wagoner (*pro hac vice*)
    3 Park Avenue, 29th Floor
    New York, New York 10016
    Telephone: (212) 245-1000
    Facsimile: (212) 977-4005
    jms@outtengolden.com
    cdugger@outtengolden.com
    ewagoner@outtengolden.com

    **THE HAYBER LAW FIRM, LLC**
    Richard Hayber
    Erick I. Díaz Vázquez
    221 Main Street, Suite 502
    Hartford, CT 06106
    Telephone: (203) 522-8888
    Facsimile: (203) 915-9555
    rhayber@hayberlawfirm.com
    ediaz@hayberlawfirm.com

    ***Attorneys for Plaintiff, the Collective, and the Class***

# CERTIFICATION OF SERVICE

      I hereby certify that on April 16, 2013 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                    */s/ Justin M. Swartz*