UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated, | ECF NO.: |
| Plaintiff, | 3:12-CV-00756 (WGY) |
| v. | May 1, 2013 |
| MORAN FOODS, INC., d/b/a SAVE A LOT LTD.; | |
| Defendant. | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE POST-ARGUMENT BRIEFING**

Plaintiff respectfully requests leave to file supplemental briefing in opposition to Defendant's Motion for Summary Judgment ("Summary Judgment Motion"), ECF No. 138, following the May 2, 2013 oral argument. Plaintiff makes this request in order to provide the Court with additional relevant evidence obtained since Plaintiff filed his Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Opposition Brief") ECF No. 171, on February 28, 2013.

Since Plaintiff filed his Opposition Brief, he has obtained additional evidence supporting denial of Defendant's Motion for Summary Judgment, including but not limited to: (1) the payroll and time records for 398 Opt-In Plaintiffs that Defendant first began producing on a rolling basis beginning March 22, 2013 (there are now more than 470 Opt-In Plaintiffs for whom Plaintiff will obtain payroll and time records); (2) an expert analysis of the payroll and time records, which is a work in progress, and the preliminary results of which suggest that Defendant's compensation plan violates the fluctuating work in several respects; (3) Plaintiff's April 19, 2013 deposition testimony; (4) April 25 and 30, 2013 Fed. R. Civ. P. 30(b)(6) deposition testimony (these depositions are not closed and there are additional depositions contemplated prior to the May 22, 2013 discovery deadline); (5) information obtained from approximately 80 interviews of Opt-In Plaintiffs; and (6) information in documents that Defendant recently produced, including earlier this week.

This additional evidence is relevant to Plaintiff's own claims as well as the claims of more than 470 individuals who have joined this case since the Court conditionally certified it as a collective action.[1] Along with evidence that Plaintiff will obtain throughout the rest of

---

[1] Even if Plaintiff's own claims are somehow flawed, which they are not, the claims of the rest of the class remain. *See Franks v. Bowman Transp. Co., Inc.*, 424 U.S. 747, 753 (1976) (in

discovery, this evidence will demonstrate that Defendant's compensation plan, which undisputedly applied to Plaintiff and all other Assistant Store Managers (outside of California), did not comply with the fluctuating workweek method of compensation.[2]

Dated: May 1, 2013
      New York, New York

                                 Respectfully submitted,

                                 **OUTTEN & GOLDEN LLP**

                                 /s/ *Justin M. Swartz*
                                 **OUTTEN & GOLDEN LLP**
                                 Justin M. Swartz (*pro hac vice*)
                                 Cyrus E. Dugger (*pro hac vice*)
                                 Elizabeth Wagoner (*pro hac vice*)
                                 3 Park Avenue, 29th Floor
                                 New York, New York 10016
                                 Telephone:  (212) 245-1000
                                 Facsimile: (212) 977-4005
                                 jms@outtengolden.com
                                 cdugger@outtengolden.com
                                 ewagoner@outtengolden.com

---

the Fed. R. Civ. P. 23 context, after certification, "the class . . . acquire[s] a legal status separate from the interest asserted by (the named representative)").

[2]    A compensation plan that does not comply with the fluctuating workweek method of overtime calculation violates the FLSA and gives rise to valid claims by any worker who is subject to it.  Courts do not require every class members' individual payroll records to contain evidence of the improper practices.  *See Dooley v. Liberty Mut. Ins. Co.*, 369 F. Supp. 2d 81, 87 (D. Mass. 2005) (emphasis added) ("Even [if] . . . employees may have, in fact, received a fixed salary, they did not have a 'clear mutual understanding' that the employer will pay that fixed salary regardless of hours worked," *because [the employer] would not have paid a 'fixed salary'"); Adeva v. Intertek, Inc.*, No. 09 Civ. 1096, 2010 WL 97991 at *3 (D.N.J. Jan 10, 2010) (emphasis added) ("Consequently, the Court holds that Defendants are precluded from using the FWW method of payment as such premiums and bonuses run afoul of the 'fixed salary' requirement of 29 C.F.R. § 778.114(a). . . . as *Defendants' FWW compensation methodology violates the FLSA*."); United States Dep't of Labor Opinion Letter, 2006 WL 1488849 (May 12, 2006) (emphasis added) (citing 29 C.F.R. § 778.306(b)) (if an employer makes reductions to employees' purported weekly salaries "the practice of making such deductions would raise questions *as to the validity of the compensation plan*.").

2

                                                        3

**THE HAYBER LAW FIRM, LLC**
Richard Hayber
Erick I. Díaz Vázquez
221 Main Street, Suite 502
Hartford, CT 06106
Telephone:  (203) 522-8888
Facsimile:  (203) 915-9555
rhayber@hayberlawfirm.com
ediaz@hayberlawfirm.com

*Attorneys for Plaintiff, the Collective, and the Class*

**CERTIFICATION OF SERVICE**

I hereby certify that on May 1, 2013, a copy of the above document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. A complete, duplicate copy of this document has been forwarding directly to Judge Young in Boston, MA. Parties may access this filing through the Court's CM/ECF System.

           */s/ Justin M. Swartz*
           Justin M. Swartz