## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated, | ECF NO.: |
| Plaintiff, | 3:12-CV-00756 (WGY) |
| v. | May 13, 2013 |
| MORAN FOODS, INC., d/b/a SAVE A LOT LTD.; | |
| Defendant. | |

**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF DISCOVERY AND DISPOSITIVE MOTION BRIEFING SCHEDULE**

Plaintiff, through his undersigned counsel, hereby moves, pursuant to Local Rule 7(b) to: (1) extend the May 22, 2013 discovery deadline to June 21, 2013; (2) extend the deadline for production of Plaintiff's expert report(s) from February 22, 2013 to July 22, 2013 and the deadline for submission of Defendant's rebuttal expert report(s) from February 22, 2013 to August 6, 2013; (3) extend the deadline to move for exclusion of experts from April 30, 2013 to August 15, 2013; and (4) extend the deadline to file dispositive motions, motions for class certification, and motions for decertification from June 21, 2013 to August 20, 2013.  Defendant consents to the requested extensions.

The parties have been diligently conducting discovery in an attempt to meet the current deadlines but will be unable to do so.  Plaintiff intends to continue the Fed. R. Civ. P. 30(b)(6) deposition on Defendant's payroll and compensation policies and practices that he began in St. Louis, MO on April 25, 2013 and April 30, 2013.   There are also a number of witnesses of whom he learned at these depositions whom he intends to depose, as well as a number of documents about which he learned that he intends to demand.

The Parties are also working together in an effort to complete data production, including time data and payroll data.  Defendant inadvertently produced some payroll data that should not have been produced, which will cause Plaintiff's expert to need to re-do some of his work.  In addition, Defendant is attempting to produce electronic time records in a form that Plaintiff can use and that contains all of the information Plaintiff needs.  When this production is complete, Plaintiff's expert can continue his analysis.  In addition, because the opt-in period closes on July 5, 2013, Plaintiff will not have a complete data set until shortly thereafter.

The parties have scheduled depositions of the individuals from whom Defendant obtained declarations supporting Defendant's summary judgment motion.  Defendant has also stated an intention to depose approximately 8 opt-in Plaintiffs, to which Plaintiff has consented.

In addition, an extension is necessary because Plaintiff's Motion to Compel, ECF No. 208, is currently pending, and, based on the parties' ongoing discussions, it is likely that there will be some additional discovery motion practice.[1]

We thank the Court for its attention to this matter.

Dated: New York, New York
May 13, 2013

/s/ *Justin M. Swartz*
**OUTTEN & GOLDEN LLP**
Justin M. Swartz (*pro hac vice*)
Cyrus E. Dugger (*pro hac vice*)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

---

[1] After a portion of Plaintiff's Fed. R. 30(b)(6) deposition, some additional document production, and further meet and confer sessions with Defendant, Plaintiff will withdraw the portion of his Motion to Compel that seeks to require Defendant to provide contact information for the stores that Defendant describes as licensed stores.  Following an agreement with Defendant to provide payroll information in a timely manner, Plaintiff also withdraws that aspect of his Motion to Compel that seeks to require Defendant to produce Opt-In Plaintiffs' payroll and time data within five calendar days of the filing of a consent form.

Facsimile: (212) 977-4005
jms@outtengolden.com
cdugger@outtengolden.com

**THE HAYBER LAW FIRM, LLC**
Richard Hayber
Erick I. Díaz Vázquez
221 Main Street, Suite 502
Hartford, CT  06106
Telephone:  (203) 522-8888
Facsimile:  (203) 915-9555
rhayber@hayberlawfirm.com
ediaz@hayberlawfirm.com

*Attorneys for Plaintiffs, the Collective, and the Putative Class*

**CERTIFICATION OF SERVICE**

I hereby certify that on May 13, 2013, the above document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.  A complete, duplicate copy of this document has been forwarded directly to Judge Young in Boston, MA.

                                                    */s/ Justin M. Swartz*
                                                   Justin M. Swartz