# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT G. KIEFER, individually and on | : | CIVIL ACTION NO. |
| Behalf of all others similarly situated , | : | 3:12-CV-00756-WGY |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MORAN FOODS, INC., d/b/a | : | |
| SAVE A LOT LTD., | : | May 16, 2013 |
| Defendant. | : | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

DUANE MORRIS LLP
Eve I. Klein, Esq.
Evangelos Michailidis, Esq.
1540 Broadway
New York, NY 10036-4086
Tel. (212) 692-1000

FEINER WOLFSON LLC
John F. Wolfson, Esq.
One Constitution Plaza, Ste. 900
Hartford, CT 06103
Tel. (860) 713-8900

*Attorneys for Moran Foods, LLC d/b/a Save A Lot Ltd*

Defendant Moran Foods, LLC, d/b/a Save-A-Lot Ltd. ("Defendant" or "SAL"), by and through its undersigned counsel, hereby opposes Plaintiff Robert G. Kiefer's ("Plaintiff" or "Kiefer") motion to compel discovery [1]

## PRELIMINARY STATEMENT

Plaintiff's motion seeks to compel Defendant to produce: (1) the email addresses of all putative class members *even though* in its certification order dated March 12, 2013 (the "Certification Order"), the Court prohibits Plaintiff's counsel from emailing notice to putative class members; and (2) the payroll and time records for opt-ins *after* June 30, 2012, even though Plaintiff admits that SAL stopped utilizing the fluctuating workweek (the "FWW") on June 30, 2012 and the class notice limits opt-ins to persons who worked for SAL during the class period ending on that date.  The discovery Plaintiff seeks is neither necessary nor relevant to his lawsuit.  Plaintiff's motion to compel should be dismissed in its entirety.

## ARGUMENT

## I.    DEFENDANT IS NOT ENTITLED TO THE EMAIL ADDRESSES OF THE PUTATIVE CLASS MEMBERS

In the Certification Order, the Court worked off of and endorsed in part an order proposed by Plaintiff.  (ECF #183)  The Court left in the proposed requirement that "Defendant Moran Foods Inc. d/b/a Save A Lot, Ltd. ("SAL") [] produce a computer readable data file containing all Potential Opt-Ins Plaintiffs' names, last known mailing

---

[1] On May 15, 2013, Plaintiff filed a motion for partial withdrawal of Plaintiff's Motion to Compel, withdrawing the portion of the motion seeking to require Defendant to provide contact information for ASMs of Save-A-Lot licensed stores which are not owned, operated or in any way managed by SAL and withdrawing Plaintiff's motion to require Defendant to produce opt-in plaintiffs' payroll and time data within five calendar days of the filing of their consent form.  (ECF #240).  In this opposition, Defendant only responds to the open requests made by Plaintiff in his Motion to Compel.

addresses, last known telephone numbers, email addresses, work locations and dates of employment." However, the Court struck from that order Plaintiff's proposal that the Court "allow Plaintiff to send notice to class members by email". (Emphasis added)

SAL diligently provided all of the information with the exception of emails because the Court specifically prohibited Plaintiff from sending notice to putative class members by email. As a result of Moran's diligence, Plaintiff's counsel was able to distribute the class notice to approximately 2,200 putative class members on April 4, 2013 and send a reminder notice on or about May 16, 2013. Plaintiff has obtained over 553 opt in consents demonstrating that its mailed notice has been effective. Further, and notwithstanding the limitation on this request in the Court's order, SAL has agreed to provide Plaintiff with social security numbers for prospective opt-ins whose notice was returned as undeliverable so that effective notice can be made to all.[2]

Plaintiff argues that the email addresses are necessary to communicate with opt-in plaintiffs. However, Plaintiff is already obtaining email addresses directly from opt-ins. The Consent to Sue form includes a space for opt-in plaintiffs to provide an email address if they wish to share that information with their attorneys. So far, of the 553 individuals who have opted to join this lawsuit, approximately 512 have shared their email addresses with Plaintiff's counsel.

Defendant does not provide ASMs with corporate email addresses and has conveyed to Plaintiff's counsel that it does not have email addresses for the vast majority of putative class members. *See* Exhibit A to Declaration of Eve I. Klein, dated May 16, 2013 ("Klein Dec."). As has been the case so far, the best way for Plaintiff to obtain opt-

---

[2] Plaintiff is preparing a joint stipulation for the Court to order SAL to produce the limited group of social security numbers he seeks.

in plaintiffs' email addresses is directly through the Consent to Sue forms.  However, in an effort to resolve this portion of Plaintiff's Motion to Compel, Defendant offered to provide Plaintiff's counsel with the email addresses of opt-in plaintiffs who have not provided their email addresses on their Consent to Sue forms, to the extent Defendant has such information.  *See* Klein Dec., ¶2.  Plaintiff's counsel declined Defendant's offer though because Plaintiff's real interest here appears to be to utilize email to communicate with putative class members who have declined to opt-in.  Such communication would be an inappropriate direct solicitation and inconsistent with this Court's Certification Order.[3]

As such, Plaintiff's motion for email addresses should be denied.

## II.  PAYROLL INFORMATION AFTER JUNE 30, 2012 IS NOT RELEVANT TO PLAINTIFF'S CLAIMS

Plaintiff argues that Defendant should be required to produce payroll information for opt-in plaintiffs through the present, even though Defendant changed its pay system for ASMs from the FWW to an hourly one after June 30, 2012.  Plaintiff himself acknowledges that Defendant no longer paid ASMs on the FWW after June 30, 2012. *See* ECF #168, PSF ¶¶93-97.  In fact, the Notice that Plaintiff's counsel disseminated to the putative class itself defines the relevant time period as May 18, 2009 through June 30, 2012.

---

[3] Defendant's concerns about improper solicitation are grounded in Plaintiff's counsel's prior conduct in this case.  Long before this Court conditionally certified the collective class, Plaintiff's counsel had a website that was not clearly designated an advertisement which made several misrepresentations about this lawsuit.  Readers of the website could even access consent to sue forms to join the lawsuit.  Also, Plaintiff Kiefer testified at his deposition that he received a solicitation from Plaintiff's counsel about bringing a lawsuit against Moran through an advertisement on his Facebook page.  *See* Kiefer Deposition 151:23-152:21 , Ex. B, Klein Dec.

Plaintiff alleges that he is seeking the payroll and time records after June 30, 2012 because he "should not be required to simply accept Defendant's promise that it began paying its ASMs properly…"  This argument is meritless.  Many opt-in plaintiffs are current employees.  As such, Plaintiff's counsel can confer with their own clients regarding current pay.  Employees, including opt-ins, have on-line access to pay records.  Moreover, this lawsuit challenges SAL's payment of overtime pay under the FWW – it does not challenge any other payment system utilized by SAL for ASMs or any other employees.

Plaintiff's request to compel these records after Defendant stopped using the FWW amounts to nothing more than a fishing expedition to see if there are other claims Plaintiff can bring against Defendant.  Because it is undisputed that ASMs were no longer paid on the FWW after June 30, 2012, payroll records after this date are not relevant to Plaintiff's claims and should not be produced.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court deny Plaintiff's motion to compel discovery from Defendant, together with any other relief this Court deems just and proper.

Dated:        New York, New York
              May 16, 2013

**THE DEFENDANT –MORAN FOODS, d/b/a SAVE A LOT LTD.**
By    /s/ *Eve I. Klein*

| | |
|---|---|
| Eve I. Klein, Esq. | John M. Wolfson |
| Fed. Bar No. EK6747 | Benjamin M. Wattenmaker |
| Evangelos Michailidis, Esq. | FEINER WOLFSON LLC |
| Fed. Bar No. EM3383 | One Constitution Plaza, Ste. 900 |
| DUANE MORRIS LLP | Hartford, CT 06103 |
| 1540 Broadway | Juris No. 415049 |
| New York, NY 10036 | Tel: (860) 713-8900 |

4

Tel. (212) 692-1000                              Fax: (860) 713-8905
Fax. (212) 214-0650

## <u>CERTIFICATION</u>

I hereby certify that on this **16th** day of May**, 2013**, a copy of the above document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing. A complete, duplicate copy of this document has been forwarded directly to Judge Young in Boston, MA.

/s/ *Eve I. Klein*
Eve I. Klein, Esq.