UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT G. KIEFER, individually and on behalf of all others similarly situated,<br><br>                         Plaintiff,<br><br>     v.<br><br>MORAN FOODS, INC., d/b/a SAVE A LOT LTD.;<br><br>                         Defendant. | ECF NO.:<br><br>3:12-CV-00756 (WGY)<br><br>May 30, 2013 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 1

I. Defendant Refused to Produce Payroll Information Without Justification ......................... 1

II. Defendant Refused to Produce Email Addresses Without Explanation ............................. 2

III. A Reconsideration Motion Would Be Untimely Under The Local Rules .......................... 3

CONCLUSION ................................................................................................................................. 4

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Buster v. City of Wallingford*,
　No. 3:07 Civ. 544, 2008 WL 2782731 (D. Conn. July 7, 2008) ................................................. 3

*Compudyne Corp. v. Shane*,
　244 F.R.D. 282 (S.D.N.Y. 2007) ............................................................................................... 1

*Derisme v. Hunt Leibert Jacobson, P. C.*,
　No. 3:10 Civ. 244, 2011 WL 5403056 (D. Conn. Nov. 8, 2011) ............................................... 3

*Glatt v. Fox Searchlight Pictures Inc.*,
　No. 11 Civ. 6784, 2012 WL 2108220 (S.D.N.Y. June 11, 2012) .............................................. 3

*Gulf Oil Co. v. Bernard*,
　452 U.S. 89 (1981) ..................................................................................................................... 3

*Stillman v. Staples, Inc.*,
　No. 07 Civ. 849, 2008 WL 1843998 (D.N.J. Jul. 30, 2008) ...................................................... 3

## INTRODUCTION

The Court should grant Plaintiff's motion because Defendant does not explain why it refused to follow portions of the Court's clear Orders.  Instead of seeking reconsideration under D. Conn. L. Civ. R. 7(c)(1), or clarification, Defendant simply ignored the parts of the Court's Orders with which it did not want to comply.

## ARGUMENT

**I.       Defendant Refused to Produce Payroll Information Without Justification.**

On March 12, 2013, the Court ordered that "payroll and time records shall be provided for all named and opt-in Plaintiffs as such Plaintiffs opt-in."  Discovery Order, ECF No. 182.  Defendant unilaterally decided that this order should be limited to payroll and time records only until June 30, 2012.

Defendant's claim that time and payroll records after June 30, 2012 ("Post-June 30 Records") are not relevant, Defendant's Opposition to Plaintiff's Motion to Compel ("Def.'s Br.") at 3-4, ECF No. 244, is wrong for two reasons.  First, the Court already ordered Defendant to produce the Post-June 30 Records when it granted Plaintiff's Motion to Compel Discovery ("Motion to Compel"), ECF No. 103, in part.  Discovery Order, ECF No. 182.  Defendant had a chance to argue for a temporal limitation when it opposed Plaintiff's motion to compel, but failed to do so.

Second, Defendant states the wrong standard under Fed. R. Civ. P. 26.  Documents are discoverable if they are "reasonably calculated to lead to the discovery of admissible evidence." *Compudyne Corp. v. Shane*, 244 F.R.D. 282, 283 (S.D.N.Y. 2007) (internal quotation marks omitted) (citing Fed. R. Civ. P. 26(b)(1)).  Here, the Post-June 30 Records are "reasonably calculated to lead to the discovery of admissible evidence," for several reasons.  *Id.*  First, they

will allow Plaintiff to ascertain whether Defendant's representations that they discontinued its fluctuating workweek half-time for overtime ("FWW") compensation system in June 2012 are accurate.

Second, even if Defendant did discontinue its FWW compensation system and implement an hourly compensation system, as it claims, production of the Post-June 30 Records will allow Plaintiff to compare the present system to the prior system. If the time and payroll records are similar, it will increase the likelihood that Plaintiff is correct that Defendant has always paid its ASMs on a *de facto* hourly basis. In other words, whether and how Defendant modified its payroll and time keeping system to change it to an hourly system will shed light on the period before it changed its systems.[1]

Accordingly, Plaintiff respectfully requests the Court order that Defendant comply with the Court's March 12, 2013 Discovery Order, ECF No. 182, and produce payroll and time records for ASMs through the present.

## II.     Defendant Refused to Produce Email Addresses Without Explanation.

On March 12, 2013, the Court ordered Defendant to produce contact information for ASMs, including email addresses. Certification Order, ECF No. 183. Instead of complying with this Order, Defendant unilaterally decided that the Court did not really mean what it said – that it made a typographical error in ordering this production. Def.'s Br. at 1. However, there is no indication that the Court made a typographical error and, even if there was, Defendant should have asked the Court to reconsider or for clarification.

---

[1]     Defendant does not even attempt to suggest that the production of complete payroll information would be difficult or burdensome.

2

Defendant implies that it was allowed to ignore the Court's Order because it is concerned that Plaintiff's counsel will make improper use of this information. There is no basis for this concern. Plaintiff's counsel are well-aware of their ethical obligations and will not use email addresses improperly, just as they have not used the other contact information that Defendant produced improperly.

Defendant's claim that email addresses are not necessary misses the mark. Def.'s Br. at 2. Each ASM, whether a current opt-in or not, is a witness to Defendant's practices. *See Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784, 2012 WL 2108220, at *2 (S.D.N.Y. June 11, 2012); *see also Stillman v. Staples, Inc.*, No. 07 Civ. 849, 2008 WL 1843998, at *6 (D.N.J. Jul. 30, 2008). Plaintiff's counsel is allowed to communicate with absent class members unless Defendant makes a specific showing of improper conduct, *see Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-02 (1981), which Defendant has not done.

Defendant suggests that it can address Plaintiff's needs by providing email addresses for opt-in Plaintiffs who did not provide email addresses on their opt-in forms.[2] This is insufficient because it eliminates most of the potential witness ASMs who have not joined the case.

### III.  A Reconsideration Motion Would Be Untimely Under The Local Rules.

Defendant cannot seek reconsideration of the Court's March 12, 2013 Orders because it did not seek reconsideration within the fourteen days allowed by D. Conn. L. Civ. R. 7(c)(1). *See Derisme v. Hunt Leibert Jacobson, P. C.*, No. 3:10 Civ. 244, 2011 WL 5403056, at *1 (D. Conn. Nov. 8, 2011) (denying motion for reconsideration as untimely where plaintiff moved to reconsider two weeks after the deadline); *Buster v. City of Wallingford*, No. 3:07 Civ. 544, 2008

---

[2]  Defendant does not even attempt to suggest that the production of complete contact information would be difficult or burdensome.

3

WL 2782731, at *1 (D. Conn. July 7, 2008) (denying motion for reconsideration as untimely where it was filed 21 days after court's ruling at issue).

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court: (1) order Defendant to comply with the Court's March 13, 2013 Discovery Order, ECF No. 182, and produce payroll and time records from June 30, 2012 to the present; and (2) order Defendant to comply with the Court's March 2013 Certification Order, ECF No. 183, and produce email addresses for ASMs in the potential collective.

Dated: May 30, 2013
New York, New York

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

/s/ *Justin M. Swartz*
**OUTTEN & GOLDEN LLP**
Justin M. Swartz (*pro hac vice*)
Cyrus E. Dugger (*pro hac vice*)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005
jms@outtengolden.com
cdugger@outtengolden.com

**THE HAYBER LAW FIRM, LLC**
Richard Hayber
Erick I. Díaz Vázquez
221 Main Street, Suite 502
Hartford, CT 06106
Telephone: (203) 522-8888
Facsimile: (203) 915-9555
rhayber@hayberlawfirm.com
ediaz@hayberlawfirm.com

4

5

*Attorneys for Plaintiff, the Collective, and
the Putative Class*

**CERTIFICATION OF SERVICE**

I hereby certify that on May 30, 2013, the above document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.  A complete, duplicate copy of this document has been forwarded directly to Judge Young in Boston, MA.

         */s/ Justin M. Swartz*
         Justin M. Swartz