# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ROBERT G. KIEFER,** individually and on behalf of others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>**MORAN FOODS, LLC and MORAN FOODS, INC., together d/b/a SAVE-A-LOT, LTD.,**<br><br>       Defendants. | No. 12-CV-756 (WGY)<br><br>FEBRUARY 11, 2014 |

**DECLARATION OF JUSTIN M. SWARTZ IN SUPPORT OF PLAINTIFF'S MOTIONS FOR CONSOLIDATION, LEAVE TO FILE A SECOND AMENDED COMPLAINT, PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASSES, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFF'S PROPOSED NOTICES OF SETTLEMENT**

I, Justin M. Swartz, declare as follows:

1. I am a partner at Outten & Golden LLP ("O&G"), which, together with The Hayber Law Firm, LLC and Winebrake & Santillo, LLC, are attorneys for Plaintiffs.  O&G is a 30+ attorney firm based in New York City that represents plaintiffs in a wide variety of employment matters, including individual and class action litigation involving wage and hour, discrimination, and harassment claims, as well as contract and severance negotiations.

2. I am an attorney in good standing admitted to practice in the State of New York and before this Court.

3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**My Background and Experience**

4. I received a Juris Doctor degree from DePaul University School of Law in 1998 with honors.  Since then, I have exclusively represented plaintiffs in employment litigation and other employee rights matters.

5. I was admitted to the bar of the State of Illinois in 1998, and the bar of the State of New York in 2002.  I am also admitted to the bars of the Second Circuit Court of Appeals, the United States District Courts for the Western, Eastern, and Southern Districts of New York, and the Northern District of Illinois.  I am a member in good standing of each of these bars.

6. From September 1998, through February 2002, I was associated with Stowell & Friedman, Ltd. in Chicago, Illinois, where I represented plaintiffs in class and multi-plaintiff employment discrimination cases.  From March 2002 through October 2003, I worked for Goodman & Zuchlewski, LLP in New York City, where I represented employees in discrimination cases and other employee rights matters.

7.      Since joining O&G in December 2003, I have been engaged primarily in prosecuting wage and hour class and collective actions and class action discrimination cases.

8.      I am or was co-lead counsel on several wage and hour cases that district courts have certified as class actions and/or collective actions including *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29. 2006), in which the Court granted summary judgment in favor of Plaintiffs and a class of more than 300 grocery store workers, *see* 628 F. Supp. 2d 447 (S.D.N.Y. Aug. 28, 2008).  Others include *Capsolas v. Pasta Resources Inc.*, No. 10 Civ. 5595, 2012 WL 1656920 (S.D.N.Y. May 9, 2012) (certifying class and approving settlement of wage and hour class action brought under New York and federal law); *Palacio v. E*TRADE Financial Corp.*, No. 10 Civ. 4030, 2012 WL 1058409 (S.D.N.Y. Mar. 12, 2012) (certifying class and approving settlement of wage and hour class action brought under New York, California, and federal law); *Matheson v. T-Bone Restaurant, LLC*, No. 09 Civ. 4214, 2011 WL 6402303 (S.D.N.Y. Sept. 13, 2011) (certifying class and approving settlement of wage and hour class action brought under New York and federal law); *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 1872405 (S.D.N.Y. May 17, 2011) (same); *McMahon v. Olivier Cheng Catering and Events, LLC*, No. 08 Civ. 8713, 2010 WL 2399328 (S.D.N.Y. Mar. 3, 2010) (same); *Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729 (S.D.N.Y. May 11, 2010) (certifying class and approving settlement of multi-state wage and hour class action); *Westerfield v. Washington Mut. Bank*, Nos. 06 Civ. 2817, 08 Civ. 287, 2009 WL 6490084 (E.D.N.Y. June 26, 2009) (same); and *Damassia v. Duane Reade, Inc*., 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (granting class certification and appointing O&G class counsel in multi-state wage and hour class action).

9. I am a member of the National Employment Lawyers Association ("NELA") and serve on the Executive Board of its New York Chapter ("NELA/NY"). I am co-chair of NELA's Fair Labor Standards Act Committee. I served on the Civil Rights Committee of the New York City Bar Association of the Bar of the City of New York from 2005 through 2008 and the Committee on Labor and Employment Law from September 2002 until June 2005. I was co-chair of the American Bar Association Labor and Employment Law Section Ethics and Professional Responsibility Committee from 2006 through 2009, and am a member of its Equal Employment Opportunity Committee. I also serve on the Recent Graduate Advisory Group of the New York University Center for Labor and Employment Law.

10. I speak frequently on employment law issues, including wage and hour issues and discrimination issues. I have recently been a faculty member for continuing legal education programs focused on employment law and ethics sponsored by the American Bar Association Section of Labor and Employment Law; the New York State Bar Association Labor and Employment Law Section; the New York City Bar Committee on Labor and Employment Law, NELA, and the Practicing Law Institute, among others.

11. In connection with my work, I regularly read the New York Law Journal, advance sheets, and other literature related to employment law and class action law developments. I attend workshops and seminars at least four times per year sponsored by NELA, NELA/NY, the American Bar Association, and other organizations.

12. Courts have repeatedly found O&G to be adequate class counsel in wage and hour class actions. *See, e.g.*, *Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472, 2012 WL 5862749, at *4 (S.D.N.Y. Nov. 15, 2012) (appointing O&G as class counsel, noting firm's "years of experience prosecuting and settling wage and hour class actions"); *Capsolas*, 2012 WL

1656920, at *2 (appointing O&G as class counsel and noting O&G attorneys "have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Palacio*, 2012 WL 1058409, at *2 (appointing O&G as class counsel and noting firm's extensive experience litigating and settlement wage and hour class and collective actions); *Matheson*, 2011 WL 6402303, at *3 (appointing O&G as class counsel, finding that attorneys "have substantial experience prosecuting and settling . . . wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Johnson*, 2011 WL 1872405, at *2 (May 17, 2011) (appointing O&G as class counsel); *McMahon*, 2010 WL 2399328, at *6 (O&G "are experienced employment lawyers with good reputations among the employment law bar . . . [and] have prosecuted and favorably settled many employment law class actions, including wage and hour class actions"); *Clark*, 2009 WL 6615729, at *5 (appointing O&G as class counsel); *Damassia*, 250 F.R.D. at 158 (O&G lawyers have "an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area").

**Nature of Plaintiffs' Claims**

13.     Plaintiffs are current and former employees of Defendants who have worked as Assistant Store Managers ("ASMs").  Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA") and state labor laws by failing to pay ASMs one and a half times their regular rate for all hours worked over 40 hours per week.

**The Overtime Litigation**

14.     On March 9, 2011, Plaintiff Edward B. Roach filed a class action in the Superior Court of the State of Connecticut, asserting class claims on behalf of current and former ASMs in the State of Connecticut in which he claimed that Defendants' method of calculating the overtime premium pay owed to them violated the Connecticut Minimum Wage Act ("CMWA").

The case was then transferred to the Complex Litigation Docket in the Judicial District of Hartford, No. HHD-CV-11-6023386S (X04), and captioned *Roach v. Moran Foods Inc.* ("*Roach*"). On March 28, 2011, Defendants filed a motion for summary judgment on one of Roach's theories of liability, which the Court granted on March 16, 2012.

15. On May 18, 2012, Kiefer filed this class and collective action lawsuit in the United States District Court for the District of Connecticut, captioned *Kiefer v. Moran Foods Inc., d/b/a Save-A-Lot, LTD.* ("*Kiefer*"), on behalf of current and former ASMs, in which he claimed that Defendants' method of calculating the overtime premium pay owed to them violated the FLSA, and also asserted related Rule 23 class claims against Defendants under the CMWA for the same overtime pay policy. On August 1, 2012, Defendants filed a motion to dismiss *Kiefer* and/or to stay the state law claims. On February 19, 2013, the Court denied the motion to dismiss and granted the motion to stay the state law claims.

16. On December 10, 2012, Roach appealed the Court's summary judgment order in *Roach*.

17. On December 17, 2012, Kiefer filed a motion for FLSA conditional certification, which the Court granted on March 12, 2013. On January 28, 2013, Defendants filed a motion for summary judgment in *Kiefer*, which the Court denied on May 2, 2013. Between April 5, 2013, and August 21, 2013, 890 individuals joined *Kiefer* as FLSA opt-in plaintiffs.

18. On March 25, 2013, David Pagano filed a class action lawsuit in the Philadelphia County Court of Common Pleas, No. 130303582, *Pagano v. Supervalu Inc.* ("*Pagano*") (together with *Roach* and *Kiefer*, the "Litigation"), asserting class claims on behalf of current and former ASMs in the State of Pennsylvania in which he claimed that Defendants' method of

calculating the overtime premium pay owed to them violated the Pennsylvania Minimum Wage Act ("PMWA").

19. On December 3, 2013, Pagano filed an Amended Complaint alleging a claim under the FLSA. Defendants removed the action to the Eastern District of Pennsylvania. Plaintiffs then successfully moved to transfer the *Pagano* action to the District of Connecticut and to this Court.

**Investigation and Discovery**

20. Before initiating this action, Plaintiffs' Counsel conducted a thorough investigation.

21. This included investigation and legal research on the underlying merits of the class claims, the likelihood of obtaining liquidated damages and an extended FLSA statute of limitations, the proper measure of damages, and the likelihood of class certification.

22. Plaintiffs' Counsel also researched Defendants' likely affirmative defenses and their counterparts under state law.

23. The Parties completed extensive discovery. In *Roach*, between March 2011 and March 2012, the Parties engaged in substantial discovery and discovery motion practice, which also related to the claims in *Kiefer* and *Pagano*. In *Kiefer*, between August 2012 and June 2013, the Parties also engaged in substantial discovery and discovery motion practice, including substantial document production, several Fed. R. Civ. P. 30(b)(6) depositions, and depositions of several Plaintiffs and opt-in plaintiffs, which also related to the claims in *Roach* and *Pagano*. In *Pagano*, on July 30, 2013, the Court entered a discovery order with a class certification discovery deadline of September 15, 2013. Thereafter, Plaintiffs served discovery requests on Defendants.

**Settlement Negotiations**

24.     On or around June 17, 2013, Roach, Kiefer, Pagano, and Defendants agreed to stay the Litigation in anticipation of mediation.

25.     On June 24, 2013, Kiefer and Defendants submitted a stipulation and order to the *Kiefer* Court whereby the Parties agreed to a stay of proceedings pending mediation.  On July 18, 2013, Kiefer and Defendants entered into an agreement tolling the limitations period on the state wage and hour claims of the putative classes in the states of Illinois, Massachusetts, New Jersey, New York, North Carolina, Maryland, Oregon, and Ohio, for whom Plaintiffs had anticipated amending their complaints ("Tolling Agreement").

26.     On or around August 29, 2013, Roach and Defendants submitted a joint letter to the Connecticut Appellate Court requesting that it continue to stay the *Roach* appeal and requesting that the case be remanded to the Superior Court for approval of the settlement.

27.     On August 19 and 20, 2013, the Parties participated in two all-day mediation sessions, in New York, conducted by an experienced class action mediator, Hunter Hughes of Rogers & Hardin LLP in Atlanta, Georgia.

28.     Plaintiffs' Counsel did significant work to prepare for the mediation.  They held several pre-mediation conference calls with the mediator, submitted a letter outlining Defendants' vulnerabilities and acknowledging risk, and compiled damage calculations, including reviewing and analyzing information about the number of employee workweeks in the class period and class member salary information, and other data necessary to calculate damages.

29. At the mediation, the parties came to an agreement in principle, and signed a term sheet memorializing their agreements, which included the settlement amount. Over the next several months, the parties continued to negotiate additional terms of the settlement, and finalized the Settlement Agreement on November 26, 2013.

30. All parties and counsel had signed the settlement agreement as of December 11, 2013. The parties entered into an addendum to the Settlement Agreement addressing the allocation formula and limitations periods for Groups A and D on February 11, 2014.

31. A true and correct copy of the Settlement Agreement with Addendum is attached hereto as **Exhibit A.**

32. On February 11, 2014, contemporaneously with the filing of Plaintiffs' Motion for Preliminary Approval, Plaintiffs filed an uncontested motion for leave to file a second amended complaint that includes Pagano and Roach, among others, as additional named plaintiffs, and adds state law Federal Rule of Civil Procedure 23 claims under the laws of Pennsylvania, Illinois, Maryland, Massachusetts, Missouri, New Jersey, New York, Ohio, North Carolina, and Rhode Island. A true and correct copy of the proposed Second Amended Complaint is attached hereto as **Exhibit B**.

33. At all times during the settlement negotiation process, negotiations were conducted on an arm's-length basis.

**Risks of the Litigation**

34. Although Plaintiffs believe their case is strong, Plaintiffs recognize that it is subject to considerable risk. Among other things, Plaintiffs' Counsel recognize the risk of not prevailing on their fluctuating workweek argument given significant authority against it in other Circuits.

35. There is no evidence here pertaining to whether Defendants could withstand a greater judgment or not.

**The Settlement Fund**

36. The settlement represents a substantial recovery for Class Members, particularly in light of the risks of litigation. These risks included the risk of losing class certification, having the collective action decertified, losing on the merits, and losing on appeal, in addition to the risk of Defendant prevailing on a fluctuating workweek argument.

37. Here, Defendants have agreed to settle this case for a substantial amount, $4,500,000.

**Claims Administration**

38. The parties have agreed to retain Settlement Services, Inc. ("SSI") to administer the settlement.

39. The Claims Administrator's fees will be paid first from any reversion to Defendants and, if the reversion funds are not sufficient, then from the Fund. Ex. A (Settlement Agreement) § 2.2.

40. At this early stage in the process, the Named Plaintiffs have expressed their approval of the settlement by signing the Settlement Agreement. In addition, those opt-ins who have learned of the settlement have reacted positively to the settlement.

41. Based on representations by Defendants, Plaintiffs believe there are approximately 2118 Settlement Class Members.

42. Attached as **Exhibit C** are the proposed Notices of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing ("Proposed Notices").

43. Attached as **Exhibit D** is the State of Connecticut Superior Court withdrawal form for *Roach*.

44. Attached as **Exhibit E** is Defendants' Assented-to Motion for Extension to File Brief in the *Roach* appeal.

45. Attached as **Exhibit F** is the Order transferring the *Pagano* Action from the Eastern District of Pennsylvania to the District of Connecticut.

46. Attached as **Exhibit G** is the order transferring the *Pagano* Action to this Court.

47. Attached as **Exhibit H** is a true and correct copy of the Declaration of Richard E. Hayber, dated January 31, 2014.

48. Attached as **Exhibit I** is a true and correct copy of the Declaration of Peter Winebrake, dated February 3, 2014.


I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.


Executed this 11th day of February, 2014
New York, New York.

/s/ *Justin M. Swartz*
Justin M. Swartz
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
(212) 245-1000