**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROBERT G. KIEFER, EDWARD B. ROACH, DAVID PAGANO, MARKITA P. ROBINSON, JASON TURNER, GARLAND OSBORN, STEPHEN MANOLAKIS, FRANK RAKOWSKI, DENNIS SANOSKE, ERIC EVERHART, TIMOTHY PORTER, BRIAN PEREIRA, DONNA OAKES, GREGG SIME, FRANK SEYMOUR, AND ALLEN ZAYAS individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>MORAN FOODS, LLC and MORAN FOODS, INC., together d/b/a SAVE-A-LOT, LTD.,<br><br>                Defendants. | **SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**<br>Jury Trial Requested |

Plaintiffs Robert G. Kiefer, Edward B. Roach ("Roach"), David Pagano ("Pagano"), Markita P. Robinson, Jason Turner, Garland Osborn, Stephen Manolakis, Frank Rakowski, Dennis Sanoske, Eric Everhart, Timothy Porter, Brian Pereira, Donna Oakes, Gregg Sime, Frank Seymour, and Allen Zayas (collectively the "Plaintiffs" or the "Named Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, for claims against Defendant Moran Foods, Inc. d/b/a Save-A-Lot Ltd., ("Save-A-Lot" or "Defendant") alleges as follows:

**NATURE OF THE ACTION**

1.      This is an unpaid overtime case on behalf of Assistant Store Managers ("ASMs") employed in Save-A-Lot discount grocery stores nationwide.  ASMs are non-exempt employees entitled to overtime compensation for hours worked in excess of 40 in a workweek.

2.      Throughout the relevant period, it has been Save-A-Lot's policy to deprive its non-exempt ASMs of earned wages by failing to pay them time-and-a-half overtime premiums for the hours they work in excess of 40 hours in a workweek, as required by the federal and state law.  Instead, Save-A-Lot pays them roughly half-time (or less) for the hours they work in excess of 40 in a workweek.

3.      Save-A-Lot has a history of under-compensating its ASMs.  For years, Save-A-Lot misclassified grocery store assistant managers as "exempt" from federal and state overtime protections altogether.  In response to a Department of Labor investigation in approximately 1998, Save-A-Lot changed course, properly re-classified its grocery store assistant managers as "non-exempt," and began paying them a form of overtime compensation.  This reclassification, however, only brought Defendant into partial compliance with the law, because Save-A-Lot now pays ASMs only a fraction of the overtime wages they are due.

4.      By the conduct described in this Complaint, Save-A-Lot violated and continues to violate the Fair Labor Standards Act ("FLSA"), the Connecticut Minimum Wage Act, Conn. Gen. Stat. §§ 31-58 *et seq* ("CMWA"): the Pennsylvania Minimum Wage Act, 43 Pa. Cons. Stat. §§ 333.101 *et seq*., ("PMWA"); the Illinois Minimum Wage Law  820 Ill. Comp. Stat. § 105 ("IMWL")*, in particular, § 105/4a(1); the  Massachusetts Minimum Fair Wage Law, Mass. Gen. Laws, ch. 151 ("MMFWL"); the Maryland Wage and Hour Law, Md. Code Ann. Labor & Empl. Art. §§ 3-401 *et seq.* ("MWHL"); the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 *et seq.* ( "NCWHA"); the Ohio Minimum Fair Wage Standards Act, Ohio Rev. C.ch. 4111 ("OMWFSA"); the Rhode Island Minimum Wage Act, R.I. St. ch. 28-12 ("RIMWA") the Missouri Minimum Wage Law, Mo. Rev. Stat §§ 290.500 *et seq.* ("MOMWL"), the New Jersey State Wage and Hour Law ("NJSWHL"), N.J. Stat. Ann. §§ 34:11-56a *et seq*.; and the New York

Labor Law, Article 19, §§ 650 *et seq.*, ("NYLL") and the supporting New York State Department of Labor ("NYSDOL")  regulations, by failing to pay ASMs, including Plaintiffs, proper overtime wages as required by law.  These violations arise out of Save-A-Lot's uniform company-wide policies and their pattern or practice of violating wage and hour laws.  Save-A-Lot's payroll and compensation policies and practices with respect to ASMs are uniform and do not vary from ASM to ASM.

5. Plaintiffs bring this action on behalf of themselves and similarly situated current and former Save-a-Lot ASMs who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of the FLSA.

6. Plaintiffs Robert Kiefer and Edward Roach (the "Connecticut Plaintiffs") also bring this action on behalf of themselves and all similarly situated current and former Save-A-Lot ASMs in Connecticut as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the CMWA, Conn. Gen. Stat. §§ 31-60, 31-68 and 31-76c and supporting regulations, Regs. Conn. State Agencies §31-62-D2(c).

7. Plaintiff David Pagano (the "Pennsylvania Plaintiff") also brings this action on behalf of himself and all similarly situated current and former Save-A-Lot ASMs in Pennsylvania as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the PMWA, 43 Pa. Cons. Stat. §§ 333.101 *et seq.*

8. Plaintiffs Markita P. Robinson, Jason Turner and Garland Osborn (the "Illinois Plaintiffs") also bring this action on behalf of themselves and all similarly situated current and former Save-A-Lot ASMs in Illinois as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the IMWL, 820 Ill. Comp. Stat. § 105, in particular, § 105/4a(1).

9.      Plaintiff Stephen Manolakis (the "Massachusetts Plaintiff") also brings this action on behalf of himself and all similarly situated current and former Save-A-Lot ASMs in Massachusetts as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the MMFWL, Mass. Gen. Laws, ch. 151.

10.     Plaintiffs Frank Rakowski and Dennis Sanoske (the "Maryland Plaintiffs") also bring this action on behalf of themselves and all similarly situated current and former Save-A-Lot ASMs in Maryland as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the MWHL, Md. Code Ann. Labor & Empl. Art. § 3-401 *et seq.*

11.     Plaintiff Eric Everhart (the "North Carolina Plaintiff") also brings this action on behalf of himself and all similarly situated current and former Save-A-Lot ASMs in North Carolina as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the NCWHA, N.C. Gen. Stat. §§ 95-25.1 *et seq.*

12.     Plaintiff Timothy Porter (the "Ohio Plaintiff") also brings this action on behalf of himself and all similarly situated current and former Save-A-Lot ASMs in Ohio as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the OMWFSA, Ohio Rev. C. ch. 4111.

13.     Plaintiff Brian Pereira (the "Rhode Island Plaintiff") also brings this action on behalf of himself and all similarly situated current and former Save-A-Lot ASMs in Rhode Island as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the RIMWA, R.I. St. chs. 28-12, 28-14.

14.     Plaintiff Donna Oakes (the "Missouri Plaintiff") also brings this action on behalf of himself and all similarly situated current and former Save-A-Lot ASMs in Missouri as a class

action under Federal Rule of Civil Procedure 23 to remedy violations of the MOMWL, Mo. Rev. Stat §§ 290.500 *et seq*.

15.    Plaintiff Gregg Sime (the "New Jersey Plaintiff") also brings this action on behalf of himself and all similarly situated current and former Save-A-Lot ASMs in New Jersey as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the NJSWHL, N.J. Stat. Ann. § 34:11-56a *et seq*.

16.    Plaintiffs Frank Seymour and Allen Zayas (the "New York Plaintiffs") also bring this action on behalf of themselves and all similarly situated current and former Save-A-Lot ASMs in New York as a class action under Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations .

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332 (the Class Action Fairness Act) and 28 U.S.C. § 1367 (supplemental jurisdiction).

18.    Plaintiffs' state law claims are so closely related to Plaintiffs' claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

19.    This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

20.    At least one member of the proposed class is a citizen of a state different from that of Defendant.

21.    Plaintiffs' claims involve matters of national or interstate interest.

22.     Upon information and belief, citizenship of the members of the proposed class is dispersed among a substantial number of states and countries.

23.     Upon information and belief, two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of different states.

24.     Upon information and belief, there are more than 100 members of the proposed classes in the aggregate.

25.     Defendant is subject to personal jurisdiction in Connecticut.

26.     Defendant maintains a place of business in Connecticut.

27.     Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

28.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

29.     Venue is proper in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1391.

30.     A substantial part of the events or omissions giving rise to claims in this Class Action Complaint occurred in this District.

## THE PARTIES

***Plaintiff Robert G. Kiefer***

31.     Plaintiff Robert G. Kiefer ("Kiefer") is an adult individual who is a resident of Manchester, Connecticut.

32.     Kiefer was employed by Defendant as an ASM in Connecticut from approximately April 2011 through January 2, 2012.

33.     Kiefer is a covered employee within the meaning of the FLSA.

*Plaintiff Edward B. Roach*

34.     Plaintiff Edward B. Roach ("Roach") is an adult individual who is a resident of Moodus, Connecticut.

35.     Roach was employed by Defendant as an ASM in Connecticut from approximately October 2010 through February 26, 2013.

36.     Roach is a covered employee within the meaning of the FLSA.

*Plaintiff David Pagano*

37.     Plaintiff David Pagano ("Pagano") is an adult individual who is a resident of Pinehill, New Jersey.

38.     Pagano was employed by Defendant as an ASM in Pennsylvania from approximately 2006 through 2012.

39.     Pagano is a covered employee within the meaning of the FLSA.

*Plaintiff Markita P. Robinson*

40.     Plaintiff Markita P. Robinson ("Robinson") is an adult individual who is a resident of Chicago, Illinois.

41.     Robinson was employed by Defendant as an ASM in Illinois from approximately October 5, 2009 through June 30, 2012.

42.     Robinson is a covered employee within the meaning of the FLSA.

*Plaintiff Jason Turner*

43.     Plaintiff Jason Turner ("Turner") is an adult individual who is a resident of Lynwood, Illinois.

44.     Turner was employed by Defendant as an ASM in Illinois from approximately November 2009 through the present.

45.    Turner is a covered employee within the meaning of the FLSA.

**Plaintiff Garland Osborn**

46.    Plaintiff Garland Osborn ("Osborn") is an adult individual who is a resident of Chicago, Illinois.

47.    Osborn was employed by Defendant as an ASM in Illinois from approximately April 2004 through the present.

48.    Osborn is a covered employee within the meaning of the FLSA.

**Plaintiff Stephen Manolakis**

49.    Plaintiff Stephen Manolakis ("Manolakis") is an adult individual who is a resident of Chicopee, Massachusetts.

50.    Manolakis was employed by Defendant as an ASM in Massachusetts from approximately November 2011 through February 2012.

51.    Manolakis is a covered employee within the meaning of the FLSA.

**Plaintiff Frank Rakowski**

52.    Plaintiff Frank Rakowski ("Rakowski") is an adult individual who is a resident of Perryhall, Maryland.

53.    Rakowski was employed by Defendant as an ASM in Maryland from approximately January 2008 through May 2012.

54.    Rakowski is a covered employee within the meaning of the FLSA.

**Plaintiff Dennis Sanoske**

55.    Plaintiff Dennis Sanoske ("Sanoski") is an adult individual who is a resident of Pasadena, Maryland.

56.     Sanoske was employed by Defendant as an ASM in Maryland from approximately November 2010 through the present.

57.     Sanoske is a covered employee within the meaning of the FLSA.

**Plaintiff Eric Everhart**

58.     Plaintiff Eric Everhart ("Everhart") is an adult individual who is a resident of Lexington, North Carolina.

59.     Everhart was employed by Defendant as an ASM in North Carolina from approximately October 2009 through August 2011.

60.     Everhart is a covered employee within the meaning of the FLSA.

**Plaintiff Timothy Porter**

61.     Plaintiff Timothy Porter ("Porter") is an adult individual who is a resident of Massillon, Ohio.

62.     Porter was employed by Defendant as an ASM in Ohio from approximately May 2009 through December 2012.

63.     Porter is a covered employee within the meaning of the FLSA.

**Plaintiff Brian Pereira**

64.     Plaintiff Brian Pereira ("Periera") is an adult individual who is a resident of Cranston, Rhode Island.

65.     Pereira was employed by Defendant as an ASM in Rhode Island from approximately April 2007 through August 2011.

66.     Pereira is a covered employee within the meaning of the FLSA.

**Plaintiff Donna Oakes**

67.     Plaintiff Donna Oakes ("Oakes") is an adult individual who is a resident of

Hillsboro, Missouri.

68.     Oakes was employed by Defendant as an ASM in Missouri from approximately February 2001 through March 9, 2013.

69.     Oakes is a covered employee within the meaning of the FLSA.

***Plaintiff Gregg Sime***

70.     Plaintiff Gregg Sime ("Sime") is an adult individual who is a resident of Wellington, Colorado.

71.     Sime was employed by Defendant as an ASM in New Jersey from approximately February 2012 through March 2012.

72.     Sime is a covered employee within the meaning of the FLSA.

***Plaintiff Frank Seymour***

73.     Plaintiff Frank Seymour ("Seymour") is an adult individual who is a resident of Averill Park, New York.

74.     Seymour was employed by Defendant as an ASM in New York from approximately November 2002 through April 14, 2010.

75.     Seymour is a covered employee within the meaning of the FLSA.

***Plaintiff Allen Zayas***

76.     Plaintiff Allen Zayas ("Zayas") is an adult individual who is a resident of Middletown, New York.

77.     Zayas was employed by Defendant as an ASM in New York from approximately March 2009 through June 26, 2011.

78.     Zayas is a covered employee within the meaning of the FLSA.

***Defendant Moran Foods, Inc.***

79.     Defendant Moran Foods, Inc. is a corporation organized and existing under the laws of the state of Missouri.  It is a wholly-owned subsidiary of Supervalu Holdings, Inc., a Missouri corporation.

80.     Defendant Moran Foods, Inc. owns and operates grocery stores in Connecticut, Illinois, Massachusetts, Maryland, Missouri, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, and other states.

81.     Throughout the relevant period, Defendant has been a covered employer as that term is used in all relevant laws and, at all relevant times, employed and/or jointly employed Plaintiffs and similarly situated employees.

82.     Throughout the relevant period, Defendant's annual gross volume of sales made or business done was not less than $500,000.

83.     Defendant applies the same employment policies, practices and procedures to all ASMs.

## COLLECTIVE ACTION ALLEGATIONS

84.     Plaintiffs bring FLSA claims, the First Cause of Action, on behalf of themselves and all similarly situated persons who have worked for Defendant as ASMs between May 18, 2009 and the date of final judgment in this matter who elect to opt-in to this action (the "FLSA Collective").

85.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective.  The FLSA claims in this lawsuit should be adjudicated as a collective action.  Upon information and belief, there are many similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity

to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

### *The Connecticut Class*

86.     The Connecticut Plaintiffs bring the Second Cause of Action, CMWA claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class consisting of all persons who have worked for Defendant as ASMs in Connecticut from March 9, 2009 through June 30, 2012.

87.     The persons in the Connecticut Class identified above are so numerous that joinder of all members is impracticable.

88.     The size of the Connecticut Class is at least 99 ASMs.

89.     Defendant acted or refused to act on grounds generally applicable to the Connecticut Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Connecticut Class as a whole.

90.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Connecticut Class that predominate over any questions solely affecting individual members of the Connecticut Class, including but not limited to:

a.      whether Defendant fails and/or refuses to pay Plaintiffs and the Connecticut Class overtime wages at a rate of one-and-one-half times their regular rate of pay for hours they work in excess of 40 hours per workweek ("time and a half") within the meaning of the CMWA;

b.      whether Defendant pays Plaintiffs and the Connecticut Class a salary for whatever hours they are called upon to work in a workweek, whether few or many;

c.      whether Defendant pays Plaintiffs and the Connecticut Class on an hourly basis when they work fewer than 40 hours per week;

d.      whether Defendant's uniform conduct prevents or fails to create a clear and mutual understanding as required under the FWW method of calculating overtime compensation;

e.      the nature and extent of Connecticut Class-wide injury and the appropriate measure of damages for the Connecticut Class;

f.      whether Defendant's policy of failing to pay Plaintiffs and the Connecticut Class overtime wages was done willfully or with reckless disregard of the CMWA.

91.     The Plaintiffs' claims are typical of the claims of the Connecticut Class they seek to represent.  Plaintiffs and the Connecticut Class work or have worked for Defendant and have been subjected to their policy and pattern or practice of paying half-time for overtime for hours worked in excess of 40 hours per week.  Defendant acted and refused to act on grounds generally applicable to the Connecticut Class, thereby making declaratory relief with respect to the Connecticut Class appropriate.

92.     Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

93.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Connecticut Class

have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Connecticut Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

***The Pennsylvania Class***

94.     The Pennsylvania Plaintiff brings the Third Cause of Action, PMWA claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all persons who have worked for Defendant as ASMs in Pennsylvania from March 25, 2010 through June 30, 2012.

95.     The persons in the Pennsylvania Class identified above are so numerous that joinder of all members is impracticable.

96.     The size of the Pennsylvania Class is at least 146 ASMs.

97.     Defendant acted or refused to act on grounds generally applicable to the Pennsylvania Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Pennsylvania Class as a whole.

98.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Pennsylvania Class that predominate over any questions solely affecting individual members of the Pennsylvania Class, including but not limited to:

a.     whether Defendant fails and/or refuses to pay Plaintiff and the Pennsylvania Class overtime wages at a rate of one-and-one-half times their regular rate of pay for

hours they work in excess of 40 hours per workweek ("time and a half") in

violation of the PMWA;

b.  whether Defendant pays Plaintiff and the Pennsylvania Class a salary for

whatever hours they are called upon to work in a workweek, whether few or

many;

c.  whether Defendant pays Plaintiff and the Pennsylvania Class on an hourly basis

when they work fewer than 40 hours per week;

d.  whether Defendant's uniform conduct prevents or fails to create a clear and

mutual understanding as required under the FWW method of calculating overtime

compensation;

e.  Whether use of the FWW method for payment of overtime is lawful under

Pennsylvania law.

f.  the nature and extent of Pennsylvania Class-wide injury and the appropriate

measure of damages for the Pennsylvania Class;

g.  whether Defendant's policy of failing to pay Plaintiff and the Pennsylvania Class

overtime wages was done willfully or with reckless disregard of the PMWA.

99.    The Plaintiff's claims are typical of the claims of the Pennsylvania Class he seeks

to represent.  Plaintiff and the Pennsylvania Class work or have worked for Defendant and have

been subjected to their policy and pattern or practice of paying half-time for overtime for hours

worked in excess of 40 hours per week.  Defendant acted and refused to act on grounds generally

applicable to the Pennsylvania Class, thereby making declaratory relief with respect to the

Pennsylvania Class appropriate.

100.    The Pennsylvania Named Plaintiff will fairly and adequately represent and protect

the interests of the Pennsylvania Class.  Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

101.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Pennsylvania Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Pennsylvania Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

102.    Class certification of this claim is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual members of the Pennsylvania Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's common and uniform policies and practices unlawfully treat members of the Pennsylvania Class as exempt from overtime pay requirements.  The damages suffered by individual Pennsylvania Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

103.    Plaintiffs intend to send notice to all members of the Pennsylvania Class to the

extent required by Rule 23.

***The Illinois Class***

104.    The Illinois Plaintiffs bring the Fourth Cause of Action, IMWL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class consisting of all persons who have worked for Defendant as ASMs in Illinois from June 17, 2010 through June 30, 2012.

105.    The persons in the Illinois Class identified above are so numerous that joinder of all members is impracticable.

106.    The size of the Illinois Class is at least 94 ASMs.

107.    Defendant acted or refused to act on grounds generally applicable to the Illinois Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Illinois Class as a whole.

108.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Illinois Class that predominate over any questions solely affecting individual members of the Illinois Class, including but not limited to:

      a.   whether Defendant fails and/or refuses to pay Plaintiffs and the Illinois Class overtime wages at a rate of one-and-one-half times their regular rate of pay for hours they work in excess of 40 hours per workweek ("time and a half") within the meaning of the IMWL;

      b.   whether Defendant pays Plaintiffs and the Illinois Class a salary for whatever hours they are called upon to work in a workweek, whether few or many;

      c.   whether Defendant pays Plaintiffs and the Illinois Class on an hourly basis when

they work fewer than 40 hours per week;

d.  whether Defendant's uniform conduct prevents or fails to create a clear and mutual understanding as required under the FWW method of calculating overtime compensation;

e.  the nature and extent of Illinois Class-wide injury and the appropriate measure of damages for the Illinois Class;

f.  whether Defendant's policy of failing to pay Plaintiffs and the Illinois Class overtime wages was done willfully or with reckless disregard of the IMWL.

109.    The Plaintiffs' claims are typical of the claims of the Illinois Class they seek to represent.  Plaintiffs and the Illinois Class work or have worked for Defendant and have been subjected to their policy and pattern or practice of paying half-time for overtime for hours worked in excess of 40 hours per week.  Defendant acted and refused to act on grounds generally applicable to the Illinois Class, thereby making declaratory relief with respect to the Illinois Class appropriate.

110.    The Illinois Named Plaintiff will fairly and adequately represent and protect the interests of the Illinois Class.  Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

111.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Illinois Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual

members of the Illinois Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

112.    Class certification of this Claim is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Illinois Class predominate over any questions affecting only individual members of the Illinois Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's common and uniform policies and practices unlawfully treat members of the Illinois Class as exempt from overtime pay requirements.  The damages suffered by individual Illinois Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

113.    Plaintiffs intend to send notice to all members of the Illinois Class to the extent required by Rule 23.

***The Massachusetts Class***

114.    The Massachusetts Plaintiff brings the Fifth Cause of Action, MMFWL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all persons who have worked for Defendant as ASMs in Massachusetts from June 17, 2010 through June 30, 2012.

115.    The persons in the Massachusetts Class identified above are so numerous that joinder of all members is impracticable.

116.    The size of the Massachusetts Class is at least 56 ASMs.

117.    Defendant acted or refused to act on grounds generally applicable to the Massachusetts Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Massachusetts Class as a whole.

118.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Massachusetts Class that predominate over any questions solely affecting individual members of the Massachusetts  Class, including but not limited to:

   a.   whether Defendant fails and/or refuses to pay Plaintiff and the Massachusetts Class overtime wages at a rate of one-and-one-half times their regular rate of pay for hours they work in excess of 40 hours per workweek ("time and a half") within the meaning of the MMFWL, Mass. Gen. Laws, ch. 151, §§ 1-22;

   b.   whether Defendant pays Plaintiff and the Massachusetts Class a salary for whatever hours they are called upon to work in a workweek, whether few or many;

   c.   whether Defendant pays Plaintiff and the Massachusetts Class on an hourly basis when they work fewer than 40 hours per week;

   d.   whether Defendant's uniform conduct prevents or fails to create a clear and mutual understanding as required under the FWW method of calculating overtime compensation;

   e.   the nature and extent of Massachusetts Class-wide injury and the appropriate measure of damages for the Massachusetts Class;

f.   whether Defendant's policy of failing to pay Plaintiff and the Massachusetts

Class overtime wages was done willfully or with reckless disregard of the

MMFWL, Mass. Gen. Laws, ch. 151, §§ 1 -22.

119.   The Plaintiff's claims are typical of the claims of the Massachusetts Class he

seeks to represent.  Plaintiff and the Massachusetts Class work or have worked for Defendant

and have been subjected to their policy and pattern or practice of paying half-time for overtime

for hours worked in excess of 40 hours per week.  Defendant acted and refused to act on grounds

generally applicable to the Massachusetts Class, thereby making declaratory relief with respect

to the Massachusetts Class appropriate.

120.   The Massachusetts Named Plaintiff will fairly and adequately represent and

protect the interests of the Massachusetts Class.  Plaintiff has retained counsel competent and

experienced in complex class action employment litigation.

121.   A class action is superior to other available methods for the fair and efficient

adjudication of this litigation – particularly in the context of wage litigation like the present

action, where individual plaintiffs may lack the financial resources to vigorously prosecute a

lawsuit in federal court against a corporate defendant.  The members of the Massachusetts Class

have been damaged and are entitled to recovery as a result of Defendant's common and uniform

policies, practices, and procedures.  Although the relative damages suffered by individual

members of the Massachusetts Class are not *de minimis*, such damages are small compared to the

expense and burden of individual prosecution of this litigation.  In addition, class treatment is

superior because it will obviate the need for unduly duplicative litigation that might result in

inconsistent judgments about Defendant's practices.

122.   Class certification of this Claim is also appropriate under Fed. R. Civ. P. 23(b)(3)

because questions of law and fact common to the Massachusetts Class predominate over any questions affecting only individual members of the Massachusetts Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices unlawfully treat members of the Massachusetts Class as exempt from overtime pay requirements. The damages suffered by individual Massachusetts Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

123.    Plaintiffs intend to send notice to all members of the Massachusetts Class to the extent required by Rule 23.

### *The Maryland Class*

124.    The Maryland Plaintiffs bring the Sixth Cause of Action, MWHL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class consisting of all persons who have worked for Defendant as ASMs in Maryland from June 17, 2010 through June 30, 2012.

125.    The persons in the Maryland Class identified above are so numerous that joinder of all members is impracticable.

126.    The size of the Maryland Class is at least 111 ASMs.

127.    Defendant acted or refused to act on grounds generally applicable to the Maryland Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Maryland Class as a whole.

128.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Maryland Class that predominate over any questions solely affecting individual members of the Maryland Class, including but not limited to:

a.    whether Defendant fails and/or refuses to pay Plaintiffs and the Maryland Class overtime wages at a rate of one-and-one-half times their regular rate of pay for hours they work in excess of 40 hours per workweek ("time and a half") within the meaning of the MWHL, Md. Code Ann. Labor & Empl. Art. §§ 3-401 *et seq*;

b.    whether Defendant pays Plaintiffs and the Maryland Class a salary for whatever hours they are called upon to work in a workweek, whether few or many;

c.    whether Defendant pays Plaintiffs and the Maryland Class on an hourly basis when they work fewer than 40 hours per week;

d.    whether Defendant's uniform conduct prevents or fails to create a clear and mutual understanding as required under the FWW method of calculating overtime compensation;

e.    the nature and extent of Maryland Class-wide injury and the appropriate measure of damages for the Maryland Class;

f.    whether Defendant's policy of failing to pay Plaintiffs and the Maryland Class overtime wages was done willfully or with reckless disregard of the MWHL, Md. Code Ann. Labor and Employment Art. §§ 3-401 *et seq*.

129.    The Plaintiffs' claims are typical of the claims of the Maryland Class they seek to represent.  Plaintiffs and the Maryland Class work or have worked for Defendant and have been subjected to their policy and pattern or practice of paying half-time for overtime for hours

worked in excess of 40 hours per week.  Defendant acted and refused to act on grounds generally applicable to the Maryland Class, thereby making declaratory relief with respect to the Maryland Class appropriate.

130.    The Maryland Named Plaintiff will fairly and adequately represent and protect the interests of the Maryland Class.  Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

131.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Maryland Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Maryland Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

132.    Class certification of this Claim is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Maryland Class predominate over any questions affecting only individual members of the Maryland Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices unlawfully treat members of the Maryland Class as exempt from overtime pay requirements.  The damages suffered by individual Maryland Class members are small compared to the expense and burden of individual

prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

133.    Plaintiffs intend to send notice to all members of the Maryland Class to the extent required by Rule 23.

***The North Carolina Class***

134.    The North Carolina Plaintiff brings the Seventh Cause of Action, NCWHA claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all persons who have worked for Defendant as ASMs in North Carolina from August 20, 2010 through June 30, 2012.

135.    The persons in the North Carolina Class identified above are so numerous that joinder of all members is impracticable.

136.    The size of the North Carolina Class is at least 99 ASMs.

137.    Defendant acted or refused to act on grounds generally applicable to the North Carolina Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the North Carolina Class as a whole.

138.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the North Carolina Class that predominate over any questions solely affecting individual members of the North Carolina Class, including but not limited to:

a.    whether Defendant fails and/or refuses to pay Plaintiff and the North Carolina Class overtime wages at a rate of one-and-one-half times their regular rate of pay

for hours they work in excess of 40 hours per workweek ("time and a half")

within the meaning of the NCWHA;

b.  whether Defendant pays Plaintiff and the North Carolina Class a salary for

whatever hours they are called upon to work in a workweek, whether few or

many;

c.  whether Defendant pays Plaintiff and the North Carolina Class on an hourly basis

when they work fewer than 40 hours per week;

d.  whether Defendant's uniform conduct prevents or fails to create a clear and

mutual understanding as required under the FWW method of calculating overtime

compensation;

e.  the nature and extent of North Carolina Class-wide injury and the appropriate

measure of damages for the North Carolina Class;

f.  whether Defendant's policy of failing to pay Plaintiff and the North Carolina

Class overtime wages was done willfully or with reckless disregard of the

NCWHA.

139.    The Plaintiff's claims are typical of the claims of the North Carolina Class they

seek to represent.  Plaintiff and the North Carolina Class work or have worked for Defendant and

have been subjected to their policy and pattern or practice of paying half-time for overtime for

hours worked in excess of 40 hours per week.  Defendant acted and refused to act on grounds

generally applicable to the North Carolina Class, thereby making declaratory relief with respect

to the North Carolina Class appropriate.

140.    The North Carolina Named Plaintiff will fairly and adequately represent and protect the interests of the North Carolina Class.  Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

141.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the North Carolina Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the North Carolina Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

142.    Class certification of this Claim is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the North Carolina Class predominate over any questions affecting only individual members of the North Carolina Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's common and uniform policies and practices unlawfully treat members of the North Carolina Class as exempt from overtime pay requirements.  The damages suffered by individual North Carolina Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

143.     Plaintiffs intend to send notice to all members of the North Carolina Class to the extent required by Rule 23.

***The Ohio Class***

144.     The Ohio Plaintiff brings the Eighth Cause of Action, OMWFSA claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class consisting of all persons who have worked for Defendant as ASMs in Ohio from August 20, 2010 through June 30, 2012.

145.     The persons in the Ohio Class identified above are so numerous that joinder of all members is impracticable.

146.     The size of the Ohio Class is at least 220 ASMs.

147.     Defendant acted or refused to act on grounds generally applicable to the Ohio Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Ohio Class as a whole.

148.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Ohio Class that predominate over any questions solely affecting individual members of the Ohio Class, including but not limited to:

      a.     whether Defendant fails and/or refuses to pay Plaintiff and the Ohio Class overtime wages at a rate of one-and-one-half times their regular rate of pay for hours they work in excess of 40 hours per workweek ("time and a half") within the meaning of the OMWFSA, Ohio Rev. C. ch. 4111;

      b.     whether Defendant pays Plaintiff and the Ohio Class a salary for whatever hours

they are called upon to work in a workweek, whether few or many;

c.  whether Defendant pays Plaintiff and the Ohio Class on an hourly basis when
    they work fewer than 40 hours per week;

d.  whether Defendant's uniform conduct prevents or fails to create a clear and
    mutual understanding as required under the FWW method of calculating overtime
    compensation;

e.  the nature and extent of Ohio Class-wide injury and the appropriate measure of
    damages for the Ohio Class;

f.  whether Defendant's policy of failing to pay Plaintiff and the Ohio Class overtime
    wages was done willfully or with reckless disregard of the OMWFSA.

149.    The Plaintiff's claims are typical of the claims of the Ohio Class they seek to
represent.  Plaintiff and the Ohio Class work or have worked for Defendant and have been
subjected to their policy and pattern or practice of paying half-time for overtime for hours
worked in excess of 40 hours per week.  Defendant acted and refused to act on grounds generally
applicable to the Ohio Class, thereby making declaratory relief with respect to the Ohio Class
appropriate.

150.    The Ohio Named Plaintiff will fairly and adequately represent and protect the
interests of the Ohio Class.  Plaintiff has retained counsel competent and experienced in complex
class action employment litigation.

151.    A class action is superior to other available methods for the fair and efficient
adjudication of this litigation – particularly in the context of wage litigation like the present
action, where individual plaintiffs may lack the financial resources to vigorously prosecute a
lawsuit in federal court against a corporate defendant.  The members of the Ohio Class have been

damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Ohio Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

152.     Class certification of this Claim is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Ohio Class predominate over any questions affecting only individual members of the Ohio Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's common and uniform policies and practices unlawfully treat members of the Ohio Class as exempt from overtime pay requirements.  The damages suffered by individual Ohio Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

153.     Plaintiffs intend to send notice to all members of the Ohio Class to the extent required by Rule 23.

***The Rhode Island Class***

154.     The Rhode Island Plaintiff brings the Ninth Cause of Action, RIMWA claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all persons who have worked for Defendant as ASMs in Rhode Island from June 17, 2010 through June 30, 2012.

155.     The persons in the Rhode Island Class identified above are so numerous that

joiner of all members is impracticable.

156.    The side of the Rhode Island Class is approximately 32 ASMs.

157.    Defendant acted or refused to act on grounds generally applicable to the Rhode Island Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rhode Island Class as a whole.

158.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Rhode Island Class that predominate over any questions solely affecting individual members of the Rhode Island Class, including but not limited to:

a.      whether Defendant fails and/or refuses to pay Plaintiff and the Rhode Island Class overtime wages at a rate of one-and-one-half times their regular rate of pay for hours they work in excess of 40 hours per workweek ("time and a half") within the meaning of the RIMWA;

b.      whether Defendant pays Plaintiff and the Rhode Island Class a salary for whatever hours they are called upon to work in a workweek, whether few or many;

c.      whether Defendant pays Plaintiff and the Rhode Island Class on an hourly basis when they work fewer than 40 hours per week;

d.      whether Defendant's uniform conduct prevents or fails to create a clear and mutual understanding as required under the FWW method of calculating overtime compensation;

e.      the nature and extent of Rhode Island Class-wide injury and the appropriate measure of damages for the Rhode Island Class;

f.      whether Defendant's policy of failing to pay Plaintiffs and the Rhode Island

Class overtime wages was done willfully or with reckless disregard of the RIMWA.

159.    The Plaintiff's claims are typical of the claims of the Rhode Island Class they seek to represent.  Plaintiff and the Rhode Island Class work or have worked for Defendant and have been subjected to their policy and pattern or practice of paying half-time for overtime for hours worked in excess of 40 hours per week.  Defendant acted and refused to act on grounds generally applicable to the Rhode Island Class, thereby making declaratory relief with respect to the Rhode Island Class appropriate.

160.    Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

161.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Rhode Island Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Rhode Island Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

### *The Missouri Class*

162.    The Missouri Plaintiff brings the Tenth Cause of Action, MOMWL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class consisting of all persons who have worked for Defendant as ASMs in Missouri in stores outside of Kansas City,

Missouri, from August 20, 2010 through June 30, 2012.

163.    The persons in the Missouri Class identified above are so numerous that joinder of all members is impracticable.

164.    The size of the Missouri class is approximately 57 individuals.

165.    Defendant acted or refused to act on grounds generally applicable to the Missouri Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Missouri Class as a whole.

166.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Missouri Class that predominate over any questions solely affecting individual members of the Missouri Class, including but not limited to:

a.    whether Defendant fails and/or refuses to pay Plaintiff and the Missouri Class overtime wages at a rate of one-and-one-half times their regular rate of pay for hours they work in excess of 40 hours per workweek ("time and a half") within the meaning of the MOMWL;

b.    whether Defendant pays Plaintiff and the Missouri Class a salary for whatever hours they are called upon to work in a workweek, whether few or many;

c.    whether Defendant pays Plaintiff and the Missouri Class on an hourly basis when they work fewer than 40 hours per week;

d.    whether Defendant's uniform conduct prevents or fails to create a clear and mutual understanding as required under the FWW method of calculating overtime compensation;

e.    the nature and extent of Missouri Class-wide injury and the appropriate measure

of damages for the Missouri Class;

f.      whether Defendant's policy of failing to pay Plaintiffs and the Missouri Class

overtime wages was done willfully or with reckless disregard of the MOMWL.

167.    The Plaintiff's claims are typical of the claims of the Missouri Class they seek to

represent.  Plaintiff and the Missouri Class work or have worked for Defendant and have been

subjected to their policy and pattern or practice of paying half-time for overtime for hours

worked in excess of 40 hours per week.  Defendant acted and refused to act on grounds generally

applicable to the Missouri Class, thereby making declaratory relief with respect to the Missouri

Class appropriate.

168.    The Missouri Named Plaintiff will fairly and adequately represent and protect the

interests of the Missouri Class.  Plaintiff has retained counsel competent and experienced in

complex class action employment litigation.

169.    A class action is superior to other available methods for the fair and efficient

adjudication of this litigation – particularly in the context of wage litigation like the present

action, where individual plaintiffs may lack the financial resources to vigorously prosecute a

lawsuit in federal court against a corporate defendant.  The members of the Missouri Class have

been damaged and are entitled to recovery as a result of Defendant's common and uniform

policies, practices, and procedures.  Although the relative damages suffered by individual

members of the Missouri Class are not *de minimis*, such damages are small compared to the

expense and burden of individual prosecution of this litigation.  In addition, class treatment is

superior because it will obviate the need for unduly duplicative litigation that might result in

inconsistent judgments about Defendant's practices.

170.    Class certification of this claim is also appropriate under Fed. R. Civ. P. 23(b)(3)

because questions of law and fact common to the Missouri Class predominate over any questions affecting only individual members of the Missouri Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices unlawfully treat members of the Missouri Class as exempt from overtime pay requirements. The damages suffered by individual Missouri Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

171. Plaintiffs intend to send notice to all members of the Missouri Class to the extent required by Rule 23.

*The New Jersey Class*

172. The New Jersey Plaintiff brings the Eleventh Cause of Action, NJSWHL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all persons who have worked for Defendant as ASMs in New Jersey from August 20, 2010 through June 30, 2012.

173. The persons in the New Jersey Class identified above are so numerous that joinder of all members is impracticable.

174. The size of the New Jersey Class is at least 73 ASMs.

175. Defendant acted or refused to act on grounds generally applicable to the New Jersey Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New Jersey Class as a whole.

176. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the New Jersey Class that

predominate over any questions solely affecting individual members of the New Jersey Class, including but not limited to:

a.     whether Defendant fails and/or refuses to pay Plaintiffs and the New Jersey Class overtime wages at a rate of one-and-one-half times their regular rate of pay for hours they work in excess of 40 hours per workweek ("time and a half") within the meaning of the NJSWHL;

b.     whether Defendant pays Plaintiff and the New Jersey Class a salary for whatever hours they are called upon to work in a workweek, whether few or many;

c.     whether Defendant pays Plaintiff and the New Jersey Class on an hourly basis when they work fewer than 40 hours per week;

d.     whether Defendant's uniform conduct prevents or fails to create a clear and mutual understanding as required under the FWW method of calculating overtime compensation;

e.     the nature and extent of New Jersey Class-wide injury and the appropriate measure of damages for the New Jersey Class;

f.     whether Defendant's policy of failing to pay Plaintiff and the New Jersey Class overtime wages was done willfully or with reckless disregard of the NJSWHL.

177.     The Plaintiff's claims are typical of the claims of the New Jersey Class they seek to represent.  Plaintiffs and the New Jersey Class work or have worked for Defendant and have been subjected to their policy and pattern or practice of paying half-time for overtime for hours worked in excess of 40 hours per week.  Defendant acted and refused to act on grounds generally applicable to the Connecticut Class, thereby making declaratory relief with respect to the New Jersey Class appropriate.

178.    The New Jersey Named Plaintiff will fairly and adequately represent and protect the interests of the New Jersey Class.  Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

179.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New Jersey Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the New Jersey Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

180.    Class certification of this claim is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Jersey Class predominate over any questions affecting only individual members of the New Jersey Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices unlawfully treat members of the New Jersey Class as exempt from overtime pay requirements.  The damages suffered by individual New Jersey Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

181.    Plaintiffs intend to send notice to all members of the New Jersey Class to the extent required by Rule 23.

***The New York Class***

182.    The New York Plaintiffs bring the Twelfth Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of the New York Plaintiffs and a class of persons (the "New York Class") consisting of all persons who have worked for Defendant as ASMs in the State of New York at any time between August 20, 2007 and June 30, 2012 (the "New York Class Period").

183.    The persons in the New York Class identified above are so numerous that joinder of all members is impracticable.

184.    Upon information and belief, the size of the New York Class is at least 37 ASMs.

185.    Defendant acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

186.    The Twelfth Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

a.      whether Defendant fails and/or refuses to pay Plaintiffs and the New York Class overtime wages at a rate of one-and-one-half times their regular rate of pay for hours they work in excess of 40 hours per workweek ("time and a half") within the meaning of the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. 142;

b.      whether Defendant pays Plaintiffs and the New York Class a salary for whatever hours they are called upon to work in a workweek, whether few or many;

c.      whether Defendant pays Plaintiffs and the New York Class on an hourly basis when they work fewer than 40 hours per week;

d.      whether Defendant's uniform conduct prevents or fails to create a clear and mutual understanding as required under the FWW method of calculating overtime compensation;

e.      the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class;

f.      whether Defendant's policy of failing to pay Plaintiffs and the New York Class overtime wages was done willfully or with reckless disregard of the NYLL. whether Defendant failed to keep true and accurate time records for all hours worked by the New York Plaintiffs and the New York Class;

187.    The claims of the New York Plaintiffs are typical of the claims of the New York Class they seek to represent.  Plaintiffs and the New York Class work or have worked for Defendant and have been subjected to their policy and pattern or practice of paying half-time for overtime for hours worked in excess of 40 hours per week.  Defendant acted and refused to act on grounds generally applicable to the New York Class, thereby making declaratory relief with respect to the New York Class appropriate.

188.    The New York Plaintiffs will fairly and adequately represent and protect the interests of the New York Class.  The New York Plaintiffs understand that, as class representatives, each assumes a fiduciary responsibility to the New York Class to represent its

interests fairly and adequately.  The New York Plaintiffs recognize that as class representatives, each one must represent and consider the interests of the New York Class just as he would represent and consider his own interests.  The New York Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the New York Class.  The New York Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class.  The New York Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

189.    The New York Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

190.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New York Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

191.    Class certification of this Claim is also appropriate under Fed. R. Civ. P. 23(b)(3)

because questions of law and fact common to the New York Class predominate over any questions affecting only individual members of the New York Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices unlawfully treat members of the New York Class as exempt from overtime pay requirements.  The damages suffered by individual New York Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## CLASS-WIDE FACTUAL ALLEGATIONS

192.    All of the work that Plaintiffs, the FLSA Collective, the Connecticut Class, the Pennsylvania Class, the Illinois Class, the Massachusetts Class, the Maryland Class, the North Carolina Class, the Ohio Class, the Rhode Island Class, the Missouri Class, the New Jersey Class, and the New York Class (collectively, "the Class Members") performed has been assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiffs and the Class Members have performed.

193.    Upon information and belief, Defendant's business is a centralized, top-down operation controlled by Defendant.

194.    It is and has been Defendant's nationwide policy and pattern or practice to pay Class Members less than half-time for overtime instead of time-and-a-half as required by law.

195.    Defendant does not follow the strict and narrowly construed rules that allow some employers to use the fluctuating workweek ("FWW") method to calculate overtime pay for non-exempt employees under some circumstances.

196.    Defendant's uniform conduct with respect to its ASMs does not create, and in fact prevents, a clear and mutual understanding between Defendant and the ASMs that each ASM will receive a fixed amount of pay as straight time pay for whatever hours the ASM is called upon to work in a workweek, whether few or many, or that a fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, by each ASM.  *See* 29 C.F.R. § 778.114 (a).  Specifically as to Plaintiffs, the information provided at the time of hire, including the Associate Handbook, indicates that Plaintiffs and other ASMs will be paid "at an established hourly rate based on work documented during the week."  None of the other information provided to Plaintiffs or the class changes this statement or explains that they would receive their fixed weekly salary even if their hours worked fall below 40.

197.    Defendant does not pay ASMs a fixed weekly salary in workweeks in which a full schedule of hours is not worked.  *See* 29 C.F.R. § 778.114(c).  Specifically as to Kiefer and the class, when they work less than forty hours, the computer system only pays them for their actual hours worked at an hourly rate calculated by dividing their weekly salary by 40.  For example, Kiefer was paid for 38 hours of work during the week of Sunday April 3, 2011 to Saturday April 9, 2011.  Defendant's payroll system does not flag the fact of ASMs' sub-40 hours or ensure that they are paid a fixed weekly salary.

198.    Uniform written materials that Defendant provides to its ASMs indicate that Defendant pays ASMs on an hourly basis, not a fixed salary.  This includes the Associate Handbook, which indicates that Plaintiffs and other ASMs will be paid "at an established hourly rate based on work documented during the week."

199.    Defendant informed Plaintiffs and Class Members via an Associate Handbook that they would be paid at an established hourly rate based on documented work during the work week.

200.    Defendant pays ASMs on an hourly basis when they work fewer than forty hours per week.  To illustrate, this happened to Plaintiff Kiefer in the week ending April 9, 2011 when he worked and was paid for only 38 hours.

201.    Defendant pays ASMs on an hourly basis in holiday weeks when they actually work less than forty hours.  Specifically as to Kiefer, this happened to him during week ending November 26, 2011.  He worked 35.27 hours and was paid for that time at an hourly rate calculated by dividing his weekly pay by forty.  He also received $173.08 of "Holiday" pay, which Defendant did not include its calculation of coefficient overtime pay.  Keifer was also paid on an hourly basis for week ending December 31, 2011, in which he worked and was paid for only 34.78 hours, in addition to $173.08 of "Holiday" pay, which Defendant did not include its calculation of coefficient overtime pay.

202.    Defendant pays ASMs on an hourly basis in weeks in which they take a sick day and actually work less than forty hours.  Plaintiffs were subject to this policy.

203.    Defendant pays ASMs on an hourly basis in weeks in which they take a vacation day and actually work less than forty hours.  Plaintiffs were subject to this policy.

204.    Defendant pays ASMs on an hourly basis for work they perform on Sundays. Plaintiffs were subject to this policy.

205.    Defendant's computerized payroll system is programmed to pay ASMs less than their full purported salaries in weeks when their actual hours worked are less than 40.

206.    The policies described in the preceding paragraphs do not vary from ASM to ASM, including Plaintiffs.

207.    As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, CMWA, PA MWA, IMWL, Mass. Gen. Laws, ch. 151, §§ 1 -22, Md. Code Ann. Labor and Employment Art. § 3-401 *et seq*., NCWHA, OMWFSA, MOMWL, NJSWHL, and the NYLL. This policy and pattern or practice includes but is not limited to:

    a.    willfully failing and/or refusing to pay Class Members time-and-a-half overtime wages for all hours they work in excess of 40 hours per workweek;

    b.    willfully failing to comply with requirements of the FWW method;

    c.    willfully failing to cause Plaintiff and Class Members to understand that they will not be paid a fixed amount of pay during a workweek in which a full schedule of hours is not worked and willfully preventing such an understanding.

208.    Upon information and belief, Defendant's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA, CMWA, PMWA, IMWL, MMFWL, MWHL, NCWHA, OMWFSA, RIMSA, MOMWL, NJSWHL, and the NYLL.

209.    Upon information and belief, Defendant was or should have been aware that state and federal law required it to pay Class Members time and a half for hours worked in excess of 40 per week.

210.     Upon information and belief Defendant was aware, or should have been, that Class Members, *inter alia*: (a) are not paid a salary for whatever hours they are called upon to work in a workweek, whether few or many; (b) are required to work a fixed weekly work period which rarely fluctuates; and (c) understand that they will not be paid a salary during a workweek in which a full schedule of hours is not worked.

211.     Defendant's failure to pay Plaintiffs and the Class Members overtime wages at one-and-one-half times their regular rates of pay for work in excess of 40 hours per week was willful in at least the following ways:

a.      It knew that it its Associate Handbook indicated that it would pay ASMs an "hourly rate" each week and that this communication would prevent its ASMs from having a "clear mutual understanding" that it would be paid a fixed weekly salary even if their weekly hours worked were below 40;

b.      It knew that its time keeping and payroll system failed to flag events where ASMs worked fewer than 40 hours and actually paid ASMs on an hourly rate for those weeks;

c.      It knew that it paid its ASMs on an hourly basis for Holiday weeks, even when the hours actually worked were below 40;

d.      It knew that it paid its ASMs on an hourly basis for weeks in which ASMs took vacation or sick days, even when the hours actually worked were below 40;

e.      Defendant was on notice that its practices were unlawful well before this lawsuit was filed but failed to immediately change their practices.

212.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFFS' FACTUAL ALLEGATIONS

213.     Plaintiffs and the similarly situated workers regularly worked more than 40 hours per workweek, usually worked between 45 and 55 hours per week, but were not paid one and one half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek. For example, Plaintiff Kiefer worked 44.50 hours during the week ending Saturday April 16, 2011.  His allegedly "fixed weekly salary" was $865.38 and results in an hourly rate of $21.63. His overtime pay should be $32.45 per hour.  Instead of being paid $146.03 for his overtime hours that week, Keifer was paid only $43.76, or $9.72 per hour.  He also worked overtime in many other weeks, including but not limited to 45 hours during the week ending April 23, 2011, 44.75 hours during the week ending April 30, 2011, 46.50 hours during the week ending May 7, 2011, to name but a few.

214.     The unlawful policies described in this Complaint applied to Plaintiffs and the entire class.

**<u>FIRST CAUSE OF ACTION</u>**
**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.**
**On behalf of Plaintiff and the FLSA Collective**

215.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

216.     Defendant engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

217.     At all times relevant, Plaintiff and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

218.     The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiffs and the FLSA Collective.

219.     Defendant was an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

220.     At all times relevant, Plaintiffs and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

221.     Defendant employed Plaintiffs and the members of the FLSA Collective as an employer.

222.     Defendant failed to pay Plaintiffs and the members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

223.     Defendant's violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional as described above

224.     Defendant did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the members of the FLSA Collective.

225.     Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

As a result of Defendant's violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## SECOND CAUSE OF ACTION
**Connecticut Minimum Wage Act**
**Conn. Gen. Stat. §§ 31-60; 31-68; 31-76c; Regs. Conn. State Agencies §31-62-D2(c).**
**On behalf of Connecticut Plaintiffs and the Connecticut Class**

226.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

227.     Defendant has engaged in a widespread pattern, policy, and practice of violating the CMWA, as detailed in this Class Action Complaint.

228.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the CMWA.

229.     At all relevant times, Defendant has employed, and/or continues to employ, the Connecticut Plaintiffs and each of the members of the prospective Connecticut Class, within the meaning of the CMWA.

230.     Defendant has failed to pay the Connecticut Plaintiffs and the members of the Connecticut Class the overtime wages to which they are entitled under the CMWA.

231.     At all relevant times, Defendant has had a policy and practice of failing and refusing to pay time and a half overtime pay to the Connecticut Plaintiffs and the Connecticut Class.

232.     The fluctuating work week method is impermissible under the CMWA.

233.     As a result of Defendant's failure to pay time and a half overtime wages earned and due to the Connecticut Plaintiffs and the Connecticut Class, Defendant has violated, and continues to violate, the CMWA.

234.     Defendant's failure to pay time and a half overtime wages to the Connecticut Plaintiffs and the Connecticut Class is willful.

235.     As a result of Defendant's violations of the CMWA, the Connecticut Plaintiffs and the members of the Connecticut Class have suffered damages by being denied overtime wages in accordance with the CMWA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the CMWA.

**THIRD CAUSE OF ACTION**
**PMWA, 43 Pa. Cons. Stat. §§ 333.101 *et seq*.;**
**On behalf of Pennsylvania Plaintiff and the Pennsylvania Class**

236.    The Pennsylvania Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

237.    Defendant has engaged in a widespread pattern, policy, and practice of violating the PMWA, as detailed in this Class Action Complaint.

238.    At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the PMWA.

239.    At all relevant times, Defendant has employed, and/or continues to employ, the Pennsylvania Plaintiff and each of the members of the Pennsylvania Class, within the meaning of the PMWA.

240.    Defendant has failed to pay the Pennsylvania Plaintiff and the members of the Pennsylvania Class the overtime wages to which they are entitled under the PMWA.

241.    At all relevant times, Defendant has had a policy and practice of failing and refusing to pay time and a half overtime pay to the Pennsylvania Plaintiff and the Pennsylvania Class.

242.    The fluctuating work week method is impermissible under the PMWA.

243.    The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 Pa. Cons. Stat. § 333.104(c).

244.    As a result of Defendant's failure to pay time and a half overtime wages earned and due to Plaintiff and the Pennsylvania Class, Defendant has violated, and continues to violate, the PMWA.

245.    Defendant's failure to pay time and a half overtime wages to the Pennsylvania Plaintiff and the Pennsylvania Class is willful.

246.    As a result of Defendant's violations of the PMWA, the Pennsylvania Plaintiff and the members of the Pennsylvania Class have suffered damages by being denied overtime wages in accordance with the PMWA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the PMWA.

**FOURTH CAUSE OF ACTION**
**IMWL, 820 Ill. Comp. Stat. § 105;**
**On behalf of Illinois Plaintiffs and the Illinois Class**

247.    The Illinois Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

248.    Defendant has engaged in a widespread pattern, policy, and practice of violating the IMWL, as detailed in this Class Action Complaint.

249.    At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the IMWL.

250.    At all relevant times, Defendant has employed, and/or continues to employ, the Illinois Plaintiffs and each of the members of the prospective Illinois Class, within the meaning of the IMWL.

251.    Defendant has failed to pay the Illinois Plaintiffs and the members of the Illinois Class the overtime wages to which they are entitled under the IMWL.

252.    At all relevant times, Defendant has had a policy and practice of failing and refusing to pay time and a half overtime pay to the Illinois Plaintiffs and the Illinois Class.

253.    As a result of Defendant's failure to pay time and a half overtime wages earned

and due to the Illinois Plaintiffs and the Illinois Class, Defendant has violated, and continues to

violate, the IMWL.

254.   Defendant's failure to pay time and a half overtime wages to the Illinois Plaintiffs

and the Illinois Class is willful.

255.   As a result of Defendant's violations of the IMWL, the Illinois Plaintiffs and the

members of the Illinois Class have suffered damages by being denied overtime wages in

accordance with the IMWL in amounts to be determined at trial, and are entitled to recovery of

such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other

compensation pursuant to the IMWL.

## FIFTH CAUSE OF ACTION
**MMFWL, Mass. Gen. Laws, ch. 151;**
**On behalf of Massachusetts Plaintiff and the Massachusetts Class**

256.   The Massachusetts Plaintiff re-alleges and incorporates by reference all

allegations in all preceding paragraphs.

257.   Defendant has engaged in a widespread pattern, policy, and practice of violating

the MMFWL, as detailed in this Class Action Complaint.

258.   At all relevant times, Defendant has been, and continues to be, an "employer"

within the meaning of the MMFWL.

259.   At all relevant times, Defendant has employed, and/or continues to employ, the

Massachusetts Plaintiff and each of the members of the prospective Massachusetts Class, within

the meaning of the MMFWL.

260.   Defendant has failed to pay the Massachusetts Plaintiff and the members of the

Massachusetts Class the overtime wages to which they are entitled under the MMFWL.

261.   At all relevant times, Defendant has had a policy and practice of failing and

refusing to pay time and a half overtime pay to the Massachusetts Plaintiff and the Massachusetts Class.

262.    As a result of Defendant's failure to pay time and a half overtime wages earned and due to the Massachusetts Plaintiff and the Massachusetts Class, Defendant has violated, and continues to violate, the MMFWL.

263.    Defendant's failure to pay time and a half overtime wages to the Massachusetts Plaintiff and the Massachusetts Class is willful.

264.    As a result of Defendant's violations of the MMFWL, Plaintiff and the members of the Massachusetts Class have suffered damages by being denied overtime wages in accordance with the MMFWL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the MMFWL.

## SIXTH CAUSE OF ACTION
### MWHL, Md. Code Ann. Labor & Empl. Art. § 3-401 *et seq*.
### On behalf of Maryland Plaintiffs and the Maryland Class

265.    The Maryland Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

266.    Defendant has engaged in a widespread pattern, policy, and practice of violating the MWHL, as detailed in this Class Action Complaint.

267.    At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the MWHL.

268.    At all relevant times, Defendant has employed, and/or continues to employ, the Maryland Plaintiffs and each of the members of the prospective Maryland Class, within the meaning of the MWHL.

269.     Defendant has failed to pay the Maryland Plaintiffs and the members of the Maryland Class the overtime wages to which they are entitled under the MWHL.

270.     At all relevant times, Defendant has had a policy and practice of failing and refusing to pay time and a half overtime pay to the Maryland Plaintiffs and the Maryland Class.

271.     As a result of Defendant's failure to pay time and a half overtime wages earned and due to the Maryland Plaintiffs and the Maryland Class, Defendant has violated, and continues to violate, the MWHL.

272.     Defendant's failure to pay time and a half overtime wages to the Maryland Plaintiffs and the Maryland Class is willful.

273.     As a result of Defendant's violations of the MWHL, the Maryland Plaintiffs and the members of the Maryland Class have suffered damages by being denied overtime wages in accordance with the MWHL. in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the MWHL.

## SEVENTH CAUSE OF ACTION
### NCWHA, N.C. Gen. Stat. §§ 95-25.1 *et seq.*;
### On behalf of North Carolina Plaintiff and the North Carolina Class

274.     The North Carolina Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

275.     Defendant has engaged in a widespread pattern, policy, and practice of violating the NCWHA, as detailed in this Class Action Complaint.

276.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the NCWHA.

277.     At all relevant times, Defendant has employed, and/or continues to employ, the

North Carolina Plaintiff and each of the members of the prospective North Carolina Class, within the meaning of the NCWHA.

278.     Defendant has failed to pay the North Carolina Plaintiff and the members of the North Carolina Class the overtime wages to which they are entitled under the NCWHA.

279.     At all relevant times, Defendant has had a policy and practice of failing and refusing to pay time and a half overtime pay to the North Carolina Plaintiff and the North Carolina Class.

280.     As a result of Defendant's failure to pay time and a half overtime wages earned and due to the North Carolina Plaintiff and the North Carolina Class, Defendant has violated, and continues to violate, the NCWHA.

281.     Defendant's failure to pay time and a half overtime wages to the North Carolina Plaintiff and the North Carolina Class is willful.

282.     As a result of Defendant's violations of the NCWHA, Plaintiff and the members of the North Carolina Class have suffered damages by being denied overtime wages in accordance with the NCWHA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the NCWHA.

<u>EIGHTH CAUSE OF ACTION</u>
**OMWFSA, Ohio Rev. C. ch. 4111;**
**On behalf of Ohio Plaintiff and the Ohio Class**

283.     The Ohio Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

284.     Defendant has engaged in a widespread pattern, policy, and practice of violating the OMWFSA, as detailed in this Class Action Complaint.

285.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the OMWFSA.

286.     At all relevant times, Defendant has employed, and/or continues to employ, the Ohio Plaintiff and each of the members of the prospective Ohio Class, within the meaning of the OMWFSA.

287.     Defendant has failed to pay the Ohio Plaintiff and the members of the Ohio Class the overtime wages to which they are entitled under the OMWFSA.

288.     At all relevant times, Defendant has had a policy and practice of failing and refusing to pay time and a half overtime pay to the Ohio Plaintiff and the Ohio Class.

289.     As a result of Defendant's failure to pay time and a half overtime wages earned and due to the Ohio Plaintiff and the Ohio Class, Defendant has violated, and continues to violate, the OMWFSA.

290.     Defendant's failure to pay time and a half overtime wages to the Ohio Plaintiff and the Ohio Class is willful.

291.     As a result of Defendant's violations of the OMWFSA, the Ohio Plaintiff and the members of the Ohio Class have suffered damages by being denied overtime wages in accordance with the OMWFSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the OMWFSA.

## NINTH CAUSE OF ACTION
### RIMWA, R.I. St. chs. 28-12, 28-14:
### On behalf of Rhode Island Plaintiff and the Rhode Island Class

292.     The Rhode Island Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

293.    Defendant has engaged in a widespread pattern, policy, and practice of violating the RIMWA, as detailed in this Class Action Complaint.

294.    At all relevant times, Defendant has been, and continues to be, an "employer" in Rhode Island within the meaning of the RIMWA.

295.    At all relevant times, Defendant has employed, and/or continues to employ, the Rhode Island Plaintiff and each of the members of the prospective Rhode Island Class, within the meaning of the RIMWA.

296.    Defendant has failed to pay the Rhode Island Plaintiff and the members of the Rhode Island Class the overtime wages to which they are entitled under the FLSA.

297.    At all relevant times, Defendant has had a policy and practice of failing and refusing to pay time and a half overtime pay to the Rhode Island Plaintiff and the Rhode Island Class.

298.    As a result of Defendant's failure to pay time and a half overtime wages earned and due to the Rhode Island Plaintiff and the Rhode Island Class, Defendant has violated, and continues to violate, the FLSA.

299.    Defendant's failure to pay time and a half overtime wages to the Rhode Island Plaintiff and the Rhode Island Class is willful.

300.    As a result of Defendant's violations of the FLSA, Rhode Island Plaintiff and the members of the Rhode Island Class have suffered damages by being denied overtime wages in accordance with the RIMWA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the RIMWA.

### TENTH CAUSE OF ACTION
**MOMWL, Mo. Rev. Stat §§ 290.500 et seq.;**

**On behalf of Missouri Plaintiff and the Missouri Class**

301.    The Missouri Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

302.    Defendant has engaged in a widespread pattern, policy, and practice of violating the MOMWL, as detailed in this Class Action Complaint.

303.    At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the MOMWL.

304.    At all relevant times, Defendant has employed, and/or continues to employ, the Missouri Plaintiff and each of the members of the prospective Missouri Class, within the meaning of the MOMWL.

305.    Defendant has failed to pay the Missouri Plaintiff and the members of the Missouri Class the overtime wages to which they are entitled under the MOMWL.

306.    At all relevant times, Defendant has had a policy and practice of failing and refusing to pay time and a half overtime pay to the Missouri Plaintiff and the Missouri Class.

307.    As a result of Defendant's failure to pay time and a half overtime wages earned and due to the Missouri Plaintiff and the Missouri Class, Defendant has violated, and continues to violate, the MOMWL.

308.    Defendant's failure to pay time and a half overtime wages to the Missouri Plaintiff and the Missouri Class is willful.

309.    As a result of Defendant's violations of the MOMWL, Plaintiff and the members of the Missouri Class have suffered damages by being denied overtime wages in accordance with the MOMWL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation

pursuant to the MOMWL.

## ELEVENTH CAUSE OF ACTION
### NJSWHL, N.J. Stat. Ann. §§ 34:11-56a *et seq.*;
### On behalf of New Jersey Plaintiff and the New Jersey Class

310.    The New Jersey Plaintiff re-alleges and incorporates by reference all allegations

in all preceding paragraphs.

311.    Defendant has engaged in a widespread pattern, policy, and practice of violating

the NJSWHL, as detailed in this Class Action Complaint.

312.    At all relevant times, Defendant has been, and continues to be, an "employer"

within the meaning of the NJSWHL.

313.    At all relevant times, Defendant has employed, and/or continues to employ, the

New Jersey Plaintiff and each of the members of the prospective New Jersey Class, within the

meaning of the NJSWHL.

314.    Defendant has failed to pay the New Jersey Plaintiff and the members of the New

Jersey Class the overtime wages to which they are entitled under the NJSWHL.

315.    At all relevant times, Defendant has had a policy and practice of failing and

refusing to pay time and a half overtime pay to the New Jersey Plaintiff and the New Jersey

Class.

316.    As a result of Defendant's failure to pay time and a half overtime wages earned

and due to the New Jersey Plaintiff and the New Jersey Class, Defendant has violated, and

continues to violate, the NJSWHL.

317.    Defendant's failure to pay time and a half overtime wages to the New Jersey

Plaintiff and the New Jersey Class is willful.

318.    As a result of Defendant's violations of the NJSWHL, New Jersey Plaintiff and

the members of the New Jersey Class have suffered damages by being denied overtime wages in

accordance with the NJSWHL in amounts to be determined at trial, and are entitled to recovery

of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other

compensation pursuant to the NJSWHL.

## TWELFTH CAUSE OF ACTION
### NYLL, Article 19, §§ 650 *et seq.*
### On behalf of New York Plaintiffs and the New York Class

319.    The New York Plaintiffs re-allege and incorporate by reference all allegations in

all preceding paragraphs.

320.    Defendant has engaged in a widespread pattern, policy, and practice of violating

the NYLL, Article 19, §§ 650 *et seq*., and supporting NYSDOL regulations, as detailed in this

Class Action Complaint.

321.    At all relevant times, Defendant has been, and continues to be, an "employer"

within the meaning of the NYLL and supporting NYSDOL regulations.

322.    At all relevant times, Defendant has employed, and/or continues to employ, the

New York Plaintiffs and each of the members of the prospective New York Class, within the

meaning of the NYLL and supporting NYSDOL regulations.

323.    Defendant has failed to pay the New York Plaintiffs and the members of the New

York Class the overtime wages to which they are entitled under the NYLL and supporting

NYSDOL regulations.

324.    At all relevant times, Defendant has had a policy and practice of failing and

refusing to pay time and a half overtime pay to the New York Plaintiffs and the New York Class.

325.    As a result of Defendant's failure to pay time and a half overtime wages earned

and due to the New York Plaintiffs and the New York Class, Defendant has violated, and

continues to violate, the NYLL, Article 19, §§ 650 *et seq*.

326.    Defendant's failure to pay time and a half overtime wages to the New York Plaintiffs and the New York Class is willful.

327.    As a result of Defendant's violations of the NYLL, Article 19, §§ 650 *et seq*., the New York Plaintiffs and the members of the New York Class have suffered damages by being denied overtime wages in accordance with the NYLL, Article 19, §§ 650 *et seq*. in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the NYLL, Article 19, §§ 650 *et seq*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective and class action, or that the Court issue such notice, to all persons who are presently, or have at any time during the relevant period immediately preceding the filing of this suit, been employed by Defendant as Assistant Store Managers.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Designation of Plaintiffs as class representatives, and counsel of record as Class Counsel;

C.    Unpaid overtime under the pertinent laws;

D.    Liquidated damages permitted under the pertinent laws;

E.    Issuance of a declaratory judgment that the practices complained of in this

Class Action Complaint are unlawful under the pertinent laws;

        F.       Appropriate equitable and injunctive relief to remedy Defendant's violations, including but not necessarily limited to an order enjoining Defendant from continuing their unlawful practices;

        G.      Pre-Judgment and Post-Judgment interest, as provided by law;

        H.      Attorneys' fees and costs of suit, including expert fees; and

        I.      Such other injunctive and equitable relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

        Respectfully submitted,

        **THE HAYBER LAW FIRM, LLC**

By:        */s/ Richard E. Hayber*
        Richard E. Hayber
        Bar No.: CT11629
        221 Main Street, Suite 502
        Hartford, Connecticut 06106
        Telephone: (860) 522-8888

        **OUTTEN & GOLDEN LLP**
        Justin M. Swartz (*pro hac vice*)
        Juno Turner (*pro hac vice*)
        3 Park Avenue, 29th Floor
        New York, New York 10016
        Telephone:  (212) 245-1000

        **WINEBRAKE & SANTILLO, LLC**

Peter Winebrake, Esq. (*pro hac vice pending*)
715 Twining Road, Suite 211
Dresher, PA 19025
Telephone:  (215) 884-2491

***Attorneys for Plaintiffs and the Putative Classes***