IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ROBERT G. KIEFER, EDWARD B. ROACH, DAVID PAGANO, MARKITA P. ROBINSON, JASON TURNER, GARLAND OSBORN, STEPHEN MANOLAKIS, FRANK RAKOWSKI, DENNIS SANOSKE, ERIC EVERHART, TIMOTHY PORTER, BRIAN PEREIRA, DONNA OAKES, GREGG SIME, FRANK SEYMOUR, AND ALLEN ZAYAS,** individually and on behalf of others similarly situated, <br><br>              Plaintiffs, <br><br> v. <br><br> **MORAN FOODS, LLC and MORAN FOODS, INC., together d/b/a SAVE-A-LOT, LTD.,** <br><br>              Defendants. | No. 12-CV-756 (WGY) <br><br><br> JULY 21, 2014 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
<u>FOR APPROVAL OF SERVICE AWARDS</u>**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

FACTUAL BACKGROUND .................................................................................................. 1

ARGUMENT ............................................................................................................................ 2

I.   The Requested Service Awards Are Reasonable and Should Be Approved ...................... 2

II.  The Plaintiffs Assumed Significant Risks .......................................................................... 4

III. The Plaintiffs Expended Significant Time and Effort ......................................................... 6

IV.  The Ultimate Recovery Supports the Requested Service Awards ..................................... 8

CONCLUSION ......................................................................................................................... 9

**INTRODUCTION**

In connection with Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement in the above-captioned action,[1] Plaintiffs respectfully request that the Court approve Service Awards for Named Plaintiff Edward B. Roach in the amount of $30,000; for Named Plaintiffs Robert G. Kiefer and David Pagano in the amount of $10,000 each; and for Named Plaintiffs Markita P. Robinson, Jason Turner, Garland Osborn, Stephen Manolakis, Frank Rakowski, Dennis Sanoske, Eric Everhart, Timothy Porter, Brian Pereira, Donna Oakes, Gregg Sime, Frank Seymour, and Allen Zayas in the amount of $2,000 each, in recognition of the services they rendered on behalf of the class.[2] These service awards are reasonable in light of the time and effort they expended in furtherance of the litigation and settlement, and the risks they endured in order to vindicate their rights and the rights of absent Class Members.

**FACTUAL BACKGROUND**

Named Plaintiffs Robert G. Kiefer, Edward B. Roach, David Pagano, Markita P. Robinson, Jason Turner, Garland Osborn, Stephen Manolakis, Frank Rakowski, Dennis Sanoske, Eric Everhart, Timothy Porter, Brian Pereira, Donna Oakes, Gregg Sime, Frank Seymour, and Allen Zayas have made important contributions to the prosecution and fair resolution of this action on behalf of Class Members. Decl. of Justin M. Swartz in Supp. of Pls.' Mot. For Final Approval of the Settlement Classes, Final Approval of the Class Action Settlement, Approval of the FLSA Settlement, Approval of Att'ys' Fees and Reimbursement of

---

[1] For a detailed account of the factual and procedural background of this case, Class Counsel refer the Court to the Memorandum of Law in Support of Plaintiffs' Motion for Final Approval, and the supporting Declaration of Justin M. Swartz.

[2] Unless otherwise indicated, all capitalized terms have the definitions set forth in the Settlement Agreement.

Expenses and Mot. for Approval of Serv. Awards ("Swartz Decl.") ¶¶ 57-62.  They assisted Class Counsel's investigation and prosecution of the claims by providing detailed factual information regarding their job duties and other information relevant to their claims.  *Id*. at 58.  Named Plaintiff Edward B. Roach prepared to have his deposition taken and sat for deposition.  *Id.* at 59.   Roach also filed a retaliation claim with the Connecticut Department of Labor after he was dismissed by Defendant, which he has resolved as part of the Settlement Agreement.  *Id.* at 60.  Named Plaintiffs Robert G. Kiefer and David Pagano also prepared for and sat for depositions.  *Id.* at 61.  Kiefer, Pagano, and Eric Everhart also submitted declarations in support of Plaintiffs' motion for conditional certification pursuant to 29 U.S.C. § 216(b).  *Id.* ¶ 62.

The Court-approved Notices that were sent to Class Members informed them of the service awards that the Named Plaintiffs request:

> Class Counsel will also ask the Court to approve payments of $76,000 in total to the Class Representatives in recognition of the risks they took and their service to the Class.  This amount includes payments of $10,000 to two of the Class Representatives, a payment of $30,000 to one of the Class Representatives, which includes the settlement of his individual retaliation claims, and payments of $2,000 to thirteen of the Class Representatives.

Ex. B (Declaration of Mark Patton ("Patton Decl.") Ex. C (Rule 23 Notice) ¶ 16; Patton Decl. Ex. A (Group A Notice) ¶ 13; Patton Decl. Ex. B (Group D Notice) ¶ 13.[3]  No Class Members have objected to the requested service awards.  Patton Decl. ¶ 9.

## ARGUMENT

### I. The Requested Service Awards Are Reasonable and Should Be Approved.

The service awards that the Named Plaintiffs request are reasonable given the significant contributions they made to advance the prosecution and resolution of the lawsuit.  Courts

---

[4]     Unless otherwise indicated, all exhibits are attached to the Swartz Decl.

acknowledge that plaintiffs play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny, including low-wage workers. *See, e.g.*, *Velez v. Majik Cleaning Serv.*, No. 03 Civ. 8698, 2007 WL 7232783, at *7 (S.D.N.Y. June 25, 2007) ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers.") (internal quotation marks omitted); *see also* Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006). Service awards are common in class action cases and "are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff[s]." *O'Connor v. AR Res., Inc.*, No. 08 Civ. 1703, 2012 WL 12743, at *9 (D. Conn. Jan. 4, 2012) (quoting *Castagna v. Madison Square Garden, L.P.*, No. 09 Civ. 10211, 2011 WL 2208614, at *8 (S.D.N.Y. June 7, 2011)). "Service awards fulfill the important purpose of compensating plaintiffs for the time they spend and the risks they take." *Yuzary v. HSBC Bank USA, Inc.*, No. 12 Civ. 3693, 2013 WL 5492998, at *12 (citing *Massiah v. MetroPlus Health Plan, Inc.*, No. 11 Civ. 5669, 2012 WL 5874655, at *8 (E.D.N.Y. Nov. 20, 2012)).

  Courts routinely approve service awards in wage and hour class and collective actions. *See, e.g.*, *Yuzary*, 2013 WL 5492998, at *12 (approving service awards of $10,000 to each of the named plaintiffs); *Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461, at *6 (E.D.N.Y. Aug. 6, 2012) (approving awards of $10,000 for each class representative); *Aros v. United Rentals, Inc.*, No. 10 Civ. 73, 2012 WL 3060470, at *2 (D. Conn. July 26, 2012)

(approving awards of $7,500 to named plaintiffs in FLSA case); *Alli v. Boston Mkt. Corp.*, No. 10 Civ. 4, 2012 WL 1356478 (D. Conn. Apr. 17, 2012) (approving awards of $8,000 and $12,000 for class representatives); *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *14-15 (S.D.N.Y. Apr. 16, 2012) (approving service payments of $10,000 and $15,000); *Reyes v. Altamarea Grp., LLC*, No. 10 Civ. 6451, 2011 WL 4599822, at *9 (approving service awards of $15,000 and $5,000); *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *7 (E.D.N.Y. Feb. 18, 2011) (approving awards of $30,000, $15,000, and $7,500 to class representatives and class members); *Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106, at *9 (E.D.N.Y. Jan. 20, 2010) (approving awards of $15,000 and $10,000 to named plaintiffs).

In examining the reasonableness of a requested service award, courts consider: (1) the personal risk incurred by the named plaintiffs; (2) the time and effort expended by the named plaintiffs in assisting the prosecution of the litigation; and (3) the ultimate recovery in vindicating statutory rights. *See Aros*, 2012 WL 3060470, at *3.

**II.     The Plaintiffs Assumed Significant Risks.**

In assessing the reasonableness of service awards, courts consider the risks that the class representatives assumed in serving the interests of the class. *See Frank v. Eastman Kodak Co.,* 228 F.R.D. 174, 187 (W.D.N.Y. 2005); *see also Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, No. 08 Civ. 7670, 2010 WL 532960, at *1 (S.D.N.Y. Feb. 9, 2010) ("Enhancement awards for class representatives serve the dual functions of recognizing the risks incurred by named plaintiffs and compensating them for their additional efforts."). In the employment context, where workers are often blacklisted if they are considered "trouble makers," plaintiffs

who sue their employers are particularly vulnerable to retaliation.[4] *See Frank*, 228 F.R.D. at 187-88; *see also Velez*, 2007 WL 7232783, at *7 (observing that the plaintiffs "exposed themselves to the prospect of having adverse actions taken against them by their former employer and former co-workers").

Even where there is not a record of actual retaliation, plaintiffs merit recognition for assuming the risk of retaliation for the sake of absent class members. *See Sewell*, 2012 WL 1320124, at *14 ("Plaintiffs litigating cases in an employment context face the risk of subjecting themselves to adverse actions by their employer."); *Aros*, 2012 WL 3060470, at *3 (by agreeing to bring the action in their name and testify in the event of trial, plaintiffs "assumed the risk of retaliation"); *see also Guippone v. BH S & B Holdings, LLC*, No. 09 Civ. 1029, 2011 WL 5148650, at *7 (S.D.N.Y. Oct. 28, 2011) ("Even where there is not a record of actual retaliation, notoriety, or personal difficulties, class representatives merit recognition for assuming the risk of such for the sake of absent class members."); *Frank*, 228 F.R.D. at 187-88 ("Although this Court has no reason to believe that Kodak has or will take retaliatory action towards either Frank or any of the plaintiffs in this case, the fear of adverse consequences or lost opportunities cannot be dismissed as insincere or unfounded.").

Named Plaintiff Edward B. Roach took on significant risk because he was still employed at Save a Lot when he filed joined this lawsuit. Those Named Plaintiffs who were not employed by Defendant when they joined the lawsuit nevertheless risked retaliation from their current employers and put their ability to secure future employment at risk. *See Sewell*, 2012 WL 1320124, at *14 ("[F]ormer employees . . . fac[ed] [sic] potential risks of being blacklisted as 'problem' employees."); *Guippone*, 2011 WL 5148650, at *7 ("Today, the fact that a plaintiff

---

[4] As noted above, Named Plaintiff Edward B. Roach filed a retaliation claim against Defendant following his dismissal.

5

has filed a federal lawsuit is searchable on the internet and may become known to prospective employers when evaluating the person."); *Parker*, 2010 WL 532960, at *1 ("[F]ormer employees put in jeopardy their ability to depend on the employer for references in connection with future employment."). These risks justify the requested service awards, which "provide an incentive to seek enforcement of the law despite these dangers." *Id.*

### III. The Plaintiffs Expended Significant Time and Effort.

The Court should grant the requested service awards based on the significant work that the Named Plaintiffs performed as part of the litigation of this case. Courts recognize the important factual knowledge that plaintiffs bring to employment class actions, including information about employer policies and practices that affect wages. *See Aros*, 2012 WL 3060470, at *4 (named plaintiffs "should be awarded service payments for the significant work they undertook"); *Frank*, 228 F.R.D. at 187 (recognizing the important role that plaintiffs play as the "primary source of information concerning the claims[,]" including by responding to counsel's questions and reviewing documents).

As discussed above, the Named Plaintiffs contributed significant time and efforts to the case. They provided detailed factual information regarding their job duties, Defendant's policies, and other information relevant to their claims. Named Plaintiffs Kiefer, Pagano, and Everhart also submitted declarations in support of Plaintiffs' motion for conditional certification pursuant to 29 U.S.C. § 216(b). Swartz Decl. ¶ 62. Named Plaintiffs Roach, Kiefer, and Pagano also prepared for and sat for depositions. *Id.* at ¶¶ 59, 61.

Here, Plaintiffs seek awards of $10,000 for the Named Plaintiffs who were deposed, to reflect the greater time and effort each of them spent to prepare and sit for their depositions. Plaintiffs seek awards of $3,000 each for Named Plaintiffs Markita P. Robinson, Jason Turner,

Garland Osborn, Stephen Manolakis, Frank Rakowski, Dennis Sanoske, Eric Everhart, Timothy Porter, Brian Pereira, Donna Oakes, Gregg Sime, Frank Seymour, and Allen Zayas, who joined the case later in the litigation, but who still provided valuable assistance with the case. Their time and effort also supports the requested service awards. *See Hernandez v. Merrill Lynch & Co.*, No. 11 Civ. 8472, 2013 WL 1209563, at *1, *10-11 (S.D.N.Y. Mar. 21, 2013) (awarding service payments of $15,000 each to named plaintiffs who were deposed); *Aros*, 2012 WL 3060470 at *4 (approving $7,500 each to named plaintiffs who were deposed); *Sewell*, 2012 WL 1320124, at *15 (granting service awards of $15,000 and $10,000 to named plaintiffs where they "provided detailed factual information to class counsel for the prosecution of their claims and made themselves available regularly for any necessary communications with counsel"); *Alli*, 2012 WL 1356478, at *3 (approving service payments of $12,000 and $8,000 in recognition of "the personal risks borne in bringing the litigation and for the time and effort expended in assisting in the prosecution of the litigation and the ultimate recovery"); *Willix*, 2011 WL 754862, at *1, *7-8 (approving awards of $15,000 to named plaintiffs who were deposed, and $7,500 to class members who were not deposed); *Mentor v. Imperial Parking Sys., Inc.*, No. 05 Civ. 7993, 2010 WL 5129068, at *1-2 (S.D.N.Y. Dec. 15, 2010) (approving $40,000 and $15,000 service awards in wage and hour action where plaintiffs "were actively involved in the prosecution of th[e] case").

Plaintiffs seek an award of $30,000 for Roach, who, in addition to being deposed, also brought a retaliation claim following his dismissal. That claim has been resolved as part of the settlement. Courts recognize that named plaintiffs who settle additional, individual claims should be compensated more than other named plaintiffs. *See Calibuso v. Bank of America Corp.*, __ F. Supp. 2d __, No. 10 Civ. 1413, 2014 WL 1779472, at *4, *8 (E.D.N.Y. Apr. 30,

7

2014) (allocating $775,000 to cover individual claims of four named plaintiffs, in addition to class relief); *Duling v. Gristede's Operating Corp.*, No. 06 Civ. 10197, 2013 WL 3146772, at *3, *7 (S.D.N.Y. June 19, 2013) (awarding plaintiffs $50,000 and $20,000 for their individual claims, in addition to their pro rata share of the settlement fund); *Sand v. Greenberg*, No. 08 Civ. 7840, 2011 WL 7842602, at *3 (S.D.N.Y. Oct. 6, 2011) (awarding plaintiff in employment wage and hour class action $7,500 as additional consideration for release of individual retaliation claim); *see also Gay v. Tri-Wire Eng'g Solutions, Inc.*, No. 12 Civ. 2231, 2014 WL 28640, at *15 (E.D.N.Y. Jan 2, 2014) (awarding named plaintiff $7,500 service award and $2,530.71 for settlement of individual claim).

**IV.     The Ultimate Recovery Supports the Requested Service Awards.**

The requested service awards amount to less than 2% of the total recovery, which is a reasonable percentage. *See, e.g.*, *Parker*, 2010 WL 532960, at *2 (finding that service awards totaling 11% of the total recovery are reasonable "given the value of the representatives' participation and the likelihood that class members who submit claims will still receive significant financial awards"); *Reyes*, 2011 WL 4599822, at *9 (approving awards representing approximately 16.6% of the settlement); *Frank*, 228 F.R.D. at 187 (approving award of approximately 8.4% of the settlement).

Courts routinely approve service awards equal to or greater than the awards requested here. *See Yuzary*, 2013 WL 5492998, at *12 (approving service awards of $10,000 to each of the named plaintiffs in wage and hour class action); *Hernandez*, 2013 WL 1209563, at *10-11 (approving service awards of $15,000 and $12,500 to class representatives in a wage and hour class action); *Alli*, 2012 WL 1356478, at *3 (approving service awards of $8,000 and $12,000 to class representatives in wage and hour class action); *Reyes*, 2011 WL 4599822, at *9 (approving

8

service awards of $15,000 to three class representatives and $5,000 to fourth class representative in wage and hour class action); *Torres v. Gristede's Operating Corp.*, Nos. 04 Civ. 3316, 08 Civ. 8531, 08 Civ. 9627, 2010 WL 5507892, at *7 (S.D.N.Y. Dec. 21, 2010) (approving service awards of $15,000 each in wage and hour class action).

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court approve Service Awards for Named Plaintiff Edward B. Roach in the amount of $30,000; for Named Plaintiffs Robert G. Kiefer and David Pagano in the amount of $10,000 each; and for Named Plaintiffs Markita P. Robinson, Jason Turner, Garland Osborn, Stephen Manolakis, Frank Rakowski, Dennis Sanoske, Eric Everhart, Timothy Porter, Brian Pereira, Donna Oakes, Gregg Sime, Frank Seymour, and Allen Zayas in the amount of $2,000 each, in recognition of the services they rendered on behalf of the class.

Dated: July 21, 2014
       New York, New York

                                          Respectfully submitted,

                                          **OUTTEN & GOLDEN LLP**
                                          By:

                                          /s/ *Justin M. Swartz*
                                          Justin M. Swartz (admitted *pro hac vice*)
                                          JMS@outtengolden.com
                                          Juno Turner (admitted *pro hac vice*)
                                          jturner@outtengolden.com
                                          3 Park Avenue, 29th Floor
                                          New York, New York 10016
                                          Telephone: (212) 245-1000
                                          Facsimile: (212) 977-4005

                                          **The Hayber Law Firm, LLC**
                                          Richard Eugene Hayber (ct 11629)
                                          rhayber@hayberlawfirm.com

9

>Erick I. Díaz Vázquez (ct 27023)
>ediaz@hayberlawfirm.com
>221 Main Street, Suite 502
>Hartford, CT 06106
>Telephone:  (860) 522-8888
>Facsimile:  (860) 218-9555
>
>**Winebrake & Santillo, LLC**
>Peter Winebrake (admitted *pro hac vice*)
>pwinebrake@winebrakelaw.com
>715 Twining Rd
>Dresher PA, 19025
>Telephone:  (215) 884-2491
>Facsimile: (215) 884-2492
>
>**Attorneys for Plaintiffs, the Collective, and the Class**

**CERTIFICATION OF SERVICE**

I hereby certify that on July 21, 2014, a copy of the within document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. A complete, duplicate copy of this document will be forwarded directly to Judge Young in Boston, MA. Parties may access this filing through the Court's CM/ECF System.

                                                          */s/ Justin M. Swartz*
                                                         Justin M. Swartz