IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ROBERT G. KIEFER, EDWARD B. ROACH, DAVID PAGANO, MARKITA P. ROBINSON, JASON TURNER, GARLAND OSBORN, STEPHEN MANOLAKIS, FRANK RAKOWSKI, DENNIS SANOSKE, ERIC EVERHART, TIMOTHY PORTER, BRIAN PEREIRA, DONNA OAKES, GREGG SIME, FRANK SEYMOUR, AND ALLEN ZAYAS, individually and on behalf of others similarly situated,**<br><br>                                     Plaintiffs,<br><br>          v.<br><br>**MORAN FOODS, LLC and MORAN FOODS, INC., together d/b/a SAVE-A-LOT, LTD.,**<br><br>                                     Defendants. | No. 12-CV-756 (WGY) |

WJY

[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION
OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION
SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND APPROVAL OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS

Plaintiffs Robert G. Kiefer, Edward B. Roach, David Pagano, Markita P. Robinson, Jason

Turner, Garland Osborn, Stephen Manolakis, Frank Rakowski, Dennis Sanoske, Eric Everhart,

Timothy Porter, Brian Pereira, Donna Oakes, Gregg Sime, Frank Seymour, and Allen Zayas

(together, "Plaintiffs") are individuals who worked as Assistant Store Managers ("ASMs") for

Defendant Moran Foods, LLC and Moran Foods, Inc., together d/b/a Save-a-Lot, Ltd. ("SAL" or

"Defendant"). On February 4, 2013, Plaintiff Robert G. Kiefer commenced this action as a

putative class action under Federal Rule of Civil Procedure 23 and as a collective action under 29

U.S.C. § 216(b), claiming that SAL failed to pay ASMs one and a half times their regular rate for all hours worked over 40 hours per week, in violation of the wage and hour laws of Connecticut and the Fair Labor Standards Act ("FLSA"). ECF No. 1. Plaintiffs sought unpaid overtime wages, attorneys' fees and costs, interest, liquidated damages, and injunctive and declaratory relief.[1] *Id.*

The parties engaged in significant discovery and motion practice. The parties exchanged a substantial number of documents, Plaintiffs took several Fed. R. Civ. P. 30(b)(6) depositions, and Defendants deposed several Plaintiffs and opt-in Plaintiffs. Decl. of Justin M. Swartz in Supp. of Pls.' Mot. For Final Approval of the Settlement Classes, Final Approval of the Class Action Settlement, Approval of the FLSA Settlement, Approval of Att'ys' Fees and Reimbursement of Expenses and Mot. for Approval of Serv. Awards ("Swartz Decl.") ¶ 20. Plaintiffs moved to conditionally certify a collective action under the FLSA, which the Court granted on March 12, 2013. ECF No. 183. SAL moved for summary judgment, which the Court denied on May 2, 2013. ECF No. 225.

---

[1]     Previously, on March 9, 2011, Plaintiff Edward B. Roach filed a class action in the Superior Court of the State of Connecticut, asserting class claims on behalf of current and former Connecticut ASMs that Defendants' method of calculating the overtime premium pay owed to them violated the Connecticut Minimum Wage Act ("CMWA"). The action was then was transferred to the Complex Litigation Docket in the Judicial District of Hartford, No. HHD-CV-11-6023386S (X04) and captioned *Roach v. Moran Foods Inc.* ("*Roach*").

On March 25, 2013, David Pagano filed a class action lawsuit in the Philadelphia County Court of Common Pleas, No. 130303582, captioned *Pagano v. Supervalu Inc.* ("*Pagano*") (together with *Roach* and *Kiefer*, the "Litigation"), asserting class claims on behalf of current and former ASMs in the State of Pennsylvania, in which he claimed that Defendants' method of calculating the overtime premium pay owed to them violated the Pennsylvania Minimum Wage Act ("PMWA"). *See* Swartz Decl. ¶ 13.

On March 11, 2014, this Court granted Plaintiffs' motion to consolidate *Pagano* with this action, to amend the complaint, and for preliminary approval of the global settlement. *See* ECF No. 311. Plaintiffs filed their Second Amended Complaint, consolidating the claims pled in *Kiefer*, *Roach*, and *Pagano*, on July 18, 2014. ECF No. 316.

2

On August 19 and 20, 2013, the Parties participated in two all-day mediation sessions in New York, conducted by an experienced class action mediator, Hunter Hughes of Rogers & Hardin LLP. *See* Swartz Decl. ¶ 24. At the mediation, the parties came to an agreement in principle, and signed a term sheet memorializing their agreements, which included the settlement amount. Over the next several months, the parties continued to negotiate additional terms of the settlement, and finalized the Settlement Agreement on November 26, 2013. *See* Swartz Decl. ¶ 26.

On March 11, 2014, this Court entered an Order preliminarily approving the settlement on behalf of the class set forth therein (the "Class" or the "Class Members"), conditionally certifying the settlement class, appointing Outten & Golden LLP, The Hayber Law Firm, LLP, and Winebrake & Santillo, LLP as Class Counsel, and authorizing notice to all Class Members. ECF No. 311.

On April 18, 2014, a claims administrator sent Court-approved notices to all Class Members informing them of their rights under the settlement, including the right to opt out or object to the settlement for Class Members in the 11 states where Rule 23 claims were brought, and of Class Counsel's intention to seek up to one-third of the settlement fund for attorneys' fees, and their out-of-pocket expenses. Swartz Decl., Ex. B (Decl. of M. Patton) ¶ 4, Ex. C. No Class Member has objected to or opted out of the settlement. *Id.* ¶¶ 8-10.

On July 21, 2014, Plaintiffs filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement ("Motion for Final Approval"). That same day, Plaintiffs also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Service Awards ("Motion for Service Awards"). Defendant took no position with respect to any of these motions

3

and did not object to the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on July 30, 2014. No Class Member appeared or objected to the settlement at the fairness hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees and Reimbursement of Expenses, the Motion for Service Awards, and the supporting declarations, the oral argument presented at the July 30, 2014 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the July 30, 2014 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**
**CERTIFICATION OF THE SETTLEMENT CLASS**

1.      The Court certifies the following classes under Federal Rule of Civil Procedure 23(e) ("Settlement Classes"): all current and former employees of Defendants who have worked as ASMs from June 17, 2010 through June 30, 2012, in Illinois, Maryland, Massachusetts and Rhode Island; from June 17, 2007 through June 30, 2012 in New York; from August 20, 2010 through June 30, 2012 in Missouri, New Jersey, Ohio, and North Carolina; from March 9, 2009, through June 30, 2012 in Connecticut, and from March 25, 2010, through June 30, 2012, in Pennsylvania.

2.      Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

3.      Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 40 or more Class Members in each of the Rule 23 Classes and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members. . . .").

4.      Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because they share

common issues of fact and law with other class members, including whether Defendants' method

of calculating the overtime premium pay owed to them violated federal and state wage and hour

laws, and whether Defendants failed to keep accurate records of the hours ASMs worked. *See*

*Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 615-16 (S.D.N.Y. 2012) (commonality

satisfied where, among other allegations, plaintiffs claimed that defendant had a policy of not

paying all class members overtime pay); *Alli v. Boston Market Corp.*, No. 10 Civ. 0004, 2011

WL 6156938, at *2 (D. Conn. Dec. 9, 2011) (common questions included whether "class

members were properly classified as exempt from overtime requirements"); *Clark v. Ecolab Inc.*,

Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2010 WL 1948198, at *3 (S.D.N.Y. May 11,

2010) (common issues that help to satisfy Rule 23 commonality requirement include "whether

[Defendant] failed to pay Plaintiffs and the state settlement Class Members overtime premium

pay for all hours they worked over 40 in a workweek; and . . . whether [Defendant] maintained

accurate time records of the hours Plaintiffs and the state settlement Class Members worked").

5.      Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because their claims for

overtime pay arise from the same factual and legal circumstances that form the bases of the Class

Members' claims. *See Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472, 2012 WL

5862749, at *3 (S.D.N.Y. Nov. 15, 2012) (typicality satisfied where "[p]laintiffs' claims for

overtime pay [arose] from the same factual and legal circumstances that form[ed] the bases of

the [c]lass [m]embers' claims"); *Morris*, 859 F. Supp. 2d at 616 (same); *Alli*, 2011 WL 6156938,

at *2 (typicality satisfied where "each State Law Class representative raises the same claims as

the class members of the particular State Law Class that he or she seeks to represent").

5

6.      Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that the named Plaintiffs' and Class Members' interests are at odds. *See Morris*, 859 F. Supp. 2d at 616 (no evidence that named plaintiffs' and class members' interests were at odds); *Alli*, 2011 WL 6156938, at *2 (no evidence of any named plaintiff interests antagonistic to those of class members).

7.      In addition, Plaintiffs' Counsel, Outten & Golden LLP ("O&G"), The Hayber Law Firm, LLC ("HLF"), and Winebrake & Santillo, LLC ("W&S") are all experienced employment law practitioners and meet Rule 23(a)(4)'s adequacy requirement. *Aros v. United Rentals, Inc.*, No. 10 Civ. 73, *et al.*, 2012 WL 3060470, at *6 (D. Conn. July 26, 2012) (finding O&G and HLF to be "experienced employment lawyers with good reputations among the employment law bar"); *Young v. Tri Cnty. Sec. Agency, Inc.*, No. 13 Civ. 5971, 2014 WL 1806881, at *4 (E.D. Pa. May 7, 2014) (noting that W&S "has particular experience with wage and overtime rights litigation" and that attorneys Peter Winebrake and Andrew Santillo "have significant experience and have enjoyed great success in the field").

8.      Plaintiffs also satisfy Rule 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class members. *See Hernandez*, 2012 WL 5862749, at *4 (common factual allegations and legal theory predominated over variations in wage and hour misclassification case); *Alli*, 2011 WL 6156938, at *2 (same); *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (plaintiff "introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay," and "this issue predominates over any individual calculations of overtime wages"). Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members,

6

particularly those who lack the resources to bring their claims individually. *See Morris*, 859 F. Supp. 2d at 617; *Alli*, 2011 WL 6156938, at \*2.

9.      Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Beckman*, 293 F.R.D. at 473; *Morris*, 859 F. Supp. 2d at 617. Concentrating the litigation in this Court is desirable because much of the allegedly wrongful conduct occurred within its jurisdiction.

## APPROVAL OF THE SETTLEMENT AGREEMENT

10.     The Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth in the Settlement Agreement.

11.     Rule 23(e) requires court approval for a class action settlement to insure that it is procedurally and substantively "fair, reasonable and adequate." Fed. R. Civ. P. 23(e).  To determine procedural fairness, courts examine the "negotiating process leading to the settlement." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc*., 396 F.3d 96, 116 (2d Cir. 2005); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001).  To determine substantive fairness, courts determine whether the settlement's terms are fair, adequate, and reasonable according to the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc*., 209 F.3d 43 (2d Cir. 2000).

12.     Courts examine procedural and substantive fairness in light of the "strong judicial policy in favor of settlement" of class action suits. *Wal-Mart Stores*, 396 F.3d at 116 (internal quotation marks omitted); *see also Spann v. AOL Time Warner, Inc.*, No. 02 Civ. 8238, 2005 WL 1330937, at \*6 (S.D.N.Y. June 7, 2005) ("[P]ublic policy favors settlement, especially in the case of class actions.").

13.     A "presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores*, 396 F.3d at 116 (internal quotation marks and citation omitted); *see also D'Amato*, 236 F.3d at 85. "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007).

### *Procedural Fairness*

14.     The proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims. *See Alli*, 2012 WL 1356478, at *2 (finding settlement to be "fair, reasonable, and adequate in all respects" and "the result of arms-length negotiations between experienced counsel representing the interests of the Plaintiffs and Defendant, after thorough factual and legal investigation"); *see also Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461, at *3 (E.D.N.Y. Aug. 6, 2012) (finding settlement to be "procedurally fair, reasonable, adequate, and not a product of collusion" after plaintiffs "conducted a thorough investigation . . . [and] enlisted the services of an experienced employment [law] mediator"); *Diaz v. Eastern Locating Serv., Inc.*, No. 10. Civ. 4082, 2010 WL 5507912, at *4 (S.D.N.Y. Nov. 29, 2010).

15.     Class Counsel conducted thorough investigations and evaluated the claims and defenses, engaged in substantial discovery and motion practice, and reached a settlement after a two-day-long mediation between the Parties. Swartz Decl. ¶¶ 15-17, 24-26.

16.     On August 19 and 20, 2013, the Parties participated in two all-day mediation sessions in New York, conducted by an experienced class action mediator, Hunter Hughes of

Rogers & Hardin LLP. At the mediation, the parties came to an agreement in principle, and over the next several months, the parties negotiated the remaining terms of the Settlement Agreement. Swartz Decl. ¶ 26. These arm's-length negotiations involved counsel and a mediator well-versed in wage and hour law, "rais[ing] a presumption that the settlement they achieved meets the requirements of due process." *See Wal-Mart Stores*, 396 F.3d at 116; *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713, 2010 WL 2399328, at *4 (S.D.N.Y. Mar. 3, 2010).

### *Substantive Fairness*

17.     The settlement is substantively fair. All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval.

18.     The *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. 495 F.2d at 463.

19.     Litigation through trial would be complex, expensive and long. Therefore, the first *Grinnell* factor weighs in favor of final approval.

20.     The class's reaction to the settlement was positive. The Notices sent to Class Members included an explanation of the allocation formula and an estimate of each Class Member's award. The Rule 23 Notice also informed Rule 23 Class Members of their right to

9

object to or exclude themselves from the Settlement and explained how to do so. No Class

Member objected to or opted out of the Settlement. This favorable response demonstrates that

the class approves of the settlement, which further supports final approval. *See In re Sturm,*

*Luger, & Co., Sec. Litig.*, No. 03 Civ. 1293, 2012 WL 3589610, at\*5 (D. Conn. Aug. 20, 2012)

("[T]he absence of objectants may itself be taken as evidencing the fairness of a settlement.")

(quoting *Ross v. A.H. Robins*, 700 F.Supp. 682, 684 (S.D.N.Y. 1988)).

21.     The Parties have completed enough discovery to recommend settlement. The

proper question is "whether counsel had an adequate appreciation of the merits of the case before

negotiating." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d Cir. 2004). The

Parties completed extensive discovery. The Parties exchanged substantial quantities of

documents, Defendant deposed the Named Plaintiffs, and Plaintiffs deposed Defendant's

30(b)(6) corporate representatives. Swartz Decl. ¶ 20. The third *Grinnell* factor weighs in favor

of final approval.

22.     The risk of establishing liability and damages further weighs in favor of final

approval. "Litigation inherently involves risks." *In re Painewebber Ltd. P'ships Litig.*, 171

F.R.D. 104, 126 (S.D.N.Y. 1997). Indeed, "[i]f settlement has any purpose at all, it is to avoid a

trial on the merits because of the uncertainty of the outcome." *In re Ira Haupt & Co.*, 304 F.

Supp. 917, 934 (S.D.N.Y. 1969); *see also Velez v. Majik Cleaning Serv., Inc.*, No. 03 Civ. 8698,

2007 WL 7232783, at \*6 (S.D.N.Y. June 25, 2007). Here, Plaintiffs faced numerous risks as to

both liability and damages, including overcoming Defendants' defense that they appropriately

paid ASMs overtime pursuant to the fluctuating workweek method set forth in 29 C.F.R.

778.114(a), and the corresponding provisions under applicable state laws, and proving

willfulness in order to obtain a third year of liability and damages. The proposed settlement

eliminates this uncertainty. The fourth and fifth factors therefore weigh in favor of final approval.

23. The risk of obtaining class certification and maintaining the class and the certified collective through trial is also present. A contested class certification motion would likely require extensive discovery and briefing. Defendant would also likely seek decertification of the collective after the close of discovery. If the Court were to grant class certification, Defendant might seek to file an appeal under Federal Rule of Civil Procedure 23(f), the resolution of which would require an additional round of briefing. Settlement eliminates the risk, expense, and delay inherent in the litigation process. The sixth *Grinnell* factor weighs in favor of final approval.

24. Even if Save-a-Lot could withstand a greater judgment, its ability to do so, "standing alone, does not suggest that the settlement is unfair." *Frank*, 228 F.R.D. at 186 (quoting *In re Austrian*, 80 F. Supp. 2d at 178 n.9). Other companies in Defendants' industry, the grocery store industry, have filed for bankruptcy, *see In re Great Atl. & Pac. Tea Co.*, 472 B.R. 666, 668-69 (S.D.N.Y. 2012), or threatened bankruptcy, *see Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2011 WL 4571792, at *1 (S.D.N.Y. Sept. 9, 2011), in recent years. Therefore, the seventh *Grinnell* factor is neutral and does not preclude the Court from granting final approval.

25. The substantial amount of the settlement weighs in favor of final approval. The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Frank*, 228 F.R.D. at 186 (quoting *In re Austrian*, 80 F. Supp. 2d at 178). "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Id.*

(quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)).  The eighth and ninth *Grinnell* factors weigh in favor of final approval.

## APPROVAL OF THE FLSA SETTLEMENT

26.     The Court hereby approves the FLSA settlement.

27.     Because, under the FLSA, "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date," FLSA collective actions do not implicate the same due process concerns as Rule 23 actions.  *McKenna v. Champion Intern. Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), *abrogated on other grounds by Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989); *see also McMahon*, 2010 WL 2399328, at \*6. Accordingly, the high standard for approval of a class action under Rule 23 does not apply to an FLSA settlement.

28.     Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982); *McMahon*, 2010 WL 2399328, at \*6.  Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.  *Lynn's Food Stores*, 679 F.2d at 1353-54.  If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.  *Id.* at 1354; *McMahon*, 2010 WL 2399328, at \*6.

29.     In this case, the settlement was the result of a formal mediation involving vigorous arm's-length settlement negotiations.  Swartz Decl. ¶ 26.  During the entire process, Plaintiffs and Defendant were represented by counsel experienced in wage and hour law. Accordingly, the Settlement Agreement resolves a clear and actual dispute under circumstances supporting a finding that is fair and reasonable.

**DISSEMINATION OF NOTICE**

30.     Pursuant to the Preliminary Approval Order, the Rule 23, Group A, and Group D

Notices (together, the "Notices") were sent by first-class mail and email to each respective Class

Member at his or her last known address and email address, where available (with re-mailing of

returned Notices for which new addresses could be located).  The Court finds that the Notices

fairly and adequately advised Class Members of the terms of the settlement, as well as the right

of Rule 23 Class Members to opt out of or to object to the settlement, and to appear at the

fairness hearing conducted on July 30, 2014.  Class Members were provided with the best notice

practicable under the circumstances.

31.     The Court further finds that the Notices and their distribution comported with all

constitutional requirements, including those of due process.

32.     The Court confirms SSI, Inc. as the claims administrator.

**AWARD OF FEES AND COSTS TO CLASS COUNSEL AND AWARD OF SERVICE AWARDS TO PLAINTIFFS**

33.     On March 11, 2014, the Court appointed Outten & Golden LLP, The Hayber Law

Firm, and Winebrake & Santillio, LLP as Class Counsel because they met all of the requirements

of Federal Rule of Civil Procedure 23(g).  *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152,

165 (S.D.N.Y. 2008) (Rule 23(g) requires the court to consider "the work counsel has done in

identifying or investigating potential claims in the action, . . . counsel's experience in handling

class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's

knowledge of the applicable law, and . . . the resources counsel will commit to representing the

class.") (internal quotation marks omitted).

34.     The Court finds that Outten & Golden LLP, The Hayber Law Firm LLP, and

Winebrake & Santillio, LLP, are experienced class action employment lawyers with good

13

reputations among the employment law bar. *See Aros*, 2012 WL 3060470, at \*6; *Young v. Tri Cnty. Sec. Agency, Inc.*, No. 13 Civ. 5971, 2014 WL 1806881, at \*4 (E.D. Pa. May 7, 2014).

35.     The work that Class Counsel has performed in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests. Class Counsel have committed substantial resources to prosecuting this case.

36.     The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $1,500,000.00, which is one-third of the settlement fund.

37.     The trend in this Circuit is to use the percentage of the fund method in common fund cases like this one, *Wal-Mart Stores*, 396 F.3d at 121; *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at \*9 (S.D.N.Y. Oct. 2, 2013); *Diaz*, 2010 WL 5507912, at \*7.

38.     Although the Court has discretion to award attorneys' fees based on the lodestar method or the percentage-of-recovery method, *McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010), in wage and hour class action lawsuits, public policy favors a common fund attorneys' fee award, *Beckman*, 293 F.R.D. 477; *McMahon*, 2010 WL 2399328, at \*7. Fee awards in wage and hour cases are meant to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Aros*, 2012 WL 3060470, at \*5 (internal quotation and citation omitted). The FLSA and state wage and hour statutes are remedial statutes, the purposes of which are served by adequately compensating attorneys who protect wage and hour rights. *McMahon*, 2010 WL 2399328, at \*7; *Sand v. Greenberg*, No. 08 Civ. 7840, 2010 WL 69359, at \*3 (S.D.N.Y. Jan. 7, 2010).

39.     Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by "private attorneys general," attorneys who fill that

14

role must be adequately compensated for their efforts. *Beckman*, 293 F.R.D. at 477; *see also Aros*, 2012 WL 3060470, at *4. "If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk." *Beckman*, 293 F.R.D. at 477; *see Sand*, 2010 WL 69359, at *3 ("But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected.").

41. Class Counsel's request for one-third of the Fund is reasonable and "consistent with the norms of class litigation in this circuit." *Aros*, 2012 WL 3060470, at *6.

42. In applying the common fund method, the Supreme Court, the Second Circuit, and other Circuit Courts have held that it is appropriate to award attorneys' fees as a percentage of the entire maximum gross settlement fund, even where amounts to be paid to settlement class members who do not file claims will revert to the Defendants. *See Boeing Co. v. Van Gemert, et al.*, 444 U.S. 472, 480-81 (1980); *Masters v. Wilhelmina Model Agency, Inc.,* 473 F.3d 423 (2d Cir. 2007); *Waters v. International Precious Metals Corp.*, 190 F.3d 1291, 1296-97 (11th Cir. 1999); *Williams v. MGM-Pathe Communs. Co*., 129 F.3d 1026 (9th Cir. 1997) (reversing district court award of 33 percent of the claimed fund and awarding attorneys' fees of 33 percent of the available fund); *see also Aros*, 2012 WL 3060470, at *5.

43. In *Masters*, the Second Circuit recognized that "[t]he entire Fund, and not some portion thereof, is created through the efforts of counsel at the instigation of the entire class. An allocation of fees by percentage should therefore be awarded on the basis of the total funds made available whether claimed or not." *Id.* at 437; *Aros*, 2012 WL 3060470, at *5; *see also, e.g., Dahingo v. Royal Caribbean Cruises, Ltd.*, 312 F. Supp. 2d 440 (S.D.N.Y. 2004) (noting that attorneys' fees equivalent to one-third of common fund had been approved notwithstanding the fact that a significant portion of fund was unclaimed and reverted to defendants).

44. Although *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany* does not address a common fund fee petition, it supports Class Counsel's request for one-third of the fund because "'reasonable, paying client[s]' . . . typically pay one-third of their recoveries under private retainer agreements." *McMahon*, 2010 WL 2399328, at *8 (internal citation and quotations omitted).

45. In addition, in Plaintiffs' retainer agreements with Class Counsel, Plaintiffs agreed that Class Counsel could apply to the Court for one-third of a class-wide recovery and that they would pay Class Counsel one-third of any individual recovery. Swartz Decl. ¶ 51 & Ex. F. This also provides support for Class Counsel's request for one-third of the fund.

46. No Class Member objected to Class Counsel's request for one-third of the fund, which also provides support for Class Counsel's fee request.

47. All of the factors in *Goldberger v. Integrated Resources, Inc.,* 209 F.3d 43, 48-49 (2d Cir. 2000) weigh in favor of the requested fee award.

48. Applying the lodestar method as a "cross check," *see id.* at 50, the Court finds that the fee that Class Counsel seeks is reasonable. It is typical for Courts in the Second Circuit to approve fee awards where the lodestar multiplier is eight or more. *See Beckman*, 293 F.R.D. 481 (citations omitted). Here, the requested fee is much less than eight times Class Counsel's actual lodestar amount.

49. Class Counsel's requested fee is also reasonable because Class Counsel will continue to perform work on this matter after final approval is granted. *Parker v. Jekyll & Hyde Entm't Holdings, LLC,* No. 08 Civ. 7670, 2010 WL 532960, at *2 (S.D.N.Y. Feb. 9, 2010) ("[A]s class counsel is likely to expend significant effort in the future implementing the complex procedure agreed upon for collecting and distributing the settlement funds, the multiplier will

16

diminish over time"). Where "class counsel will be required to spend significant additional time on this litigation in connection with implementing and monitoring the settlement, the multiplier will actually be significantly lower because the award includes not only time spent prior to the award, but after in enforcing the settlement." *Beckman*, 293 F.R.D. at 482 (internal quotation marks and citations omitted). In wage and hour cases, Class Counsel is often called upon to perform work after the final approval hearing, including, answering class member questions, answering questions from the claims administrator, and negotiating and possibly litigating disagreements with Defendants about administering the settlement and distributing the fund. *See* Swartz Decl. ¶ 50. The fact that Class Counsel's fee award will not only compensate them for time and effort already expended, but for time that they will be required to spend administering the settlement going forward, also supports their fee request. *See Aros*, 2012 WL 3060470, at *7.

50.     In addition, this settlement consolidates and resolves multiple actions, which is encouraged in order to promote judicial economy, and weighs in favor of approving Class Counsel's requested fee.

51.     The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $67,150.62. Courts typically allow counsel to recover their reasonable out-of-pocket expenses. *See Aros*, 2012 WL 3060470, at *7. Here, Class Counsel's unreimbursed expenses, including court and process server fees, postage and courier fees, transportation, working meals, photocopies, electronic research, expert fees, and Plaintiffs' share of the mediator's fees, are reasonable and were incidental and necessary to the representation of the class.

52.     The attorneys' fees and the amount in reimbursement of litigation costs and

17

expenses shall be paid from the settlement fund.

53. The Court finds reasonable service awards for Named Plaintiff Edward B. Roach in the amount of $30,000; for Named Plaintiffs Robert G. Kiefer and David Pagano in the amount of $10,000 each; and for Named Plaintiffs Markita P. Robinson, Jason Turner, Garland Osborn, Stephen Manolakis, Frank Rakowski, Dennis Sanoske, Eric Everhart, Timothy Porter, Brian Pereira, Donna Oakes, Gregg Sime, Frank Seymour, and Allen Zayas in the amount of $2,000 each. These amounts shall be paid from the settlement fund.

54. Service awards are common in class action cases and "are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff[s]." *O'Connor v. AR Res., Inc.*, No. 08 Civ. 1703, 2012 WL 12743, at *9 (D. Conn. Jan. 4, 2012) (quoting *Castagna v. Madison Square Garden, L .P.,* No. 09 Civ. 10211, 2011 WL 2208614, at *8 (S.D.N.Y. June 7, 2011)). "Service awards fulfill the important purpose of compensating plaintiffs for the time they spend and the risks they take." *Yuzary*, 2013 WL 5492998, at *12 (citing *Massiah v. MetroPlus Health Plan, Inc.*, No. 11 Civ. 5669, 2012 WL 5874655, at *8 (E.D.N.Y. Nov. 20, 2012)).

55. The "Effective Date" of the settlement shall be 31 days after the date of this Order if no party appeals this Order. If a party appeals this Order, the "Effective Date" of the settlement shall be the day after all appeals are finally resolved in favor of final approval. This Order shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

56. Within 10 days after the Effective Date, the claims administrator shall distribute the funds in the settlement account by making the following payments in the order below:

18

      a.        Paying Class Counsel one-third of the fund ($1,500,000);

      b.        Reimbursing Class Counsel for $67,150.62 in litigation costs and expenses;

      c.        Paying service awards to Named Plaintiff Edward B. Roach in the amount of $30,000; for Named Plaintiffs Robert G. Kiefer and David Pagano in the amount of $10,000 each; and for Named Plaintiffs Markita P. Robinson, Jason Turner, Garland Osborn, Stephen Manolakis, Frank Rakowski, Dennis Sanoske, Eric Everhart, Timothy Porter, Brian Pereira, Donna Oakes, Gregg Sime, Frank Seymour, and Allen Zayas in the amount of $2,000 each; and

      d.        Paying the remainder of the fund to Class Members in accordance with the allocation plan described in the Settlement Agreement.

57.     The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

58.     Upon the Effective Date, this litigation shall be dismissed with prejudice, and all Rule 23 Class Members who have not excluded themselves from the settlement and all FLSA Class Members who have opted in to the lawsuit shall be permanently enjoined from pursuing and/or seeking to reopen claims that have been released pursuant to the settlement.

It is so ORDERED this 31st day of July, 2014.

_William A. Young_

Honorable William G. Young
United States Magistrate Judge

19